# EXHIBIT 23

Exhibit 23 - 210

# EXHIBIT A

REDACTED VERSION OF THE
DOCUMENT PROPOSED TO BE FILED UNDER SEAL

**Exhibit 23 - 211**

1  Eamonn Gardner (CA SBN 310834)
2  COOLEY LLP
   1144 15th Street, Suite 2300
3  Denver, CO 80202
4  Phone: (720) 566-4000
   Fax: (720) 566-4099
5  egardner@cooley.com

6
   Alexandra Mayhugh (CA SBN 300446)
7  COOLEY LLP
8  355 South Grand Avenue, Suite 900
   Los Angeles, CA 90071
9  Phone: (213) 561-3250
   Fax: (213) 561-3244
10 amayhugh@cooley.com

11
12 *Counsel for Defendants Orion Longevity Inc.*
   *and Blue Fuzion Group Ltd.*
13

14              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
15                   WESTERN DIVISION

16
   EIGHT SLEEP INC.,                    Case No. 2:25-cv-09685-SB-RAO
17
                  Plaintiff,            **MEMORANDUM OF POINTS**
18                                      **AND AUTHORITIES IN**
          v.                            **SUPPORT OF DEFENDANTS'**
19                                      **MOTION TO DISMISS**
   ORION LONGEVITY INC., and BLUE
20 FUZION GROUP LTD.                    <span style="color:red">**REDACTED VERSION OF THE**</span>
21                Defendants.           <span style="color:red">**DOCUMENT PROPOSED TO BE**</span>
                                        <span style="color:red">**FILED UNDER SEAL**</span>
22
23                                      Hon. Stanley Blumenfeld, Jr.
24                                      Date: January 9, 2026
                                        Time: 8:30 a.m.
25                                      Courtroom: 6C
26
27
28

COOLEY LLP
ATTORNEYS AT LAW

                                        Case No. 2:25-cv-09685-SB-RAO
                                        Defendants' MPA ISO Motion to Dismiss

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................. 1

II.   FACTUAL BACKGROUND ........................................................... 2

      A.    The Asserted Patents and Eight Sleep's Allegations ........................... 2

      B.    The Accused Orion Sleep System Was Not Complete When the
            Complaint Was Filed ................................................................ 4

      C.    BFG is a Foreign Entity That Has No Meaningful Contacts with
            California or the United States More Generally ................................. 5

III.  LEGAL STANDARD ..................................................................... 5

      A.    Subject Matter Jurisdiction ........................................................ 7

      B.    Personal Jurisdiction ............................................................... 8

IV.   ARGUMENT ................................................................................ 9

      A.    Subject Matter Jurisdiction Does Not Exist in the Present Matter
            Since the Accused Orion Sleep System's Design Was "Fluid" At
            the Time the Complaint Was Filed ............................................... 9

      B.    The Court Does Not Have Personal Jurisdiction Over BFG ............. 12

            1.    The Court Does Not Have General Jurisdiction Over BFG..... 12

            2.    The Court Does Not Have Specific Jurisdiction Over BFG .... 12

                  a.    BFG Does Not Place Products into Any Stream of
                        Commerce Directed to California or the United
                        States................................................................. 13

                  b.    BFG Has Not Purposefully Availed Itself of Any
                        Privileges or Benefits of California, or Directed
                        Any Activities Toward California................................ 15

                  c.    Exercising Specific Jurisdiction Over BFG Would
                        Be Unreasonable................................................... 17

            3.    BFG is Not Subject to Personal Jurisdiction Under Rule
                  4(k)(2) ...................................................................... 18

            4.    Jurisdictional Discovery Is Not Warranted ............................ 19

V.    CONCLUSION ........................................................................... 20

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

i          Case No. 2:25-cv-09685-SB-RAO
           Defendants' MPA ISO Motion to Dismiss

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3G Licensing S.A. v. Lenovo Grp. Ltd.*,
No. 17-84-LPS, 2019 WL 3974539 (D. Del. Aug. 22, 2019) ........................... 13

*AEM (Holdings), Inc. v. Cooper Indus., Inc.*,
No. 04-594-ABC, 2005 WL 5950104 (C.D. Cal. July 12, 2005) ....................... 7

*AMA Multimedia LLC v. Wanat*,
No. 15-01674-PHX-ROS, 2017 WL 5668025 (D. Ariz. Sept. 29,
2017), *aff'd*, 970 F.3d 1201 (9th Cir. 2020) ........................................................ 9

*AMA Multimedia v. Wanat*,
970 F.3d 1201 (9th Cir. 2020) ............................................................................. 7

*Ass'n of Am. Med. Colls. v. United States*,
217 F.3d 770 (9th Cir. 2000) ............................................................................... 7

*AstraZeneca Pharms. LP v. Apotex Corp.*,
669 F.3d 1370 (Fed. Cir. 2012) ................................................................... 8, 11

*Barantsevich v. VTB Bank*,
954 F. Supp. 2d 972 (C.D. Cal. 2013) .............................................................. 20

*BNSF Ry. Co. v. Tyrrell*,
581 U.S. 402 (2017) ............................................................................................ 8

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir. 2008) ........................................................................... 19

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) .......................................................................................... 17

*Celgard, LLC v. SK Innovation Co.*,
792 F.3d 1373 (Fed. Cir. 2015) ...................................................... 12, 13, 16, 17

*Cholakyan v. Mercedes-Benz USA, LLC*,
No. 10-05944-MMM, 2012 WL 12861143 (C.D. Cal. Jan. 12,
2012) .................................................................................................................... 6

COOLEY LLP
ATTORNEYS AT LAW

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ........................................................................... 8, 12

*Doe v. Am. Nat'l Red Cross*,
   112 F.3d 1048 (9th Cir. 1997) ............................................................. 15

*Drayton v. Eastlink Prods., Inc.*,
   No. 17-CV-06408-VAP, 2018 WL 5266870 (C.D. Cal. Mar. 20,
   2018) ...................................................................................................... 6

*Elecs. For Imaging, Inc. v. Coyle*,
   340 F.3d 1344 (Fed. Cir. 2003) ........................................................... 13

*Engasser v. Tetra Tech, Inc.*,
   519 F. Supp. 3d 703 (C.D. Cal. 2021), *aff'd*, 2022 WL 3334632
   (9th Cir. Aug. 12, 2022) ....................................................................... 19

*General Atomic Co. v. United Nuclear Corp.*,
   655 F.2d 968 (9th Cir. 1981) ................................................................. 6

*Goodyear Dunlop Tires Operations S.A. v. Brown*,
   564 U.S. 915 (2011) ........................................................................... 8, 12

*Grupo Dataflux v. Atlas Global Grp.*,
   541 U.S. 567 (2004) ............................................................................... 7

*Licea v. Caraway Home Inc.*,
   655 F. Supp. 3d 954 (C.D. Cal. 2023) .................................................. 20

*Lightfoot v. Cendant Mortg. Corp.*,
   580 U.S. 82 (2017) ................................................................................. 5

*Minnesota Mining & Mfg. Co. v. Norton Co.*,
   929 F.2d 670 (Fed. Cir. 1991) ............................................................... 6

*Mitan v. Feeney*,
   497 F. Supp. 2d 1113 (C.D. Cal. 2007) ................................................ 19

*Nestlé USA, Inc. v. Crest Foods, Inc.*,
   No. 12-07519-JAK, 2017 WL 3267665 (C.D. Cal. July 28, 2017) .................... 7

*New World Int'l, Inc. v. Ford Global Techs., LLC*,
   859 F.3d 1032 (Fed. Cir. 2017) ............................................................. 8

COOLEY LLP
ATTORNEYS AT LAW

iii        Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

*Nuance Commc'ns v. Abbyy Software House*,
  626 F.3d 1222 (Fed. Cir. 2010) ................................................................. 6, 8

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) ....................................................................... 6

*Pinkerton Tobacco Co., LP v. Art Factory AB*,
  No. 2:20-cv-01322-SB-MRW, 2021 WL 4776349 (C.D. Cal. June
  18, 2021) ...................................................................................................... 13

*Prasco, LLC v. Medicis Pharm. Corp.*,
  537 F.3d 1329 (Fed. Cir. 2008) ..................................................................... 7

*PrimeSource Bldg. Prods., Inc. v. Phillips Screw Co.*,
  No. 3-07-CV-0303-M, 2008 WL 779906 (N.D. Tex. Mar. 25, 2008) .............. 14

*Robinson v. Dalton*,
  107 F.3d 1018 (3d Cir. 1997) ........................................................................ 6

*Saudi v. Northrop Grumman Corp.*,
  427 F.3d 271 (4th Cir. 2005) ....................................................................... 18

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ....................................................................... 15

*Sierra Applied Scis., Inc. v. Advanced Energy Indus.*,
  363 F.3d 1361 (Fed. Cir. 2004) ......................................................... 7, 9, 10

*Synthes (USA) v. GM Dos Reis Jr. Ind. Com. de Equip. Medico*,
  563 F.3d 1285 (Fed. Cir. 2009) ................................................................... 18

*Telectronics Pacing Sys. v. Ventritex*,
  982 F.2d 1520 (Fed. Cir. 1992) ..................................................................... 9

*Tex. v. United States*,
  523 U.S. 296 (1998) ...................................................................................... 7

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors
USA, Inc.*,
  617 F.3d 1296 (Fed. Cir. 2010) ................................................................... 10

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) ......................................................................... 6, 14, 18

COOLEY LLP
ATTORNEYS AT LAW

iv    Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG,*
    848 F.3d 1346 (Fed. Cir. 2017) ....................................................................... 8, 17

*XpertUniverse, Inc. v. Cisco Sys., Inc.,*
    No. 09-157-RGA, 2012 WL 292362 (D. Del. Jan. 20, 2012) .......................... 11

*Yovev v. State Dep't Health Hum. Servs. Dep't,*
    No. CV07-1029-PSG-VBKX, 2007 WL 9711546 (C.D. Cal. Oct.
    16, 2007) ............................................................................................. 6, 10, 11

**Statutes**

Cal. Code Civ. Proc. § 410.10 ..................................................................................... 8

**Other Authorities**

Federal Rule of Civil Procedure
    4(k)(2) ................................................................................................ *passim*
    12(b)(1) ............................................................................................... 1, 6, 12
    12(b)(2) ................................................................................................ 1, 2, 6

Cooley LLP
Attorneys at Law

v    Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

Ex A - Page 6

**Exhibit 23 - 217**

1    Defendants Orion Longevity Inc. ("Orion") and Blue Fuzion Group Ltd.

2    ("BFG") (collectively "Defendants") respectfully move to dismiss Plaintiff Eight

3    Sleep Inc.'s ("Plaintiff" or "Eight Sleep") complaint, pursuant to Federal Rule of

4    Civil Procedure Rule 12(b)(1), for lack of subject matter jurisdiction and Rule

5    12(b)(2), for lack of personal jurisdiction.

6    **I.    INTRODUCTION**

7    Eight Sleep's Complaint should be dismissed for what it is: a *premature*

8    attempt to use litigation to keep an innovative startup out of a growing market. Rather

9    than undertaking a proper analysis before filing this litigation, Eight Sleep sued

10    Defendants over a smart sleep system that was still under development at the time

11    the Complaint was filed, and seeks to pull BFG, a foreign service provider with no

12    U.S. presence, into this Court based solely on speculation and conclusory allegations.

13    First, Eight Sleep cannot establish Article III jurisdiction because the Accused

14    Orion Sleep System was still under development when the Complaint was filed.[1] As

15    of October 9, 2025, when the Complaint was filed, the Accused Orion Sleep System's

16    ███████████████████████████████████████████

17    ████████████████ Declaration of Jonathan Zwiebel ("Zwiebel Decl.")

18    ¶¶ 8-9, 12. As of the critical date, █████████████████████

19    ███████████████████████████████████████████

20    ███████ *Id.* ¶ 8. Under Federal Circuit precedent, claims based on an incomplete

21    and evolving product do not present the immediacy and reality required for Article

22    III and amount to a request for an advisory opinion. Dismissal under Rule 12(b)(1)

23    is therefore required. Eight Sleep attempts to save its case by pointing to reviews of

24    earlier units on Orion's website, and by arguing that Orion must have tested versions

---

[1] The "Accused Orion Sleep System" refers to an Orion Sleep System with smart feature functionality that collects user feedback data through sensors, transmits said data, and regulates temperature based on user sensor data, which Eight Sleep purports to accuse of infringement in its Complaint. As discussed herein, this is distinguished from earlier versions of Orion's system ██████████████████████████ ████████████████████████████ which are not accused of infringement.

COOLEY LLP
ATTORNEYS AT LAW

1    of the Accused Orion Sleep System in the United States prior to when Eight Sleep

2    filed the Complaint.  But ███████████████████████████████████████

3    ████████████████████████████████████████████ Eight Sleep has

4    no factual basis for accusing those earlier units of infringement.  Likewise, ████

5    ████████████████████████████████████████████████████

6    ██████████████████████ and Eight Sleep has no factual basis for alleging

7    otherwise.  *Id.* ¶ 10.

8        Second, Eight Sleep asserts that this Court may exercise personal jurisdiction

9    over BFG, a Hong Kong company that has no incorporation, registration, offices,

10   employees, operations, or assets, in California or anywhere in the United States.

11   Declaration of Neil McConnochie ("McConnochie Decl.") ¶¶ 4, 8.  BFG does not

12   manufacture, market, import, distribute, sell, or offer to sell the Accused Orion Sleep

13   System in the United States.  *Id.* ¶¶ 6, 11.  Moreover, BFG plays no role in the design

14   or development of software, firmware, algorithms, or source code for the accused

15   system.  *Id.* ¶ 10.  Unable to muster any actual facts supporting jurisdiction, the

16   Complaint offers only bare conclusions that indiscriminately lump BFG together

17   with Orion, vaguely references "stream of commerce," and invokes Rule 4(k)(2)

18   without identifying a single act by BFG in California or in the United States. These

19   allegations are insufficient to establish either general or specific jurisdiction

20   consistent with due process.

21        Because Eight Sleep cannot establish subject matter jurisdiction over its claims

22   against Defendants and cannot establish personal jurisdiction over BFG under any

23   theory, Defendants respectfully request that the Court dismiss the Complaint

24   pursuant to Rules 12(b)(1) and 12(b)(2).

25   **II.     FACTUAL BACKGROUND**

26      **A.     The Asserted Patents and Eight Sleep's Allegations**

27        In the present action, Eight Sleep asserts U.S. Patent Nos. 10,792,461 (the

28   "'461 Patent"), 12,377,240 (the "'240 Patent"), and 12,370,339 (the "'339 Patent")

COOLEY LLP
ATTORNEYS AT LAW

2     Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

1   (collectively, the "Asserted Patents") against Defendants.  ECF No. 1.  Eight Sleep
2   alleges that Defendants infringe at least one claim of each patent.  *Id.* ¶¶ 36, 50, 65.
3   The Asserted Patents claim a bed system that uses sensors to detect biological signals
4   and a processor to generate instructions that adjust temperature across different sleep
5   zones on the bed.  *Id.* ¶¶ 37-38, 51-52, 66-67.  A core feature of the claimed device
6   and methods is the processor's role, which depends on software and firmware to
7   receive sensor data, process it, and control bed temperature.  *See id.*

8        Eight Sleep alleges that Defendants infringe the Asserted Patents by "making,
9   using, selling, offering for sale, and importing" a smart feature version of the Orion
10  Sleep System within the United States, including within this District.  ECF No. 1 ¶¶
11  5, 26-33, 36, 50, 65.  Eight Sleep describes the accused system as having features
12  such as biological-signal monitoring, user identification, independent temperature
13  regulation  across  sleep  zones,  sleep-pattern  analysis,  and  "AI  powered
14  thermoregulation."  *Id.*  ¶¶  26-32.    Further,  Eight  Sleep  alleges  that  these
15  functionalities  correspond  to  multiple  limitations  of  the  Asserted  Patents  and
16  therefore amount to direct, induced, and contributory infringement by Defendants.
17  *See generally id.* ¶¶ 36-79.

18       Eight Sleep also alleges that this Court has personal jurisdiction over BFG,
19  asserting that BFG conducts business, has committed acts of infringement, and has
20  placed or contributed to placing the accused product into the stream of commerce
21  with the expectation that it would be sold and used in the United States.  *Id.* ¶¶ 9-10.
22  Eight Sleep also invokes Rule 4(k)(2), asserting that (a) the claims arise under federal
23  law, (b) BFG is not subject to general jurisdiction in any state, and (c) exercising
24  jurisdiction over BFG would be consistent with the Constitution.  *Id.* ¶ 11.  Eight
25  Sleep does not identify any specific U.S.-based conduct by BFG and provides no
26  evidence supporting its claims against BFG.  Instead, Eight Sleep relies on generic
27  allegations that BFG provides "product development, quality assurance and supply
28  chain management solutions" for Orion.  *Id.* ¶ 32.

COOLEY LLP
ATTORNEYS AT LAW

                                    3        Case No. 2:25-cv-09685-SB-RAO
                              Defendants' Notice of Motion and Motion to Dismiss

**Exhibit 23 - 220**

**B.    The Accused Orion Sleep System Was Not Complete When the Complaint Was Filed**

The Accused Orion Sleep System did not exist in any completed or functional state at the time the Complaint was filed.  Orion is a recently formed startup founded in 2024 that aims to improve sleep quality for its customers.  Zwiebel Decl. ¶¶ 4-5.  The Accused Orion Sleep System is intended to be a smart mattress cover containing sensors and temperature-control components.  *Id.* ¶ 6.

The accused system remained in active development on October 9, 2025 ████.  *Id.* ¶ 7.  ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████  *Id.* ¶¶ 8, 11-12.  ████████████████████████████

████████████████████████████████████████████  *Id.* ¶ 9.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████  *Id.* ¶ 10.  ████████████████████████

████████████████████████████████████████████████████

████████████████  *Id.* ¶ 12.

On the Orion website, Orion includes reviews of early prototypes of its mattress cover.  *Id.* ¶ 11.  ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████  *Id.*  ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████  *Id.* ¶¶ 8, 12.

///

Cooley LLP
Attorneys at Law

### C. BFG is a Foreign Entity That Has No Meaningful Contacts with California or the United States More Generally

BFG is a Hong Kong company with its principal place of business in Kowloon, Hong Kong. McConnochie Decl. ¶ 4. It is independently owned and operated, and Orion does not control its operations, management, personnel, finances, or business activities. *Id.* ¶ 5; Zwiebel Decl. ¶ 13. Nor does BFG have any presence in California or anywhere in the United States. McConnochie Decl. ¶¶ 8, 13-15. BFG is not incorporated or registered to do business in any state, and maintains no employees, offices, operations, warehouses, telephone numbers, mailing addresses, or assets in the United States. *Id.* ¶ 8. Further, BFG does not manufacture, market, sell, import, distribute, or offer for sale any Orion products into the United States. *Id.* ¶ 6; Zwiebel Decl. ¶ 14. It has never shipped Orion products to the United States and has no control over any distribution channel, logistics provider, retailer, or customer relationship involving the U.S. market. McConnochie Decl. ¶ 6. BFG does not target U.S. sleep system consumers (nor U.S. consumers more generally) in any way. *Id.* ¶¶ 6, 14.

BFG's work for Orion occurs entirely overseas ███████████████████

█████████████████████████████████████████ *Id.* ¶ 9. ███████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████ *Id.* ¶ 10. BFG has no involvement in commercial activities relating to the accused functionality and no involvement in the purported infringing activities alleged in the Complaint. *Id.* ¶¶ 6, 9, 15.

## III.   LEGAL STANDARD

"A court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017) (citation

Cooley LLP
Attorneys at Law

5     Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

Ex A - Page 11

**Exhibit 23 - 222**

1  omitted).  In patent cases, Federal Circuit precedent governs whether subject matter

2  and personal jurisdiction exists.  *Minnesota Mining & Mfg. Co. v. Norton Co.*, 929

3  F.2d 670, 672 (Fed. Cir. 1991); *Nuance Commc'ns v. Abbyy Software House*, 626

4  F.3d 1222, 1230 (Fed. Cir. 2010).

5       Federal Rule of Civil Procedure 12(b)(1) permits dismissal of a complaint

6  where the court lacks subject matter jurisdiction.  The burden rests on the plaintiff to

7  establish that subject matter jurisdiction is proper.  *Yovev v. State Dep't Health Hum.*

8  *Servs. Dep't*, No. CV07-1029-PSG-VBKX, 2007 WL 9711546, at *1 (C.D. Cal. Oct.

9  16, 2007) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  A

10  federal court "is presumed to lack jurisdiction in a particular case unless the contrary

11  affirmatively appears."  *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968,

12  968-69 (9th Cir. 1981).

13       Federal Rule of Civil Procedure 12(b)(2) permits dismissal for lack of personal

14  jurisdiction.  Fed. R. Civ. P. 12(b)(2).  The plaintiff bears the burden of demonstrating

15  that the court has jurisdiction over a defendant who has moved to dismiss pursuant

16  to Rule 12(b)(2).  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

17  The requirement that a plaintiff establish  that the court has personal jurisdiction over

18  a defendant "protects the defendant against the burdens of litigating in a distant or

19  inconvenient forum" in which the defendant has little or no connection.  *World-Wide*

20  *Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

21       To resolve either Rule 12(b)(1) or 12(b)(2) challenges, the Court may consider

22  declarations and other evidence outside the pleadings to resolve factual disputes

23  bearing on jurisdiction, without converting the motion into one for summary

24  judgment.  *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997).  The Court may

25  also decide a Rule 12(b)(1) or 12(b)(2) motion without an evidentiary hearing based

26  on the parties' written submissions, including an affidavit or declaration.  *Drayton v.*

27  *Eastlink Prods., Inc.*, No. 17-CV-06408-VAP, 2018 WL 5266870, at *3 (C.D. Cal.

28  Mar. 20, 2018); *see also Cholakyan v. Mercedes-Benz USA, LLC*, No. 10-05944-

COOLEY LLP
ATTORNEYS AT LAW

6    Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

1   MMM, 2012 WL 12861143, at *17 (C.D. Cal. Jan. 12, 2012).  The Court "is not

2   required to accept all of the non-moving party's factual allegations as true," and the

3   movant may submit evidence demonstrating that jurisdiction is lacking.  *AEM*

4   *(Holdings), Inc. v. Cooper Indus., Inc.*, No. 04-594-ABC, 2005 WL 5950104, at *2

5   (C.D. Cal. July 12, 2005).  Once evidence is submitted, the burden shifts to the

6   plaintiff to present affidavits or other competent evidence sufficient to establish

7   jurisdiction.  *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir.

8   2000).  A plaintiff must make a prima facie showing of jurisdiction, a standard that

9   "is not toothless."  *AMA Multimedia v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020).

10  A plaintiff "cannot simply rest on the bare allegations of its complaint" when those

11  allegations are contradicted by affidavit.  *Id.*; *Nestlé USA, Inc. v. Crest Foods, Inc.*,

12  No. 12-07519-JAK, 2017 WL 3267665, at *6-8 (C.D. Cal. July 28, 2017).

13          **A.    Subject Matter Jurisdiction**

14          "Article III limits federal jurisdiction to suits that address a real and substantial

15  controversy admitting of specific relief through a decree of conclusive character, as

16  distinguished from an opinion advising what the law would be upon a hypothetical

17  state of facts."  *Sierra Applied Scis., Inc. v. Advanced Energy Indus.*, 363 F.3d 1361,

18  1372 (Fed. Cir. 2004) (citation modified).  "A claim is not ripe for adjudication if it

19  rests upon contingent future events that may not occur as anticipated, or indeed may

20  not occur at all."  *Tex. v. United States*, 523 U.S. 296, 300 (1998) (citation modified).

21  Subject matter jurisdiction "depends upon the state of things at the time of the action

22  brought."  *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 571 (2004).  Later

23  developments cannot cure a jurisdictional defect that existed at the time the complaint

24  was filed.  *See Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir.

25  2008).  Courts have the authority to dismiss actions for patent infringement for lack

26  of subject matter jurisdiction where the accused product is still under development at

27  the time of filing, because any infringement analysis would necessarily be

28  speculative.  *See Sierra Applied Scis., Inc.*, 363 F.3d at 1378-80 (affirming dismissal

COOLEY LLP
ATTORNEYS AT LAW

7    Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

Ex A - Page 13

**Exhibit 23 - 224**

1    where the accused product's design "was fluid and indeterminate on [the filing]

2    date," making the claims unripe); *see also AstraZeneca Pharms. LP v. Apotex Corp.*,

3    669 F.3d 1370, 1380-81 (Fed. Cir. 2012) (holding claims unripe where alleged

4    infringement depended on "contingent future events").

5        **B.    Personal Jurisdiction**

6        Federal courts look to state law to determine the scope of their jurisdiction over

7    a party to an action. *See Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). In

8    California, the long-arm statute authorizes courts to exercise personal jurisdiction to

9    the full extent allowed by the state and federal Constitutions. Cal. Code Civ. Proc. §

10   410.10; *Nuance Commc'ns*, 626 F.3d at 1230. Meaning, the analysis is limited to

11   whether "the assertion of personal jurisdiction comports with due process." *New*

12   *World Int'l, Inc. v. Ford Global Techs., LLC*, 859 F.3d 1032, 1037 (Fed. Cir. 2017)

13   (citing *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1352 (Fed.

14   Cir. 2017)). Due process requires that a defendant have "certain minimum contacts"

15   with the forum such that exercising jurisdiction "does not offend traditional notions

16   of fair play and substantial justice." *Daimler*, 571 U.S. at 126.

17       Courts may exercise either general or specific personal jurisdiction. *Id.* at 121-

18   22 (citing *Goodyear Dunlop Tires Operations S.A. v. Brown*, 564 U.S. 915, 919

19   (2011)). General jurisdiction exists over a corporation only when its operations in

20   the forum are so continuous and systematic that the corporation is essentially "at

21   home" there. *Daimler*, 571 U.S. at 127, 134. This standard applies equally to foreign

22   corporations, whose affiliations with the forum must be so exceptional that they

23   render the entity "essentially at home in the forum State." *See id.* at 127. Absent

24   exceptional circumstances, a corporation is "at home" only in its place of

25   incorporation and its principal place of business. *BNSF Ry. Co. v. Tyrrell*, 581 U.S.

26   402, 413 (2017). Specific jurisdiction exists only where the claims "arise out of or

27   relate to" the defendant's contacts with the forum. *Daimler*, 571 U.S. at 127.

28       Because Eight Sleep invokes Rule 4(k)(2), it must show that BFG has

COOLEY LLP
ATTORNEYS AT LAW

8        Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

1   "unusually extensive contacts with the United States" as a whole. *AMA Multimedia*

2   *LLC v. Wanat*, No. 15-01674-PHX-ROS, 2017 WL 5668025, at *5 (D. Ariz. Sept.

3   29, 2017), *aff'd*, 970 F.3d 1201 (9th Cir. 2020).

4   **IV.    ARGUMENT**

5          **A.    Subject Matter Jurisdiction Does Not Exist in the Present Matter
               Since the Accused Orion Sleep System's Design Was "Fluid" At the
6               Time the Complaint Was Filed**

7          Subject matter jurisdiction does not exist in this action because Eight Sleep has

8   not and cannot allege any facts establishing a justiciable act of infringement that

9   occurred on or before the filing of the Complaint.

10         In the Complaint, Eight Sleep bases its infringement allegations on a version

11  of the Orion Sleep System with smart feature functionality (the Accused Orion Sleep

12  System).  ECF No. 1 ¶¶ 5, 26-33, 36, 50, 65. ██████████████████

13  ████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████

15  ████  Zwiebel Decl. ¶ 8.  There simply was no product that could be evaluated for

16  infringement.   Where, as here, the accused product is incomplete, undergoing

17  changes, and/or lacks final functionality, making any infringement analysis

18  necessarily speculative, courts routinely dismiss infringement claims for lack of

19  subject matter jurisdiction. *See Telectronics Pacing Sys. v. Ventritex*, 982 F.2d 1520,

20  1527 (Fed. Cir. 1992); *see also Sierra Applied Scis.*, 363 F.3d at 1378-80.   In

21  *Telectronics*, for example, the court held that there was no subject matter jurisdiction

22  where the accused device was still in early trials and subject to change, making any

23  infringement analysis at the time of filing too speculative.  982 F.2d at 1527.   In

24  *Sierra*, the court likewise held that jurisdiction was lacking because the accused

25  power supply's design was "fluid" and not fixed at the time of filing, making it

26  impossible to determine whether the final product would infringe.  363 F.3d at 1379-

27  80.  Both cases make clear that when a product is still under development, a court

28  cannot know whether the accused product will ever embody the asserted claims, and

COOLEY LLP
ATTORNEYS AT LAW

9          Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

1    thus Article III prohibits the exercise of jurisdiction.

2         During the meet-and-confer process, Eight Sleep raised four arguments for

3    maintaining subject matter jurisdiction.

4         First, Eight Sleep pointed to *Transocean Offshore Deepwater Drilling, Inc. v.*

5    *Maersk Contractors USA, Inc.*, 617 F.3d 1296 (Fed. Cir. 2010) for the proposition

6    that a product does not have to be manufactured to be accused of infringement. Ex.

7    1, R. Smith Email (12/1/25) at 1. But the *Transocean* decision is completely

8    unrelated to the issue of subject matter jurisdiction, and the facts in that case bear no

9    relationship to the situation presented here. In *Transocean*, subject matter

10   jurisdiction was not at issue because both parties agreed that an offer to sell had

11   occurred and, unlike here, that schematics that existed at the time of the offer to sell

12   were sufficiently complete for performing the necessary infringement analysis. 617

13   F.3d at 1308-11. While the parties disagreed about whether a final contract that

14   included those same schematics was a "sale," there was no dispute that the schematics

15   provided the necessary information in order to evaluate the issue of infringement. *Id.*

16   at 1310-11. Here, nothing exists that is comparable to the schematics in *Transocean*.

17   Orion's preorder involved no schematics or design documents, and ███████████

18   ████████████████████████████████████████████████████████████

19   Thus, unlike *Transocean*, at the time of filing in this case it was impossible to

20   evaluate the issue of infringement—making the exercise of subject matter

21   jurisdiction speculative and improper. *Sierra Applied Scis.*, 363 F.3d at 1380.

22        Second, Eight Sleep pointed to reviews on Orion's website. Ex. 1, R. Smith

23   Email (12/1/25). But as confirmed in Mr. Zwiebel's declaration, the reviews on

24   Orion's website relate to earlier prototypes ███████████ █ ███████████

25   ████████████████████████████████████████████    Zwiebel Decl. ¶ at

26   11. Eight Sleep has not identified, and cannot identify, any factual basis for accusing

27   those earlier prototypes of infringement. *Yovev*, 2007 WL 9711546, at *1 (plaintiff's

28   burden to present factual basis sufficient for jurisdiction).

COOLEY LLP
ATTORNEYS AT LAW

10    Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

Ex A - Page 16

**Exhibit 23 - 227**

1       Third, Eight Sleep pointed to the pre-order information on Orion's website.

2  Ex. 1, R. Smith Email (12/1/25) at 1. But the fact that Orion has started taking pre-

3  orders for its *anticipated* product does not change the analysis. The Federal Circuit

4  has held that claims based on products still under development are not justiciable

5  because they rest on contingent future events that may not occur as anticipated or

6  indeed may not occur at all. *AstraZeneca*, 669 F.3d at 1380-81. ████████

7  ████████████████████████████████

8  ████████████████ Zwiebel Decl. ¶ 7. Indeed, as of the filing date of the

9  Complaint, ████████████████████████████

10  ████████████████████████████████████

11  ████████████████████████████████████

12  There simply was not any defined product that could have actually been made or used

13  when the Complaint was filed. *XpertUniverse, Inc. v. Cisco Sys., Inc.* is instructive.

14  No. 09-157-RGA, 2012 WL 292362, at *3 (D. Del. Jan. 20, 2012) (holding that

15  unreleased products can only support an infringement claim if they have actually

16  been "made or used as of the date the [complaint] was filed," and that there can be

17  no claim where a product "is in development, but has not reached the stage where it

18  has been made or used.").

19       Finally, Eight Sleep has argued that Orion must have conducted some form of

20  testing in the United States. Ex. 1, R. Smith Email (12/1/25) at 1. This argument is

21  logically and factually baseless. As an initial matter, companies are, of course, free

22  to conduct testing outside of the United States. More fundamentally, however, ████

23  ████████████████████████████████████

24  ████████████████████████████████████

25  ████████████████████████████████████

26  ████████████████████████████ *Yovev*, 2007 WL 9711546, at *1

27  (plaintiff's burden to present factual basis sufficient for jurisdiction).

28       Without any source code sufficient to perform an infringement analysis, Eight

COOLEY LLP
ATTORNEYS AT LAW

11    Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

Ex A - Page 17

**Exhibit 23 - 228**

1  Sleep's Complaint seeks nothing more than an advisory opinion that a hypothetical
2  future product might infringe its patents. Article III prohibits such suits, and the case
3  must be dismissed under Rule 12(b)(1).

4  **B.    The Court Does Not Have Personal Jurisdiction Over BFG**

5  **1.    The Court Does Not Have General Jurisdiction Over BFG**

6  There is no basis for general jurisdiction over BFG. Eight Sleep concedes that
7  BFG is organized under Hong Kong law and maintains its principal place of business
8  there. ECF No. 1 ¶ 4. Following *Daimler*, a corporation is ordinarily "at home" only
9  in its place of incorporation and principal place of business, and general jurisdiction
10  does not attach elsewhere. 571 U.S. at 127.

11  Nothing about this case presents the type of "exceptional" circumstances that
12  could justify exercising general jurisdiction in California. BFG has no "affiliations
13  with the State," let alone any that are "so continuous and systematic as to render it
14  essentially at home in California." *Goodyear*, 564 U.S. at 919 (citation modified).
15  BFG is plainly not "at home" in California, and Eight Sleep offers no facts or
16  arguments to the contrary.

17  **2.    The Court Does Not Have Specific Jurisdiction Over BFG**

18  Eight Sleep cannot demonstrate that BFG is subject to specific jurisdiction in
19  California, because BFG has not purposefully directed any activities to the state of
20  California or its residents, much less activities that could give rise to Eight Sleep's
21  patent infringement claims.

22  The Federal Circuit applies a three-prong test to determine whether the
23  exercise of specific personal jurisdiction in a given case comports with due process:
24  "(1) whether the defendant purposefully directed its activities at residents of the
25  forum state, (2) whether the claim arises out of or relates to the defendant's activities
26  with the forum state, and (3) whether assertion of personal jurisdiction is reasonable
27  and fair." *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015)
28  (citation omitted). "The plaintiff bears the burden of affirmatively establishing the

COOLEY LLP
ATTORNEYS AT LAW

12    Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

Ex A - Page 18

**Exhibit 23 - 229**

1    first two elements of the due process requirement." *Id.* at 1378 (citing *Elecs. For*

2    *Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003)).  If a plaintiff can meet

3    that burden, only then does the burden shift to the defendant to show that exercising

4    jurisdiction would be unreasonable.  *Elecs. for Imaging*, 340 F.3d at 1350.

5         Eight Sleep contends two types of contacts are sufficient to establish personal

6    jurisdiction over BFG.  First, Eight Sleep advances a "stream of commerce" theory,

7    contending that BFG places its products into established distribution channels for the

8    United States and this District.  ECF No. 1 ¶ 9.  Second, Eight Sleep argues a

9    purposeful availment jurisdictional theory, under which BFG has purportedly

10   engaged in infringing activities in California.  *Id.* at ¶ 10.  Both theories are factually

11   and legally baseless, and exercising jurisdiction over BFG under either theory would

12   be unreasonable and unfair.

13
         **a.    BFG Does Not Place Products into Any Stream of**
14            **Commerce Directed to California or the United States**

15        Eight Sleep alleges that "[t]his Court has personal jurisdiction over BFG"

16   because "[o]n information and belief" Defendants "place, have placed, and contribute

17   to placing their products into the stream of commerce through established distribution

18   channels knowing or understanding that such products would be sold and used in the

19   United States, including in this District."  ECF No. 1 ¶ 9.  But this theory suffers from

20   a simple, fatal flaw: BFG has no products for the United States at all.  McConnochie

21   Decl. ¶ 14.

22        Courts routinely dismiss actions against foreign entities that "never

23   manufactured or placed '*any* products into the stream of commerce that might have

24   ended up in the forum.'"  *See Pinkerton Tobacco Co., LP v. Art Factory AB*, No.

25   2:20-cv-01322-SB-MRW, 2021 WL 4776349, at *5 (C.D. Cal. June 18, 2021)

26   (emphasis in original) (citation omitted); *see also 3G Licensing S.A. v. Lenovo Grp.*

27   *Ltd.*, No. 17-84-LPS, 2019 WL 3974539, at *6 (D. Del. Aug. 22, 2019) (dismissing

28   foreign defendant because it "does not import or ship any products into the United

Cooley LLP
Attorneys at Law

13        Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

Ex A - Page 19

**Exhibit 23 - 230**

1   States, nor does it manufacture, sell, or offer for sale any products in the United

2   States"); *World-Wide Volkswagen*, 444 U.S. at 298 (to establish jurisdiction under a

3   stream-of-commerce theory, a defendant must "deliver[] *its* products into the stream

4   of commerce with the expectation that they will be purchased by customers in the

5   forum state." (emphasis added).)  Indeed, "[a] key component of the stream-of-

6   commerce theory is the existence of a product. Here, [the foreign entity] does not

7   manufacture or sell any products." *PrimeSource Bldg. Prods., Inc. v. Phillips Screw

8   Co.*, No. 3-07-CV-0303-M, 2008 WL 779906, at *4 (N.D. Tex. Mar. 25, 2008).

9        During the meet-and-confer process, Eight Sleep attempted to hand-wave over

10  BFG's lack of any U.S. product by arguing that "[t]o the extent Blue Fuzion provided

11  technical assistance in the design and development of the accused products, such

12  assistance would" be sufficient to support personal jurisdiction.  Ex. 1, R. Smith

13  Email (12/1/25) at 1.  Eight Sleep's argument is legally baseless.  In *PrimeSource*,

14  for example, the court rejected the argument that providing design or technical input

15  place or contributes to placing a product into the stream of commerce.  2008 WL

16  779906, at *5.  The defendant there "merely design[ed]" technology while others

17  manufactured and sold the products, and the court found no authority equating

18  technical assistance, sample testing, or visits to manufacturing facilities with placing

19  a product into the stream of commerce.  *Id.* at *4-5.

20        Moreover, even if Eight Sleep had some legal basis for arguing that "technical

21  assistance in the design and development of the accused products" was sufficient for

22  jurisdiction (it does not), the facts here still fall woefully short.  As discussed in

23  Defendants' declarations, ████████████████████████████████████

24  ██████████  ██████  ██████  ██  ██████  ██████  ██████

25  ████████████████████████████████████████████████

26  McConnochie Decl. ¶ 9.  None of these activities are relevant to the issue of patent

27  infringement, and none warrant hauling a foreign defendant like BFG into a U.S.

28  court.

Cooley LLP
Attorneys at Law

14    Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

Ex A - Page 20

**Exhibit 23 - 231**

1   BFG cannot place a product into the stream of commerce when it does not

2   manufacture, import, distribute, or sell any Orion product—nor have any product

3   directed to the United States at all.  Eight Sleep's effort to extend the stream-of-

4   commerce doctrine to BFG's foreign consulting-type services is factually and legally

5   unsupported and should be rejected.

6           **b.    BFG Has Not Purposefully Availed Itself of Any
            Privileges or Benefits of California, or Directed Any
7           Activities Toward California**

8           Eight Sleep's second jurisdictional theory is that "BFG has availed itself of the

9   privilege of conducting and soliciting business within California."  ECF No. 1 ¶ 10.

10  Once again, BFG's conclusory and unsupported allegations fail to satisfy its burden

11  of showing that personal jurisdiction is proper.

12          Purposeful availment or purposeful direction exists only where a plaintiff

13  demonstrates that (1) a defendant committed an intentional act, (2) expressly aimed

14  at the forum state, and (3) that causes harm the defendant knows is likely to be

15  suffered in the forum state.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d

16  797, 803 (9th Cir. 2004) (citing *Calder v. Jones*, 465 U.S. 783 (1984)).  The plaintiff

17  must show that the claims at issue arise out of the defendant's activities connected

18  specifically with California.  *See Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051

19  (9th Cir. 1997).  Eight Sleep has not and cannot point to any such actions by BFG.

20          First, Eight Sleep alleges that "[o]n information and belief" BFG has

21  "engag[ed] in at least some of the infringing activities in California."  ECF No. 1 ¶

22  10.  But contrary to Eight Sleep's unsupported and unspecified allegations, BFG does

23  not engage in any activities in California (or the United States more generally)—

24  much less any allegedly infringing activities.  Indeed, BFG has confirmed that it does

25  not engage in making, using, importing, offering to sell, or selling the Accused Orion

26  Sleep System, either in California or elsewhere.  McConnochie ¶ 6.

27          Second, Eight Sleep vaguely asserts that "others acting as agents and/or

28  representatives" of BFG have engaged in infringing activities.  ECF No. 1 ¶ 10.  As

COOLEY LLP
ATTORNEYS AT LAW

15      Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

1    an initial matter, Eight Sleep's allegations are insufficient because they fail to identify

2    any alleged third-party whose actions can purportedly be imputed to BFG.  Moreover,

3    even if Eight Sleep had identified any such third-party (or intended to identify Orion

4    as the third-party), Eight Sleep has alleged no facts supporting an agency or alter ego

5    theory necessary to impute the contacts of that third-party to BFG.  *Celgard*, 792

6    F.3d at 1379.

7         During the meet-and-confer process, Eight Sleep argued that by providing

8    consulting services to Orion, BFG has "induce[d] Orion to directly infringe by

9    importing, offering to sell, and selling the accused product."  Ex. 1, R. Smith Email

10   (12/1/25) at 1.  This theory also fails for multiple reasons.

11        First, Eight Sleep has no factual basis to allege that BFG "induce[d]" any

12   infringing conduct by Orion.  To the contrary, declarations by Mr. McConnochie and

13   Mr. Zwiebel show that BFG merely provides consulting-type services to Orion, and

14   that Orion is responsible for importation, offers to sell, and sales of the Accused

15   Orion Sleep System.  McConnochie Decl. ¶ 11; Zwiebel Decl. ¶ 14.  Moreover, it is

16   impossible for Eight Sleep to base its personal jurisdiction allegations on the theory

17   of "induced importation" because, at a minimum, it is undisputed the Accused Orion

18   Sleep System had not been imported into the United States at the time the Complaint

19   was filed.  Zwiebel Decl. ¶ 12.  Second, Eight Sleep has no legal basis for alleging

20   that the type of consulting services BFG provides to Orion are sufficient to "induce"

21   infringement of a patent.  Indeed, despite BFG specifically requesting that Eight

22   Sleep provide some legal authority for its position, Eight Sleep provided none.  Ex.

23   1, R. Smith Email (12/1/25) at 1.

24        Third, Eight Sleep is precluded from relying on Orion's actions to establish

25   personal jurisdiction over BFG.  The Supreme Court has made clear that in order to

26   satisfy the purposeful-availment requirement, Eight Sleep must show that BFG (not

27   Orion) took actions purposefully availing BFG (not Orion) of the privileges and

28   benefits of the forum state.  *Celgard*, 792 F.3d at 1380 (citing *Hanson v. Denckla*,

COOLEY LLP
ATTORNEYS AT LAW

16         Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

Ex A - Page 22

**Exhibit 23 - 233**

1   357 U.S. 235, 253-54 (1958)).  Eight Sleep identifies no such actions by BFG.

2   Instead, at most, Eight Sleep has only identified actions by which Orion has availed

3   itself of the privileges and benefits of California.  But because Eight Sleep has not

4   alleged any facts supporting an agency or alter ego theory, Eight Sleep cannot impute

5   Orion's actions to BFG.  *Celgard*, 792 F.3d at 1379.

6       Because Eight Sleep cannot show that BFG purposefully directed any activity

7   toward California, its claims necessarily fail.

8           **c.    Exercising Specific Jurisdiction Over BFG Would Be
                     Unreasonable**
9

10      BFG does not engage in any activity necessary in order to infringe a U.S.

11  patent.  It does not make, use, offer to sell, or sell any Orion products in the United

12  States.  McConnochie Decl. ¶ 6.  Nor does it import any Orion products into the

13  United States.  *Id.* ¶¶ 6, 11.  Instead, BFG merely provides consulting-type services

14  entirely overseas.  BFG is not aware of a single case where any defendant, much less

15  a foreign defendant, was charged with patent infringement for providing the types of

16  consulting services that BFG provides Orion.  Exercising jurisdiction over BFG to

17  allow Eight Sleep to pursue a completely novel legal theory offends traditional

18  notions of fair play and substantial justice, and should not be permitted.  *Burger King

19  Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

20      The Federal Circuit evaluates five factors when assessing reasonableness: (1)

21  the burden on the defendant; (2) the forum state's interest in adjudicating the dispute;

22  (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the

23  interstate judicial system's interest in obtaining the most efficient resolution of

24  controversies; and (5) the shared interest of the several states in furthering substantive

25  policies.  *Xilinx*, 848 F.3d at 1355 (citing *World-Wide Volkswagen*, 444 U.S. at 297).

26      None of these factors support jurisdiction here: (1) requiring a Hong Kong

27  company with no presence in the United States to defend a lawsuit in this District

28  would be inherently burdensome, (2) neither California, nor the U.S. more broadly,

COOLEY LLP
ATTORNEYS AT LAW

17    Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

1  has any interest in adjudicating actions against foreign consultants when there is no

2  dispute that the party that is the focus of the dispute (Orion) is present in California,

3  (3) Eight Sleep has made no showing that its' interests are not adequately addressed

4  by its suit against Orion, and (4)-(5) the judicial system and the several states have

5  no particularized interest in adjudicating claims against a foreign entity that has not

6  manufactured, distributed, sold, or used any accused product in the United States,

7  particularly when the party that is responsible for distribution, sales, and offers for

8  sale of the accused product is already present in the suit.

9      In sum, even if Eight Sleep could establish minimum contacts, which it cannot,

10  the reasonableness factors confirm that exercising personal jurisdiction over BFG

11  would be inappropriate.

12      **3.    BFG is Not Subject to Personal Jurisdiction Under Rule 4(k)(2)**

13

14      As an alternative to traditional personal jurisdiction, Eight Sleep argues that

15  the Court may assert jurisdiction based on BFG's contacts with the United States as

16  a whole under Rule 4(k)(2).  ECF No. 1 ¶ 11.  But "while Rule 4(k)(2) is designed to

17  facilitate obtaining jurisdiction over foreign defendants, it does not operate to relax

18  the requirement that the defendant's contacts with the forum be constitutionally

19  sufficient" to satisfy due process.  *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271,

20  275 (4th Cir. 2005).  And Rule 4(k)(2) does not confer jurisdiction simply because a

21  foreign entity is not subject to any state's courts, there must be a showing of

22  extensive, forum-wide contacts with the United States.  *Synthes (USA) v. GM Dos

23  Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1293 (Fed. Cir. 2009).

24      Eight Sleep's Rule 4(k)(2) allegations fail for several reasons.

25      First, Eight Sleep's allegations under Rule 4(k)(2) fail for the same reasons

26  Eight Sleep's general and specific jurisdiction arguments fail, as discussed in the

27  sections above.  Eight Sleep does not identify any additional facts or arguments that

28  would support jurisdiction under Rule 4(k)(2).  Instead, Eight Sleep simply makes

COOLEY LLP
ATTORNEYS AT LAW

18    Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

Ex A - Page 24

**Exhibit 23 - 235**

1   the unsupported, conclusory allegation that BFG is subject to jurisdiction because

2   "(a) the claims … aris[e] under federal law; (b) BFG is not subject to any state's

3   courts of general jurisdiction; and (c) exercising jurisdiction … [would be] consistent

4   with the U.S. Constitution." ECF No. 1 ¶ 11. But as discussed in the sections above,

5   BFG has no relevant contacts with California or the United States more generally.

6   McConnochie Decl. ¶¶ 8, 13-14. Further, the Complaint identifies no U.S. contacts

7   by BFG to satisfy due process. Instead, it offers only the conclusory assertion that

8   BFG "availed itself of the privilege of conducting and soliciting business within

9   California" and engaged in infringing activities "in California," without identifying

10  any such activities or any facts supporting that claim. ECF No. 1 ¶ 10.

11          BFG's limited overseas work for Orion is not the kind of activity directed to

12  the United States that can create personal jurisdiction under Rule 4(k)(2).

13  Accordingly, for the same reasons BFG lacks contacts sufficient to establish personal

14  jurisdiction in California, it likewise lacks the extensive, nationwide contacts

15  required to establish personal jurisdiction under Rule 4(k)(2).

16                    **4.    Jurisdictional Discovery Is Not Warranted**

17          In order for jurisdictional discovery to be granted, a plaintiff must establish a

18  "colorable" basis for jurisdiction before discovery may be permitted. *See Mitan v.*

19  *Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007). This requires "some evidence"

20  tending to establish jurisdiction, not just speculative allegations. *See id.* Courts

21  consistently reject jurisdictional discovery where the request is "based on little more

22  than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*,

23  539 F.3d 1011, 1020 (9th Cir. 2008); *see also Engasser v. Tetra Tech, Inc.*, 519 F.

24  Supp. 3d 703, 710-11 (C.D. Cal. 2021), *aff'd*, 2022 WL 3334632 (9th Cir. Aug. 12,

25  2022) (denying jurisdictional discovery where plaintiff failed to identify information

26  that would yield additional facts relevant to establishing jurisdiction).

27          Eight Sleep has no colorable basis for jurisdictional discovery because Eight

28  Sleep relies on nothing more than a series of unsupported hunches. Rather than

COOLEY LLP
ATTORNEYS AT LAW

19      Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

Ex A - Page 25

**Exhibit 23 - 236**

1  identifying any evidence tending to support its allegations, the entirety of Eight

2  Sleep's jurisdictional analysis is based on unsupported "information and belief."  The

3  declarations submitted with this Motion confirm that BFG has no presence in the

4  United States and engages in no activities directed toward the United States that could

5  subject it to personal jurisdiction in this Court.  Further, Mr. Zwiebel's declaration

6  confirms that the Accused Orion Sleep System remained in development at the time

7  the Complaint was filed, which defeats Article III subject matter jurisdiction because

8  no completed product existed that could have infringed at filing or that could even be

9  analyzed for infringement.

10       Courts routinely deny jurisdictional discovery in similar circumstances.  *See*

11  *Licea v. Caraway Home Inc.*, 655 F. Supp. 3d 954, 970-71 (C.D. Cal. 2023) (denying

12  jurisdictional discovery on both personal jurisdiction and subject matter jurisdiction

13  where allegations were speculative and unsupported); *Barantsevich v. VTB Bank*, 954

14  F. Supp. 2d 972, 998 (C.D. Cal. 2013) (denying discovery where plaintiff's assertions

15  were "too speculative" and unsupported by evidence).  Allowing even limited

16  discovery would impose significant and unnecessary financial burden on Defendants

17  and should not be permitted.

18  **V.    CONCLUSION**

19       For the foregoing reasons, Defendants respectfully request that the Court

20  dismiss Eight Sleep's claims against Defendants for lack of subject matter

21  jurisdiction and dismiss Eight Sleep's claims against BFG for lack of personal

22  jurisdiction.

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW

20      Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

| | |
|---|---|
| 1 | Dated: December 10, 2025 |

Respectfully submitted,

COOLEY LLP


By: */s/Eamonn Gardner*
   Eamonn Gardner (CA SBN 310834)
COOLEY LLP
1144 15th Street, Suite 2300
Denver, CO 80202
Phone: (720) 566-4000
Fax: (720) 566-4099
egardner@cooley.com

Alexandra Mayhugh (CA SBN 300446)
COOLEY LLP
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071
Phone: (213) 561-3250
Fax: (213) 561-3244
amayhugh@cooley.com

*Counsel for Defendants Orion Longevity Inc. and Blue Fuzion Group Ltd.*

COOLEY LLP
ATTORNEYS AT LAW

21    Case No. 2:25-cv-09685-SB-RAO
Defendants' Notice of Motion and Motion to Dismiss

Ex A - Page 27

**Exhibit 23 - 238**

1

## **CERTIFICATE OF SERVICE**

2

The undersigned hereby certifies that a true and correct copy of the above and

3 foregoing document has been served on December 10, 2025, to all counsel of record

4 who are deemed to have consented to electronic service via the Court's CM/ECF

5 system per Civil Local Rule 5.4. Any other counsel of record will be served by

6 electronic mail, facsimile and/or overnight delivery.

7

8 Ryan Ronald Smith
Wilson Sonsini Goodrich and Rosati
9 650 Page Mill Road
Palo Alto, CA 94304
10 650-493-9300
11 rsmith@wsgr.com

12
Alexander Miller
13 Naoya Son
Wilson Sonsini Goodrich and Rosati
14 650 Page Mill Road
Palo Alto, CA 94304
15 650-493-9300
Fax: 866-974-7329
16 alex.miller@wsgr.com
17 nson@wsgr.com

18

19

20

21                                          By: */s/ Erin McKenzie*
22                                          Erin McKenzie

23

24

25

26

27

28

Cooley LLP
Attorneys at Law

22     Case No. 2:25-cv-09685-SB-RAO
Defendants' MPA ISO Motion to Dismiss