UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EIGHT SLEEP INC.<br><br>Plaintiff(s),<br><br>v.<br><br>ORION LONGEVITY INC, et al.<br><br>Defendant(s). | Case No.  2:26–cv–02460–SB–KS<br><br>**STANDING ORDER FOR CIVIL CASES ASSIGNED TO JUDGE STANLEY BLUMENFELD, JR.**<br><br>**[Updated 1/6/2026]** |

**READ THIS ORDER CAREFULLY BECAUSE IT CONTROLS THIS CASE AND DIFFERS IN PART FROM THE LOCAL RULES. FAILURE TO COMPLY MAY RESULT IN SANCTIONS.**

Counsel for the plaintiff must immediately serve this order on all parties, including any new parties to the action. If this case was removed from state court, the defendant that removed the case must serve this order on all other parties. A hyperlinked table of contents appears below.

## TABLE OF CONTENTS

| | |
|---|---|
| 1. **Counsel** | 9. **Ex Parte Applications** |
| 2. **Communications with Chambers** | 10. **Continuances** |
| 3. **Pleadings** | 11. **Class Actions** |
| 4. **Discovery** | 12. **ERISA Cases (Benefit Claims)** |
| 5. **Filing Requirements** | 13. **Bankruptcy Appeals** |
| 6. **General Motion Requirements** | 14. **Consent to Magistrate Judge** |
| 7. **Specific Motion Requirements** | 15. **Sanctions for Failing to Comply** |
| 8. **Hearings** | |

1. **COUNSEL**

   a. **Civility**. All counsel must immediately review and comply with the Court's Civility and Professionalism Guidelines, available at www.cacd.uscourts.gov/attorneys/admissions/civility−and−professionalism−guidelines. Failure to do so may result in sanctions.

   b. **Presence of Lead Counsel**. Only one attorney for a party may be designated as lead counsel−and the designation must appear on the docket if a party has more than one attorney. Lead counsel must attend all proceedings other than motion hearings. For motion hearings, lead counsel is encouraged to permit junior lawyers to participate. Only one counsel may be designated to argue a motion absent Court approval.

   c. **Self-Represented Parties (a/k/a "Pro Se" Litigants)**. Parties representing themselves (pro se litigants) are required to comply with all Local Rules, including Local Rule 16 ("Pretrial Conferences; Scheduling; Management"). In this order, the term "counsel" includes pro se litigants. Only individuals may represent themselves and only in their

2

individual capacities. A corporation or other entity must be represented by counsel, and if counsel seeks to withdraw, counsel must advise the entity of the dire consequences of failing to obtain substitute counsel before seeking withdrawal–i.e., a plaintiff entity's case will be dismissed or a defendant entity will default. *See* Local Rule 83-2.3.4.

  **d**. **Duty to Notify of Settlement**. Counsel must advise the Court immediately if (1) the case or any pending matter has been resolved or (2) a motion is pending and the parties are engaged in serious negotiations that appear likely to resolve the case or the pending motion (as discussed in more detail in § 8(f), *infra*). Failure to provide timely notice of settlement may result in sanctions. The filing of a settlement notice does not excuse counsel from appearing at any scheduled hearing or conference that has not been vacated.

  **e**. **No "Notice of Unavailability**." A "Notice of Unavailability" has no legal effect and should not be filed.

  **d**. **Substitution or Withdrawal of Counsel**. Any attorney seeking to substitute in as counsel must certify that the substitution will not delay the prosecution of the case. *See* L.R. 83-2.3.5. If unable to so certify, counsel must file a motion or stipulation showing good cause for the delay and that substitution serves the interests of justice. Counsel remains responsible for representation until the Court approves the withdrawal or substitution.

**2**. **COMMUNICATIONS WITH CHAMBERS**

  Counsel shall not contact the courtroom deputy clerk (CRD) to inquire about (1) the status of a pending matter or (2) court procedure addressed in the Local Rules and the Court's standing orders. Any appropriate inquiry directed to the CRD must be by email only, copied to all parties. Email requests for relief that should be filed on the docket–e.g., a request for a remote appearance or continuance–will

generally be ignored and will not excuse noncompliance with any applicable rule or order.

3. **PLEADINGS**

    a.  **Service of the Summons and Complaint**. The plaintiff(s) shall promptly obtain the summons and serve the summons and complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Fed. R. Civ. P. 4(l). Any defendant, including any "Doe" or fictitiously named defendant, not served within 90 days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m).

    b.  **Removed Actions**. Any answer filed in state court must be refiled in this Court as a supplement to the Notice of Removal. Any motion pending in state court at the time of removal must be re-noticed in accordance with Local Rule 7. If a removed action includes a "form pleading" (i.e., a check-the-box pleading), the party that filed the form pleading must file a pleading in this court that complies with the federal rules within 30 days of the filing of the removal notice. *See* Fed. R. Civ. P. 7, 7.1, 8, 9, 10, and 11. An amended complaint filed within 30 days after removal to replace a form complaint pursuant to this instruction shall be deemed an amended complaint with "the court's leave" pursuant to Rule 15(a)(2).

    c.  **Status of Fictitiously Named Defendants**.

        i.  The plaintiff should identify and serve any fictitiously named defendants before the date of the mandatory scheduling conference (MSC) held pursuant to Fed. R. Civ. P. 16(b).

        ii.  All Doe defendants remaining 60 days after the MSC (or on the date set forth in the scheduling order, if applicable) are dismissed by operation of this Order without further notice ***unless*** the plaintiff requests and justifies the need for additional time in the joint report for the MSC and the Court grants an extension.

4

iii.   Before moving to substitute a defendant for a Doe defendant, the plaintiff must seek the consent of counsel for all defendants, including counsel for a represented Doe defendant. If denied consent, the plaintiff must file a regularly noticed motion. In diversity cases, the plaintiff's motion must address whether the addition of the newly named party destroys diversity jurisdiction. *See* 28 U.S.C. § 1447(c), (e).

4.   **DISCOVERY**.

a.   **Magistrate Judge Referral**. All discovery matters are referred to the assigned magistrate judge. All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Do not deliver chambers copies of these documents to Judge Blumenfeld. The decision of the magistrate judge shall be final, subject to limited review requiring a showing that the decision is clearly erroneous or contrary to law. Any party may file and serve a motion for review within 14 days of either (i) service of a written ruling or (ii) an oral ruling that expressly will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law, supported by points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the magistrate judge's clerk at the time of filing.

b.   **Discovery Protective Orders**. Proposed protective orders for discovery must be submitted to the assigned magistrate judge. Such orders should not purport to allow, without further order of Judge Blumenfeld, the filing under seal of pleadings or documents filed in connection with a dispositive motion, a class certification motion, or trial before Judge Blumenfeld. The existence of a protective order does not alone justify the filing of pleadings or other documents under seal, in whole or in part.

c.  **Prompt Commencement of Discovery**. The Court encourages the parties to begin discovery early and expects written discovery to be served promptly after the parties have conferred as required under Fed. R. Civ. P. 26(f). A protective order, when necessary, shall be agreed upon within one week of the Rule 26(f) conference.

d.  **Juvenile Records**. In cases that will require access to juvenile records, the parties shall identify the necessary records and file all requests for such records with the appropriate state court by no later than the MSC. If the parties fail to do so, the Court is unlikely to grant a continuance based on delay in the process for obtaining juvenile records.

5.  **FILING REQUIREMENTS**

a.  **Text Searchability**. All documents−including pleadings, motions, and exhibits−submitted to the Court must be text-searchable (i.e., "OCR'd").

b.  **Documents with Declarations, Exhibits, and Other Attachments**. Except for filings in support of summary judgment motions (*see* MSJ Standing Order), if a filed document has declarations, exhibits, or other attachments, each attachment must be filed as a separately docketed attachment to the main docket entry with a description of the attachment (e.g., Dkt. 29-1 Smith Declaration, 29-2 Ex. 1 - License Agreement, 29-3 Request for Judicial Notice). The Court may decline to consider documents not filed in accordance with this order.

c.  **Artificial Intelligence**. Any party who uses generative artificial intelligence (such as ChatGPT, Harvey, CoCounsel, or Google Bard) to generate any portion of a brief, pleading, or other filing must attach to the filing a separate declaration disclosing the use of artificial intelligence and certifying that the filer has reviewed the source material and verified that the artificially generated content is accurate and complies with the filer's Rule 11 obligations.

6

d.  **Proposed Orders**. Each party filing a motion or seeking the determination of any matter shall serve and lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

i.  <u>Templates</u>. Use the "Proposed Order" or the "CMO Continuance Order" template–whichever is applicable–found on the "Orders and Additional Documents" tab on <u>Judge Blumenfeld's webpage</u>. Failure to do so may result in the striking of the request. Proposed orders should *not* contain: (1) attorney names, addresses, etc. on the caption page; (2) a footer with the document name or other information; or (3) a watermark or designation of the firm name. Proposed orders should be formatted in the same fashion as motions. *See* § 6(c)(iv), *infra*.

ii.  <u>Email</u>. Consistent with Local Rule 5-4.4.2, the Court strictly requires that a Microsoft Word copy of the proposed order, along with a PDF copy of the electronically filed main document, be e-mailed to the chambers e-mail address. The Court will not consider a stipulation, ex parte application, or other request for relief until a compliant proposed order is received by email. A filing may be stricken for failure to timely comply.

e.  **Chambers Copies**. Chambers copies (paper copies that are sent to chambers upon electronic filing of the document) are required for the following documents only: (1) motion papers (motions, oppositions, replies, and related documents[1] ), including motions in limine; (2) ex parte applications for temporary restraining orders; and (3) pretrial

_____

[1]  A motion to dismiss should include a copy of the challenged pleading.

documents (memoranda of fact and law, witness and exhibit lists, pretrial conference statement, jury instructions, verdict forms, etc.). Chambers copies must comply with the rules below.

    i.    <u>Timeliness and location</u>. Deliver chambers copies promptly to Judge Blumenfeld's mailbox outside the Clerk's Office on the fourth floor of the First Street Courthouse. Applicable documents will not be considered until chambers copies are submitted.

    ii.    <u>Format</u>. Chambers copies should be copies of the filed document– i.e., they should have the docket information on the top of each page. Filings that include highlighting, color photographs, "redlining," or the like should be printed in color. Short filings should be fastened by a staple or binder clip in the top left corner. Larger filings should be delivered in a three-ring binder. Binders must have both a cover sheet and a spine label that includes the case name, case number, and a description of the contents.

    iii.    <u>Exhibits</u>. Separate all exhibits by a tab divider on the right or bottom of the document. If the evidence exceeds 50 pages, the chambers copy must: (1) include a table of contents; and (2) be in a tabbed three-ring binder with each exhibit separated by a tab divider on the right or the bottom.

**f.**    **Notices of Deficiency**. When a filing fails to comply with court rules, the Clerk's Office may issue a notice of deficiency, which typically states that no action is required unless the Court directs otherwise. The parties should not treat the deficient filing as having been stricken unless the Court separately orders it stricken. A deficiency notice by itself does not relieve any party of its obligations with respect to a filing (e.g., timely filing an opposition or appearing at a noticed hearing).

6. **GENERAL MOTION REQUIREMENTS**

    a.   **"Meet and Confer" Requirement**. Local Rule 7-3 requires counsel to conduct a prefiling conference at least seven days before a motion is filed[2] "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." and to include with each motion " a declaration ... that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion."

        i.   Scope. This requirement applies in all cases, including those with pro se litigants, and extends to all issues. If the parties are unable to fully resolve the dispute, they shall attempt to narrow the scope of the contested issues. Parties must meet and confer in person or by videoconference; email correspondence is insufficient. A motion not supported by the certification below may be stricken or summarily denied.

        ii.   Certification. The moving party *shall* include a signed certification as part of the declaration required by Local Rule 7-3 as follows: "I certify that the parties met in person or by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part."

            If a nonmoving party refuses to participate in good faith, the moving party shall explain the refusal in detail.

_____

[2] In the event that the Court sets an expedited deadline that does not allow the parties to meet at least seven days before the motion is filed, the parties shall meet and confer as soon as practicable; they are not excused from compliance with Local Rule 7-3.

iii.   Sanctions. Failure by any party to comply in good faith with the meet-and-confer requirement shall result in an order to show cause re sanctions–including, as appropriate, striking or denying the motion, deeming the motion unopposed, and/or awarding monetary sanctions.

b.   **Time for Filing and Hearing Motions**. This Court hears civil motions on Fridays at 8:30 a.m.

i.   Holidays. If Friday is a court holiday, select another Friday. Opposition or reply papers due on a Friday holiday may be filed the following Monday.

ii.   Closed Dates. Hearing dates are closed at least four weeks in advance, and closed hearing dates are noted on Judge Blumenfeld's webpage. A motion filed on a closed hearing date will be stricken or continued at the Court's discretion. A party that waits too long and files a motion to be heard on a date that turns out to be unavailable risks having the motion stricken and not considered at all.

iii.   Non-Opposition. Failure to timely oppose a motion will likely result in the motion being granted after the opposition would have been due. *See* Local Rule 7-12 (failure to timely file "may be deemed consent to the granting . . . of the motion").

iv.   Resolution. If the parties resolve the issue(s) presented in a motion, by settlement or otherwise, the Court must be notified immediately to avoid unnecessary judicial work.

c.   **Length, Footnotes, and Format of Motion Papers**

i.   Length. Unless otherwise expressly permitted, no supporting or opposing memorandum shall exceed 7,000 words (or 25 pages, double spaced, if handwritten), and no reply memorandum shall

exceed 4,000 words (or 15 pages, double spaced, if handwritten)– excluding only indices and exhibits. Counsel shall certify compliance with the word count pursuant to Local Rule 11-6.2. Good cause to extend these limitations will rarely be found. A memorandum that exceeds the allowable length may be stricken.

ii. Footnotes. Use no more than eight footnotes in any supporting or opposing brief, and no more than five footnotes in any reply. Citations that support a statement in the main text should be included in the main text, not in footnotes.

iii. Format. Use only 14-point Times New Roman font, including for footnotes. Footnotes shall be separated by 12-point spacing.

iv. Reply Briefs. The purpose of a reply brief is to respond succinctly to the arguments in the opposition. A reply brief should not repeat the background or legal standard contained in the motion and should not repeat arguments except to the extent necessary to respond to the opposition.

d. **Citations to Authority**. Any argument or statement of law not supported by legal authority may be deemed *waived or forfeited* to the extent allowed by law. The parties should comply with Bluebook formatting and the citation requirements below.

i. Pin Cites. Case citations must identify both the case cited and the specific page referenced.

ii. String Cites. Parties should not use string cites without a good reason. When using string cites, a party should include a parenthetical explanation for each cited case.

iii. Legal Databases. When citing to unpublished materials in legal databases, cite to Westlaw (*not* Lexis) whenever possible. However, parties that do not have access to Westlaw will not be

penalized for citing to other sources.

iv. <u>U.S. Statutes</u>. Statutory references should identify with specificity the sections and subsections referenced. Citations should be to the relevant official statutory code (e.g., the U.S. Code) and should not merely reference the popular name of an act.

v. <u>Treatises, Manuals, and the Like</u>. Citations to treatises, manuals, and other materials should include the volume, section, and relevant pages. Attach copies if these materials are not accessible on Westlaw, especially for historical materials (e.g., older legislative history).

**7**. **SPECIFIC MOTION REQUIREMENTS**

**a**. **Motions Pursuant to Rule 12**. Most motions to dismiss or strike, especially motions raising alleged defects in a complaint, answer, or counterclaim that could be corrected by amendment, can be avoided if the parties confer in good faith as required by Local Rule 7-3. In general, the Court will provide leave to amend upon granting a motion to dismiss unless it is clear the complaint is not correctible. *See Rosenberg Bros & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960) (requiring "extreme liberality" in favor of amendments). A good-faith meet-and-confer may avoid this costly and inefficient process. If the plaintiff, counterclaimant, or crossclaimant believes its pleading can be strengthened by adding facts that would help it survive a pleading challenge, the better course is to amend before the parties devote resources to briefing a motion. The Court expects the parties to thoroughly discuss any proposed amendments during their meet-and-confer and to agree to amendment if doing so will avoid the need for serial motions. Otherwise, if the Ninth Circuit's "extreme liberality" standard applies to a meritoriously filed motion, the Court may summarily grant leave to amend. If the Court

grants a motion to dismiss with leave to amend, the plaintiff must file an amended complaint within seven days, unless otherwise specified. Failure to timely file an amended complaint will result in dismissal with prejudice.

b **Motions to Amend Pleadings**. A motion to amend the pleadings must describe and state the effect of the proposed amendment and be accompanied by a "redlined" version of the proposed amended pleading indicating all additions and deletions to the prior version of the pleading. Before the motion is filed, the redlined version must be delivered to opposing counsel at least two hours in advance of the Local Rule 7-3 conference; and if the plaintiff later changes the delivered version, counsel will be required to meet again about the revised pleading. In addition to the requirements of the Local Rules, all amended pleadings must be serially numbered to differentiate each amendment (i.e., "First Amended Complaint," "Second Amended Complaint" ...).

c. **Motions for Summary Judgment**. Please refer to Judge Blumenfeld's Standing Order re: Motions for Summary Judgment found on the Orders and Additional Documents tab on Judge Blumenfeld's webpage at https://apps.cacd.uscourts.gov/Jps/honorable–stanley–blumenfeld–jr.

d. **PLRA Exhaustion Motions**. The issue of exhaustion under the Prison Litigation Reform Act (PLRA) must be raised at the beginning of the litigation. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). A party seeking to obtain a judicial determination of any material fact dispute precluding summary judgment on exhaustion must file a request for a hearing within 14 days of the filing of the order denying summary judgment. The failure to file a timely request may be construed as a waiver of the exhaustion issue.

13

e.   **Motions for Default Judgments**. Unless the Court orders otherwise, motions for default judgment shall be filed within 14 days after the later of (1) entry of default against the last remaining defendant or (2) resolution of all claims against all defendants who have not defaulted. The motion must include a showing of both subject-matter and personal jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A plaintiff who moves for default judgment and wishes to seek attorney's fees and costs must include in the motion a properly supported request for attorney's fees and costs together with the motion for default judgment. Failure to do so will result in the striking of any subsequent motion for attorney's fees and costs absent a showing of good cause. The Court may vacate the hearing on a motion for default judgment if no opposition is timely filed, and the notice of motion should so state. Unless the Court orders otherwise, the movant must appear at the motion hearing prepared to argue the motion and respond to any tentative opinion even in the absence of an opposition.

f.   **Motions for Attorney's Fees**. A motion for attorney's fees must be supported by documentation of the billed hours for which the movant seeks to recover fees. The movant shall additionally provide by email to the CRD an Excel spreadsheet documenting the hours for which the movant seeks recovery, using the format in the following example:

| Date | Name | Position | Task | Category | Hours | Rate | Amount |
|------|------|----------|------|----------|-------|------|--------|
| 3/2/23 | John Smith | Associate | Research choice of law for motion to dismiss | MTD | 0.7 | $300 | $210.00 |
| 3/5/23 | Jane Doe | Partner | Spoke with client about medical history | CC | 0.2 | $500 | $100.00 |
| 3/5/23 | Jerry Roe | Paralegal | Assembled case folder | ADM | 01 | $150 | $15.00 |

14

If the parties use abbreviations in the category column (as in the example provided), they shall include a legend identifying the meaning of each abbreviation.

g.   **Applications to Seal**. If the Court has previously granted leave to seal a particular exhibit, the parties need not file a new application to file that exhibit under seal in connection with a new filing. The parties may simply file the exhibit under seal together with a statement that the Court has already permitted sealing of the exhibit, with a citation to the relevant order.

h.   **Reports and Recommendations**. Objections to a magistrate judge's report and recommendation, as well as responses to objections, shall be limited to 10 pages absent leave of court.

8.   **MOTION HEARINGS**

a.   **Remote Appearances**. Remote appearances are not permitted absent good cause shown in a declaration concurrently filed with the moving papers or the opposition. Absent a concurrent filing, a party requesting to appear remotely must submit a declaration establishing that the party is unable to appear in person due to an unanticipated and unavoidable emergency and that the request was made promptly upon learning of the emergency. Instructions for remote appearance can be found on Judge Blumenfeld's webpage. Counsel appearing remotely are responsible for ensuring that their equipment and the internet connection in the location from which they will be participating are reliable and adequate for uninterrupted video participation.

b.   **Submission without Argument**. The Court may take a motion off calendar if it concludes the decision will not benefit from oral argument.

c.   **Time**. If oral argument is permitted, the parties will have a total of 20 minutes, divided equally between the sides, unless the Court states

otherwise. If the Court believes that the matter warrants less or more time, it will advise counsel at the hearing.

d.   **Tentatives**. The Court often issues written tentative rulings and makes them available on Judge Blumenfeld's webpage the afternoon before the hearing by 6:00 p.m. The purpose of the tentative ruling is to focus the discussion at the hearing. No party shall file any written response to the tentative ruling without leave of court. A tentative ruling does not represent the final decision of the Court, and the parties are *strictly prohibited* from filing it as an exhibit or otherwise in any case.

e.   **Oral Argument**. If a tentative has issued, the parties should be prepared to explain why the analysis is correct or incorrect. The Court often tests its reasoning by asking questions and expects counsel to respond directly and candidly.

f.   **Settlement**. Counsel *must* notify the Court at least two weeks before the scheduled hearing if the parties are conducting settlement discussions that may render the motion moot and *must* notify the Court immediately if a settlement is reached. A belated notice of settlement wastes scarce judicial resources and will subject the offending parties to sanctions— and it may also result in the release of the tentative ruling.

g.   **Evidentiary Hearings**. If the parties seek an evidentiary hearing on any matter, they shall (1) notify the Court at the time of filing that they intend to present evidence and (2) provide an estimate of the time required. No later than seven days before the hearing, the parties shall file joint witness and exhibit lists—including a list of challenged exhibits—that comply with the requirements in the Court's Civil Pretrial and Trial Order. Failure to timely request an evidentiary hearing or to file the required materials will be deemed a waiver of any right to an evidentiary hearing.

9. **EX PARTE APPLICATIONS**

A party seeking ex parte relief, including a temporary restraining order, must comply with Local Rule 7-19.[3]

 a. **Notice**. The applicant must (1) notify the other party (or parties) that opposing papers are to be filed no later than 48 hours following service or by 3:00 p.m. on the first court day after the service, whichever is later, and (2) advise the Court in a declaration whether any party opposes the application.

 b. **Submission**. The application will not be considered until a chambers copy has been provided. Once the application is submitted for decision, the Court will rule on the papers unless it elects to set a hearing. Do not contact chambers about the status.

 c. **No Tolling of Obligation**. An application or stipulation does not serve to toll, or relieve a party of, an underlying obligation (e.g., a soon-to-expire deadline). Parties should not assume that an unopposed ex parte application or stipulation will be granted; and a last-minute application or stipulation that is denied may result in a party's defaulting on the underlying obligation.

10. **CONTINUANCES**

The Court grants continuances of pretrial and trial deadlines only on a timely showing of good cause. The Court applies the same standard of good cause to all extension requests−whether opposed, unopposed, or jointly requested.

 a. **Good Cause**. Good cause requires a specific, detailed, and non-conclusory showing of diligence from the outset of the case, describing: (1) all relevant work previously done (including when each item was

_____

[3] A party seeks ex parte relief when proceeding without a noticed motion, even if the filing is improperly styled as a motion.

17

completed), (2) all relevant work that remains to be done, (3) why the remaining work could not previously have been done (including efforts made to complete each remaining item), and (4) why the amount of time requested is needed to complete the remaining work.

b.  **Diligence**. The Case Management Order (CMO) that the parties will receive following the MSC contains an attachment with information that must be submitted in table form to show diligence. Diligence generally will not be found when a party delays serving or pursuing written discovery, engages in strategic staging of discovery or other tasks, or opts for in-person depositions that prevent completion within the existing deadline. The parties should plan to complete discovery far enough in advance of the discovery deadline to allow for both the filing of a discovery motion if necessary and the completion of any court-ordered discovery. Moreover, a desire to engage in settlement discussions does not constitute good cause to extend existing deadlines. The parties are strongly encouraged to agree to exchange initial disclosures promptly and to actively commence discovery before the MSC.

c.  **Proposed Order**. The parties must complete and submit the CMO Extension Order Template found at the "Orders & Additional Documents" tab on Judge Blumenfeld's webpage. Please follow the highlighted directions at the end of the document. File the proposed order and submit an electronic Word copy to Judge Blumenfeld's chambers email.

d.  **Denied with Prejudice**. Denial of an extension request, including summary denial, is *with prejudice*. The parties should therefore present all available information showing that the outstanding discovery or other litigation tasks cannot be completed within the existing deadlines despite

all reasonable diligence from the outset of the case. A party is *not* permitted to resubmit a denied extension request with additional information that was previously available.

*        *        *

*Failure to comply with the procedural requirements* above–including the use and proper submission of the table in the MSC Order attachment and the CMO Extension template–may result in the extension request being stricken or summarily denied. An improper resubmission of a denied extension request may result in sanctions.

## 11.    CLASS ACTIONS

The parties in a putative class action are to act diligently and begin discovery immediately, so that the motion for class certification can be filed expeditiously. A motion for class certification must be filed no later than 120 days from the date initially set for the scheduling conference unless the Court orders otherwise.

## 12.    ERISA CASES (BENEFIT CLAIMS)

The parties may receive an MSC Order as a matter of course. Because the ordinary pretrial and trial schedule does not apply to ERISA cases that will be decided on the administrative record, the parties need only submit a joint status report identifying any special issues that should be considered, as described in § 3(d) of the MSC Order. The parties should proceed with the preparation of the administrative record and briefing without delay upon service of the complaint. If necessary, the Court will hear motions to determine the standard of review, whether discovery will be permitted, and the scope of the administrative record. Counsel are discouraged from filing motions for summary judgment or partial summary judgment for a merits determination. *See Kearney v. Standard Insurance Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999) (en banc) (noting the difference in procedures between Rule 56 and Rule 52). A court trial, ordinarily limited to oral argument on the administrative record, will be scheduled within six months

from the filing of the original complaint, unless good cause for additional time is shown in the status report. If the Court concludes that the decision would not benefit from oral argument, the matter may be submitted for decision on the papers.

**13**.    **BANKRUPTCY APPEALS**

Counsel must comply with the Notice Regarding Appeal from Bankruptcy Court issued at the time the appeal is filed in the district court. The matter is deemed under submission on the filing of the appellant's reply brief. The Court considers bankruptcy appeals on the papers and usually does not set these matters for hearing.

**14**.    **CONSENT TO MAGISTRATE JUDGE**

The parties may consent to have a magistrate judge preside over the entire case, including trial. The parties may choose any magistrate judge on the Voluntary Consent List found on the Central District website. If the parties consent, they should contact the courtroom deputy of the selected magistrate judge to confirm his or her availability and, upon confirmation, promptly file a "Notice of Lodging of Consent" along with Form CV-11D (*Statement of Consent to Proceed Before a United States Magistrate Judge*, found at https://www.cacd.uscourts.gov/court–procedures/forms) attached thereto. If the magistrate judge to whom the parties have consented becomes unavailable after the case has been referred, the parties shall meet and confer in good faith to select another magistrate judge on the Voluntary Consent List to preside over the case.

**15**.    **SANCTIONS FOR FAILURE TO COMPLY**

If, without satisfactory explanation, counsel fail to file the required joint Rule 26(f) report or the required pretrial documents, fail to appear at any scheduled proceeding, or otherwise fail to comply with judicial orders or rules, the Court shall take any action it deems appropriate, including: (1) dismissal of the case for failure to prosecute, if the failure occurs on the part of the plaintiff; (2) striking the answer resulting in default if such failure occurs on the part of the defendant;

(3) imposing monetary sanctions against the offending party and counsel, and/or (4) where applicable, revoking the pro hac vice status of attorneys so admitted.

Date: March 12, 2026

_____

Stanley Blumenfeld, Jr.
United States District Judge