Amy H. Candido (SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

*Counsel for Defendants Orion Longevity Inc.*
*and Blue Fuzion Group Ltd.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| EIGHT SLEEP INC., <br><br> Plaintiff, <br><br> v. <br><br> ORION LONGEVITY INC., and BLUE FUZION GROUP LTD. <br><br> Defendants. | Case No. 2:26-cv-02460-SB-KS <br><br> **SUPPLEMENTAL DECLARATION OF JEFF NARDINELLI IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS** <br><br> Hon. Stanley Blumenfeld, Jr. <br> Date: May 1, 2026 <br> Time: 8:30 a.m. <br> Courtroom: 6C |

No. 2:26-cv-02460-SB-KS

NARDINELLI SUPPLEMENTAL DECLARATION ISO MOTION TO DISMISS

I, Jeff Nardinelli, hereby declare:

1. I am an attorney at the law firm of Simpson Thacher & Bartlett LLP, counsel for Orion Longevity Inc. ("Orion") and Blue Fuzion Group Ltd. ("BFG") (collectively, "Defendants") in this action.

2. I submit this supplemental declaration in response to the Court's April 3, 2026 Order (Dkt. No. 38). In my previous declaration (Dkt. No. 36-1), I stated that the parties had thoroughly discussed the issues raised in Defendants' Motion to Dismiss and attempted to resolve the Motion in whole or in part. I apologize for not providing the required additional detail regarding both sides' positions on every disputed issue. That mistake will not happen again.

3. There were two meet and confer discussions regarding the Motion. Before either occurred, the parties agreed to March 31, 2026, as an accelerated due date for Defendants' response to the Complaint. The parties also agreed to an accelerated briefing schedule under which the parties will complete all briefing by April 17, 2026, two weeks before the noticed hearing date of May 1, 2026. *See* L.R. 7-10 (requiring the reply brief to be filed "no later than fourteen (14) days before the date designated for the hearing of the motion").

4. The first meet and confer took place on March 24, 2026, seven days before the March 31 response deadline. Defendants' previous counsel at Cooley LLP, Eamonn Gardner, met and conferred with Plaintiff's counsel regarding the issues that he intended to raise in Defendants' Motion to Dismiss. Based on my conversations with Mr. Gardner and my review of email correspondence between counsel leading up to and following that meet and confer, I understand that at the March 24 conferral:

    (a) Defendants conveyed their intention to move to dismiss the asserted patents as invalid under 35 U.S.C. § 101. Plaintiff expressed its position that Defendants had waived that defense by not asserting invalidity under 35 U.S.C. § 101 in Defendants' initial invalidity contentions exchanged in *Eight Sleep Inc. v. Orion*

*Longevity Inc. et al.*, Case No. 2:25-cv-09685-SB-RAO. Defendants responded that the contentions served in the prior case could not govern this case, and followed up by email and provided case law on that issue.

(b) Defendants conveyed their view that the Complaint in this case remained deficient with respect to personal jurisdiction over Defendant Blue Fuzion Group Ltd. ("BFG"), but understood that Plaintiff would be entitled to jurisdictional discovery regarding BFG and an opportunity to cure those deficiencies, if possible. Plaintiff expressed its view that jurisdictional discovery should begin as soon as possible and the parties discussed such discovery.

(c) The parties did not discuss the asserted false advertising claims at that time.

5. The next day, Wednesday, March 25, my partner Amy Candido and I learned that we and our firm would be taking over as counsel for Defendants. Late that night, we received a working draft of the Motion to Dismiss from Mr. Gardner.

6. Over the weekend, while working on the draft Motion to Dismiss, we determined (a) that we wanted to move and include argument on the lack of personal jurisdiction over BFG in an abundance of caution to avoid any waiver, and (b) that Plaintiff's false advertising claims were also deficient. To address these issues, we scheduled a second meet and confer with Plaintiff's counsel as soon as practicable.

7. The second meet and confer occurred on Monday, March 30, 2026. Specifically, Ms. Candido and I met and conferred with counsel for Plaintiff, represented by Pat Curran and Nicola Felice, via Zoom teleconference. The parties discussed Defendants' intention to move to dismiss under 35 U.S.C. § 101. I was familiar with this dispute both from speaking with Mr. Gardner and from reviewing subsequent emails between the parties on that issue. I explained that I understood the parties had previously conferred on that issue and failed to reach agreement on whether any of the claims were invalid. I explained that Defendants intended to move to dismiss all claims of both asserted patents. Plaintiff explained its position that,

because Defendants had not raised a § 101 defense in their invalidity contentions exchanged in the prior case, Defendants were barred from doing so in this case. I responded that, this being a new case, new contentions must be served, and that there was time for both parties to serve and/or amend contentions while still maintaining the December 2026 trial date. I explained that Plaintiff would circulate a proposed schedule including those dates (Plaintiff sent that proposal on April 3). The parties' positions remained the same regarding the § 101 issue and no agreement was reached.

8. The parties also discussed BFG's intention to move to dismiss the Complaint for lack of personal jurisdiction. I explained that I was familiar with the proceedings in the prior case, and specifically with the expectation that the parties would engage in jurisdictional discovery. The parties' discussion briefly diverted to that discovery, and Defendants agreed to serve responses and objections to Plaintiff's RFPs directed to personal jurisdiction by April 6, 2026, a week earlier than they would otherwise be due. Returning to the motion, Plaintiff explained that in light of the prior proceedings, even if BFG did not move to dismiss for lack of personal jurisdiction, Plaintiff would not argue that BFG had waived that defense. I responded that I understood and appreciated Plaintiff's confirmation on that point, but that based on our reading of Rule 12, BFG ran at least some risk of waiver if BFG did not raise that deficiency in its initial motion. *See* Fed. R. Civ. P. 12(b)(2) & 12(h). I further responded that given Plaintiff's confirmation that it would not argue waiver, BFG would address personal jurisdiction in a streamlined fashion and include a footnote explaining that BFG raised the issue solely for preservation and understood the parties would conduct discovery and further briefing before asking the Court to rule on BFG's personal jurisdiction defense. *See* Dkt. No. 36 at 21 n. 4. There was minimal discussion of the merits of the personal jurisdiction defense given the parties' mutual understanding that further discovery and briefing would occur. If, following discovery, Plaintiff continues to assert that BFG should be a defendant in

this action, and BFG continues to assert that this Court lacks personal jurisdiction over it, the parties will meet and confer again in advance of any motion by BFG.

9.     The parties then discussed Defendants' intention to move to dismiss all of Plaintiff's false advertising claims (Counts III-V of the Complaint).  Ms. Candido stated that Defendants intended to move to dismiss all of Plaintiff's false advertising claims.  Plaintiff interjected that any motion to dismiss the false advertising claims would be untimely because Defendants had not satisfied the 7-day meet and confer requirement of L.R. 7-3.  In response, Ms. Candido asked whether Plaintiff would be willing to reconsider its position if Plaintiff had more time to consider the bases for Defendants' motion, and offered to extend the accelerated briefing schedule.  Plaintiff refused the offer to extend the schedule, resting on its position that Defendants had not satisfied the 7-day meet and confer requirement.   Given Plaintiff's firm position that Defendants' failure to satisfy the 7-day meet and confer requirement precluded Defendants' motion on the false advertising claims, the parties did not fully discuss every specific basis for Defendants' motion to dismiss those claims.  In retrospect, Defendants should have forced the discussion into the merits, especially given the spirit of footnote 3 in the Court's Standing Order regarding compliance with Local Rule 7-3 in the event of expedited deadlines set by the Court.  That discussion may have narrowed or crystallized the parties' positions on the dispute over the false advertising claims, notwithstanding Plaintiff's overriding objection based on the 7-day meet and confer requirement.

The foregoing is true and accurate to the best of my knowledge and recollection, under penalty of perjury.

Dated: April 6, 2026

By: */s/ Jeff Nardinelli*
Jeff Nardinelli

*Counsel for Defendants*
*Orion Longevity Inc. and Blue*
*Fuzion Group Ltd.*

4                         No. 2:26-cv-02460-SB-KS