Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Steven Cherny (*pro hac vice*)
stevencherny@quinnemanuel.com
Patrick D. Curran (SBN 241630)
patrickcurran@quinnemanuel.com
Nicola Felice (*pro hac vice*)
nicolafelice@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
295 5th Avenue
New York, New York 10016-7103
Telephone:  (212) 849-7000
Facsimile:    (212) 849-7100

*Attorneys for Plaintiff*
*EIGHT SLEEP INC.*

Ryan R. Smith (SBN 229323)
rsmith@wsgr.com
Alexander R. Miller (SBN 347827)
alex.miller@wsgr.com
**WILSON SONSINI GOODRICH &
ROSATI, P.C.**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (866) 974-7329

Naoya Son (SBN 324444)
nson@wsgr.com
**WILSON SONSINI GOODRICH
& ROSATI, P.C.**
1900 Ave. of the Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900
Facsimile: (866) 974-7329

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **EIGHT SLEEP INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**ORION LONGEVITY INC.,** and **BLUE FUZION GROUP LTD.,**<br><br>Defendants. | Case No. 2:26-cv-02460-SB-KS<br><br>**EIGHT SLEEP INC.'S NOTICE OF EFFORTS TO COMPLY WITH CASE SCHEDULE** |

Plaintiff Eight Sleep Inc. ("Plaintiff" or "Eight Sleep") submits this Notice to inform the Court that Plaintiff has followed the operative schedule set forth in the Dec. 29, 2025 order in *Eight Sleep Inc. v. Orion Longevity Inc., et al.*, Case No. 2:25-CV-9685-SB-RAO (C.D. Cal.) ("*Eight Sleep I*") (*Eight Sleep I*, Dkt. 32) ("Dec. 29 CMO") and will continue to follow the Dec. 29 CMO, as the Court ordered on Feb. 27, 2026 (*see Eight Sleep I*, Dkt. 63).  That schedule includes an April 6, 2026 deadline to file a Joint Markman Prehearing Statement.  Although Defendants Orion Longevity Inc. and Blue Fuzion Group Ltd. (collectively, "Defendants") refused to make a joint filing, Plaintiff is submitting by the April 6, 2026 deadline: (1) this Notice and (2) the draft Joint Markman Prehearing Statement that Plaintiff proposed to Defendants, which Defendants declined to submit jointly (attached as Exhibit 1).

As background, the court entered a schedule in a Dec. 29, 2025 CMO that established a set of pre-trial deadlines and a trial date.  The Dec. 29 CMO included, *inter alia*: (1) a January 16, 2026, deadline to serve infringement contentions; (2) a February 23, 2026, deadline to serve invalidity contentions; (3) a March 9, 2026, deadline to exchange proposed terms for construction, preliminary claim constructions, and extrinsic evidence; and (4) an April 6, 2026 deadline to file a Joint Markman Prehearing Statement.  *See* Dec. 29 CMO at 2.

The parties disclosed contentions as directed in the Dec. 29 CMO.  On January 16, 2026, Plaintiff served infringement contentions.  On February 23, 2026, Defendants served invalidity contentions.  Neither party has sought leave to amend those contentions.

On February 27, 2026, the Court arrived at a pragmatic solution to Defendants' motion to dismiss—based on Defendants' representation that they would not seek delay, the Court dismissed the prior action and instructed Plaintiff to file a new complaint within seven days, instructing the parties that the new case would continue on the same schedule.  *See Eight Sleep I*, Dkt. 63 at 1 ("Defendants represented that (1) they do not seek to delay these proceedings and … (2) they were not engaging in

gamesmanship…. Plaintiff shall file the new complaint no later than March 6, 2026 […]. Upon refiling, *the parties should be prepared to proceed in accordance with the case management order entered in this case*.") (emphasis added).

Plaintiff filed the current complaint on March 6, 2026. Initially, the parties proceeded in accordance with the schedule in the Dec. 29 CMO. On March 9, 2026, the parties each served their respective claim terms for construction, preliminary claim constructions, and extrinsic evidence. Plaintiff disclosed that it did not believe any terms required construction and that all terms in the patents should be given their plain meaning. Defendants contended that eleven claim terms were indefinite.

On March 20, 2026, the parties met and conferred regarding claim construction, with Eamonn Gardner of Cooley LLP representing the Defendants. Although the parties tentatively agreed to a construction for the term "sleep phase," Defendants continued to maintain that the nine other claim terms identified as requiring construction were indefinite.

On April 2, 2026, in advance of the April 6, 2026, deadline to submit a Joint Markman Prehearing Statement set out in the Dec. 29 CMO, Plaintiff sent Defendants a draft joint statement setting out each side's positions. That same day, Defendants (now represented by substitute counsel replacing Cooley LLP) stated they would not agree to a joint submission on April 6, 2026. Defendants stated that they intended to seek new, later dates for various disclosures based on a new proposed schedule that differed from the Dec. 29 CMO. Defendants indicated that the new schedule they would request included: (1) a re-do for infringement contentions, which already had been served on January 16, 2026; (2) a re-do for invalidity contentions, which already had been served on February 23, 2026;[1] and (3) a re-do for each side's disclosure of

---

[1] Defendants recently filed a motion to dismiss (Dkt. 36) based on invalidity theories not included in their invalidity contentions. Defendants acknowledge in that motion that "[t]he Court and the parties agreed at a hearing in *Eight Sleep I* to follow its schedule in this new action," but Defendants then assert they are not bound by the

(continued...)

claim terms, preliminary claim constructions, and extrinsic evidence, which had already been exchanged on March 9, 2026.

The deadlines in the Dec. 29 CMO continue to bind the parties. Although a party may seek leave for amended contentions, any such request must show good cause for the amendment. Plaintiff does not believe any party is free to disregard the Court's February 27 order or to ignore the deadlines set forth in the Dec. 29 CMO which the Court specified is still operative. The Dec. 29 CMO was not merely a trial date; it was a path to trial. It established a carefully crafted schedule of pre-trial disclosures and deadlines at specific intervals that were selected by the Court to move the case expeditiously to trial. Plaintiff would be prejudiced if Defendants could unilaterally re-set pre-trial deadlines by moving backwards (not forwards) in the schedule to re-do disclosures the parties already completed.

Dated: April 6, 2026          Respectfully submitted,

By:   /s/ *Naoya Son*
      Naoya Son (SBN 324444)

      *Attorney for Plaintiff*
      *EIGHT SLEEP INC.*

---

Court's deadline for invalidity contentions, on the apparent theory that "the district court ha[d] no power to do anything with the case except dismiss." Dkt. 36 at 14.