# EXHIBIT 1

Exhibit 1 - 001



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| | EXAMINER |
|---|---|
| | ALAM, MIRZA F |

21971    7590    06/04/2025
WILSON SONSINI GOODRICH & ROSATI
650 PAGE MILL ROAD
PALO ALTO, CA 94304-1050

| ART UNIT | PAPER NUMBER |
|---|---|
| 2689 | |

DATE MAILED: 06/04/2025

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 19/022,417 | 01/15/2025 | Matteo FRANCESCHETTI | 53643-702.337 | 3832 |

TITLE OF INVENTION: METHODS AND SYSTEMS FOR GATHERING AND ANALYZING HUMAN BIOLOGICAL SIGNALS

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $516 | $0.00 | $0.00 | $516 | 09/04/2025 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 40% the amount of undiscounted fees, and micro entity fees are 20% the amount of undiscounted fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

Page 1 of 3

PTOL-85 (Rev. 11/23)

**Exhibit 1 - 002**

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), by mail or fax, or via the USPTO patent electronic filing system.

By mail, send to:   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

By fax, send to:   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications. **Because electronic patent issuance may occur shortly after issue fee payment, any desired continuing application should preferably be filed prior to payment of this issue fee in order not to jeopardize copendency.**

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

21971     7590     06/04/2025
WILSON SONSINI GOODRICH & ROSATI
650 PAGE MILL ROAD
PALO ALTO, CA 94304-1050

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via the USPTO patent electronic filing system or by facsimile to (571) 273-2885, on the date below.

|  | (Typed or printed name) |
|  | (Signature) |
|  | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 19/022,417 | 01/15/2025 | Matteo FRANCESCHETTI | 53643-702.337 | 3832 |

TITLE OF INVENTION: METHODS AND SYSTEMS FOR GATHERING AND ANALYZING HUMAN BIOLOGICAL SIGNALS

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $516 | $0.00 | $0.00 | $516 | 09/04/2025 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| ALAM, MIRZA F | 2689 | 340-575000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

❏ Change of correspondence address (or Change of Correspondence Address form PTO/AIA/122 or PTO/SB/122) attached.

❏ "Fee Address" indication (or "Fee Address" Indication form PTO/AIA/47 or PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ❏ Individual ❏ Corporation or other private group entity ❏ Government

4a. Fees submitted:   ❏ Issue Fee   ❏ Publication Fee (if required)

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*

❏ Electronic Payment via the USPTO patent electronic filing system   ❏ Enclosed check   ❏ Non-electronic payment by credit card (Attach form PTO-2038)

❏ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. _____

5. **Change in Entity Status**  (from status indicated above)

❏ Applicant certifying micro entity status. See 37 CFR 1.29

❏ Applicant asserting small entity status. See 37 CFR 1.27

❏ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____   Date _____

Typed or printed name _____   Registration No. _____

Page 2 of 3

PTOL-85 Part B (11/23) Approved for use through 03/31/2026   OMB 0651-0033   U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

**Exhibit 1 - 003**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 19/022,417 | 01/15/2025 | Matteo FRANCESCHETTI | 53643-702.337 | 3832 |

| | | |
|---|---|---|
| 21971        7590        06/04/2025 | | EXAMINER |
| WILSON SONSINI GOODRICH & ROSATI | | ALAM, MIRZA F |
| 650 PAGE MILL ROAD | | |
| PALO ALTO, CA 94304-1050 | ART UNIT | PAPER NUMBER |
| | 2689 | |

DATE MAILED: 06/04/2025

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 11/23)

**Exhibit 1 - 004**

**OMB Clearance and PRA Burden Statement for PTOL-85 Part B**

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**Privacy Act Statement**

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013).
https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to:

1) law enforcement, in the event that the system of records indicates a violation or potential violation of law;

2) a federal, state, local, or international agency, in response to its request;

3) a contractor of the USPTO having need for the information in order to perform a contract;

4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record;

5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record;

6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations;

7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals;

8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c));

9) the Office of Personnel Management (OPM) for personnel research purposes; and

10) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

**Exhibit 1 - 005**

| | Application No.<br>19/022,417 | Applicant(s)<br>FRANCESCHETTI et al. | |
|---|---|---|---|
| *Notice of Allowability* | Examiner<br>MIRZA F ALAM | Art Unit<br>2689 | AIA (First Inventor to File) Status Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to <u>05/15/25</u>.
    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____ .

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____ ; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are <u>1-4 and 6-31</u> . As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information , please see **http://www.uspto.gov/patents/init_events/pph/index.jsp** or send an inquiry to **PPHfeedback@uspto.gov.**

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a) ☐ All      b) ☐ Some*      c) ☐ None of the:
        1. ☐ Certified copies of the priority documents have been received.
        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
    * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.
    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .
    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____ .
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material _____ .
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date. _____ .

5. ☐ Examiner's Amendment/Comment
6. ☑ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____ .

/MIRZA F ALAM/
Primary Examiner, Art Unit 2689

**Exhibit 1 - 006**

Application/Control Number: 19/022,417                                    Page 2
Art Unit: 2689

### *Notice of Pre-AIA or AIA Status*

1.      The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### DETAILED ACTION

2.      This office action is response to 05/15/2025. Claim 5 is cancelled. **Claims 1-4 and 6-31** are presented for examination.

### *Response to Arguments*

3.      In view of examiner's amendments to independent claim, and applicant's arguments, see pages 7-13 in Remarks, filed 05/15/2025, with respect to claims **1-4 and 6-31** are rejected under 35 U.S.C. 103(a) as being unpatentable over **Rawls-Meehan (US 2012/0119886 A1) in view of Petrovski (US 20110115635 A1)**, have been fully considered and are persuasive.  Applicant also filed eTD. All rejections have been withdrawn.

### *Allowable Subject Matter*

4.      **Claims 1-4 and 6-31** are allowed in light of the Applicant's argument and in light of the prior art made of record.

### *Reasons for Allowance*

5.      The following is an examiner's statement of reasons for allowance:

**Regarding claim 1,** the prior art of record, specifically **Petrovski (US 20110115635 A1)** teaches a sleep aid for assisting the modification of a breathing rate in a human, comprising: a substantially flexible mattress configured to receive a fluid; a fluid pump on fluid communication with the flexible mattress and configured to pump the

**Exhibit 1 - 007**

Application/Control Number: 19/022,417                                                    Page 3
Art Unit: 2689

fluid at a modulated rate; and a control module functionally coupled to the fluid pump

and configured to determine the modulated rate (para 26, control   module configured

to regulate the operation of the modules associated with the first and    second climate

zones, para 72, FIG. 1, two of the climate zones 11A, 11C are    positioned along the

left side L of the bed 10, whereas two of the climate zones11B, FIG. 4B controlled bed

having subzones within separate    climate zones, para 89, control one, two or climate

zones generally located along one    side (e.g., left side L, right side R, etc.).

Prior art of record, **Rawls-Meehan (US 2012/0119886 A1)** teaches a control

system, comprising: a wireless communication system adapted to produce a closed-

loop feedback scheme between a handheld remote control and at least an adjustable

bed controller, the adjustable bed controller adapted to, in response to a receipt of a

motion command from the handheld remote control, adjust, with feedback, a portion of

an adjustable bed; wherein the feedback is based on a comparison of sensor feedback

and a predetermined position stored in a memory of adjustable bed controller; handheld

remote control capable of transmitting a control signal for an articulating adjustment of

the position of a bed (paragraph 0175, monitoring and control features on remote for the

paired, paragraph 0388, system used to sense condition of environment associated with

adjustable bed or a user to sense condition or determine state or event and motion

sensor activated and signal alarm indicating the child is awake, paragraph 0400,

processor address instructions communicated to bed and transmitter 1714 control

signals and adjustable parameter(s) of bed in response to received instructions*).*

However, the prior arts of record fail to teach, make obvious, or suggest, a

method for operating a bed device, the method comprising: obtaining at least one first

**Exhibit 1 - 008**

Application/Control Number: 19/022,417                                                Page 4
Art Unit: 2689

biological signal from a user, the at least one first biological signal indicating a presence

of the user on the bed device; determining a first control signal and a time to send the

first control signal to the bed    device,

wherein the first control signal comprises a first instruction to turn bed device

or  off and a second instruction to set a temperature of the bed device to a first   temper

ature, and wherein the time to send the first control signal to the bed device is based on

a    bedtime associated with the  user, the presence of the user, or both;  sending the

first control signal to the bed device at the determined time to turn the bed    device on

or  off and set the bed device to the first temperature;  obtaining, while the bed device is

turned on, at least one second biological signal from    the user, wherein the at least one

second biological signal is different from the first biological signal;  determining a

second control signal, wherein the second control signal comprises an    instruction to

the bed device to adjust the temperature of the bed device  to a second   temperature in

response to the obtained at least one second biological signal; and  sending the second

control signal to the bed device to adjust the temperature of the

bed    device to the second temperature, as presented in the claimed invention.


None of the prior art of record, either taken by itself or in any combination, would

have anticipated or made obvious the invention of the present application at or before

the time it was filed.

Therefore, claims **1-4 and 6-31** are hereby allowed.

Any comments considered necessary by applicant must be submitted no later than the

payment of the issue fee and, to avoid processing delays, should preferably accompany

**Exhibit 1 - 009**

Application/Control Number: 19/022,417                                        Page 5
Art Unit: 2689

the issue fee.  Such submissions should be clearly labeled "Comments on Statement of

Reasons for Allowance."

### *Conclusion*

6.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to MIRZA ALAM whose telephone number is (469) 295-

9286.  The examiner can normally be reached on 8:00AM-5:00PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, **Davetta Goins** can be reached on 571-272-295.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published

applications may be obtained from either Private PAIR or Public PAIR.  Status

information for unpublished applications is available through Private PAIR only.  For

more information about the PAIR system, see http://pair-direct.uspto.gov. Should you

have questions on access to the Private PAIR system, contact the Electronic Business

Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO

Customer Service Representative or access to automated information system, call 800-

786-9199 (IN USA OR CANADA) or 571-272-1000.

/MIRZA F ALAM/
Primary Examiner, Art Unit 2689

**Exhibit 1 - 010**

Application No. 19/022,417
Office Action Mailed March 11, 2025
Amendment dated: May 15, 2025

## AMENDMENTS TO THE CLAIMS

This listing of claims will replace all prior versions, and listings of claims in this application.  Applicant reserves the right to pursue any subject matter of any canceled claims in this or any other appropriate patent application.  Reconsideration and allowance are respectfully requested in light of the abovementioned amendments and the following remarks.

**Listing of the Claims**

1.      (*Currently Amended*) A method for operating a bed device, the method comprising:

obtaining at least one first biological signal from a user, the at least one first biological signal indicating a presence of the user on the bed device;

determining a first control signal and a time to send the first control signal to the bed device, wherein the first control signal comprises ~~one of an~~ a first instruction to turn the bed device on or off and a second instruction to set a temperature of the bed device to a first temperature, and wherein the time to send the first control signal to the bed device is based on a bedtime associated with the user, the presence of the user, or both;

sending the first control signal to the bed device at the determined time to turn the bed device on or off and set the bed device to the first temperature;

obtaining, while the bed device is turned on, at least one second biological signal from the user, wherein the at least one second biological signal is different from the at least one first biological signal;

determining a second control signal, wherein the second control signal comprises an instruction to the bed device to adjust [[a ]]the temperature of the bed device to a second temperature in response to the obtained at least one second biological signal; and

sending the second control signal to the bed device to adjust the temperature of the bed device to the second temperature.

2.      (Original) The method of claim 1, wherein obtaining the at least one first biological signal comprises measuring the at least one first biological signal with a sensor of the bed device.

-2-

Atty. Docket No.:  53643-702.337

**Exhibit 1 - 011**

Application No. 19/022,417
Office Action Mailed March 11, 2025
Amendment dated: May 15, 2025

3. (Original) The method of claim 2, wherein the sensor of the bed device comprises a piezo sensor or a temperature sensor.

4. (*Currently Amended*) The method of claim 1, wherein the bed device is a mattress or a mattress cover.

5. (*Canceled*).

6. (Original) The method of claim 1, wherein the bedtime associated with the user is preset by the user.

7. (Original) The method of claim 1, wherein the bedtime associated with the user is an average bedtime of the user based on historical measurements of the bedtime of the user.

8. (Original) The method of claim 7, wherein the historical measurements of the bedtime of the user are measured by the bed device over a plurality of prior sleep sessions of the user.

9. (Original) The method of claim 7, further comprising updating the average bedtime of the user based on a present sleep session of the user.

10. (Original) The method of claim 1, wherein the at least one second biological signal comprises one or more of a heart rate, a breathing rate, a temperature, or a motion of the user or an environmental property of an environment proximate the user.

11. (Original) The method of claim 1, wherein the at least one second biological signal comprises a heart rate of the user.

12. (Original) The method of claim 1, wherein the at least one second biological signal comprises a breathing rate of the user.

13. (Original) The method of claim 1, wherein the at least one second biological signal comprises a temperature of the user.

14. (Original) The method of claim 1, wherein the at least one second biological signal comprises a motion of the user.

15. (Original) The method of claim 1, wherein obtaining the at least one second biological signal comprises measuring the at least one second biological signal with a sensor of the bed device.

-3-

Atty. Docket No.:  53643-702.337

**Exhibit 1 - 012**

Application No. 19/022,417
Office Action Mailed March 11, 2025
Amendment dated: May 15, 2025

16.    (Original) The method of claim 15, wherein the sensor of the bed device comprises a piezo sensor or a temperature sensor.

17.    (Original) The method of claim 1, wherein determining the second control signal comprises determining a present sleep phase of the user based on the obtained at least one second biological signal, wherein the present sleep phase is determined while the bed is turned on and the user is present on the bed.

18.    (Original) The method of claim 17, wherein determining the second control signal comprises determining whether to increase or decrease a temperature of the bed device based on the determined present sleep phase of the user and a historical temperature range for the sleep phase.

19.    (Original) The method of claim 18, wherein the historical temperature range for the sleep phase is measured by the bed device over a plurality of prior sleep sessions of the user.

20.    (Original) The method of claim 18, further comprising updating the historical temperature range for the sleep phase based on a temperature range for the user for the determined present sleep phase.

21.    (Original) The method of claim 19, wherein the historical temperature range for the sleep phase comprises categories of the temperatures during light sleep, deep sleep, REM sleep, or any combination thereof.

22.    (Original) The method of claim 19, wherein the historical temperature range for the sleep phase comprises an amount of time the user spends in each of the sleep phases.

23.    (Original) The method of claim 1, wherein the at least one first biological signal comprises a compound biological signal comprising one or more of a heart rate, a breathing rate, a temperature, or a motion of the user.

24.    (Original) The method of claim 23, further comprising filtering the compound biological signal to extract the at least one first biological signal.

25.    (Original) The method of claim 24, wherein the filtering comprises bandpass filtering or low-pass filtering.

26.    (Original) The method of claim 1, further comprising determining at least one environment property from one or more environment sensors.

-4-

Atty. Docket No.:  53643-702.337

**Exhibit 1 - 013**

Application No. 19/022,417
Office Action Mailed March 11, 2025
Amendment dated: May 15, 2025

27.    (Original) The method of claim 26, wherein the at least one environment property comprises a temperature, a humidity, light, sound, or any combination thereof.

28.    (***Currently Amended***) The method of <u>claim </u>27, wherein the second control signal is configured to adjust the temperature of the bed at least in part based on the at least one environment property.

29.    (Original) The method of claim 1, wherein the bed device comprises a processor configured to receive the at least one first biological signal and/or the at least one second biological signal from the user and transmit the at least one first biological signal and/or the at least one second biological signal to a database.

30.    (Original) A sleep system comprising a processor and a memory in operative communication with the processor and storing instructions for the processor to implement the method of claim 1.

31.    (*New*) The method of claim 1, wherein the at least one second biological signal indicates a current sleep phase of the user.

-5-

Atty. Docket No.:  53643-702.337

**Exhibit 1 - 014**