Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Steven Cherny (*pro hac vice*)
stevencherny@quinnemanuel.com
Patrick D. Curran (SBN 241630)
patrickcurran@quinnemanuel.com
Nicola Felice (*pro hac vice*)
nicolafelice@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
295 5th Avenue
New York, New York 10016-7103
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100

*Attorneys for Plaintiff
Eight Sleep Inc.*

*(counsel appearances continued below)*

Amy H. Candido (CA SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (CA SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER &
BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA 94105
Phone: (415) 426-7300
Fax: (415) 426-7301

*Counsel for Defendants Orion
Longevity Inc. and Blue Fuzion Group
Ltd.*

*(counsel appearances continued below)*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| **EIGHT SLEEP INC.**, <br><br> Plaintiff, <br><br> vs. <br><br> **ORION LONGEVITY INC.**, and **BLUE FUZION GROUP LTD.**, <br><br> Defendants. | Case No. 2:26-CV-02460-SB-KS <br><br> **JOINT CLAIM CONSTRUCTION PRE-HEARING STATEMENT** |

Ryan R. Smith (SBN 229323)
rsmith@wsgr.com
Alexander R. Miller (SBN 347827)
alex.miller@wsgr.com
**WILSON SONSINI GOODRICH
& ROSATI, P.C.**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (866) 974-7329

Naoya Son (SBN 324444)
nson@wsgr.com
**WILSON SONSINI GOODRICH
& ROSATI, P.C.**
1900 Ave. of the Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900
Facsimile: (866) 974-7329

*Attorneys for Plaintiff
Eight Sleep Inc.*

Sanford L. Michelman (CA SBN 179702)
smichelman@mrllp.com
Aaron L. Plesset (CA SBN 352104)
aplesset@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

Mona Z. Hanna (SBN 131439)
mhanna@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Ave, 10th Floor
Irvine, CA 92614
Phone: (714) 557-7990
Fax: (714) 557-7991

*Counsel for Defendants Orion Longevity
Inc. and Blue Fuzion Group Ltd.*

Pursuant to the Court's Case Management Order (Dkt. No. 43), Plaintiff Eight Sleep Inc. ("Plaintiff" or "Eight Sleep") and Defendants Orion Longevity Inc. ("Orion") and Blue Fuzion Group Ltd. ("BFG") (collectively, "Defendants") submit this Joint Claim Construction Pre-Hearing Statement.

In accordance with the Court's Case Management Order, the parties exchanged proposed terms for claim construction, along with preliminary proposed constructions of terms from U.S. Patent Nos. 12,370,339 (the "'339 Patent") and 12,377,240 (the "'240 Patent) (collectively, the "Asserted Patents") on March 9, 2026. The parties met and conferred for one hour on March 20, 2026 regarding their respective proposed terms for claim construction and preliminary proposed constructions for those terms. Thereafter, the parties reached agreement on one term, "sleep phase," as reflected below.

## I.   AGREED UPON CONSTRUCTION OF CLAIM TERMS

The parties identify the following claim term from the Asserted Patents for which the parties agree on the applicable claim construction:

| Claim Term | Agreed Upon Construction |
| --- | --- |
| "sleep phase" ('240 Patent, cls. 14, 15) | "light sleep, deep sleep, or REM sleep" |

## II.   DISPUTED CLAIM TERMS

### A.   Plaintiff's Statement Regarding Disputed Claim Terms

On April 2, 2026, in advance of the April 6, 2026 deadline to submit a Joint Markman Prehearing Statement set out in the December 29, 2025 Scheduling Order, Plaintiff sent Defendants a draft joint statement setting out each side's positions discussed during the March 20, 2026 meet and confer. That same day, Defendants stated they would not agree to a joint submission on April 6, 2026. Defendants stated that they intended to seek new disclosure dates that differed from the Dec. 29 Scheduling Order. Plaintiff thereafter filed a Notice of Efforts to Comply with the

Case Schedule that attached as Exhibit 1 a draft of the Joint Markman Prehearing Statement that Defendants did not agree to sign.  Dkt. 40; Dkt. 40-1.

On April 9, 2026, the Court issued its Case Management Order (Dkt. 43), which listed March 9, 2026, as the deadline for the parties to exchange proposed terms for construction and their preliminary claim constructions and extrinsic evidence.  The Order also set April 13, 2026 as the deadline for the parties to submit the present Joint Markman Prehearing Statement.

On April 9, 2026, Defendants sent an amended list of proposed terms for construction, along with proposed constructions and supporting evidence. The amended list set forth three new terms that were not identified by the March 9, 2026 deadline, and proposed constructions for terms Defendants previously alleged were indefinite on March 9.  Defendants asked that the new terms and constructions be included in the parties' Joint Markman Prehearing Statement due on April 13, 2026, and stated that if Plaintiff did not agree to include those terms, Defendants would move for leave to amend their preliminary proposed claim constructions.  Plaintiff explained that including such terms in the Statement, which were not identified by the March 9 deadline and were not the subject of the parties' meet and confer on March 20, would impermissibly disregard the Court's schedule.  The parties met and conferred regarding Defendants' proposed motion for leave to amend their preliminary proposed claim construction on April 13, 2026.  Defendants insisted on including their draft motion for leave to amend as an exhibit to this filing, which was shared with Plaintiff for the first at 11:08 p.m. PT on April 13, 2026.

The below disputed claim terms reflect the terms that the parties identified by the March 9, 2026 deadline and discussed during the March 20, 2026 meet and confer:

| Claim Term | Eight Sleep's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| "bedtime associated with the user" ('339 Patent cls. 1, 5) | Not indefinite / Plain and ordinary meaning | Indefinite |

| | | |
|---|---|---|
| "environmental property [of an environment proximate the user]" ('240 Patent, cls. 2, 5; '339 Patent, cl. 9) | Not indefinite / Plain and ordinary meaning | Indefinite |
| "compound biological signal comprising one or more" ('339 Patent, cl. 22) | Not indefinite / Plain and ordinary meaning | Indefinite |
| "first temperature" / "second temperature" ('339 Patent, cl. 1; '240 Patent, cl. 1) | Not indefinite / Plain and ordinary meaning | Indefinite |
| "first zone" / "second zone" ('240 Patent, cl. 1) | Not indefinite / Plain and ordinary meaning | Indefinite |
| "sleep session" ('240 Patent, cls. 11, 12) | Not indefinite / Plain and ordinary meaning | Indefinite |
| "temperature control device" ('240 Patent, cl. 1) | Not indefinite / Plain and ordinary meaning | Indefinite |
| "user-specified preference" ('240 Patent, cl. 1) | Not indefinite / Plain and ordinary meaning | Indefinite |
| "A sleep system comprising a processor and a memory in operative communication with the processor and storing instructions for the processor to implement the method of claim 1." ('339 Patent, cl. 29; | Not indefinite / Preamble is non-limiting | Indefinite |

| '240 Patent, cl. 29) | | |
| --- | --- | --- |

## B.      Defendants' Statement Regarding Disputed Claim Terms

To be clear, none of the terms listed in Plaintiff's chart above are still in dispute. Defendants have withdrawn them.  The only terms that remain in dispute are the three terms listed in the chart below.

On April 9, 2026, the Court's Case Management Order (Dkt. No. 43) set April 13, 2026 as the deadline for the parties to file a Joint Markman Prehearing Statement. The entry of the Court's Case Management Order also resolved all prior disputes, disagreements and misunderstandings regarding the operative deadlines in this action and they need not be rehashed here.  See, e.g., Dkt. No. 40.

To the point here, the parties exchanged proposed terms for construction and preliminary claim constructions on March 9, 2026, and continued to meet and confer thereafter.  On April 9, 2026, after diligently continuing to evaluate Plaintiff's patent infringement claims and the parties' previously proposed terms for construction, Defendants sent Plaintiff an amended list of proposed terms for construction, along with proposed constructions and supporting evidence.  Defendants' amended proposal identified three new proposed terms for construction, and removed nine terms that Defendants had previously proposed as indefinite.

The next day, April 10, 2026, the parties exchanged email correspondence regarding Defendants' proposed claim construction amendments, and then met and conferred via Zoom videoconference on April 13.  As Defendants' narrowing disclosure was made during the meet-and-confer period that is intended to take place between the initial exchange of proposed terms and the filing of the Joint Markman Prehearing Statement, Defendants invited Plaintiff to provide its responsive constructions.  Plaintiff made clear its position that Defendants would need to move for leave in order to amend its preliminary proposed claim terms for construction and proposed constructions provided on March 9, 2026.  The parties completed their meet and confer regarding Defendants' Motion for Leave to Amend Invalidity Contentions

and Claim Construction Disclosures ("Motion for Leave") on April 13, 2026, reaching an impasse. Although this conferral took place "as soon as practicable" (*see* Dkt. No. 17, Standing Order, at 9 n. 2) and followed multiple other email and telephonic conferences on the same topic, Plaintiff argued that Defendants' Motion for Leave (a copy of which is attached hereto as Exhibit 1) may not be filed until April 20, 2026 in order to satisfy L.R. 7-3, and refused to agree to an expedited briefing schedule.[1]

In accordance with Defendants' withdrawal of the nine terms Defendants previously proposed for construction and their proposed constructions of three new terms, Defendants provide the following narrowed Joint Markman Prehearing Statement that reflects the remaining disputed claim construction issues:[23]

| Claim Term | Defendants' Proposed Construction | Plaintiff's Proposed Construction |
|---|---|---|
| "bed device" ('339 Patent cls. 1, 4, | "device the user sleeps on" | |

---

[1] **Plaintiff's Position:** Plaintiff stated that it could not agree to the proposed briefing schedule that Defendants set forth whereby Defendants would file their motion to amend today, on April 13, 2026, and notice the hearing for May 8 because Plaintiff believed such a schedule would violate the Local Rules and the Court's Orders.

[2] **Defendants' Position:** Defendants offered to stipulate to extend the deadline to submit this Joint Markman Prehearing Statement in order to give Plaintiff additional time to prepare its response, but Plaintiff refused.

[3] **Plaintiff's Position:** During the parties' April 13 meet and confer, Plaintiff informed Defendants that this chart should not be included in the Joint Markman Prehearing Statement, which should only reflect those terms the parties disclosed by the March 9 deadline and met and conferred on by March 20. It was Plaintiff's position that this chart could be included in Defendants' forthcoming motion for leave to amend. As Plaintiff explained during the April 13 meet and confer, Plaintiff only received these new proposed terms for construction one business day before the April 13 deadline for the present Joint Markman Prehearing Statement and inclusion in this submission was improper and prejudicial. Moreover, Defendants' improper offer to extend the deadline to submit this statement did not remedy the prejudice caused by Defendants' new disclosures due to the numerous other deadlines and discovery obligations with which this untimely proposal now interferes. Plaintiff will respond more fully regarding the prejudice caused by Defendants' untimely disclosure in its opposition to Defendants' forthcoming motion for leave to amend.

| Claim Term | Defendants' Proposed Construction | Plaintiff's Proposed Construction |
|---|---|---|
| 28; '240 Patent, cls. 1, 8, 9, 10) | | |
| "temperature control device" ('240 Patent, cl. 1) | "device separate from the bed device that controls the temperature of the bed device" | |
| "A sleep system comprising a processor and a memory in operative communication with the processor and storing instructions for the processor to implement the method of claim 1" ('240 Patent, Claim 29, incorporating functions in '240 Patent, Claim 1) | Governed by § 112(f).<br><br>Eight Sleep identifies the following functions and corresponding structure for each function:<br><br>Function<br><br>Obtaining at least one first biological signal from a first user, the at least one first biological signal indicating a presence of the first user on a first zone of the bed device;<br><br>Obtaining at least one second biological signal from a second user, the at least one second biological signal indicating a presence of the second user on a second zone of the bed device adjacent the first zone.<br><br>Structure<br><br>One or more user sensors, as illustrated in '240 Patent, Figures 4, 5A, 5B, 5C, and 5D and the corresponding | |

| Claim Term | Defendants' Proposed Construction | Plaintiff's Proposed Construction |
|---|---|---|
| | description at 2:55-59 and 4:64-5:49. | |

| | | |
|---|---|---|
| | <u>Function</u><br><br>Generating a plurality of control signals for the bed device in response to the obtained at least one first biological signal and the at least one second biological signal, the plurality of control signals comprising (1) a first instruction to set the temperature of the first zone to a first temperature and (2) a second instruction to set the temperature of the second zone to a second temperature that is different from the first temperature, wherein the first instruction is based at least in part on a first user-specified preference of the first user and the second instruction is based at least in part on a second user-specified preference of the second user.<br><br><u>Structure</u><br><br>A general purpose processor programmed to perform the algorithm illustrated in '240 Patent, Figure 7 and the description at 7:48-8:25 and 11:56-12:21, including the following steps:<br><br>(1) In response to the obtained at least first and second biological signal, | |

generating a first instruction to set the temperature of the first zone of the bed device to a first temperature based in part on a user-specified preference of the first user; and

(2) In response to the obtained at least first and second biological signal, generating a second instruction to set the temperature of the second zone of the bed device to a second temperature that is different from the first temperature based in part on a user-specified preference of the second user.

#### Function

Sending the plurality of control signals to at least one respective temperature control device associated with the bed device such that the first and second zones are heated or cooled differently according to the plurality of control signals.

#### Structure

(1) a general purpose processor programmed to perform the algorithm illustrated in '240 Patent, Figure 7 and the corresponding description

| Claim Term | Defendants' Proposed Construction | Plaintiff's Proposed Construction |
|---|---|---|
|  | at 7:48-8:25 and 11:56-12:21, including the step of sending the plurality of control signals, see '240 Patent at Fig. 7, 7:48-8:25; and (2) the power management box depicted in Box 601 of Figure 6B and described in the '240 Patent at 7:36-47, connected to uniform coils 611 that heats or cools the first and second zone of the bed differently based on the control signals. |  |

## III.   ANTICIPATED LENGTH OF HEARING

The parties anticipate that the hearing will require 3 hour(s), with 1.5 hours allocated to Eight Sleep, and 1.5 hours allocated to Defendants.

## IV.   IDENTIFICATION OF WITNESSES

The parties do not intend to call any witnesses.

## V.   IDENTIFICATION OF REQUESTED FACTUAL FINDINGS

The parties do not request any additional factual findings from the Court related to claim construction.

Date:  April 13, 2026

By: *Nicola Felice*

Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Steven Cherny (*pro hac vice*)
stevencherny@quinnemanuel.com
Patrick D. Curran (SBN 241630)
patrickcurran@quinnemanuel.com
Nicola Felice (*pro hac vice*)
nicolafelice@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
295 5th Avenue
New York, New York 10016-7103
Telephone:   (212) 849-7000
Facsimile:    (212) 849-7100

Ryan R. Smith (SBN 229323)
rsmith@wsgr.com
Alexander R. Miller (SBN 347827)
alex.miller@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (866) 974-7329

Naoya Son (SBN 324444)
nson@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
1900 Ave. of the Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900
Facsimile: (866) 974-7329

*Attorneys for Plaintiff Eight Sleep Inc.*

By: *Jeff Nardinelli*

Amy H. Candido (SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
Aaron L. Plesset (SBN 352104)
aplesset@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

Mona Z. Hanna (SBN 131439)
mhanna@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Ave, 10th Floor
Irvine, CA 92614
Phone: (714) 557-7990
Fax: (714) 557-7991

*Counsel for Defendants Orion Longevity Inc. and Blue Fuzion Group Ltd.*

JOINT CLAIM CONSTRUCTION PRE-HEARING STATEMENT    -11-    CASE NO. 2:26-CV-02460-SB-KS

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to Local Rule 5-4.3.4 of the United States District Court for the Central District of California, I attest that the signatories, concur in the content of, and have authorized the filing of this document.

/s/ Naoya Son
Naoya Son