# Exhibit 1

Amy H. Candido (CA SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

*Counsel for Defendants Orion Longevity Inc.
and Blue Fuzion Group Ltd.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| EIGHT SLEEP INC., <br><br> Plaintiff, <br><br> v. <br><br> ORION LONGEVITY INC., and BLUE FUZION GROUP LTD. <br><br> Defendants. | Case No. 2:26-cv-02460-SB-KS <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS AND CLAIM CONSTRUCTION DISCLOSURES** <br><br> Hon. Stanley Blumenfeld, Jr. <br> Date: May __, 2026 <br> Time: 8:30 a.m. <br> Courtroom: 6C |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT ON May __, 2026 at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Stanley Blumenfeld, Jr., in Courtroom 6C of the United States District Court for the Central District of California, Western Division, located at 350 West First Street, Los Angeles, CA 90012, Defendants Orion Longevity Inc. ("Orion") and Blue Fuzion Group Ltd. ("BFG") (collectively "Defendants") will move and hereby move for leave to amend (1) Defendants' Invalidity Contentions and (2) Defendants' Proposed Terms for Construction and Preliminary Claim Constructions.

Defendants' Motion is based on this Notice of Motion and the Memorandum of Points and Authorities submitted herewith, the Declaration of Jeff Nardinelli filed concurrently herewith, all papers cited therein, the pleadings and other papers on file in this action, and any further papers, evidence, or argument as may be submitted to the Court in connection with this Motion.

This Motion is further made following the conference of counsel pursuant to L.R. 7-3, which took place via written communications on April 10, 2026, and a telephonic conference on April 13, 2026.  Defendants understand from these communications that Plaintiff opposes the relief requested herein.

Dated: April 13, 2026

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By: */s/  Amy H. Candido*

Amy H. Candido (CA SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
Aaron L. Plesset (SBN 352104)
aplesset@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

Mona Z. Hanna (SBN 131439)
mhanna@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Ave, 10th Floor
Irvine, California 92614
Phone: (714) 557-7990
Fax: (714) 557-7991

*Counsel for Defendants*
*Orion Longevity Inc. and Blue Fuzion Group Ltd.*

Amy H. Candido (CA SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA 94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

*Counsel for Defendants Orion Longevity Inc.*
*and Blue Fuzion Group Ltd.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| EIGHT SLEEP INC., <br><br> Plaintiff, <br><br> v. <br><br> ORION LONGEVITY INC., and BLUE FUZION GROUP LTD. <br><br> Defendants. | Case No. 2:26-cv-02460-SB-KS <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS AND CLAIM CONSTRUCTION DISCLOSURES** <br><br> Hon. Stanley Blumenfeld, Jr. <br> Date: May 15, 2026 <br> Time: 8:30 a.m. <br> Courtroom: 6C |

No. 2:26-cv-02460-SB-KS

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................................1

PROCEDURAL BACKGROUND ................................................................................1

LEGAL STANDARD ...................................................................................................3

ARGUMENT.................................................................................................................4

I.  The Court Should Permit Defendants To Amend Their Invalidity Contentions. .................................................................................7

    A.  Defendants Have Good Cause To Amend Their Invalidity Contentions. ......................................................................7

        1.  The Amendments Are Important.......................................7

        2.  Defendants Were Diligent. ................................................9

        3.  There Is No Prejudice.......................................................10

II.  The Court Should Permit Defendants To AMEND THEIR PROPOSED CLAIM TERMS AND CONSTRUCTIONS. ...............12

    A.  Defendants Have Good Cause To Amend Their Proposed Claim Terms And Constructions To Drop Nine Proposed Terms And Add Three. ...............................................................12

        1.  The Proposed Claim Terms And Constructions Are Central To The Case.........................................................12

        2.  Defendants Were Diligent. ..............................................13

        3.  There Is No Prejudice.......................................................13

CONCLUSION............................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*24/7 Customer, Inc. v. Liveperson, Inc.*,
  2016 WL 6673983 (N.D. Cal. Nov. 14, 2016) ........................................10, 11, 13

*AC Infinity, Inc. v. Sinowell (Shanghai) Co.*,
  2024 WL 4329097 (C.D. Cal. Aug. 2, 2024) .................................................3

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,
  598 F.3d 1336 (Fed. Cir. 2010) ...........................................................9, 10

*Atmel Corp. v. Info. Storage Devices Inc.*,
  1998 WL 775115 (N.D. Cal. Nov. 5, 1998) ................................................8, 15

*Babybjorn AB v. Ergo Baby Carrier, Inc.*,
  2024 WL 1110910 (C.D. Cal. Jan. 24, 2024) ..............................................3, 4

*Cellspin Soft, Inc. v. Garmin Int'l, Inc.*,
  2021 WL 4923380 (N.D. Cal. Aug. 10, 2021) ...............................................12

*ChromaCode, Inc. v. Bio-Rad Lab'ys, Inc.*,
  2024 WL 4730425 (N.D. Cal. Nov. 8, 2024) ..............................................6, 16

*Days Corp. v. Lippert Components, Inc.*,
  2019 WL 6876634 (N.D. Ind. Dec. 17, 2019) ...............................................7

*Eight Sleep Inc. v. Orion Longevity Inc., et al.*,
  Case No. 2:25-09685-SB-RAO (C.D. Cal.) ..................................................1

*Evolusion Concepts v. Juggernaut*,
  2020 WL 5898974 (C.D. Cal. Jul. 9, 2020) ...............................................4, 5

*Fintiv, Inc. v. PayPal Holdings, Inc.*,
  134 F.4th 1377 (Fed. Cir. 2025) ...........................................................15

*Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*,
  2006 WL 1329997 (N.D. Cal. May 15, 2006) .............................................12, 13

*Fujifilm Corp. v. Motorola Mobility LLC*,
  2014 WL 491745 (N.D. Cal. Feb. 5, 2014) ...............................................11, 12

*Google LLC v. Sonos, Inc.*,
  2021 WL 4061718 (N.D. Cal. Sep. 7, 2021) .................................................7

*Huawei Techs. v. Samsung Elecs.*,
  340 F. Supp. 3d 934 (N.D. Cal. 2018) ......................................................7

*Impinj, Inc. v. NXP USA, Inc.*,
  2022 WL 2125135 (N.D. Cal. Jan. 14, 2022) .....................................4, 5, 13, 17

*In re Koninklijke Philips Pat. Litig.*,
  2019 WL 2359206 (N.D. Cal. June 4, 2019) ....................................................... 4

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
  2013 WL 5955548 (N.D. Cal. Nov. 6, 2013) ...................................................... 12

*Natera, Inc. v. CareDx, Inc.*,
  767 F. Supp. 3d 144 (D. Del. 2025) .................................................................. 10

*O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*,
  467 F.3d 1355 (Fed. Cir. 2006) ........................................................................... 4

*Optics Innovation, LLC v. Samsung Elecs. Co.*,
  2026 WL 126156 (E.D. Tex. Jan. 16, 2026) ....................................................... 9

*Quantum Corp. v. Riverbed Tech., Inc.*,
  2008 WL 2783227 (N.D. Cal. July 15, 2008) .................................................... 13

*Regents of Univ. of California v. Affymetrix, Inc.*,
  2018 WL 4053318 (S.D. Cal. Aug. 24, 2018) ............................................... 7, 17

*Topia Tech., Inc. v. Box, Inc.*,
  2026 WL 310180 (N.D. Cal. Feb. 6, 2026) ....................................................... 11

*Universal Elecs. Inc. v. Roku, Inc.*,
  2019 WL 13568820 (C.D. Cal. July\ 15, 2019) .................................... 5, 6, 8, 11

**Statutes**

35 U.S.C. § 101 ....................................................................................................... 2

35 U.S.C. § 112 .................................................................................................... 8, 9

## INTRODUCTION

With discovery in its infancy and initial *Markman* briefs more than a month away, Defendants seek leave (1) to amend their Invalidity Contentions to add two invalidity defenses and (2) to amend their Proposed Terms for Construction and Preliminary Claim Constructions to add three new proposed claim terms for construction.  In doing so, Defendants would drop fourteen existing invalidity defenses and have already withdrawn nine proposed claim terms—a net *reduction* in case scope.  Defendants promptly disclosed their new invalidity defenses after identifying them, and ample time remains for the parties to litigate those defenses. As fact discovery has just begun, the parties have yet to serve any interrogatories, notice or take any depositions, serve any subpoenas, or produce any documents. Plaintiff also has time to respond to Defendants' new proposed claim terms and supporting evidence as Defendants made prompt disclosure to Plaintiff during the period to meet and confer on claim constructions before submitting the parties' Joint Claim Construction Chart—*weeks* before any Markman briefing deadlines and the Markman hearing.

Defendants are not engaged in any sandbagging or gamesmanship, and Plaintiffs will not suffer any cognizable prejudice from the proposed amendments. On the other hand, the highly relevant proposed amendments are important to Defendants' case and to a fair adjudication of Plaintiff's claims on their merits. Under these circumstances, amendment is clearly warranted.

## PROCEDURAL BACKGROUND

Plaintiff Eight Sleep Inc. ("Eight Sleep") initially filed suit against Defendants Orion Longevity Inc. ("Orion") and Blue Fuzion Group Ltd. ("BFG") (collectively "Defendants") on October 9, 2025.  *Eight Sleep Inc. v. Orion Longevity Inc., et al.*, Case No. 2:25-09685-SB-RAO (C.D. Cal.) ("*Eight Sleep I*").  Under the Scheduling Order in *Eight Sleep I*, Dkt. No. 32, Defendants served invalidity contentions on

No. 2:26-cv-02460-SB-KS

MEMORANDUM ISO DEFENDANTS' MOTION FOR LEAVE TO AMEND

February 23, 2026. Ex. 7. The Court dismissed that action for lack of subject matter jurisdiction on February 27, 2026, directed Eight Sleep to file a new complaint by March 6, 2026, and ordered that "the parties should be prepared to proceed in accordance with the case management order entered in this case." *Eight Sleep I*, Dkt. No. 63.

Plaintiff filed their new complaint initiating this action on March 6, 2026. Pursuant to the deadline in the *Eight Sleep I* Scheduling Order, the parties exchanged Proposed Terms for Construction and Preliminary Claim Constructions three days later, on March 9, 2026. Plaintiff did not seek to construe any terms, and Defendants proposed that nine terms were indefinite. Ex. 1 at 2 (reflecting both parties' proposals). Neither party pursued any claim construction discovery.

On March 20, 2026, Defendants informed Plaintiff of their intent to move to dismiss the patent infringement claims as invalid under 35 U.S.C. § 101. Ex. 4 at 6-7. On March 24, 2025, the parties met and conferred but did not reach agreement. *Id.* at 2. On March 25, 2026, Defendants retained the undersigned counsel as new counsel for the new case. On March 31, 2026, Defendants moved to dismiss the complaint, including to dismiss both patent infringement claims as invalid under 35 U.S.C. § 101. Dkt. No. 36.

On April 9, 2026, after diligently completing their evaluation of Plaintiff's patent infringement claims, Nardinelli Decl. ¶¶ 2-3, Defendants' new counsel sent a revised set of Proposed Terms for Construction and Preliminary Claim Constructions to Plaintiff. Ex. 2. Defendants' proposal reduced the number of claim terms for construction from nine to three. *Id.* Also on April 9, Defendants disclosed their First Amended Invalidity Contentions. Ex. 3. Those contentions reduced the number of § 112 arguments from seventeen to three,[1] and incorporated the § 101 invalidity

---

[1] Defendants initially proposed that seventeen claim terms did not comply with the requirements of § 112. If indefiniteness, lack of written description, and lack of enablement are counted as separate defenses, Defendants initially asserted twenty-six defenses under § 112 and now propose seven. Ex. 6 (redline) at 47-51.

contentions from Defendants' Motion to Dismiss (Dkt. No. 36). Exs. 3, 6. The Amended Contentions did not add any new prior art references or revise any invalidity claim charts.[2]

Defendants asked if Plaintiff would agree to litigate the new invalidity defenses and claim terms—instead of the previously disclosed seventeen § 112 defenses and nine claim terms that Defendants proposed to drop—and offered to give Plaintiff additional time to consider their responses to Defendants' newly proposed claim terms before filing the Joint Markman Prehearing Statement. Plaintiff declined. *See* Nardinelli Decl. ¶ 9.

## LEGAL STANDARD

Where, as here, neither the parties nor the Court have adopted any special patent rules, invalidity contentions may be amended upon a showing of good cause. *See, e.g.*, *Babybjorn AB v. Ergo Baby Carrier, Inc.*, 2024 WL 1110910, at *2 (C.D. Cal. Jan. 24, 2024) (applying good cause standard where neither the parties nor the court had adopted any special patent rules); *AC Infinity, Inc. v. Sinowell (Shanghai) Co.,* 2024 WL 4329097, at *2 (C.D. Cal. Aug. 2, 2024) (same). To assess good cause, courts consider "(1) whether the moving party was diligent in moving to amend its contentions, and (2) whether the non-moving party would suffer prejudice if leave to amend were granted." *In re Koninklijke Philips Pat. Litig.*, 2019 WL 2359206, at *2 (N.D. Cal. June 4, 2019). Courts look for diligence in discovering the basis for the amendment and diligence in seeking the amendment once the basis for the amendment is discovered. *Id.*; *see also, e.g., O2 Micro Int'l, Ltd. v. Monolithic*

---

Specifically, Defendants' amended contentions: (1) retain the assertion that the term "bedtime associated with the user" is indefinite and lacks enablement, (2) add a written description defense to the existing term "temperature control device", and (3) newly assert that the term "bed device" lacks enablement and lacks written description. *Id.*

[2] Otherwise, the Amended Contentions delete contentions and invalidity claim charts solely related to U.S. Patent No. 10,792,461, which Plaintiff asserted against Defendants in *Eight Sleep I*, but dropped from their new complaint in this action. *See, e.g.*, Ex. 6 at 28-29.

*Power Sys.,* 467 F.3d 1355, 1363 (Fed. Cir. 2006) (interpreting the Patent Local Rules of the Northern District of California to require good cause for amendment of contentions).

Good cause "does not require perfect diligence." *Evolusion Concepts v. Juggernaut*, 2020 WL 5898974, at \*3 (C.D. Cal. Jul. 9, 2020) (quoting *In re Koninklijke Philips*, 2019 WL 2359206, at \*2). A court has discretion to grant leave to amend even in the absence of diligence where there is no prejudice to the non-moving party. *See e.g., Impinj, Inc. v. NXP USA, Inc.*, 2022 WL 2125135, at \*1 (N.D. Cal. Jan. 14, 2022); *Babybjorn*, 2024 WL 1110910, at \*2 (noting court has discretion to consider prejudice even "absent a showing of diligence"). In addition, the absence of indicia of gamesmanship and the relevance and materiality of the amendment to the merits of the case are relevant factors in the good cause analysis. *Evolusion Concepts*, 2020 WL 5898974, at \*6 (collecting cases); *Impinj*, 2022 WL 2125135, at \*5 (finding "the relevance of the proposed amendments" weighs in favor of granting the motion to amend).

## ARGUMENT

Defendants seek leave to amend their invalidity contentions and proposed claim constructions to include new invalidity defenses and claim terms identified by Defendants' new counsel in this new action. Defendants concede that their proposed amendments are not the result of newly discovered evidence or prior art and, thus, theoretically could have been included previously. But that is the only point in Plaintiff's favor, and it is far from dispositive. Amendments are permitted even when the theories sought to be added were "available to [the defendant] at the time it served its original invalidity contentions." *Universal Elecs. Inc. v. Roku, Inc.*, 2019 WL 13568820, at \*2 (C.D. Cal. July" 15, 2019) (granting leave to amend and collecting cases).

Every other factor here favors amendment.  Defendants have not engaged in sandbagging or gamesmanship; the amendments stem only from the procedural addition of a § 101 defense already being briefed and an evaluation of the case by new counsel—which was completed and acted upon within two weeks.  Even absent counsel changes, this type of early strategic adjustment is not uncommon, which is one reason amendments are freely permitted if there is no bad faith, no schedule disruption, and no undue surprise or prejudice to the other side.  For example, in *ChromaCode, Inc. v. Bio-Rad Lab'ys, Inc.*, 2024 WL 4730425, at *3 (N.D. Cal. Nov. 8, 2024), the defendant admitted "it made a mistake" by not initially proposing that three terms were indefinite and explained that it developed the new positions "'as it analyzed the potential constructions for these terms.'"  *Id.*  The Court credited that explanation, finding the defendant "was diligent in discovering the basis for its indefiniteness position."  *Id.*

There is ample time in the case schedule to litigate Defendants' proposed amendments, particularly given that overall Defendants are meaningfully ***reducing*** the number of invalidity defenses and claim construction proposals:

- ***fact discovery has just begun***, with the parties having served and responded to requests for production, but nothing more;
- claim construction discovery remains open until May 4, 2026, opening Markman briefs are not due until May 22, 2026, and the Markman hearing is not until June 26, 2026;
- initial expert disclosures are not due until July 10, 2026, three months from now;
- fact discovery does not close until July 24, 2026, ***over three months*** from now; and
- trial begins ten months from now, on December 14, 2026.

Thus, Plaintiff has not and cannot "demonstrate[] specifically how it [would be] prejudiced" by the proposed amendments. *Universal Elecs.*, 2019 WL 13568820, at *4. Courts routinely find no prejudice where the proposed amendments do not pose a risk to discovery and motion deadlines or the trial schedule. *See, e.g.*, *Google LLC v. Sonos, Inc.*, 2021 WL 4061718, at *6 (N.D. Cal. Sep. 7, 2021) (noting "[p]rejudice is typically found when the movant seeks to amend late in a case's pre-trial schedule or when amendment would disrupt a previous motion or order" and collecting cases); *Regents of Univ. of California v. Affymetrix, Inc.*, 2018 WL 4053318, at *3 (S.D. Cal. Aug. 24, 2018) (finding no prejudice because the amended invalidity contentions did not pose a risk to the Court's trial schedule or discovery and motion deadlines). For the same reasons, there is no prejudice here.

As explained in more detail below, the amendments are highly relevant and important to Defendants' defense. Both proposed invalidity defenses are potentially dispositive, and the three claim construction terms are foundational to understanding the asserted claims. The fact that the requested amendments would strengthen Defendants' case is not a cognizable prejudice. Conversely, while Plaintiff would of course prefer not to face these defenses, "the interest of justice is generally best served by a robust exploration and presentation of the merits of litigation." *Days Corp. v. Lippert Components, Inc.*, 2019 WL 6876634, at *3 (N.D. Ind. Dec. 17, 2019) (denying motion to strike late-disclosed invalidity theories); *see also Huawei Techs. v. Samsung Elecs.*, 340 F.Supp.3d 934, 997-998 (N.D. Cal. 2018) (denying defendants' motion to strike expert reports not in accord with local disclosure rules and noting district courts are "extremely reluctant" to "dispose of substantive invalidity attacks based on procedural defects" that caused no prejudice).

## I. THE COURT SHOULD PERMIT DEFENDANTS TO AMEND THEIR INVALIDITY CONTENTIONS.

### A. Defendants Have Good Cause To Amend Their Invalidity Contentions.

Defendants seek leave to amend their invalidity contentions in two ways:  first, to include the § 101 defense already being briefed in their Motion to Dismiss (*see* Dkt. Nos. 36, 47); and, second, to assert an additional written description and enablement defense under 35 U.S.C. § 112.  Defendants also seek to ***remove*** most of their previously-asserted § 112 defenses.[3]   Thus, consistent with the purpose of invalidity contentions, the net effect of Defendants' proposed amendments is to streamline and "crystallize [Defendants'] theories of the case." *Atmel Corp. v. Info. Storage Devices Inc.*, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998).

Given the important nature of these proposed changes, the diligence that Defendants exercised in identifying and raising them, the absence of any impact on the case schedule, and the absence of any undue prejudice to Plaintiff, amendment is warranted.  *See Universal Elecs.*, 2019 WL 13568820, at *3 (finding amendment of defendant's invalidity contentions was warranted because the case was "in its early stages and the parties have not engaged in substantial relevant discovery").

### 1. The Amendments Are Important.

Defendants seek to add two new theories of invalidity: one under § 101 (first disclosed March 20), and the other under § 112 (first disclosed April 9).  Both new defenses should be allowed because they are core to this case.  *See, e.g., Optics Innovation, LLC v. Samsung Elecs. Co.*, 2026 WL 126156, at *2-3 (E.D. Tex. Jan. 16, 2026) (granting leave to amend and recognizing that "amendments addressing core invalidity theories are important").  Even though Defendants "could have been more diligent" by advancing these theories in the initial invalidity contentions served

---

[3] The proposed amendments also fix minor typographical errors and remove references to U.S. Patent No. 10,792,461, which was asserted in *Eight Sleep I* but is not asserted in this case.  *See* Ex. 6 (redline).

MEMORANDUM ISO DEFENDANTS' MOTION FOR LEAVE TO AMEND

February 23, the fact that an invalidity argument is "important to [the defendant's] case … weighs in favor of granting leave." *Id.*

Here, there can be no doubt that the § 101 argument is "core." If successful, it will invalidate the asserted patents and eliminate Plaintiff's patent infringement claims from this case. That Plaintiff is fighting so hard to exclude this defense on procedural grounds, including in its opposition to Defendants' Motion to Dismiss, underscores its importance. *See* Dkt. Nos. 36 & 47.

Likewise, the new § 112 argument that Defendants propose—that claim 1 of both patents lacks written description and enablement—is also potentially dispositive of Plaintiff's patent infringement claims. To permit the Court to evaluate the centrality of this defense, Defendants briefly summarize its basis. Under 35 U.S.C. § 112, a patent's written description must "reasonably convey[] to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010). Here, the accused Orion product uses circulating hot or cold water to regulate temperature. Because Plaintiff Eight Sleep claims that Orion's product infringes its patents, § 112 requires that Eight Sleep's inventors "had possession" of this water-based mechanism as of the effective filing date. *Id.* Yet the asserted patents make ***no*** disclosure of circulating water. The patents teach only a mechanism that uses heated or cooled electrical coils. *See, e.g.*, Dkt. No. 1-1 (U.S. Patent No. 12,370,339 ("'339 patent")) at 6:21-23 ("A layer 320 comprises coils for cooling or heating the bed device."). By arguing that these electrical ***coil-based*** patents cover a ***water-based*** product, Eight Sleep violates the written description requirement as a matter of law. *See, e.g.*, *Natera, Inc. v. CareDx, Inc.*, 767 F.Supp.3d 144, 151 (D. Del. 2025) (ruling patent invalid because "no reasonable jury could find" that the "patent's written description sufficiently demonstrates that the inventors possessed the full scope of this claimed method").

### 2.    Defendants Were Diligent.

Defendants moved diligently to assert these amended defenses.  Through prior counsel, Defendants informed Plaintiff that they would be moving to dismiss the patent infringement claims under § 101 on March 20, 2026, less than one month after Defendants' invalidity contentions were served on February 23.  Ex. 4 (email). Continuing their analysis of the patent claims through new counsel, Defendants identified and disclosed the new § 112 defenses on April 9 and conferred about them on April 13. Ex. 5 (email); Nardinelli Decl. ¶¶ 2-3.  There was no delay in asserting the new § 112 defenses; Defendants shared them with Plaintiff the same day Defendants identified them.  Nardinelli Decl. ¶ 3.

"[I]nvalidity contentions are 'not a straightjacket into which litigants are locked from the moment their contentions are served.'" *24/7 Customer, Inc. v. Liveperson, Inc.*, 2016 WL 6673983, at *3 (N.D. Cal. Nov. 14, 2016) .  In *24/7 Customer*, for example, the court found the defendant's amendment of invalidity contentions to add indefiniteness positions over the plaintiff's arguments that they "could have been identified based solely on the Asserted Patents, and, therefore, should have been in the initial contentions," were diligent where the defendant disclosed its position within "one month" after serving its invalidity contentions and "proactively [sought] to amend its contentions prior to the claim construction hearing." *Id.* at *2-3.

Here, Defendants were similarly diligent in disclosing their additional invalidity positions and, through this motion, likewise seeking to amend their contentions to conform to those disclosures before the Markman hearing.    Indeed, courts have routinely found that much longer delays of up to three months satisfy the diligence prong. *See, e.g., Topia Tech., Inc. v. Box, Inc.*, 2026 WL 310180, at *8 (N.D. Cal. Feb. 6, 2026) (collecting cases finding diligence despite delays of up to three months).

Further supporting diligence, this case "is in its early stages and the parties have not engaged in substantial relevant discovery." *Universal Elecs.*, 2019 WL 13568820, at *3 (granting amendment and finding that "there has not been relevant discovery conducted such that a finding of diligence is precluded"). Plaintiff has not yet propounded a single interrogatory or taken a single deposition. And fact discovery does not close for three months. Moreover, "[t]he good cause requirement does not require perfect diligence." *Fujifilm Corp. v. Motorola Mobility LLC*, 2014 WL 491745, at *4 (N.D. Cal. Feb. 5, 2014). In *Fujifilm*, the defendant was diligent when it served initial invalidity contentions on April 19, 2013, then sought to add five new references nearly ***eight months later*** on December 5, 2013. *Id.* at *1, *4. Defendants moved much more quickly here. Indeed, courts retain discretion to grant leave to amend even in the absence of diligence where the non-moving party will not be prejudiced by the amendments. *See, e.g., Cellspin Soft, Inc. v. Garmin Int'l, Inc.*, 2021 WL 4923380, at *2 (N.D. Cal. Aug. 10, 2021) (finding that even if the moving party did not show diligence, the absence of prejudice warranted leave to amend its invalidity contentions). That is the case here as demonstrated below.

### 3.    There Is No Prejudice.

Absent some countervailing reason to deny amendment, such as gamesmanship or disruption to case schedule (which is not present here), amendment is favored when it permits the Court to "fully adjudicate the case on its merits." *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, 2006 WL 1329997, at *7 (N.D. Cal. May 15, 2006) (denying motion to strike late-disclosed defense and holding that "district courts are strongly encouraged to decide issues pertaining to invalidity when presented"). Indeed, "even if the movant was arguably not diligent, the court retains discretion to grant leave to amend." *Linex Techs., Inc. v. Hewlett-Packard Co.*, 2013 WL 5955548, at *1 (N.D. Cal. Nov. 6, 2013).

Plaintiff cannot claim disruption to the case schedule here because discovery

has only just begun and Defendants' amendments will not require any modifications to the case schedule.  The parties have served requests for production, but have not produced any documents, served any interrogatories, noticed any depositions, or subpoenaed any third parties.  *See Quantum Corp. v. Riverbed Tech., Inc.,* 2008 WL 2783227, at *1 (N.D. Cal. July 15, 2008) (taking into account the "relatively early posture" of the case, that not a single deposition had been taken by either party, and that the fact discovery cutoff was still months away, in granting plaintiff's motion to amend its preliminary infringement contentions).  Granting leave to amend will not require extensions to the case schedule and will not impact expert discovery or the pretrial deadlines in any way.  Simply put, Plaintiff will not be prejudiced.  *See, e.g.*, *Impinj*, 2022 WL 2125135, at *4 (finding no prejudice where the proposed amendments "do not risk changing discovery or motion deadlines or the trial schedule" and plaintiff has sufficient time to evaluate the amended invalidity contentions before the close of discovery); *24/7 Customer*, 2016 WL 6673983, at *3 (finding no prejudice from amendment of invalidity contentions where opposing party had notice of amendments prior to close of claim construction discovery).

Having to litigate strong defenses Plaintiff would rather avoid is not prejudice.  As to the § 101 defense specifically, any claim of prejudice is foreclosed by the fact that the parties are currently briefing the issue in Defendants' Motion to Dismiss.  *See Fresenius*, 2006 WL 1329997, at *7 (denying motion to strike a late-disclosed defense where "the parties have both fully briefed this issue").  Additionally, § 101 defenses are typically raised in motions to dismiss, which are routinely filed weeks to months before invalidity contentions are even served.  Thus, many courts do not require infringement contentions to contain § 101 defenses, further bolstering the absence of prejudice here.  Because Defendants' proposed amendment to conform their invalidity contentions with their Motion to Dismiss is consistent with a typical sequencing and timing of disclosure of § 101 defenses and does not prejudice

Plaintiff, Defendants' motion for leave should be granted.

## II.   THE COURT SHOULD PERMIT DEFENDANTS TO AMEND THEIR PROPOSED CLAIM TERMS AND CONSTRUCTIONS.

### A.   Defendants Have Good Cause To Amend Their Proposed Claim Terms And Constructions To Drop Nine Proposed Terms And Add Three.

#### 1.   The Proposed Claim Terms And Constructions Are Central To The Case.

Defendants propose construing "bed device" and "temperature control device" to achieve foundational clarity on these two central claim terms. Ex. 2. This clarification is essential because of how the asserted claims are written. Both patents, which share a common specification, claim a method in which a generic computer instruction regulates temperature. But in the '339 patent, this instruction is sent to a "bed device" whereas in the '240 patent, it is sent to a "temperature control device associated with the bed device." *Compare* Dkt. No. 1-1 ('339 patent at cl. 1) *with* Dkt. No. 1-2 ('240 patent at cl. 1). Plaintiff cannot simultaneously argue that Orion infringes the '339 patent by sending a temperature instruction to a "bed device" and infringes the '240 patent by sending the same instruction to a "temperature control device associated with the bed device." Accordingly, Plaintiff must clarify which accusation it is making, and claim construction is the appropriate vehicle for that clarification.

Separately, Defendants contend that claim 29 of the '240 patent is a means-plus-function claim, and accordingly its scope must be limited to "the corresponding structure described in the specification." *Fintiv, Inc. v. PayPal Holdings, Inc.*, 134 F.4th 1377, 1384 (Fed. Cir. 2025). Defendants propose that the corresponding structure for the claimed "temperature control device" is item 601 in Figure 6B, a power module used to heat electrical coils. *See* Dkt. No. 1-2 ('240 patent at Fig. 6B and 7:36-37). If the Court adopts Defendants' construction, that would likely

12                        No. 2:26-cv-02460-SB-KS

eliminate '240 patent claim 29 from the case, a meaningful narrowing because claim 29 is the only asserted system claim.

### 2. Defendants Were Diligent.

Diligence is met here for largely the same reasons explained above. Defendants proposed three new terms to Plaintiff (along with proposed constructions and supporting intrinsic evidence) on April 9, 2026. That is one month after the parties exchanged initial constructions, twenty-five days before the close of claim construction discovery (which the parties have not engaged in), and forty-three days before opening *Markman* briefs are due. *See* Dkt. No. 43 (Scheduling Order). Indeed, the parties were still in the meet-and-confer window that opens with the initial exchange of proposed terms and closes with the filing of the Joint Markman Prehearing Statement. Albeit in unconventional fashion, as intended, this meet-and-confer period reduced the number of disputed claim terms from nine to three. Defendants were not sandbagging, and adding three claim terms at the outset of litigation and six weeks before opening *Markman* briefs does not represent a "'shifting sands' approach to claim construction." *Atmel Corp.,* 1998 WL 775115, at *2. Rather, in proposing these three terms now (while dropping nine others), Defendants seek to "crystallize their theories of the case early in the litigation." *Id.*

### 3. There Is No Prejudice.

Again, there is no prejudice here. As with the invalidity contentions, Defendants aim to **reduce**, not expand, the number of disputed claim terms. Defendants have withdrawn the nine terms previously identified as indefinite and instead seek affirmative constructions for three terms.

Defendants disclosed the new terms to Plaintiff on April 9, exactly 30 days after the original March 9 exchange. Courts have found no prejudice on similar time frames. *See ChromaCode, Inc.,* 2024 WL 4730425, at *4 ("it is simply not plausible that Bio-Rad suffered prejudice in briefing claim construction solely because it got

that information 19 days late"). Courts have permitted parties to amend claim construction theories much later, including in opening *Markman* briefing.

Any prejudice that Plaintiff had only four days to prepare its response to Defendants' three new claim terms for the Joint Markman Prehearing Statement is of Plaintiff's own making. Defendants offered to stipulate to extend the deadline to submit the Joint Markman Prehearing Statement in order to give Plaintiff additional time to prepare its response, but Plaintiff refused. Nardinelli Decl. ¶ 9. Plaintiff contends that the ***six weeks*** from Defendants' disclosure of the new terms until the opening Markman brief deadline is insufficient time to brief three claim terms, *id.* ¶ 8, but this contention is not credible. And even if Plaintiff submits an expert declaration on these terms—which would be telling, given that Plaintiff did not submit expert testimony on the nine terms originally proposed—there is ample time for Defendants to depose that expert before the May 4 deadline for claim construction discovery.

Plaintiff contends that it will be prejudiced by anything less than the ***full five weeks*** between the Court's previous deadlines for the exchange of Proposed Terms for Construction and Exchange of Preliminary Claim Constructions and Extrinsic Evidence and the submission of a Joint Markman Prehearing Statement, unburdened by the other escalating discovery obligations that it now has. *See* Nardinelli Decl. ¶ 8-10. But, Plaintiff's desire for more time (or more leisurely time) in which to evaluate Defendants' three new claim construction proposals does not mean that Plaintiff "cannot sufficiently analyze" Defendants' proposed amendments in the time remaining—and that is the lens through which prejudice is measured. *See Impinj*, 2022 WL 2125135, at *4 ("The fact that [NXP's] amendment will require [Impinj] to do more work that it otherwise would have performed without the amendment does not support a finding of prejudice."). Moreover, a complaint that the proposed amendments would cause Plaintiff additional work "is not prejudice." *See Regents*

14                          No. 2:26-cv-02460-SB-KS

*of Univ. of California*, 2018 WL 4053318, at *3.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' Motion.

Dated: April 13, 2026

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP


By: */s/ DRAFT*
_____
Amy H. Candido (CA SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
SIMPSON THACHER & BARTLETT LLP
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
Aaron L. Plesset (SBN 352104)
aplesset@mrllp.com
MICHELMAN & ROBINSON, LLP
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

Mona Z. Hanna (SBN 131439)
mhanna@mrllp.com
MICHELMAN & ROBINSON, LLP
17901 Von Karman Ave, 10th Floor
Irvine, California 92614
Phone: (714) 557-7990
Fax: (714) 557-7991

*Counsel for Defendants*
*Orion Longevity Inc. and Blue Fuzion Group Ltd.*

16                          No. 2:26-cv-02460-SB-KS

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains __ words, which complies with the 7000 word limit set by Section 6.c.i. of the Standing Order for Civil Cases Assigned to Judge Stanley Blumenfeld, Jr. updated January 6, 2026.

Dated: April 13, 2026

By: */s/  DRAFT*
Amy H. Candido
(CA SBN 237829)
amy.candido@stblaw.com

17                                         No. 2:26-cv-02460-SB-KS