Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Steven Cherny (*pro hac vice*)
stevencherny@quinnemanuel.com
Patrick D. Curran (SBN 241630)
patrickcurran@quinnemanuel.com
Nicola Felice (*pro hac vice*)
nicolafelice@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
295 5th Avenue
New York, New York 10016-7103
Telephone:   (212) 849-7000
Facsimile:    (212) 849-7100

*Attorneys for Plaintiff
Eight Sleep Inc.*

*(counsel appearances continued below)*

Amy H. Candido (SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER &
BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

*Counsel for Defendants Orion
Longevity Inc. and Blue Fuzion Group
Ltd.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

EIGHT SLEEP INC.,

      Plaintiff,

    v.

ORION LONGEVITY INC., and
BLUE FUZION GROUP LTD.,

      Defendants.

**Case No. 2:26-CV-02460-SB-KS**

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

**DISCOVERY MATTER**

Complaint Filed: March 6, 2026
Trial Date: December 14, 2026

Ryan R. Smith (SBN 229323)
rsmith@wsgr.com
Alexander R. Miller (SBN 347827)
alex.miller@wsgr.com
**WILSON SONSINI GOODRICH
& ROSATI, P.C.**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (866) 974-7329

Naoya Son (SBN 324444)
nson@wsgr.com
**WILSON SONSINI GOODRICH
& ROSATI, P.C.**
1900 Ave. of the Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900
Facsimile: (866) 974-7329

*Attorneys for Plaintiff
Eight Sleep Inc.*

Mona Z. Hanna (SBN 131439)
mhanna@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Ave, 10th Floor
Irvine, California 92614
Phone: (714) 557-7990
Fax: (714) 557-7991

*Counsel for Defendants Orion
Longevity Inc. and Blue Fuzion Group
Ltd.*

Plaintiff Eight Sleep Inc. ("Plaintiff" or "Eight Sleep") and Defendants Orion Longevity Inc., and Blue Fuzion Group Ltd. (collectively "Defendants" or "Orion") by and through their undersigned counsel, hereby stipulate to the following Stipulated Protective Order.[1]

## 1.   GENERAL

### A.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 1.C, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B.   GOOD CAUSE STATEMENT

This action involves Defendants' alleged infringement of Plaintiff's Asserted Patents[2] through Defendants' development, manufacture, importation, offering for sale, sale, and use of the Orion Sleep System and related products and services (the "Accused Product"), including associated software, applications, and connected functionality.  Discovery in this litigation may include information concerning the

---

[1] The instant Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Karen L. Stevenson's Procedures.

[2] "Asserted Patents" refers to U.S. Pat. Nos. 12,370,339, and 12,377,240.

design, development, testing, manufacturing, sourcing, supply chain, importation, marketing, sales, pricing, business plans, contractual arrangements, revenues, and technical operation of Defendants and the Accused Product, some of which Defendants consider and treat as confidential and/or proprietary.  Likewise, discovery may include information concerning Plaintiff's research and development, product design, technical know-how, business plans, pricing, marketing, sales, contractual arrangements, and financial information, as well as alleged harms and damages, some of which Plaintiff considers and treats as confidential and/or proprietary.  Discovery into these categories of information warrants protection from public disclosure and from use for any purpose other than the prosecution or defense of this action.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## C.   ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle the parties to file confidential information under seal—Local Civil Rule 79-5, and Sections 4(b) and 7(g) of Judge Stanley Blumenfeld, Jr.'s Standing Order sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677–79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must

articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 2.    DEFINITIONS

2.1.    Action: This pending federal lawsuit.

2.2.    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items:  Information that contains or discloses information that the Designating Party, in good faith, believes to be extremely commercially sensitive or would provide a competitive advantage to competitors or compromise or jeopardize the Designating Party's business interests if disclosed.  Such information shall include but is not limited to trade secrets, confidential research and development, any non-public financial, technical, marketing, cost, pricing and revenue information, and any other commercially sensitive trade secret information.

2.5    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: Extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications,

[PROPOSED] STIPULATED PROTECTIVE ORDER        4        CASE NO. 2:26-CV-02460-SB-KS

or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.6    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.7    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.8    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.9    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.10    Final Disposition: the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.11    In-House Counsel:  attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12    Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.13    Outside Counsel of Record:  attorneys who are not employees of a party

to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party, or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.14   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.15   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.16   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.18   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## 4.   DURATION

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees

otherwise in writing or a court order otherwise directs.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL

– SOURCE CODE" to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate confidentiality designation to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)  <u>for testimony given in deposition or in other pretrial proceedings</u>, the Designating Party may identify, on the record, prior to the close of the deposition identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.  Failure of counsel to designate testimony or exhibits at deposition, however, shall not waive the protected status of the testimony or exhibits.  Counsel may designate specific testimony or exhibits as Protected Material within twenty-one (21) calendar days after receiving the transcript of the deposition.

Parties shall provide other Parties with reasonable notice if they expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings (or for the relevant portion of those proceedings).  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate confidentiality designation.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.    Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.    The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.    To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.    The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.    In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.    If the Parties cannot resolve a challenge without Court intervention, the Parties shall comply with the provisions of Civil Local Rule 37.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.    Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.    Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) up to one (1) designated In-House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and as to whom the procedures set forth in paragraph 7.5(c), have been followed and no unresolved objections exist after proper notice has been given to all Parties as set forth in section 7.5;

(d)     the Court and its personnel;

(e)     court reporters and their staff;

(f)   stenographic reporters and videographers, as well as the staff of the stenographic reporters and videographers, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information, unless the Designating Party objects to such disclosure, otherwise agreed by the Designating Party, or ordered by the Court.  Before making such a disclosure, the Receiving Party must provide notice sufficient to allow the Designating Party to object. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

disclose the information for this Action;

(b) up to one (1) designated In-House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(b), below, have been followed and no unresolved objections exist after proper notice has been given to all Parties as set forth in section 7.5;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and as to whom the procedures set forth in paragraph 7.5(c), have been followed and no unresolved objections exist after proper notice has been given to all Parties as set forth in section 7.5;

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) stenographic reporters and videographers, as well as the staff of the stenographic reporters and videographers, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or know the information, unless the Designating Party objects to the disclosures;

(i) any person who (1) appears on the face of the information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY " as an author, addressee, or recipient thereof; (2) metadata shows is a custodian of the

[PROPOSED] STIPULATED PROTECTIVE ORDER          13          CASE NO. 2:26-CV-02460-SB-KS

information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY", or (3) is a witness during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that such person authored, received, possessed, or otherwise knew the information or item marked "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" prior to its production or disclosure in this litigation.

(j)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4     Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and as to whom the procedures set forth in paragraph 7.5(c), have been followed and no unresolved objections exist after proper notice has been given to all Parties as set forth in section 7.5;

(c) the court and its personnel;

(d) court reporters and their staff;

(e) stenographic reporters and videographers, as well as the staff of the stenographic reporters and videographers, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  while testifying at deposition or trial in this action only: any person who authored, previously received (other than in connection with this litigation) or was directly involved in creating, modifying, or editing the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, as evident from its face or reasonably certain in view of other testimony or evidence.  Persons authorized to view "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items pursuant to this sub-paragraph shall not retain or be given copies of the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items except while so testifying.  Only printed copies of the source code will be provided to testifying witnesses during their testimony, unless otherwise agreed upon by the Parties in advance of the deposition.

(f) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.5    Procedures for Approving or Objection to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.

(a) Counsel disclosing materials designated as "CONFIDENTIAL" to persons required to execute an "Acknowledgements and Agreement to Be Bound" shall retain all such executed agreements.  Copies of the executed agreements shall be preserved by counsel and shall be provided to the Designating Party if the court so orders upon a showing of good cause.

(b) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to its Designated In-House Counsel, any information or item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3 first must provide written notice to the Designating Party that sets forth the full name of the Designated In-House Counsel and a description of the Designated In-House Counsel's responsibilities, including sufficient information for the Designating Party to

determine whether the Designated In-House Counsel is involved in Competitive Decision-making, including but not limited to whether In-House Counsel is involved in: advice and participation in pricing and product design decisions; advice and participation in purchasing, sales, selection of vendors, marketing decisions; advice and participation in research and development and other strategic initiatives; advice and participation in overall corporate strategy; involvement in proceedings before the USPTO, such as drafting, amending, or otherwise providing advice or strategy with respect to the drafting of or scope of claims; and responsibility for identifying opportunities for patent enforcement, licensing, and acquisitions, including, identifying or evaluating target companies for licensing and/or enforcement programs.

(c) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE" pursuant to paragraphs 7.2, 7.3, and 7.4 first must provide written notice to the Designating Party that (1) sets forth the full name of the Expert and the address of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[3] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered

---

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and an identification of the party or parties that the Expert represented.  Such Expert shall provide a signed "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(d)  A Party that makes a request and provides the information specified in the preceding respective paragraphs 7.5(a) and 7.5(b) may disclose the subject Protected Material to the identified Designated In-House Counsel or Expert unless, within five (5) business days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(e)  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within three (3) business days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may, within five (5) business days, file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the In-House Counsel or Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  If the objecting party fails to file a motion within five (5) business days after the parties have met and conferred and impasse has been reached, the objecting party's objection is deemed waived and the Party may proceed with disclosing the Protected Material to its Designated In-House Counsel or Expert in accordance with this Protective Order.

[PROPOSED] STIPULATED PROTECTIVE ORDER          17          CASE NO. 2:26-CV-02460-SB-KS

In any such proceeding, the Party opposing disclosure to the Designated In-House Counsel or Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated In-House Counsel or Expert.

(d)  If new information about an Expert is later disclosed or discovered, a Party may object to disclosure of Protected Material to such Expert, provided the objection is timely made after the new information is disclosed or discovered.  Any such objection shall be handled in accordance with the provisions set forth above.

## 8.    SOURCE CODE

(a) To the extent Source Code is produced in this case, a Producing Party may designate the Source Code as "HIGHLY CONFIDENTIAL — SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret Source Code. Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate a Party to produce any Source Code.

(b)  Protected Material designated as "HIGHLY CONFIDENTIAL — SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information as well as the additional protections described below and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL — SOURCE CODE" information may be disclosed, as set forth in paragraph 7.4.

(c)  Any Source Code produced in discovery shall be made available for inspection at the offices of the Producing Party's Outside Counsel, or any other location mutually agreed to by the Parties, between the hours of 9:00 a.m. and 6:00 p.m. on business days (*i.e.*, weekdays that are not Federal holidays) and at other mutually agreeable times.

(d) Prior to the first inspection of any requested Source Code, the Receiving

Party shall provide at least fourteen (14) days' written notice of the Source Code that it wishes to inspect and shall meet and confer with the Producing Party in good faith to determine a date for the first inspection.  The Receiving Party shall provide three (3) business days' notice prior to any additional inspections of that code.  A list of names of persons who will inspect the Source Code shall be provided to the Producing Party at the time of request for access.  Source Code that is designated "HIGHLY CONFIDENTIAL — SOURCE CODE" shall be produced for inspection and review subject to the following provisions:

(i).  The Source Code shall be made available for inspection up to, and through, the end of trial, on a secured computer in a secured room without Internet access or network access to other computers, and on which all access ports have been disabled (except, if needed, a port for a keyboard and a mouse), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  Only one Source Code Computer shall be made available for inspection in the Source Code Review Room.  The Receiving Party may request a second Source Code Computer at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional Source Code Computer available for use in the Source Code Review Room.  Only individuals identified by the Receiving Party shall have access to the Source Code Review Room.    The Producing Party shall make the Source Code available in hierarchical directory and file structures as close to the original as possible.  The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's Outside Counsel and/or experts/consultants may request that commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer,

provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; and (b) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Producing Party shall approve reasonable requests for additional commercially available software tools at the Receiving Party's cost.  The Receiving Party must provide the Producing Party with the CD, DVD, or internet link containing such licensed software tool(s) at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  The Producing Party may object to a software tool within four (4) business days of the Receiving Party's request.  The parties shall thereafter meet and confer within two (2) business days of the objection.  If the dispute is not resolved the Receiving Party may seek relief from the Court.

(ii).    No recordable media or recordable devices, including without limitation sound recorders, computers, cell phones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. No copies of all or any portion of the Source Code may be taken out of the Source Code at any time or may leave the Source Code Review Room except as otherwise provided herein.  The Receiving Party's Experts shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device.  The Receiving Party's Experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer other than the Notetaking Computer described herein.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code, and also that no unauthorized electronic records of the source code material and no information concerning the source code material are being created or transmitted in any way.

The Receiving Party's Expert(s) will be permitted one laptop computer or tablet device ("Notetaking Computer") with all camera, microphone, transmitting and recording functionalities disabled at all times, to be used for notetaking purposes only in the Source Code Review Room. The Producing Party may request that the person(s) bringing such devices demonstrate that the devices are in compliance with this provision by showing that the apps or programs for such devices have been removed or otherwise disabled.

(iii). All persons who will review Source Code on behalf of a Receiving Party, including Receiving Party's outside counsel, shall be identified in writing to the Producing Party at least five (5) business days in advance of the first time that such person reviews Source Code. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code shall sign on each day they view Source Code a log to be maintained by the Producing Party that will include the names of persons who enter the Source Code Review Room to view the Source Code and when they enter at the beginning of each inspection day and depart at the end of each inspection day. Proper identification of all authorized persons shall be provided prior to initial access to the Source Code Review Room or the Source Code Computer. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the Source Code Review Room or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification. No more than three (3) individuals identified by the Receiving Party shall have access to the Source Code Review Room during any day of inspection.

(e) The Receiving Party may request paper copies of the Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the

purposes of reviewing the Source Code other than electronically as set forth in paragraph (c) in the first instance (i.e., as an alternative to reviewing that Source Code electronically on the Source Code computer). The Producing Party shall provide all such Source Code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." Such paper copies may be made on watermarked paper at the Producing Party's election.

(f) Within three (3) business days of a request for printed portions of the Source Code, the Producing Party shall either (i) provide three copy sets of such pages to the Receiving Party or (ii) inform the Receiving Party that it objects to the printed portions as excessive and/or not done for a permitted purpose. The Receiving Party shall request a reasonable number of continuous pages of Source Code per printed portion ("continuous block"), and the Producing Party shall have the right to challenge the size of the continuous block pursuant to this paragraph. In addition, Producing Party shall have the burden of challenging any cumulative page count of printed Source Code. Such paper copies may be made on watermarked paper at the Producing Party's election. Any individual request of more than 25 continuous pages or resulting in a cumulative total of more than 5% of all source code produced is rebuttably unreasonable. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance. If, after meeting and conferring, the Requesting Party cannot resolve the objection, the Requesting Party shall be entitled to seek a Court resolution of whether the request for printed Source Code in question is narrowly-tailored and/or requested for a permitted purpose pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Receiving Party is the "Challenging Party" and the Producing Party is the "Designating Party" for purposes of dispute resolution.

(g) The Receiving Party shall maintain a written Source Code log of the name of each person who viewed the Source Code in electronic or paper form. The log shall include who enter the room and the dates and times when they enter and depart.

The Producing Party shall be entitled to a copy of the Source Code log upon three (3) business days' advance notice to the Receiving Party. The parties agree that the Producing Party's furnishing of the Source Code log does not waive any privilege or attorney work product protections. Only individuals permitted under the provisions of this Protective Order shall have access to the printed portions of Source Code (except insofar as such code appears in any court filing or expert report). The Source Code logging requirement shall not apply to summaries (i.e. non-verbatim descriptions) of source code created by the Receiving Party, including, but not limited to, notes, discovery responses, expert reports, and briefs.

(h) The Receiving Party's Outside Counsel of Record and any person receiving a copy of any Source Code shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area in the offices of such Outside Counsel of Record, consultants, or expert. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall make additional paper copies only if such additional copies are (1) necessary to prepare court filings, discovery responses, exhibits or other court documents, pleadings, or other papers (including a testifying expert's expert report), or (2) otherwise necessary for the preparation of its case. The Receiving Party's Outside Counsel of Record shall be permitted to make a reasonable number of additional copies (of any printed portions of the Source Code received from the Producing Party, not including copies attached to court filings) and shall maintain a log of all copies of the Source Code. The log shall include the names of the persons who viewed the paper copies. Upon three (3) business days' advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party. The parties agree that the Producing Party's furnishing of this log does not waive any privilege or attorney work product protections. The logging requirement of this paragraph shall not apply to summaries (i.e. non-verbatim

[PROPOSED] STIPULATED PROTECTIVE ORDER        23        CASE NO. 2:26-CV-02460-SB-KS

descriptions) of source code created by the Receiving Party, including but not limited to notes, discovery responses, expert reports, and briefs.

(i) The Receiving Party's Outside Counsel of Record will be permitted to travel with and bring copies of printed Source Code referenced in paragraphs 8(f)–(h) for use at depositions and persons attending the deposition shall not be subject to the logging requirements of paragraphs 8(g)–(h).  Alternately, at the option of the Receiving Party, the Receiving Party may request in writing at least ten (10) days before the date of the deposition that the Producing Party either bring specifically identified printed Source Code and/or a Source Code computer to the deposition for use by the Receiving Party.  Any deposition at which a copy of the Source Code Computer is made available shall occur at a location selected by the Producing Party for the purpose of efficiently setting up the Source Code Computer.  No printer shall be made available.  Copies of Source Code marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts, rather the deposition record will identify the exhibit by its production number(s).  Where a Source Code computer is used, the deposition record will identify Source Code by file name and line number and the videographer may not record electronically any portion of the code.  All paper copies of Source Code brought to the deposition by Producing Party shall remain with the Producing Party's outside counsel.  Paper copies of Source Code brought to the deposition by Receiving Party's Outside Counsel of Record shall remain with the Receiving Party's Outside Counsel of Record.

(j) Except as otherwise provided herein, absent express written consent by the Producing Party, the Receiving Party may not create electronic images or copies, or other images, of the Source Code from any paper copy of Source Code for use in any manner.  Images or copies of code shall not be included in correspondence and shall be omitted from pleadings and other papers whenever possible.  Where a Party reasonably believes that a portion of Source Code must be included in an expert report or submitted as part of a filing with the Court, the Party shall include only the

[PROPOSED] STIPULATED PROTECTIVE ORDER          24          CASE NO. 2:26-CV-02460-SB-KS

necessary and relevant lines of code and, in the case of Court filings, will file and serve a Motion for a sealing order in accordance with Local Civil Rule Local Civil Rule 79-5, and Sections 4(b) and 7(g) of Judge Stanley Blumenfeld, Jr.'s Standing Order.  Access to any such expert report, pleading or filing containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Additionally, any such pleadings or filings shall be labeled "HIGHLY CONFIDENTIAL — SOURCE CODE" as provided for in this Stipulated Protective Order.

(k) In the case of any conflict between a provision of this section (regarding Source Code) and any other provision in this Stipulated Protective Order, the provision in this section (regarding Source Code) shall govern.

## 9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

9.1    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

9.2    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

[PROPOSED] STIPULATED PROTECTIVE ORDER            25            CASE NO. 2:26-CV-02460-SB-KS

action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

10.1   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party, and if allowed by the agreement with the Non-Party, provide the name of the Non-Party;

(ii)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested;

(iii)   make the information requested available for inspection by the Non-

Party, if requested; and

(iv) within 14 days of providing the notices required by (i)–(iii) above, inform the Requesting Party whether the Non-Party agrees to production of the information subject to the confidentiality agreement.

10.3   In the event that the Non-Party does not consent to the Party receiving the request producing the information, then the parties shall meet and confer, with the Non-Party invited, to discuss the conditions under which the Non-Party would consent to production of information.  In the event no agreement is reached, the Non-Party may seek a protective order from this Court.  Should the Non-Party fail to seek a protective order from this Court within seven (7) days of the meet and confer, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11.1   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.2 If a Receiving Party authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another

party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly provide written notice to Designating Party of such breach, including information regarding the size and scope of the breach; and (2) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

## 12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

12.1   The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

12.2   Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately destroy such Protected Material or Discovery Material and all copies and within five (5) business days of the request and provide certification of destruction to the Producing Party.

12.3   The Producing party who has inadvertently produced Discovery Material shall provide a privilege log within five (5) business days of the destruction request for the inadvertently produced materials, or at a reasonable date to be agreed upon between the parties under the circumstances.

12.4   For purposes of this section, it shall be irrelevant which party initially discovers the inadvertently or mistakenly produced information, documents, or tangible items that are otherwise properly subject to a claim of attorney-client privilege, work product immunity, or any other protection from discovery.

**13.    MISCELLANEOUS**

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**14.    FINAL DISPOSITION**

After the Final Disposition of this Action, as defined in paragraph 2.10, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## 15. PROSECUTION BAR

Absent written consent from the producing party, any attorney representing a party, whether Designated In-House Counsel or Outside Counsel of Record, and any person associated with a party and permitted to receive access and who does receive access to materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" (collectively, "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, accesses, or otherwise learns, in whole or in part, another party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to biometric tracking temperature adjustable mattress covers and associated water distributions systems during the pendency of this action and for one (1) year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit as well as the subject matter of the HIGHLY SENSITIVE MATERIAL to which access is received. Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a PTO proceeding, *e.g.*, IPR or PGR, except that the person shall not participate, directly or indirectly, in the amendment of any claim(s) and the aforementioned Ethical Wall is in place to prohibit the sharing of information about amendment of claims.

## 16.   **<u>VIOLATION</u>**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Date: April 15, 2026

By: /s/ *Nicola Felice*
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Steven Cherny (*pro hac vice*)
stevencherny@quinnemanuel.com
Patrick D. Curran (SBN 241630)
patrickcurran@quinnemanuel.com
Nicola Felice (*pro hac vice*)
nicolafelice@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
295 5th Avenue
New York, New York 10016-7103
Telephone:   (212) 849-7000
Facsimile:    (212) 849-7100

Ryan R. Smith (SBN 229323)
rsmith@wsgr.com
Alexander R. Miller (SBN 347827)
alex.miller@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (866) 974-7329

Naoya Son (SBN 324444)
nson@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
1900 Ave. of the Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900
Facsimile: (866) 974-7329

*Attorneys for Plaintiff*
*Eight Sleep Inc.*

By: /s/ *Jeff Nardinelli*
Amy H. Candido (SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

Mona Z. Hanna (SBN 131439)
mhanna@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Ave, 10th Floor
Irvine, California 92614
Phone: (714) 557-7990
Fax: (714) 557-7991

*Counsel for Defendants Orion Longevity Inc. and Blue Fuzion Group Ltd.*

## SIGNATURE ATTESTATION

I, Naoya Son, attest that the other signatories to this document concur in its content and authorize its service.

/s/ Naoya Son
Naoya Son

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:_____

_____
**HON. KAREN L. STEVENSON**
**United States Magistrate Judge**

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Eight Sleep Inc. v. Orion Longevity Inc., et al.*, Case No. 2:26-CV-02460-SB-KS (C.D. Cal.).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.    I   hereby   appoint   _____   [full   name]   of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER          34          CASE NO. 2:26-CV-02460-SB-KS