Amy H. Candido (CA SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

*Counsel for Defendants Orion Longevity Inc.
and Blue Fuzion Group Ltd.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

|  |  |
|---|---|
| EIGHT SLEEP INC.,<br><br>              Plaintiff,<br><br>       v.<br><br>ORION LONGEVITY INC., and BLUE FUZION GROUP LTD.<br><br>              Defendants. | Case No. 2:26-cv-02460-SB-KS<br><br>**DECLARATION OF JEFF NARDINELLI IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS AND CLAIM CONSTRUCTION DISCLOSURES**<br><br>Hon. Stanley Blumenfeld, Jr.<br>Date: May 22, 2026<br>Time: 8:30 a.m.<br>Courtroom: 6C |

No. 2:26-cv-02460-SB-KS

NARDINELLI DECLARATION ISO MOTION FOR LEAVE TO AMEND

I, Jeff Nardinelli, hereby declare:

1.      I am a partner at the law firm of Simpson Thacher & Bartlett LLP, counsel for Orion Longevity Inc. ("Orion") and Blue Fuzion Group Ltd. ("BFG") (collectively, "Defendants") in this action.  I submit this declaration in support of Defendants' Motion for Leave to Amend Invalidity Contentions and Claim Construction Disclosures ("Motion for Leave").

2.      Since my firm and I were retained as counsel for Defendants on March 25, 2026, we have worked with extreme diligence to analyze Plaintiff Eight Sleep's allegations against Defendants in this action, including its patent infringement claims, and all possible defenses.  On or around April 1, 2026, after filing Defendants' Motion to Dismiss (Dkt. No. 36), we continued our analysis of the patent claims by focusing on the claim terms for construction previously proposed by both parties, as well as Plaintiff's Infringement Contentions and Defendants' Invalidity Contentions.  In connection with that analysis, we identified certain new claim terms for construction and new invalidity defenses.

3.      On April 9, 2026, after finalizing the new claim terms for construction and new invalidity defenses internally, we prepared Amended Invalidity Contentions and Amended Preliminary Proposed Terms for Construction and Preliminary Claim Constructions and sent them to Plaintiff via email that same day.

4.      On Friday, April 10, 2026, the parties exchanged email correspondence regarding Defendants' proposed amendments, and met and conferred via Zoom videoconference on Monday, April 13.

5.      I certify that the parties met in person or by videoconference, thoroughly discussed each and every issue raised in the Motion for Leave, and attempted in good faith to resolve the Motion for Leave in whole or in part.  Specifically:

6.      During the April 13 conferral, my partner Amy Candido and I explained our position that Defendants have good cause to amend their invalidity

contentions and proposed claim constructions. Defendants were diligent insofar as we quickly identified any new defenses, promptly disclosed them to Plaintiff, and promptly moved for leave to amend. We explained that Plaintiff would not be prejudiced by the proposed amendments because they would not require any modifications to the case schedule and will not impact discovery, expert discovery, or trial in any way. We noted that, under the case law, good cause to amend may be found even in the absence of diligence where, as is the case here, there is no prejudice to the nonmoving party, and that leave to amend is regularly granted in cases such as this when virtually no discovery has occurred yet and the close of fact discovery is over three months away.

7. I then sought to crystallize Plaintiff's position on prejudice so that I could offer all reasonable proposals to ameliorate any claimed prejudice.

8. First, I reminded Plaintiff that the deadline for opening *Markman* briefs is May 22, 2026. I asked whether Plaintiff contended that May 22 offered insufficient time to brief Defendants' three new proposed claim terms (and reminded them that without the proposed amendment, Plaintiff would have briefed nine claim terms by that same date). Plaintiff responded that was insufficient time because it was less time than Plaintiff would have had if Defendants had disclosed the three terms as part of their original proposed terms for construction (on March 9, 2026).

9. Moving on, I next raised whether Plaintiff needed additional time to prepare their responses to Defendants' new terms as part of the Joint Markman Prehearing Statement. I acknowledged that Defendants had proposed three new terms for construction on April 9 and that the Joint Markman Prehearing Statement deadline was April 13. Recognizing that Plaintiff might want additional time to prepare their responses, I offered that Defendants would agree to give Plaintiff until April 24 to send their counter-proposals, including any extrinsic evidence such as an expert declaration. Plaintiff declined. I asked if it would make any difference if Plaintiff had until May 1. Plaintiff said it would not.

10. I next asked Plaintiff, "Is there any circumstance, or any concession or series of concessions that Defendants could make, under which Plaintiff would agree to stipulate to litigating the revised invalidity contentions and/or the revised claim construction proposals?" Plaintiff said they were not aware of any such circumstances or concessions, but would consider any additional offers. I asked if they had any requests or proposals, but they offered none.

11. During this April 13 videoconference, Plaintiff agreed that the parties had fully completed the meet and confer on Defendants' Motion for Leave and were at an impasse. When Defendants indicated that we intended to file the Motion for Leave that same day given the importance of a speedy resolution in connection with upcoming Markman deadlines, Plaintiff took the position that L.R. 7-3 requires waiting one week to file the Motion for Leave to Amend until April 20. My partner Amy Candido and I explained that quick resolution is imperative here for both parties to achieve clarity regarding the disputed claim terms and invalidity defenses—especially before the Markman briefing begins on May 22, 2026. I further stated that the parties met and conferred "as soon as practicable" after Defendants sent the proposed amendments on April 9, and therefore had complied with the Court's guidance in its Standing Order that, where expedited motion practice does not allow parties to meet and confer at least seven days before an expedited motion is filed, the parties are not excused from compliance with L.R. 7-3 and shall meet and confer "as soon as practicable." *See* Dkt. No. 17 at 9 n.2 (regarding expedited motion deadlines set by the Court).

12. Attached as **Exhibit 1** is a true and correct copy of Plaintiff Eight Sleep Inc.'s Proposed Terms For Construction and Preliminary Claim Constructions, dated March 9, 2026, which reflects the initial proposals from both parties.

13. Attached as **Exhibit 2** is a true and correct copy of Defendants' Amended Proposed Terms for Construction and Preliminary Claim Constructions, dated April 9, 2026.

14.     Attached as **Exhibit 3** is a true and correct copy of Defendants' First Amended Invalidity Contentions, dated April 9, 2026.

15.     Attached as **Exhibit 4** is a true and correct copy of email correspondence between counsel for Plaintiff and previous counsel for Defendants, dated March 20, 2026.

16.     Attached as **Exhibit 5** is a true and correct copy of email correspondence between counsel for the parties, dated April 9, 2026.

17.     Attached as **Exhibit 6** is a true and correct copy of a redline showing the changes between Defendants' February 23, 2026 Invalidity Contentions and Defendants' April 9, 2026 First Amended Invalidity Contentions.

18.     Attached as **Exhibit 7** is a true and correct copy of Defendants' February 23, 2026 Invalidity Contentions.

The foregoing is true and accurate to the best of my knowledge and recollection, under penalty of perjury.

Dated: April 20, 2026

By: */s/  Jeff Nardinelli*
　　Jeff Nardinelli

*Counsel for Defendants*
*Orion Longevity Inc. and Blue*
*Fuzion Group Ltd.*