# Exhibit 2

Amy H. Candido (CA SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA 94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

*Counsel for Defendants Orion Longevity Inc.*
*and Blue Fuzion Group Ltd.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| EIGHT SLEEP INC.,<br><br>          Plaintiff,<br><br>   v.<br><br>ORION LONGEVITY INC., and BLUE FUZION GROUP LTD.<br><br>          Defendants. | Case No. 2:26-cv-02460-SB-KS<br><br>**DEFENDANTS ORION LONGEVITY INC. AND BLUE FUZION GROUP LTD.'S AMENDED PROPOSED TERMS FOR CONSTRUCTION AND PRELIMINARY CLAIM CONSTRUCTIONS**<br><br>Hon. Stanley Blumenfeld, Jr. |

No. 2:26-cv-02460-SB-KS

Defendants Orion Longevity Inc. ("Orion") and Blue Fuzion Group Ltd. ("BFG") (collectively, "Defendants") hereby provide their amended proposed terms for construction and preliminary claim constructions for the asserted claims of U.S. Patent Nos. 12,370,399 (the "'399 Patent") and 12,377,240 (the "'240 Patent").[1]

Where Defendants do not propose a construction for a term previously included, Defendants have withdrawn their proposed construction and no longer seek construction of that term.

Defendants reserve the right, consistent with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Standing Orders of this Court (as well as any other applicable law, rule, or Order), to revise, supplement, and amend its constructions and to offer further intrinsic and extrinsic evidence (including any rebuttal expert testimony) and argument regarding any claim term in view of Plaintiff's proposed claim terms, constructions, and identification of intrinsic or extrinsic evidence, including in response to any amendments to the disclosures previously served by Plaintiff in this action. Additionally, Defendants reserve the right to propose that claim language surrounding a term to be construed be included or excluded. Defendants serve these disclosures without waiver of any other argument, defense, or position Defendants may be permitted to assert in this action.

---

[1] Defendants make these disclosures subject to and without waiver of the bases for their pending motion to dismiss, including but not limited to lack of personal jurisdiction over BFG. BFG continues to dispute that it is subject to personal jurisdiction in this action. By submitting these disclosures, Defendants do not waive, but rather fully preserve, all jurisdictional and other defenses and arguments raised in their pending motion to dismiss. Dkt. No. 36.

## AGREED UPON TERMS

| Claim Term | Agreed Upon Construction |
|---|---|
| "**sleep phase**" ('240 Patent, Claims 14, 15) | "light sleep, deep sleep, or REM sleep" |

## AMENDED PROPOSED CLAIM CONSTRUCTIONS AND INTRINSIC EVIDENCE

| Ref. | Claim Term | Proposed Construction and Intrinsic Evidence |
|---|---|---|
| 1. | "**bed device**" ('339 Patent, Claims 1, 4, 28; '240 Patent, Claims 1, 8, 9, 10) | <u>Proposed Construction</u><br><br>"device the user sleeps on"<br><br><u>Intrinsic Evidence</u><br><br>'339 Patent at Abstract; 2:27-29; Fig. 1 & 2:49-50; Fig. 2 & 2:51-52; Fig. 7 & 2:64-65; 4:63-6:23; 7:64-8:25; 10:52-54; 11:1-12:21; and claim language.<br><br>'240 Patent at Abstract; 2:27-29; Fig. 1 & 2:49-50; Fig. 2 & 2:51-52; Fig. 7 & 2:64-65; 4:63-6:23; 7:64-8:25; 10:52-54; 11:1-12:21; Claim 10; and claim language. |
| 2. | "**temperature control device**" ('240 Patent, Claim 1) | <u>Proposed Construction</u><br><br>"device separate from the bed device that controls the temperature of the bed device"<br><br><u>Intrinsic Evidence</u> |

DEFENDANTS' AMENDED PROPOSED TERMS FOR CONSTRUCTION AND PRELIMINARY CLAIM CONSTRUCTIONS

| Ref. | Claim Term | Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | | '240 Patent at Figs. 6B-6C & 7:21-8:25; 11:14-19; 12:13-21; Claim 1; and claim language. |
| | | U.S. Patent No. 10,792,461 Claims 1, 14, 17. |
| | | '461 Patent prosecution history, August 5, 2020 amendment to U.S. Application No. 16/457,306 at amended Claim 15. |
| | | U.S. Patent No. 12,051,951 Claim 1. |
| | | Application No. 2024/0325676 Claims 1, 11, 15, 25. |

DEFENDANTS' AMENDED PROPOSED TERMS FOR CONSTRUCTION AND PRELIMINARY CLAIM CONSTRUCTIONS

| Ref. | Claim Term | Proposed Construction and Intrinsic Evidence |
|---|---|---|
| 3. | "**A sleep system comprising a processor and a memory in operative communication with the processor and storing instructions for the processor to implement the method of claim 1**" ('240 Patent, Claim 29, incorporating functions in '240 Patent, Claim 1) | Proposed Construction<br><br>Claim 29 is governed by § 112(f).<br><br>Defendants identify the following functions and corresponding structure for each function.[2] |
| | [Claim 1, first paragraph]:<br><br>[a] "**obtaining at least one first biological signal from a first user, the at least one first biological signal indicating a presence of the first user on a first zone of the bed device**" | Function<br><br>Obtaining at least one first biological signal from a first user, the at least one first biological signal indicating a presence of the first user on a first zone of the bed device.<br><br>Structure<br><br>One or more user sensors, as illustrated in '240 Patent, Figures 4, 5A, 5B, 5C, and 5D and the corresponding description at 2:55-59 and 4:64-5:49. |

---

[2] For the avoidance of any doubt, Defendants assert that the term "sleep system" is a nonce term, indicating that Claim 29 is a means-plus-function term. The function of Claim 29, as recited in claim 29, is "the method of claim 1." Thus, the functions at issue in Claim 29 are the steps of method Claim 1. Defendants thereby provide the steps of method Claim 1 as the functions of Claim 29, and provide the corresponding structure(s) for those functions.

4                            No. 2:26-cv-02460-SB-KS

| Ref. | Claim Term | Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | [Claim 1, second paragraph]:<br><br>[b] "**obtaining at least one second biological signal from a second user, the at least one second biological signal indicating a presence of the second user on a second zone of the bed device adjacent the first zone**" | *Function*<br><br>Obtaining at least one second biological signal from a second user, the at least one second biological signal indicating a presence of the second user on a second zone of the bed device adjacent the first zone.<br><br>*Structure*<br><br>One or more user sensors, as illustrated in '240 Patent, Figures 4, 5A, 5B, 5C, and 5D and the corresponding description at 2:55-59 and 4:64-5:49. |

| [Claim 1, third paragraph]:<br><br>**[c] "generating a plurality of control signals for the bed device in response to the obtained at least one first biological signal and the at least one second biological signal, the plurality of control signals comprising (1) a first instruction to set the temperature of the first zone to a first temperature and (2) a second instruction to set the temperature of the second zone to a second temperature that is different from the first temperature, wherein the first instruction is based at least in part on a first user-specified preference of the first user and the second instruction is based at least in part on a second user-specified preference of the second user"** | <u>Function</u><br><br>Generating a plurality of control signals for the bed device in response to the obtained at least one first biological signal and the at least one second biological signal, the plurality of control signals comprising (1) a first instruction to set the temperature of the first zone to a first temperature and (2) a second instruction to set the temperature of the second zone to a second temperature that is different from the first temperature, wherein the first instruction is based at least in part on a first user-specified preference of the first user and the second instruction is based at least in part on a second user-specified preference of the second user.<br><br><u>Structure</u><br><br>A general purpose processor programmed to perform the algorithm illustrated in '240 Patent, Figure 7 and the description at 7:48-8:25 and 11:56-12:21, including the following steps:<br><br>(1) In response to the obtained at least first and second biological signal, generating a first instruction to set the temperature of the first zone of the bed device to a first temperature based in part on a user-specified preference of the first user; and<br><br>(2) In response to the obtained at least first and second biological signal, generating a second instruction to set the temperature of the second zone of the bed device to a second temperature that is different from the first temperature based in part on a user-specified preference of the second user. |

6                       No. 2:26-cv-02460-SB-KS

| Ref. | Claim Term | Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | [Claim 1, fourth paragraph:]<br><br>**[d] "sending the plurality of control signals to at least one respective temperature control device associated with the bed device such that the first and second zones are heated or cooled differently according to the plurality of control signals"** | Function<br><br>Sending the plurality of control signals to at least one respective temperature control device associated with the bed device such that the first and second zones are heated or cooled differently according to the plurality of control signals.<br><br>Structure<br><br>(1) a general purpose processor programmed to perform the algorithm illustrated in '240 Patent, Figure 7 and the corresponding description at 7:48-8:25 and 11:56-12:21, including the step of sending the plurality of control signals, *see* '240 Patent at Fig. 7, 7:48-8:25; and (2) the power management box depicted in Box 601 of Figure 6B and described in the '240 Patent at 7:36-47, connected to uniform coils 611 that heats or cools the first and second zone of the bed differently based on the control signals. |

DEFENDANTS' AMENDED PROPOSED TERMS FOR CONSTRUCTION AND PRELIMINARY CLAIM CONSTRUCTIONS

Dated: April 9, 2026

Respectfully submitted,

**SIMPSON THACHER & BARTLETT LLP**


 By:  */s/Amy H. Candido*

Amy H. Candido (CA SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

*Counsel for Defendants Orion Longevity Inc.  and Blue Fuzion Group Ltd.*

DEFENDANTS' AMENDED PROPOSED TERMS FOR CONSTRUCTION AND PRELIMINARY CLAIM CONSTRUCTIONS

## **PROOF OF SERVICE**

I am employed in the County of San Francisco, California.  My business address is One Market Plaza, Spear Tower, Suite 3800.  I am over the age of 18 and not a party to the foregoing action.

On April 9, 2026, I caused a copy of the foregoing document to be served on the interested parties in this action by attaching a PDF version of the document to an email message addressed as follows:

| | | |
|---|---|---|
| ☐ | **PERSONAL:** | Such envelope was delivered by hand to the offices of the addressee. |
| ☒ | **ELECTRONIC MAIL:** | Such document was transmitted by electronic mail to the addressees' email addresses as stated above. |
| ☐ | **FEDERAL EXPRESS:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |

I declare under penalty of perjury that the above is true and correct.  Executed on April 9, 2026, at San Francisco, California.

*/s/ Jeff Nardinelli*
Jeff Nardinelli

DEFENDANTS' AMENDED PROPOSED TERMS FOR CONSTRUCTION AND PRELIMINARY CLAIM CONSTRUCTIONS