Amy H. Candido (CA SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (CA SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (CA SBN 179702)
smichelman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

*Counsel for Defendants Orion Longevity Inc.
and Blue Fuzion Group Ltd.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| EIGHT SLEEP INC.,<br><br>Plaintiff,<br><br>v.<br><br>ORION LONGEVITY INC., and BLUE FUZION GROUP LTD.<br><br>Defendants. | Case No. 2:26-cv-02460-SB-KS<br><br>**DEFENDANT ORION LONGEVITY INC.'S ANSWER AND COUNTERCLAIMS**<br><br>Hon. Stanley Blumenfeld, Jr. |

Defendant Orion Longevity Inc. ("Orion"), by and through its undersigned counsel, hereby answers the First Amended Complaint (the "FAC") for Patent Infringement and False Advertising filed by Plaintiff Eight Sleep Inc. ("Eight Sleep") on April 15, 2026 and asserts its Affirmative Defenses and Counterclaims as follows. All allegations not expressly admitted herein are denied by Orion.

## **NATURE OF THE ACTION**

1. Orion lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 1 and therefore denies them. The remainder of Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, denied.

2. Orion lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and therefore denies them.

3. Orion lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 and therefore denies them.

4. Orion lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 and therefore denies them.

5. Orion admits it has purchased Eight Sleep products. Orion admits it took advance orders and payment for its sleep system. Orion admits that it subsequently explained to this Court in sworn submissions that its sleep system was "incomplete" and "under development" at that time. Otherwise, denied.

6. Orion admits that it promoted a "5-stage sleep tracker," stated that its product could cool as low as 50°F and heat as high as 115°F and offered testimonials. Otherwise, denied.

7. Denied.

8. Orion admits that BFG provides Orion with overseas consulting services. Otherwise, denied.

9. Denied.

10.  Orion admits that Eight Sleep purports to assert the claims identified in Paragraph 10. Otherwise, denied.

## THE PARTIES

11.  Orion lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore denies them.

12.  Admitted.

13.  Orion lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 and therefore denies them.

14.  Paragraph 14 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

## JURISDICTION, VENUE, AND JOINDER

15.  Orion incorporates by reference its responses to each of the preceding paragraphs as if fully set forth herein.

16.  Orion admits, for purposes of this action only, that this Court has subject matter jurisdiction over the federal claims asserted in the FAC.

17.  The allegations of supplemental jurisdiction are moot because the FAC asserts no state-law claims, which have been dismissed.  To the extent a response is required, denied.

18.  Orion admits, for purposes of this action only, that this Court has personal jurisdiction over Orion.  Otherwise, denied.

19.  To the extent Paragraph 19 does not contain allegations against Orion, no response is required.  To the extent any response is required, denied.

20.  Paragraph 20 does not contain allegations against Orion, and therefore no response is required.  To the extent any response is required, denied.

21.  Paragraph 21 does not contain allegations against Orion, and therefore no response is required.  To the extent any response is required, denied.

22. Orion admits, for purposes of this action only, that venue is proper in this District and that it has a regular and established place of business at 621 23rd Street, Santa Monica, CA 90402. Otherwise, denied.

23. Paragraph 23 does not contain allegations against Orion, and therefore no response is required. To the extent any response is required, denied.

24. Paragraph 24 contains legal conclusions to which no response is required, as well as allegations directed solely at BFG, to which no response is required. To the extent any response is required, denied.

## THE ASSERTED PATENTS

25. Orion admits that what purports to be a copy of U.S. Patent No. 12,370,339 is attached as Exhibit 1 to the Complaint and that, on its face, the '339 Patent is entitled "Methods and Systems for Gathering and Analyzing Human Biological Signals" and bears an issuing date of July 29, 2025. Otherwise, denied.

26. Orion admits that what purports to be a copy of U.S. Patent No. 12,377,240 is attached as Exhibit 2 to the Complaint and that, on its face, the '240 Patent is entitled "Methods and Systems for Gathering and Analyzing Human Biological Signals" and bears an issuing date of August 5, 2025. Otherwise, denied.

## EIGHT SLEEP'S PRODUCTS

27. Orion lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and therefore denies them.

28. Orion lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 and therefore denies them.

29. Denied.

30. Orion lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore denies them.

31. Orion lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and therefore denies them.

32.    Orion lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and the footnote and therefore denies them.

33.    Orion lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and therefore denies them.

## ORION'S PRODUCTS AND ACTIVITIES

34.    Orion admits that it offers products that Plaintiff has accused of infringement, including a "Smart Cover" device, a "Control Tower" device, and an "Orion Intelligence" subscription service.  Orion admits that Paragraph 34 includes a reproduction of an image of the Control Tower on the left and the Smart Cover on the right.  To the extent the allegations in Paragraph 34 purport to characterize documents describing Orion's products, Orion respectfully refers Plaintiff to those documents for their full content and context.  Otherwise, denied.

35.    To the extent the allegations in Paragraph 35 purport to characterize Orion's website, Orion respectfully refers Plaintiff to its website as the best source of its full content and context.  Otherwise, denied.

36.    To the extent the allegations in Paragraph 36 purport to characterize one or more documents describing Orion's products, Orion respectfully refers Plaintiff to those documents for their full content and context.  Otherwise, denied.

37.    To the extent the allegations in Paragraph 37 purport to characterize one or more documents describing Orion's products, Orion respectfully refers Plaintiff to those documents for their full content and context.  Otherwise, denied.

38.    To the extent the allegations in Paragraph 38 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context.  Otherwise, denied.

DEFENDANT ORION LONGEVITY INC.'S ANSWER AND COUNTERCLAIMS

39. To the extent the allegations in Paragraph 39 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context. Otherwise, denied.

40. To the extent the allegations of Paragraph 40 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context. Otherwise, denied.

41. Paragraph 41 does not contain allegations against Orion, and therefore no response is required. To the extent any response is required, Orion admits that BFG provides overseas consulting services to Orion. Otherwise, denied.

42. Paragraph 42 does not contain allegations against Orion, and therefore no response is required. To the extent any response is required, denied.

43. Paragraph 43 does not contain allegations against Orion, and therefore no response is required. To the extent any response is required, denied.

44. Paragraph 44 does not contain allegations against Orion, and therefore no response is required. To the extent any response is required, denied.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent any response is required, denied.

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent any response is required, Orion admits that the original complaint in *Eight Sleep I* was filed on October 9, 2025, and served on October 20, 2025. Otherwise, denied.

**ORION'S ADVERTISING AND COMPETITIVE ACTIVITIES**

47. To the extent the allegations in Paragraph 47 purport to incorporate characterizations of one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context. To the extent any further response is required, denied.

48. Paragraph 48 contains legal conclusions to which no response is required. To the extent the allegations in Paragraph 48 purport to characterize one

DEFENDANT ORION LONGEVITY INC.'S ANSWER AND COUNTERCLAIMS

or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context. To the extent any further response is required, denied.

49. Paragraph 49 contains legal conclusions to which no response is required. Orion lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 relating to the Eight Sleep Pod. To the extent the allegations in Paragraph 49 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context. To the extent any further response is required, denied.

50. Paragraph 50 contains legal conclusions to which no response is required. Orion lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 relating to the Eight Sleep Pod. To the extent the allegations in Paragraph 50 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context. To the extent any further response is required, denied.

51. Paragraph 51 contains legal conclusions to which no response is required. Orion lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 relating to tests conducted by Eight Sleep. To the extent the allegations in Paragraph 51 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context. To the extent any further response is required, denied.

52. Paragraph 52 contains legal conclusions to which no response is required. To the extent the allegations in Paragraph 52 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context. To the extent any further response is required, denied.

53. Paragraph 53 contains legal conclusions to which no response is required. To the extent the allegations in Paragraph 53 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context. To the extent any further response is required, denied.

DEFENDANT ORION LONGEVITY INC.'S ANSWER AND COUNTERCLAIMS

54. Paragraph 54 contains legal conclusions to which no response is required. To the extent the allegations in Paragraph 54 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context. To the extent any further response is required, denied.

55. Paragraph 55 contains legal conclusions to which no response is required. To the extent the allegations in Paragraph 55 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context. To the extent any further response is required, Orion admits that Mr. Gestetner promotes Orion's products on Reddit. Otherwise, denied.

56. Paragraph 56 contains legal conclusions to which no response is required. To the extent the allegations in Paragraph 56 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context. To the extent any further response is required, denied.

57. To the extent the allegations in Paragraph 57 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context. Otherwise, denied.

58. Paragraph 58 contains legal conclusions to which no response is required. To the extent the allegations in Paragraph 58 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context. To the extent any further response is required, denied.

59. Paragraph 59 contains legal conclusions to which no response is required. To the extent the allegations in Paragraph 59 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context. To the extent any further response is required, denied.

60. To the extent the allegations in Paragraph 60 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context. Otherwise, denied.

DEFENDANT ORION LONGEVITY INC.'S ANSWER AND COUNTERCLAIMS

61.    Paragraph 61 contains legal conclusions to which no response is required.  To the extent the allegations in Paragraph 61 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context.  To the extent any further response is required, denied.

62.    Paragraph 62 contains legal conclusions to which no response is required.  To the extent the allegations in Paragraph 62 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context.  To the extent any further response is required, denied.

63.    To the extent the allegations in Paragraph 63 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context.  Otherwise, denied.

64.    Paragraph 64 contains legal conclusions to which no response is required.  To the extent the allegations in Paragraph 64 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context.  To the extent any further response is required, denied.

65.    Denied.

66.    To the extent the allegations in Paragraph 66 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context.  Otherwise, denied.

67.    Paragraph 67 contains legal conclusions to which no response is required.  To the extent the allegations in Paragraph 67 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context.  To the extent any further response is required, denied.

68.    Paragraph 68 contains legal conclusions to which no response is required.  To the extent the allegations in Paragraph 68 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context.  To the extent any further response is required, denied.

DEFENDANT ORION LONGEVITY INC.'S ANSWER AND COUNTERCLAIMS

69. Paragraph 69 contains legal conclusions to which no response is required. To the extent the allegations in Paragraph 69 purport to characterize one or more documents, Orion respectfully refers Plaintiff to those documents for their full content and context. To the extent any further response is required, denied.

70. Paragraph 70 contains legal conclusions to which no response is required. To the extent any further response is required, denied.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 12,370,339

71. Orion reasserts and incorporates its responses to the preceding paragraphs.

72. Denied.

73. Orion admits that this paragraph purports to excerpt Claim 1 of the '339 Patent. Otherwise, denied.

74. Orion admits that this paragraph purports to excerpt Claim 29 of the '339 Patent. Otherwise, denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Paragraph 84 does not contain allegations against Orion, and therefore no response is required. To the extent any response is required, denied.

85. Orion admits that it publishes specifications, support materials, marketing materials and user guide manuals for its products and Orion respectfully

refers Plaintiff to those documents for their full content and context. Otherwise, denied.

86. Denied.

87. Paragraph 87 does not contain allegations against Orion, and therefore no response is required. To the extent any response is required, denied.

88. Orion admits that the original complaint in *Eight Sleep I* was filed on October 9, 2025. Otherwise, denied.

89. Denied.

90. Denied.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 12,377,240

91. Orion reasserts and incorporates its responses to the preceding paragraphs.

92. Denied.

93. Orion admits that Paragraph 93 purports to excerpt from Claim 1 of the '240 Patent. Otherwise, denied.

94. Orion admits that Paragraph 94 purports to excerpt from Claim 29 of the '240 Patent. Otherwise, denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Paragraph 101 does not contain allegations against Orion, and therefore no response is required. To the extent any response is required, denied.

102. Orion admits that it publishes specifications, support materials, marketing materials and user guide manuals for its products and Orion respectfully

refers Plaintiff to those documents for their full content and context.  Otherwise, denied.

103.  Denied.

104.  Paragraph 104 does not contain allegations against Orion, and therefore no response is required.  To the extent any response is required, denied.

105.  Orion admits that the original complaint in *Eight Sleep I* was filed on October 9, 2025.  Otherwise, denied.

106.  Denied.

107.  Denied.

## COUNT III: FALSE ADVERTISING (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

108.  Orion reasserts and incorporates its responses to the preceding paragraphs.

109.  Denied.

110.  Denied.

111.  Denied.

112.  Denied.

113.  Denied.

114.  Denied.

115.  Denied.

116.  Denied.

## RESPONSE TO PRAYER FOR RELIEF

Orion denies that Eight Sleep is entitled to any relief whatsoever, including all relief requested in subparagraphs A through O of the Prayer for Relief, or to any other relief whatsoever, whether at law or in equity.  To the extent any statement in the Prayer for Relief is deemed factual, it is denied.  Orion specifically denies that Eight Sleep is entitled to any judgment, declaration, finding, injunction, damages (including actual, compensatory, statutory, enhanced, treble, exemplary, or

punitive damages), unjust enrichment, disgorgement of profits, restitution, prejudgment or post-judgment interest, attorneys' fees, costs, or any other relief of any kind whatsoever.

## DEMAND FOR JURY TRIAL

Admitted that Eight Sleep has demanded a jury trial. Otherwise, denied.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or suggesting that Orion bears any burden of proof, persuasion, or production not otherwise legally assigned to it, and reserving the right to assert additional affirmative and other defenses as further information becomes available through discovery or otherwise, Orion asserts the following affirmative and other defenses:

## FIRST DEFENSE

### (Non-Infringement)

Orion does not infringe and has not infringed, directly, indirectly, contributorily, by inducement, willfully, jointly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '339 Patent or the '240 Patent (collectively, the "Asserted Patents").

## SECOND DEFENSE

### (Invalidity)

The claims of the Asserted Patents are invalid and unenforceable, including but not limited to under 35 U.S.C. §101 because the claims are directed to abstract ideas or other non-statutory subject matter; under 35 U.S.C. §§ 102-103 because the claims are anticipated by prior art and/or would have been obvious to a person of ordinary skill in the art; and/or under 35 U.S.C. § 112, including lack of written description, lack of enablement, and indefiniteness.

## THIRD DEFENSE

### (Failure to State a Claim)

The FAC, in whole or in part, fails to state a claim upon which relief may be granted.

## FOURTH DEFENSE

### (Prosecution History Estoppel)

By reason of statements, disclaimers, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicants during the prosecution of the patent applications that led to the issuance of the Asserted Patents, Eight Sleep's claims of patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel.

## FIFTH DEFENSE

### (Estoppel, Laches, Disclaimer, and Waiver)

Eight Sleep's claims are barred, in whole or in part, by the doctrines of estoppel, laches, disclaimer, and/or waiver.

## SIXTH DEFENSE

### (Limitations on Patent Damages)

Eight Sleep's claims for damages, if any, against Orion for alleged infringement of the Asserted Patents are limited by 35 U.S.C. §§ 286, 287, 288 and/or by 28 U.S.C. § 1498.

## SEVENTH DEFENSE

### (No Irreparable Harm)

Eight Sleep is not entitled to any form of injunctive relief because Eight Sleep has not suffered and will not suffer irreparable harm due to Orion's alleged infringement and/or alleged violations of the Lanham Act, and Eight Sleep has an adequate remedy at law.

## EIGHTH DEFENSE

### (Unclean Hands)

Eight Sleep's claims are barred by the doctrine of unclean hands, including based on Eight Sleep's own false statements to consumers about Eight Sleep's products.

## NINTH DEFENSE

### (No Damages)

Eight Sleep's claims are barred in whole or in part because it has not been damaged or harmed by any purported conduct by Orion.

## TENTH DEFENSE

### (Lack of Standing)

Eight Sleep lacks standing under the Lanham Act because it has not been damaged or harmed by any purported conduct by Orion and/or otherwise met the requirements for standing.

## ELEVENTH DEFENSE

### (Not Commercial Advertising or Promotion)

Eight Sleep's Lanham Act claims are barred in whole or in part because the challenged statements were not made "in commercial advertising or promotion," as required by 15 U.S.C. § 1125(a).

## TWELFTH DEFENSE

### (Not In Commerce)

Eight Sleep's Lanham Act claims are barred in whole or in part because the challenged statements were not used "in commerce," as required by 15 U.S.C. § 1125(a).

### THIRTEENTH DEFENSE

#### (Literal Truth or Ambiguous)

Eight Sleep's Lanham Act claims are barred in whole or in part because the challenged statements are literally true, or at minimum ambiguous and therefore not actionable as "false" statements of fact under 15 U.S.C. § 1125(a).

### FOURTEENTH DEFENSE

#### (Nonactionable Puffery or Opinion)

Eight Sleep's Lanham Act claims are barred in whole or in part because the challenged statements are nonactionable puffery or opinion, not verifiable statements of fact.

### FIFTEENTH DEFENSE

#### (Not False or Misleading)

Eight Sleep's Lanham Act claims are barred in whole or in part because the challenged statements are not false, and they are not likely to mislead a substantial portion of the intended audience.

### SIXTEENTH DEFENSE

#### (Not Material)

Eight Sleep's Lanham Act claims are barred in whole or in part because any alleged misstatement was not material—i.e., not likely to influence purchasing decisions.

### SEVENTEENTH DEFENSE

#### (No Lanham Act Damages)

Eight Sleep's claims for damages under the Lanham Act are barred in whole or in part at least because Eight Sleep's alleged damages were not proximately caused by the challenged statements.

## RESERVATION OF ADDITIONAL DEFENSES

Orion expressly reserves the right to raise and allege additional defenses pursuant to Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, the Lanham Act, and any other defenses available at law or in equity, that may exist or in the future may be available based on further investigation and discovery or that Orion has any right by law to assert.

## DEMAND FOR JURY TRIAL

Orion respectfully requests a jury trial on all issues so triable by right.

## REQUEST FOR RELIEF

WHEREFORE, Orion respectfully requests that the Court enter judgment in its favor and against Eight Sleep as follows:

      A.    Dismissing, with prejudice, Eight Sleep's claims against Orion;

      B.    Denying all relief that Eight Sleep seeks in the Complaint;

      C.    Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Orion its costs and attorneys' fees; and

      D.    Awarding any other relief the Court deems just and equitable.

## COUNTERCLAIMS

1. In accordance with Rule 13 of the Federal Rules of Civil Procedure, Counterclaim-Plaintiff Orion Longevity Inc. ("Orion"), hereby alleges and asserts the following Counterclaims against Counterclaim-Defendant Eight Sleep Inc. ("Eight Sleep"):

## THE PARTIES

2. Counterclaim-Plaintiff Orion is a Delaware corporation with its principal place of business in Santa Monica, California.

3. On information and belief, Counterclaim-Defendant Eight Sleep is a Delaware corporation with its principal place of business at 915 Broadway, Suite 1301, New York, New York.

## JURISDICTION AND VENUE

4.      These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et. seq*., the Lanham Act § 43(a), 15 U.S.C. § 1125(a), and the laws of the State of California, including but not limited to California Business & Professions Code § 17200.

5.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202.  This Court has supplemental jurisdiction over Orion's claims arising under the laws of California, pursuant to 28 U.S.C. § 1367, because Orion's state-law claims are so related to Orion's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.      This Court has personal jurisdiction over Eight Sleep because, among other reasons, Eight Sleep has consented to the jurisdiction of this Court by filing its Complaint in this District.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because, among other reasons, Eight Sleep has filed its Complaint in this District, and a substantial part of the events giving rise to these Counterclaims occurred or may occur in this District.

8.      An actual, substantial, and continuing justiciable controversy exists between Orion and Eight Sleep regarding the alleged infringement, validity, and/or enforceability of the '339 Patent and the '240 Patent (collectively, the "Asserted Patents").  Eight Sleep accuses Orion of infringing the Asserted Patents.

## FACTUAL BACKGROUND

**Eight Sleep Files a Baseless Patent Suit That Mischaracterizes Its Claims**

9.      Orion is a new entrant in the smart sleep market focused on bringing a more affordable sleep system to more people.

DEFENDANT ORION LONGEVITY INC.'S ANSWER AND COUNTERCLAIMS

10.     Orion's Smart Sleep System was specifically designed to be a more affordable option in this space.  Orion's customers buy the Orion Sleep System because it is less expensive than other temperature-controlled bed systems, does not require any subscription, and because Orion offers attractive financing packages with high approval ratings.

11.     Eight Sleep, a longtime incumbent in the market, is using this lawsuit to harass Orion.  Eight Sleep filed its first patent infringement lawsuit, *Eight Sleep Inc. v. Orion Longevity Inc.*, Case No. 2:25-CV-09685-SB-RAO (C.D. Cal.) ("*Eight Sleep I*"), against Orion on October 9, 2025, only one day after Orion launched its website, which speaks to Eight Sleep's anti-competitive motive and its lack of diligence in assessing whether its patent claims had any merit.  Eight Sleep's Asserted Patents cover nothing more than an undeveloped conceptual idea, and Eight Sleep cannot show that Orion infringes any valid asserted claim.

12.     Eight Sleep's FAC is worded carefully to inject false credibility into Eight Sleep's allegations.  For example, the second paragraph of the FAC attempts to associate the Asserted Patents with "millions of dollars" of research into "millions of hours of sleep data."  In fact, the Asserted Patents were filed on June 5, 2015, years before that investment.

13.     As of June 5, 2015, Eight Sleep (then called Luna) had not yet shipped its first product.  When Eight Sleep later shipped its first product, that product had minimal features, did not have any cooling function, and could not effectively gather biological signals.

14.     Indeed, Eight Sleep's original product required a complete hardware redesign in 2016 before it was capable of effectively gathering biological signals from the user.  Conspicuously, Eight Sleep's FAC says ***nothing*** about this product.  And worse, the FAC gives the misleading impression that it possessed the functionalities of its current product, the Pod, since it filed the Asserted Patents when it did not.

DEFENDANT ORION LONGEVITY INC.'S ANSWER AND COUNTERCLAIMS

**Eight Sleep Embarks on a Prolonged Campaign of Business Interference**

15.     Eight Sleep's meritless lawsuit is but one prong of its months-long campaign of terror against Orion.  Eight Sleep has barraged Orion and its investors with letters threatening personal financial liability and sent another set of threatening letters to Orion's promotional partners.  It also bullied Orion's key overseas manufacturing partner and sent "spies" to the facility where it manufactured Orion's products.  Eight Sleep's egregious misconduct caused canceled contracts and severely disrupted Orion's business relationships.

16.     More specifically, Orion relies on an overseas entity to source components for and assemble Orion's products.  Eight Sleep learned of that relationship and set out to destroy it.  Eight Sleep's representatives contacted Orion's partner directly and demanded that it cease doing business with Orion, reinforcing those demands with a written cease-and-desist letter.  Eight Sleep did so with full knowledge of—indeed, because of—Orion's existing relationship with that partner and with the intention of disrupting the relationship.

17.     Eight Sleep compounded its interference by dispatching personnel to inspect the premises where Orion's products were manufactured.  Orion's partner referred to them as "Eight Sleep's spies" and rebuffed their efforts, but the attack further eroded Orion's business relationship with its partner.

18.     Eight Sleep's dishonest tactics achieved their purpose.  As a result of Eight Sleep's harassment, Orion's partner suspended its work, requiring Orion to source replacement suppliers and a new manufacturing facility.

19.     Eight Sleep's interference was not limited to Orion's manufacturing partners.  Eight Sleep identified influencers and promotional partners who had existing or prospective business relationships with Orion and sent them threatening communications.  As a direct result of those communications, an influencer marketing agency with which Orion had a completed contract cancelled its arrangement and ceased doing business with Orion altogether.  At least one

19                          No. 2:26-cv-02460-SB-KS

DEFENDANT ORION LONGEVITY INC.'S ANSWER AND COUNTERCLAIMS

individual influencer engaged by Orion, after receiving one such letter from Eight Sleep, removed and deleted promotional content for which Orion had already paid. Eight Sleep sent these communications with knowledge of Orion's relationships with these promotional partners and with the intent of disrupting them.

**Eight Sleep Engages in False and Misleading Advertising**

20.     Eight Sleep is also engaged in a sustained campaign of false and misleading advertising about its own products.  For example, Eight Sleep prominently markets the Pod 5 ("Pod") as a product that "tracks your sleep then adjusts automatically," but those AI-driven features are not included with the Pod 5 and are, in fact, available only with a separately priced, monthly "Autopilot" subscription.  Eight Sleep bundles a mandatory first-year subscription into the purchase price; but once that period ends, the advertised features disappear.  Eight Sleep falsely advertises that "[t]he Pod cools, heats, and tracks your sleep, then adjusts automatically so you don't have to," and fails to inform customers that the sleep tracking and temperature adjustment features are only included with the "Autopilot" subscription.  Reviews on Eight Sleep's own website confirm that consumers feel deceived by the diminished functionality actually delivered with the hardware.

21.     Eight Sleep's other principal advertising claims suffer from similar defects. Eight Sleep prominently and misleadingly advertises a "5-year warranty," but that is only included with the purchase of one of Eight Sleep's higher-tier subscriptions.  The Pod itself carries only a two-year limited warranty.

22.     Eight Sleep's temperature-performance claims—that the Pod "cools to 55°F" and "heats to 110°F"—are misleading according to Eight Sleep itself, who alleges in this lawsuit that such results are *impossible* based on Eight Sleep's own January 2026 testing and by asserting that Orion's product is modeled off of Eight Sleep's product. *See* FAC ¶ 51.

23. Eight Sleep's quantified performance claims—including "up to 34% increase in deep sleep," "fall asleep up to 20% faster," and "save up to $20/month on your energy bills"—are unsubstantiated and convey that its customers will experience those performance, health, and economic benefits without evidence that all or substantially all of its customers will receive those benefits.

24. Eight Sleep further claims that its Autopilot Elite subscription will "help [users] live longer," a claim it cannot substantiate and that cannot be confirmed.

25. In or around December 2025, Eight Sleep added language to its website falsely claiming that the Pod 5 tracks "all-over skin temperature." No Eight Sleep product on the market measures all-over skin temperature. Despite removing the claim from its website—confirming that the claim was baseless in the first place—it continues to disseminate the same false and misleading representation through its social media channels.

26. Eight Sleep further deceives consumers through endorsements that appear to come from actual users of its product sharing their personal experience with the product and conceal material commercial relationships. On Eight Sleep's "Wall of Love" feature and across social media and purportedly independent third-party comparison sites, Eight Sleep presents testimonials and endorsements as the views of real and neutral consumers when, on information and belief, the endorsers are not real users of the product sharing their actual experience with the product, or have received compensation from Eight Sleep for their post. On information and belief, Eight Sleep has also created fake accounts that are not real people, and authors social media posts promoting Eight Sleep from such fake accounts. Through these and similar actions, Eight Sleep creates the false impression that it has actual or independent users of its product sharing their personal experience and providing an arms-length endorsements rather than posting paid promotional content.

27. Each of these representations was made by Eight Sleep in commercial advertising and promotion disseminated in interstate commerce, concerns inherent qualities of the product—its features, performance, warranty, and the credibility of its endorsements—and is material to a reasonable consumer's purchasing decision. Orion competes directly with Eight Sleep and has been injured by Eight Sleep's false and misleading advertising through lost sales, diverted customers, other competitive expenditures, and harm to its commercial reputation and goodwill.

## FIRST COUNTERCLAIM

### (Declaration of Non-Infringement of the '339 Patent)

28. Orion incorporates by reference each of the foregoing paragraphs of its Counterclaims as if fully set forth herein.

29. Eight Sleep claims to be the owner of all right, title, and interest in U.S. Patent No. 12,370,339, titled "Methods and Systems for Gathering and Analyzing Human Biological Signals" (the "'339 Patent").

30. In its First Amended Complaint, Eight Sleep alleges that Orion infringes the '339 Patent. Orion denies those allegations.

31. An actual, continuing, and justiciable controversy exists between Orion and Eight Sleep as to Orion's non-infringement of all claims of the '339 Patent. Absent a declaration of non-infringement, Eight Sleep will continue to wrongfully assert the '339 Patent against Orion and will continue to cause Orion injury and damage.

32. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Orion requests a judicial determination and declaration that Orion does not infringe and has not infringed, contributed to the infringement of, or induced infringement of any claim of the '339 Patent, either literally or under the doctrine of equivalents, willfully, or in any other manner.

DEFENDANT ORION LONGEVITY INC.'S ANSWER AND COUNTERCLAIMS

## SECOND COUNTERCLAIM

### (Declaration of Non-Infringement of the '240 Patent)

33.   Orion incorporates by reference each of the foregoing paragraphs of its Counterclaims as if fully set forth herein.

34.   Eight Sleep claims to be the owner of all right, title, and interest in U.S. Patent No. 12,377,240, titled "Methods and Systems for Gathering and Analyzing Human Biological Signals" (the "'240 Patent").

35.   In its First Amended Complaint, Eight Sleep alleges that Orion infringes the '240 Patent.  Orion denies those allegations.

36.   An actual, continuing, and justiciable controversy exists between Orion and Eight Sleep as to Orion's non-infringement of all claims of the '240 Patent. Absent a declaration of non-infringement, Eight Sleep will continue to wrongfully assert the '240 Patent against Orion and will continue to cause Orion injury and damage.

37.   Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Orion requests a judicial determination and declaration that Orion does not infringe and has not infringed, contributed to the infringement of, or induced infringement of any claim of the '240 Patent, either literally or under the doctrine of equivalents, willfully, or in any other manner.

## THIRD COUNTERCLAIM

### (Declaration of Invalidity and Unenforceability of the '339 Patent)

38.   Orion incorporates by reference each of the foregoing paragraphs of its Counterclaims as if fully set forth herein.

39.   Due to Eight Sleep's filing of the Complaint, an actual controversy exists between Orion and Eight Sleep as to the validity and enforceability of the '339 Patent.

40. The claims of the '339 Patent are invalid and/or unenforceable, in whole or in part, for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

41. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2202 *et seq.*, Orion requests a judicial determination and declaration that the claims of the '339 Patent are invalid and unenforceable.

## FOURTH COUNTERCLAIM

### (Declaration of Invalidity and Unenforceability of the '240 Patent)

42. Orion incorporates by reference each of the foregoing paragraphs of its Counterclaims as if fully set forth herein.

43. Due to Eight Sleep's filing of the Complaint, an actual controversy exists between Orion and Eight Sleep as to the validity and enforceability of the '240 Patent.

44. The claims of the '240 Patent are invalid and/or unenforceable, in whole or in part, for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

45. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2202 *et seq.*, Orion requests a judicial determination and declaration that the claims of the '240 Patent are invalid and unenforceable.

## FIFTH COUNTERCLAIM

### (Intentional Interference with Contractual Relations)

46. Orion incorporates by reference each of the foregoing paragraphs of its Counterclaims as if fully set forth herein.

47. At all relevant times, Orion had valid and existing contractual relationships with third parties including (a) its overseas manufacturing partner (b) an influencer marketing agency with whom Orion had a completed contract for promotional services, and (c) its relationships with individual influencers and other

promotional partners through whom Orion expected to continue marketing its products.

48.    Eight Sleep had knowledge of each of these contractual relationships, as evidenced by Eight Sleep's targeted efforts to destroy them.

49.    Eight Sleep engaged in intentional acts designed to induce a breach and/or severe disruption of these contractual relationships.  Eight Sleep sent a cease-and-desist letter demanding that Orion's overseas manufacturer stop doing business with Orion and dispatched "spies" to further disrupt operations.  Eight Sleep also separately sent letters with baseless threats directly to Orion's promotional partners.

50.    Eight Sleep's conduct caused actual breach and/or severe disruption of each of those contractual relationships.  Orion's manufacturing partner suspended performance of its contractual obligations to Orion in response to Eight Sleep's cease-and-desist letter.  The marketing agency and at least one individual promotional partner ceased doing business with Orion entirely.

51.    As a direct and proximate result of Eight Sleep's conduct, Orion has suffered substantial damages, including but not limited to: lost build time and lost sales; the increased cost of sourcing replacement components and air-shipping components to meet build schedules; the costs of identifying and qualifying replacement suppliers and a replacement manufacturing facility; capital expenditures, contractor and employee time, and international travel associated with relocating production; the lost value of canceled promotional contracts; the cost of identifying and onboarding a replacement promotional agency; and the loss of paid-for promotional content.  Orion is entitled to recover its compensatory damages in an amount to be proven at trial, together with punitive damages based on the fact that Eight Sleep's conduct was willful, malicious, and undertaken in conscious disregard of Orion's rights.

## SIXTH COUNTERCLAIM

### (Intentional Interference with Prospective Economic Advantage)

52.     Orion incorporates by reference each of the foregoing paragraphs of its Counterclaims as if fully set forth herein.

53.     Orion had existing and prospective economic relationships with third parties that carried the probability of future economic benefit to Orion, including (a) its ongoing relationship with its overseas manufacturer; (b) its relationship with an influencer marketing agency; and (c) its relationships with individual influencers and other promotional partners through whom Orion expected to continue marketing its products.

54.     Eight Sleep had knowledge of these economic relationships, as set forth in detail above.

55.     Eight Sleep engaged in intentional acts designed to disrupt those relationships, including by sending baseless cease-and-desist communications.

56.     Eight Sleep's conduct caused actual disruption of those economic relationships, including the cancellation of Orion's relationship with the influencer marketing agency; the loss of paid-for promotional content from individual influencers; and the loss of the ordinary-course economic benefits Orion would have derived from its continuing relationship with its overseas manufacturing partner.

57.     As a direct and proximate result of Eight Sleep's conduct, Orion has suffered economic harm in an amount to be proven at trial, together with punitive damages based on the fact that Eight Sleep's conduct was willful, malicious, and undertaken in conscious disregard of Orion's rights.

## SEVENTH COUNTERCLAIM

### (False Advertising—Lanham Act § 43(a), 15 U.S.C. § 1125(a))

58.     Orion incorporates by reference each of the foregoing paragraphs of its Counterclaims as if fully set forth herein.

59.     Eight Sleep has been and is engaged in making and disseminating in interstate commerce and in this District advertisements that contain false and/or misleading statements of fact regarding the Pod and related Eight Sleep products and services.  Eight Sleep's false and/or misleading statements are detailed above.

60.     Upon information and belief, these false statements actually deceive, or have a tendency to deceive, a substantial segment of Orion's customers and potential customers.

61.     Eight Sleep's false and misleading advertising statements and omissions injure both consumers and Orion.

62.     These statements violate the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

63.     Eight Sleep has caused, and will continue to cause, immediate and irreparable injury to Orion, including but not limited to injury to its business, reputation, and goodwill for which there is no adequate remedy at law.  As such, Orion is entitled to an injunction under 15 U.S.C. § 1116 restraining Eight Sleep from engaging in further such acts and forbidding Eight Sleep from advertising the Pod as containing features, warranty coverage, or independent endorsements that the Pod does not in fact have and from making other false statements in connection with the product.

64.     Pursuant to 15 U.S.C. § 1117, Orion is entitled to recover from Eight Sleep the damages sustained by Orion as a result of Eight Sleep's acts in violation of Lanham Act § 43(a), including Orion's lost sales and lost profits associated with sales made by Eight Sleep that would otherwise have gone to Orion.

65.     Pursuant to 15 U.S.C. § 1117, Orion is further entitled to recover from Eight Sleep the gains, profits, and advantages that Eight Sleep has obtained as a result of its acts.

66.     Pursuant to 15 U.S.C. § 1117, Orion is further entitled to recover the costs of this action.  Moreover, Orion is informed and believes, and on that basis

alleges, that Eight Sleep's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Orion to recover additional damages and reasonable attorneys' fees.

67. Moreover, this Court has already held that the Lanham Act "presumes injury from false advertisements in claims against direct competitors." Dkt. 69 (Order) at 12.

## EIGHTH COUNTERCLAIM

### (Unfair Competition—California Business and Professions Code § 17200)

68. Orion incorporates by reference each of the foregoing paragraphs of its Counterclaims as if fully set forth herein.

69. As described above, Eight Sleep is engaged in "unlawful, unfair or fraudulent business practices" in violation of §§ 17200, *et seq.*, of the California Business & Professions Code and common law unfair competition.

70. Eight Sleep's conduct is unlawful because it constitutes, among other things, intentional interference with contractual relations and intentional interference with prospective economic advantage.

71. As a direct and proximate result of Eight Sleep's unfair competition, Orion has suffered injury in fact and lost money or property and is therefore entitled to restitution, injunctive relief, and any other relief available by law.

## PRAYER FOR RELIEF

WHEREFORE, Orion respectfully prays for the following relief:

A. That the Court dismiss Eight Sleep's claims in the FAC with prejudice and enter judgment on the FAC in favor of Orion and against Eight Sleep;

B. A declaration that Orion has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '339 Patent;

C. A declaration that Orion has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '240 Patent;

D. A declaration that the claims of the '339 Patent are invalid and unenforceable;

E. A declaration that the claims of the '240 Patent are invalid and unenforceable;

F. Compensatory and punitive damages in an amount to be proven at trial;

G. Restitution under California Business & Professions Code § 17200 in an amount to be proven at trial;

H. Permanent injunctive relief prohibiting Eight Sleep from engaging in false or misleading advertising and/or violating the Lanham Act § 43(a), which relief includes but is not limited to removal of all false or misleading advertisements and corrective advertising to remedy the effects of Eight Sleep's false advertising;

I. An order requiring Eight Sleep to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of Eight Sleep's products, including, without limitation, the placement of corrective advertising and providing written notice to the public;

J. That Eight Sleep be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Orion by using false, deceptive or misleading statements of fact that misrepresent the nature, quality and characteristics of Eight Sleep's products;

K. That Eight Sleep be adjudged to have unlawfully and unfairly competed against Orion under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, *et seq.*;

L. That treble damages be awarded to Orion as a result of Eight Sleep's willful, intentional and deliberate acts in violation of Lanham Act § 43(a);

M.     A declaration that this is an exceptional case under 35 U.S.C. § 285 and an award to Orion of its reasonable attorneys' fees, costs, and expenses incurred in this action;

N.     Costs and expenses incurred in connection with this action; and

O.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Orion hereby demands a trial by jury on all claims, defenses, and counterclaims so triable.

Dated: May 29, 2026

Respectfully submitted,

**SIMPSON THACHER & BARTLETT LLP**


By: */s/ Amy H. Candido*

Amy H. Candido (CA SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (CA SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (CA SBN 179702)
smichelman@mrllp.com
Aaron L. Plesset (CA SBN 352104)
aplesset@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

Mona Z. Hanna (CA SBN 131439)
mhanna@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Ave, 10th Floor
Irvine, California 92614
Phone: (714) 557-7990
Fax: (714) 557-7991


*Counsel for Defendants Orion Longevity
Inc. and Blue Fuzion Group Ltd.*

31                                    No. 2:26-cv-02460-SB-KS