Amy H. Candido (SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

*Counsel for Defendants Orion Longevity Inc.
and Blue Fuzion Group Ltd.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| EIGHT SLEEP INC., <br><br> Plaintiff, <br><br> v. <br><br> ORION LONGEVITY INC., and BLUE FUZION GROUP LTD. <br><br> Defendants. | Case No. 2:26-cv-02460-SB-KS <br><br> **DEFENDANT BLUE FUZION GROUP LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** <br><br> Hon. Stanley Blumenfeld, Jr. <br> Date: July 10, 2026 <br> Time: 8:30 a.m. <br> Courtroom: 6C |

## **NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT ON July 10, 2026 at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Stanley Blumenfeld, Jr., in Courtroom 6C of the United States District Court for the Central District of California, Western Division, located at 350 West First Street, Los Angeles, CA 90012, Defendant Blue Fuzion Group Ltd. ("BFG") will move and hereby moves to dismiss the First Amended Complaint (Dkt. No. 71) with prejudice under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Defendant BFG's Motion is based on this Notice of Motion and the Memorandum of Points and Authorities submitted herewith, the Declaration of Jeff Nardinelli filed concurrently herewith, all papers cited therein, the pleadings and other papers on file in this action, and any further papers, evidence, or argument as may be submitted to the Court in connection with this Motion.

This Motion is further made following the conference of counsel pursuant to L.R. 7-3, which took place via telephonic conference on May 22, 2026 and May 28, 2026.  Defendant BFG understands from these discussions that Plaintiff Eight Sleep Inc. opposes the relief requested herein.

Dated: May 29, 2026

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By: */s/*
_____
Amy H. Candido (CA SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
Aaron L. Plesset (SBN 352104)
aplesset@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

Mona Z. Hanna (SBN 131439)
mhanna@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Ave, 10th Floor
Irvine, California 92614
Phone: (714) 557-7990
Fax: (714) 557-7991

*Counsel for Defendants*
*Orion Longevity Inc. and Blue Fuzion*
*Group Ltd.*

Amy H. Candido (SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

*Counsel for Defendants Orion Longevity Inc.*
*and Blue Fuzion Group Ltd.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| EIGHT SLEEP INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>ORION LONGEVITY INC., and BLUE FUZION GROUP LTD.<br><br>            Defendants. | Case No. 2:26-cv-02460-SB-KS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BLUE FUZION GROUP LTD.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Hon. Stanley Blumenfeld, Jr.<br>Date: July 10, 2026<br>Time: 8:30 a.m.<br>Courtroom: 6C |

# TABLE OF CONTENTS

**Page**

**Introduction**..................................................................................................1

**Factual and Procedural Background**..........................................................2

**Legal Standards** ...........................................................................................3

**Argument**......................................................................................................4

I.      BFG IS NOT SUBJECT TO GENERAL OR SPECIFIC JURISDICTION HERE. ..............................................................4

     A.      BFG Is Not Subject To General Jurisdiction. ......................................4

     B.      BFG Is Not Subject To Specific Jurisdiction........................................4

          1.      BFG Has Not Placed Products Into Any Stream of Commerce. ..............................................................5

          2.      BFG Has Not Purposefully Availed Itself of Any Privileges or Benefits of California or Directed Any Activities Toward California. ......................................7

          3.      Exercising Specific Jurisdiction Over BFG Would Be Unreasonable. ..............................................................10

     C.      BFG Is Not Subject to Jurisdiction Under Rule 4(k)(2). ....................12

     D.      Eight Sleep's Infringement Contentions Add Nothing.......................13

II.     EIGHT SLEEP FAILS TO STATE A CLAIM FOR PATENT INFRINGEMENT AGAINST BFG. ............................................13

     A.      The FAC Contains No Well-Pleaded Facts Showing That BFG Makes, Offers to Sell, Sells, or Imports Any Orion Product Within or Into the United States. ...........................................13

     B.      The FAC Contains No Well-Pleaded Facts Showing That BFG Induces Infringement. ............................................15

III.    EIGHT SLEEP'S CLAIMS AGAINST BFG SHOULD BE DISMISSED WITH PREJUDICE. ..............................................15

**Conclusion** ................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3G Licensing S.A. v. Lenovo Grp. Ltd.*,
  2019 WL 3974539, (D. Del. Aug. 22, 2019) ........................................................ 6

*AMA Multimedia, LLC v. Wanat*,
  970 F.3d 1201 (9th Cir. 2020). ...................................................................... 4, 7

*Asahi Metal Industry Co. v. Superior Court*,
  480 U.S. 102 (1987) ............................................................................................ 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................ 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................... 4, 15

*Breckenridge Pharm., Inc. v. Metabolite Labs, Inc.*,
  444 F.3d 1356 (Fed. Cir. 2006) ......................................................................... 3

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) .......................................................................................... 11

*Carrico v. City and Cty. of San Francisco*,
  656 F.3d 1002 (9th Cir. 2011) ......................................................................... 16

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ............................................................................................ 4

*Doe v. Am. Nat'l Red Cross*,
  112 F.3d 1048 (9th Cir. 1997) ........................................................................... 8

*Hanson v. Denckla*,
  357 U.S. 235 (1958) .......................................................................................... 10

*Kachuck Enters. v. Mission Produce, Inc.*,
  2026 WL 216475 (C.D. Cal. Jan. 22, 2026) .................................................... 15

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F. 3d 988 (9th Cir. 2018) .......................................................................... 13

*Leadsinger, Inc. v. BMG Music Publ'g*,
  512 F.3d 522 (9th Cir. 2008) ........................................................................... 16

*Manville Sales Corp. v. Paramount Sys., Inc.*,
  917 F.2d 544 (Fed. Cir. 1990) ......................................................................... 15

MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,
  420 F.3d 1369 (Fed. Cir. 2005) ....................................................................... 14

*MG Freesites Ltd. v. DISH Techs. L.L.C.*,
   712 F. Supp. 3d 1318, 1324 (N.D. Cal. 2024)..................................................................3

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ......................................................................................3

*Pinkerton Tobacco Co., LP v. Art Factory AB*,
   2021 WL 4776349 (C.D. Cal. June 18, 2021).................................................................6

*PrimeSource Bldg. Prods., Inc. v. Phillips Screw Co.*,
   2008 WL 779906(N.D. Tex. Mar. 25, 2008).................................................................6, 7

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015) ......................................................................................3

*Saudi v. Northrop Grumman Corp.*,
   427 F.3d 271 (4th Cir. 2005) ......................................................................................12

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004). ....................................................................................3, 8

*Sitrick v. Freehand Sys., Inc.*,
   No. 02 C 1568, 2004 WL 2191491 (N.D. Ill. Sept. 27, 2004). ........................................9

*Skyworks Solutions, Inc. v. Kinetic Technologies HK Ltd.*,
   2015 WL 461920 (D. Mass. 2015). ...............................................................................9

*Sleep Inc. v. Orion Longevity Inc.*,
   Case No. 2:25-cv-09685-SB, Dkt. No. 38-3 (C.D. Cal. Dec. 10, 2025) ...............................2

*Stephen[s] v. St. Francis Med. Ctr.*,
   2018 WL 3655659 (C.D. Cal. June 22, 2018)................................................................16

*Synthes (U.S.A.) v. GM Dos Reis Jr. Ind. Com. de Equip. Medico*,
   563 F.3d 1285 (Fed. Cir. 2009) ..................................................................................12

*Touchcom, Inc. v. Bereskin & Parr*,
   574 F.3d 1403 (Fed. Cir. 2009) ..................................................................................12

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980).....................................................................................................5

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*,
   848 F.3d 1346 (Fed. Cir. 2017) ..................................................................................11

**Statutes and Rules**

35 U.S.C. § 271(b)............................................................................................................15

35 U.S.C. 271(a) ........................................................................................................13, 14

## **Introduction**

Plaintiff Eight Sleep Inc. ("Eight Sleep") asks this Court to do something the Constitution does not permit: haul a foreign consulting firm into a California federal courtroom for alleged patent infringement by a product it does not make, does not sell, and has never imported into the United States, based solely on work performed entirely overseas. Defendant Blue Fuzion Group Ltd. ("BFG") is a Hong Kong company with no employees, no offices, no assets, and no operations in this country. Its consulting work for Defendant Orion Longevity Inc. ("Orion") occurs exclusively abroad, and BFG plays no role whatsoever in Orion's U.S. commercial strategy.

These undisputed facts doom every theory for jurisdiction over BFG advanced by Eight Sleep. There is no general jurisdiction because BFG is at home only in Hong Kong. There is no specific jurisdiction because BFG has never placed a product into the U.S. stream of commerce, never purposefully availed itself of or directed activities at California, and never established the extensive nationwide contacts that Fed. R. Civ. P. 4(k)(2) demands. Moreover, the exercise of jurisdiction over BFG would be unreasonable under hornbook law because BFG has done nothing but provide consulting services to Orion entirely overseas.

Finally, even assuming arguendo there was jurisdiction, Eight Sleep cannot state a viable patent claim against BFG because the FAC contains no well-pleaded facts even suggesting that BFG "make[s], use[s], offer[s] to sell, or sell[s]" anything "within the United States" under 35 U.S.C. §271(a) or that it "import[s]" anything into this country under §§271(a) or (c). Eight Sleep's final fallback theory of induced infringement is equally deficient because its conclusory allegations of the required "specific intent" are likewise not supported by any well-pleaded facts.

BFG's Motion should be granted with prejudice because amendment would be futile.

## Factual and Procedural Background

BFG is a consulting company in Hong Kong. *See* Dkt. No. 71 (Eight Sleep's First Amended Complaint) ("FAC") ¶13; *see Sleep Inc. v. Orion Longevity Inc. (Eight Sleep I)*, Case No. 2:25-cv-09685-SB, Dkt. No. 38-3 ("McConnochie Decl."). BFG has no employees, no offices, and no facilities in the United States; it is not registered or licensed to conduct business in any state; and it has no assets located in the United States. McConnochie Decl. ¶8. With respect to its work relating to Orion, BFG's activities occur exclusively outside the United States. *Id.* BFG's business operations related to Orion are limited to consulting-type services. *Id.* ¶¶6, 9-12.

BFG is independently owned and operated. McConnochie Decl. ¶5. Orion does not own BFG, direct BFG's operations, manage BFG's personnel, or control BFG's finances, strategy, or business activities. *Id.* BFG does not design, manufacture, market, offer for sale or sell, import, ship, distribute, or advertise Orion products in or into the United States, including California. *Id.* ¶6. BFG does not target any customers in the United States. *Id.* ¶14. BFG has no involvement in Orion product launches, no authority over importation of Orion products into the United States, and no role in Orion's commercial strategy relating to the Orion Sleep System in the United States. *Id.* ¶15.

BFG moved to dismiss Eight Sleep's complaint (and first amended complaint) in *Eight Sleep I*, but the Court did not resolve that motion because the Court dismissed the entire action for lack of subject matter jurisdiction and instructed Eight Sleep to file a new complaint. *Eight Sleep I*, Dkt. No. 63. In this case, the Court denied without prejudice BFG's motion to dismiss Eight Sleep's original Complaint. Dkt. No. 69 at 4. The Court ordered that, "[i]f Plaintiff continues to assert its patent infringement claims against BFG, the Court expects the FAC to identify the infringing acts by BFG on which the claims are based" and warned that, "if Defendants move to dismiss the FAC for failure to state a claim, the Court does not

expect to grant further leave to amend to add allegations that could have been included in the FAC." *Id.* at 13-14.

Pursuant to Eight Sleep's jurisdictional discovery requests, BFG produced its entire set of corporate documents that relate to its work with Orion on April 24, 2026, totaling 1,414 documents and 3,692 total pages. Nardinelli Decl. ¶4. Eight Sleep did not seek to depose BFG or its Founder and Executive Director, Neil McConnochie.

## Legal Standards

Federal Circuit law governs personal jurisdiction in patent cases. *MG Freesites Ltd. v. DISH Techs. L.L.C.*, 712 F.Supp.3d 1318, 1324 (N.D. Cal. 2024). In the Federal Circuit, "personal jurisdiction over a nonresident defendant is proper if the forum state's long-arm statute permits jurisdiction and the assertion of jurisdiction does not violate due process." *Id.* California's long-arm statute is "coextensive with federal due process requirements." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).

To determine whether due process is satisfied, the Federal Circuit "employs a three-prong test, in which [courts] determine whether: (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Breckenridge Pharm., Inc. v. Metabolite Labs, Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006). Purposeful availment or purposeful direction exists only where a plaintiff demonstrates that (1) a defendant committed an intentional act, (2) expressly aimed at the forum state, and (3) causing harm the defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 803. The plaintiff bears the burden of demonstrating that personal jurisdiction exists by making "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (cleaned up). Where, as here, a defendant submits declarations contesting the factual basis for jurisdiction, the plaintiff "cannot simply

rest on the bare allegations of its complaint" but must come forward with competent evidence. *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020).

Separately, dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where a complaint fails to "state a claim upon which relief can be granted." In its complaint, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court need not credit "[t]hreadbare recitals of the elements of a cause of action" or "a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Argument

### I. BFG IS NOT SUBJECT TO GENERAL OR SPECIFIC JURISDICTION HERE.

#### A. BFG Is Not Subject To General Jurisdiction.

Eight Sleep did not advance a theory of general jurisdiction in its prior briefing on BFG's motion to dismiss in the predecessor action. *See generally Eight Sleep I*, Dkt. No. 25 (Dec. 16, 2025). Notwithstanding that, it is unclear whether Eight Sleep plans to assert that BFG is subject to general personal jurisdiction because, during the meet and confer on this Motion, counsel for Eight Sleep said they were unable to state their position on this issue. Nardinelli Decl. ¶7.

There is no basis for general jurisdiction over BFG. Generally, a corporation is "at home" and thus subject to general personal jurisdiction only in its place of incorporation or principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). Eight Sleep concedes BFG is organized under Hong Kong law and maintains its principal place of business there. FAC ¶13. Thus, BFG is not subject to general personal jurisdiction in this Court.

#### B. BFG Is Not Subject To Specific Jurisdiction.

BFG also is not subject to specific jurisdiction in California, and Eight Sleep cannot demonstrate otherwise. Despite the Court's order that Eight Sleep's FAC

4                                                    No. 2:26-cv-02460-SB-KS

"identify the infringing acts by BFG on which the claims are based," Dkt. No. 69 at 4, and despite BFG's fulsome document production responsive to Eight Sleep's jurisdictional discovery requests, Eight Sleep has not alleged any new facts to support its arguments on personal jurisdiction.  Rather, Eight Sleep only recycles its prior allegations that BFG is subject to jurisdiction because it provides overseas "assistance" to Orion, then attempts to refashion that "assistance" to fit an assortment of jurisdictional theories.  However, as shown below, under each of those theories, BFG's "assistance" is legally insufficient to establish specific jurisdiction here.

### 1.     BFG Has Not Placed Products Into Any Stream of Commerce.

Eight Sleep's stream of commerce theory (*see* FAC ¶19) fails because BFG conducts its business exclusively overseas.  Personal jurisdiction over a non-resident defendant under the stream of commerce theory requires that the defendant "delivers *its* products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980) (emphasis added).  While the Supreme Court is split regarding whether the defendant must not only place the product into the stream of commerce, but must also take some action "purposefully directed toward the forum State," one thing is clear: the defendant must at least place a product into the stream of commerce. *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112-13 (1987).  Indeed, "[a] key component of the stream-of-commerce theory is the existence of a product" manufactured or sold by the defendant. *PrimeSource Bldg. Prods., Inc. v. Phillips Screw Co.*, 2008 WL 779906, at *4 (N.D. Tex. Mar. 25, 2008) (finding no personal jurisdiction under stream of commerce theory where defendant "does not manufacture or sell any products").

Eight Sleep's stream of commerce theory is insufficient to support the exercise of personal jurisdiction over BFG because it does not manufacture, import, distribute,

or sell the accused products.  McConnochie Decl. ¶¶6, 11, 14.  BFG is a foreign entity that "never manufactured or placed 'any products into the stream of commerce that might have ended up in the forum.'"  *Pinkerton Tobacco Co., LP v. Art Factory AB*, 2021 WL 4776349, at \*5 (C.D. Cal. June 18, 2021) (citation omitted) (finding no specific personal jurisdiction over a foreign defendant where there were no allegations or evidence the defendant "intended to target California"); *see also, e.g.*, *3G Licensing S.A. v. Lenovo Grp. Ltd.*, 2019 WL 3974539, at \*6 (D. Del. Aug. 22, 2019) (dismissing foreign defendant because it "does not import or ship any products into the United States, nor does it manufacture, sell, or offer for sale any products in the United States").

Eight Sleep's recycled allegations regarding "assistance" are insufficient to show BFG placed the accused products in the stream of commerce or otherwise intended to target California and should be rejected.  Eight Sleep alleges "BFG provides Orion with business operations and logistical assistance relating to the Orion's products relevant to this case, as well as design assistance of the same." FAC ¶19; *see also id.* ¶41 ("BFG provides product development, quality assurance, consulting regarding overseas manufacturing, logistical supports necessary to import the Accused Products and Activities into the U.S., and supply chain management solutions to Orion").

These vague allegations do not show that BFG placed any Orion product in the stream of commerce or otherwise intended to target California.  For example, in *PrimeSource*, *supra*, defendant Philips merely licensed technology to other companies who then "manufacture and sell fasteners incorporating the Phillips design." *PrimeSource*, 2008 WL 779906, at \*4.  The plaintiff made similar allegations to those made by Eight Sleep here, alleging that the "quality control measures imposed by Phillips make its licensees more akin to 'outsourced manufacturing vendors.'" *Id.*  The court rejected this argument, explaining that "[t]he

court is unaware of any authority which holds that ***providing technical and engineering information, testing and inspecting product samples, and making regular visits to the manufacturing facilities*** of licensees is tantamount to placing a product into the stream of commerce." *Id.* at *5 (emphasis added). Here, as in that case, the FAC contains no allegations that BFG actually placed any product in the stream of commerce. Eight Sleep advanced these same flawed jurisdictional allegations in the prior case. *See Eight Sleep I*, Dkt. No. 25 ¶¶10, 35. Moreover, the unrebutted evidence shows that BFG does not import or distribute the accused products into the United States. McConnochie Decl. ¶6.

In sum, Eight Sleep's bare allegation that, "[o]n information and belief, [BFG] place[s], ha[s] placed, and contribute[s] to placing their products into the stream of commerce through established distribution channels knowing or understanding that such products would be sold and used in the United States, including in this District" (FAC ¶19) is a bare legal conclusion contradicted by sworn testimony, not a well-pleaded fact. The "prima facie" standard "is not toothless," and Eight Sleep "cannot simply rest on the bare allegations of its complaint" when those allegations are contradicted by affidavit. *AMA Multimedia*, 970 F.3d at 1207.

### 2. BFG Has Not Purposefully Availed Itself of Any Privileges or Benefits of California or Directed Any Activities Toward California.

Eight Sleep's purposeful availment theory (*see* FAC ¶20) also fails because BFG conducts its business exclusively overseas. This theory is that, "[o]n information and belief, each BFG [sic] has availed itself of the privilege of conducting and soliciting business within California, including engaging in at least some of the infringing activities in California, as well as by others acting as agents and/or representatives, such that it would be reasonable for this Court to exercise jurisdiction consistent with principles underlying the U.S. Constitution, and the

exercise of jurisdiction by this Court would not offend traditional notions of fair play and substantial justice." FAC ¶20.

Again, these conclusory allegations fail to satisfy Eight Sleep's burden of establishing personal jurisdiction. Purposeful availment or direction exists only where a plaintiff demonstrates that (1) a defendant committed an intentional act, (2) expressly aimed at the forum state, (3) that causes harm the defendant knows is likely to be suffered in the forum state. *See, e.g.*, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004). The plaintiff must show that the claims arise out of the defendant's activities connected specifically with California. *See, e.g.*, *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997). Eight Sleep has not pointed to and cannot point to any such actions by BFG.

***First***, Eight Sleep alleges that "[o]n information and belief," BFG has "engag[ed] in at least some of the infringing activities in California[.]" FAC ¶20. But BFG does not engage in ***any*** activities in California (or even in the United States more broadly), much less any allegedly infringing activities. Indeed, BFG has confirmed that it does not engage in making, using, importing, offering to sell, or selling the Accused Orion Sleep System, either in California or elsewhere. McConnochie Decl. ¶6.

***Second***, Eight Sleep vaguely asserts that "others acting as agents and/or representatives" of BFG have engaged in purportedly infringing activities. FAC ¶20. Again, these conclusory allegations fail even to identify any alleged third-party whose actions can purportedly be imputed to BFG, much less plead facts sufficient to establish specific jurisdiction.

***Third***, Eight Sleep has alleged no facts and cannot allege any facts showing that BFG "induce[d]" any infringing conduct by Orion or by anyone else. To the contrary, the declaration from Mr. McConnochie shows that BFG merely provides

consulting-type services to Orion and that Orion is responsible for importation, offers to sell, and sales of the Accused Orion Sleep System. McConnochie Decl. ¶¶9, 11.

In any event, cases assessing specific jurisdiction based on induced infringement "have turned on whether the defendants intended infringement to occur inside the forum, not merely whether infringement ultimately did occur there." *Sitrick v. Freehand Sys., Inc.*, 2004 WL 2191491, at *4 (N.D. Ill. Sept. 27, 2004). In *Sitrick*, there were two defendants: FreeHand, the company that made and sold the accused product, and Schroeder, an individual who helped develop the product. *Id.* at *1. The court dismissed the complaint as to Schroeder because the plaintiff had not shown that Schroeder's alleged acts of inducement "were directed to Illinois more than to any other state where the accused product is sold" and did not "allege that Schroeder even had knowledge of FreeHand's efforts to market the accused device in Illinois, let alone the purposeful intent to enter the Illinois forum." *Id.* at *4. Likewise, here, BFG has "no role in Orion's commercial strategy relating to the Orion Sleep System in the United States," McConnochie Decl. ¶15, let alone any specific intent to induce Orion or its customers to violate United States patent law in California.

If Eight Sleep's theory of jurisdiction were adopted, every overseas company that supplies consulting services or manufacturing services to a United States company would be subject to personal jurisdiction wherever the United States company is incorporated or maintains its principal place of business. That is not how the law works. For example, *Skyworks Solutions, Inc. v. Kinetic Technologies HK Ltd.*, is instructive. 2015 WL 461920 (D. Mass. 2015). There, as here, the defendant "submitted an affidavit declaring that Kinetic HK is incorporated and headquartered in Hong Kong, owns no property in Massachusetts, has no employees in Massachusetts, and has never done or solicited any business in Massachusetts." *Id.* at *1. The plaintiff alleged that the defendant "induces infringement by Samsung in

9                                          No. 2:26-cv-02460-SB-KS

the United States," but the court found "that conclusory statement lacks factual support." *Id.* at *2. Specifically, the court credited the defendant's affidavit stating that "Kinetic HK and its subsidiaries do not control or direct where Samsung sells its products." *Id.* Likewise, here, BFG "does not control . . . marketing or sales efforts of Orion," "does not advertise, promote, or target any customers in the United States," and plays "no role in Orion's commercial strategy relating to the Orion Sleep System in the United States." McConnochie Decl. ¶¶7, 14-15. Here, too, the Court should therefore find that Eight Sleep's conclusory allegations of induced infringement by BFG are insufficient to find jurisdiction over BFG.

*Finally*, Eight Sleep is precluded from relying on Orion's actions to establish personal jurisdiction over BFG. Under controlling Supreme Court precedent, Eight Sleep must show that ***BFG*** (not Orion) took actions purposefully availing ***BFG*** (not Orion) of the privileges and benefits of the forum state. *See Hanson v. Denckla*, 357 U.S. 235, 253-54 (1958)). Eight Sleep identifies no such actions by BFG—at most, Eight Sleep has only identified actions by which Orion purportedly availed itself of the privileges and benefits of California.

Simply put, because Eight Sleep cannot show that BFG purposefully directed any activity toward California, its specific jurisdiction allegations necessarily fail.

### 3. Exercising Specific Jurisdiction Over BFG Would Be Unreasonable.

Eight Sleep's specific jurisdiction allegations also fail as a matter of law for the separate reason that it would be unreasonable to exercise specific jurisdiction here. BFG does not engage in any activity necessary to purportedly infringe a U.S. patent—it does not make, use, offer to sell, sell or import any Orion products in the United States. McConnochie Decl. ¶¶6, 11. Instead, BFG merely provides consulting-type services entirely overseas. BFG is not aware of a single case where any defendant, much less a foreign defendant, was charged with patent infringement

for providing the types of consulting services that BFG provides Orion. Exercising jurisdiction over BFG to allow Eight Sleep to pursue a completely novel legal theory offends traditional notions of fair play and substantial justice and should not be permitted. *See generally Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

Regardless, none of the factors courts consider in assessing reasonableness supports a finding of jurisdiction here. Specifically, the Federal Circuit evaluates five factors when assessing reasonableness: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering substantive policies. *See Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1355 (Fed. Cir. 2017).

None of these factors supports jurisdiction. Requiring a Hong Kong company with no presence in the U.S. to defend a lawsuit in this District would be inherently burdensome, particularly because BFG has no connection to California at all. Similarly, neither California nor the United States more generally has any interest in adjudicating actions against foreign consultants when the party that actually sells the purportedly infringing products is already present in California, and Eight Sleep has not shown that its interests are not adequately addressed by its suit against Orion, who has conceded that it is subject to personal jurisdiction for purposes of this action. Finaly, neither the judicial system nor the several states has any particularized interest in adjudicating claims against a foreign entity that has not manufactured, distributed, sold, or used any accused product in the U.S., particularly when, again, the party responsible for distribution and sales of the accused product is already present in the suit.

In sum, even if Eight Sleep could establish minimum contacts (it cannot), all of the reasonableness factors strongly militate against a finding of specific jurisdiction.

### C.   BFG Is Not Subject to Jurisdiction Under Rule 4(k)(2).

As an alternative, Eight Sleep invokes Fed. R. Civ. P. 4(k)(2) to argue that BFG's contacts with the United States as a whole support jurisdiction. FAC ¶21. But "while Rule 4(k)(2) is designed to facilitate obtaining jurisdiction over foreign defendants, it does not operate to relax the requirement that the defendant's contacts with the forum be constitutionally sufficient" to satisfy due process. *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 275 (4th Cir. 2005). Rule 4(k)(2) does not confer jurisdiction simply because a foreign entity is not subject to any state's courts; there must be a showing of extensive, forum-wide contacts with the United States. *Synthes (U.S.A.) v. GM Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1293-94 (Fed. Cir. 2009).

BFG's limited overseas work for Orion is not directed to the United States and falls far short of the extensive, nationwide contacts required for jurisdiction under Rule 4(k)(2). Accordingly, Eight Sleep's proffered theory under Rule 4(k)(2) fails. Eight Sleep identifies no additional facts supporting jurisdiction under Rule 4(k)(2), relying instead on conclusory allegations that BFG is subject to jurisdiction because "(a) the claims for patent infringement . . . aris[e] under federal law; (b) BFG is not subject to the jurisdiction to any state's courts of general jurisdiction; and (c) exercising jurisdiction . . . [would be] consistent with the U.S. Constitution." FAC ¶21. But as explained above, BFG has no relevant contacts with either California or the United States. McConnochie Decl. ¶¶8, 13-14. Thus, exercising jurisdiction over BFG would ***not*** be consistent with the United States Constitution. *See, e.g.*, *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1414 (Fed. Cir. 2009) ("Rule

4(k)(2) was adopted to ensure that federal claims will have a U.S. forum if *sufficient national contacts* exist") (emphasis added).

### D. Eight Sleep's Infringement Contentions Add Nothing.

Finally, Eight Sleep's FAC repeatedly contends that Eight Sleep's May 15, 2026 infringement contentions ("Contentions") support Eight Sleep's argument that BFG is subject to personal jurisdiction. *See*, *e.g.*, FAC ¶¶84, 85, 87, 101, 102, 104. This is procedurally improper because Eight Sleep's Contentions are not part of its FAC and are not an exhibit to the FAC. Eight Sleep did not file its Contentions with the Court, and they are not on the docket. Eight Sleep cannot bootstrap its FAC with un-filed documents. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("[D]istrict courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

In any event, the Contentions provide no jurisdictionally-relevant information. They simply show what BFG does not and need not dispute: that BFG provides overseas logistical support and assistance to Orion. But that assistance is legally insufficient to justify jurisdiction over BFG in this Court.

## II. EIGHT SLEEP FAILS TO STATE A CLAIM FOR PATENT INFRINGEMENT AGAINST BFG.

The FAC must also be dismissed under Fed. R. Civ. P. 12(b)(6) because Eight Sleep has failed adequately to allege that BFG committed any act of infringement "within the United States." 35 U.S.C. §271(a).

### A. The FAC Contains No Well-Pleaded Facts Showing That BFG Makes, Offers to Sell, Sells, or Imports Any Orion Product Within or Into the United States.

Under 35 U.S.C. §271(a), a defendant is liable for direct patent infringement only if the defendant "without authority makes, uses, offers to sell, or sells any

13

No. 2:26-cv-02460-SB-KS

BFG's MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS

patented invention, ***within the United States or imports into the United States*** any patented invention during the term of the patent." (emphasis added).  Here, BFG cannot be liable for any direct patent infringement because there are ***no*** well-pleaded allegations in the FAC that BFG has any involvement in making, using, offering to sell, selling or importing the Orion product within the United States or into the United States.  *See, e.g.*, FAC ¶24 (stating in conclusory fashion that "BFG has participated in the manufacturing and importation of the same Accused Products and Activities and/or components of the Accused Products and Activities"); *id.* ¶41 (nakedly asserting without explanation that "BFG's activities constitute direct involvement in making, importing, and selling the Accused Products and Activities under 35 U.S.C. § 271"); ¶42 (asserting legal conclusion that "BFG's shipment of Accused Products and Activities and components of the Accused Products and Activities into the United States also independently constitutes infringement under § 271(a) and 271(c)" and asserting based on no well-pleaded facts that "BFG imports the Accused Products and Activities and components of the same from China to the United States").

Moreover, to the extent Eight Sleep alleges BFG's "direct involvement" with the Orion product (*see id.* ¶41), Eight Sleep does not even plead any facts to support its assertion that the purported "direct involvement" occurred in the United States. *See, e.g.*, *id.* ¶¶24, 41-42.  Thus, any purported "direct involvement" cannot infringe the United States patent laws in any event.  *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1375 (Fed. Cir. 2005) ("It is well-established that the reach of section 271(a) is limited to infringing activities that occur within the United States.").  Similarly, Eight Sleep's conclusory allegation that BFG is liable for patent infringement under §§ 271(a) and/or 271(c) because BFG "imports" the accused Orion products and/or components thereof from China into the United States (FAC ¶¶42-43) fails because Eight Sleep pleads no facts to support its

BFG's MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS

allegation that BFG imports any Orion products into the United States or exercises any control over the importation of Orion products into the United States. Thus, Eight Sleep cannot state a claim for direct infringement against BFG.

### B. The FAC Contains No Well-Pleaded Facts Showing That BFG Induces Infringement.

Eight Sleep also conclusorily alleges (FAC ¶44) that BFG's overseas assistance to Orion constitutes induced infringement. *See* 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer."). But to plead induced infringement, Eight Sleep must show, among other factors, that BFG "possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute inducement." *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990).

Here, Eight Sleep makes only the conclusory allegation that BFG possessed the required "specific intent to facilitate acts of infringement," FAC ¶44, a threadbare legal conclusion that is insufficient to survive a motion to dismiss. *See, e.g.*, *Kachuck Enters. v. Mission Produce, Inc.*, 2026 WL 216475, at *8 n.16 (C.D. Cal. Jan. 22, 2026) ("While the Court construes well-pleaded facts in Plaintiffs' favor on a motion to dismiss, mere speculation or legal conclusions are not accepted.") (citing *Twombly*, 550 U.S. at 555).

### III. EIGHT SLEEP'S CLAIMS AGAINST BFG SHOULD BE DISMISSED WITH PREJUDICE.

Finally, Eight Sleep's claims against BFG should be dismissed with prejudice because Eight Sleep has already had two opportunities to amend, and further amendment would be futile. This is not a situation where Eight Sleep could cure a pleading deficiency through restating its allegations. Rather, the facts as alleged and as shown by the record are insufficient to establish personal jurisdiction or state viable claims for patent infringement against BFG—despite the Court's express

warning that Eight Sleep should include factual allegations showing purported infringement by BFG or face dismissal with prejudice. Dkt. 69 (Order) at 13-14.

Because further amendment would be futile and BFG would be prejudiced if forced to move against yet another deficient pleading, the Court should deny leave to amend. *See, e.g.*, *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend "is properly denied . . . if amendment would be futile"); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (leave to amend may be denied due to "undue prejudice to the opposing party by virtue of allowance of the amendment"); *Stephen[s] v. St. Francis Med. Ctr.*, 2018 WL 3655659, at \*14 (C.D. Cal. June 22, 2018) (dismissing claims with prejudice where "Plaintiffs' repeated failure to proffer any reasonably comprehensible version of a complaint based on essentially the same material facts strongly suggests that plaintiffs simply are either unable or unwilling to allege concrete facts that could support a viable claim against any of the defendants").

Because Eight Sleep has had already two opportunities to amend its allegations, including after discovery, and still cannot plead any viable basis for personal jurisdiction over BFG or state viable claims for patent infringement against BFG, the claims in the FAC against BFG should be dismissed with prejudice.

## Conclusion

For the foregoing reasons, this Court should grant Defendant BFG's Motion and dismiss the claims in the FAC against BFG with prejudice.

Dated: May 29, 2026

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By: */s/  Amy H. Candido*

Amy H. Candido (CA SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
Aaron L. Plesset (SBN 352104)
aplesset@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

Mona Z. Hanna (SBN 131439)
mhanna@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Ave, 10th Floor
Irvine, California 92614
Phone: (714) 557-7990
Fax: (714) 557-7991

*Counsel for Defendants*
*Orion Longevity Inc. and Blue Fuzion*
*Group Ltd.*

17                    No. 2:26-cv-02460-SB-KS

# <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendants, certifies that this brief contains 4,964 words, which complies with the 7000-word limit set by Section 6.c.i. of the Standing Order for Civil Cases Assigned to Judge Stanley Blumenfeld, Jr. updated January 6, 2026.

Dated: May 29, 2026

By: */s/ Amy H. Candido*
    Amy H. Candido
    (CA SBN 237829)
    amy.candido@stblaw.com

BFG'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS