Amy H. Candido (CA SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (CA SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (CA SBN 179702)
smichelman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

*Counsel for Defendants Orion Longevity Inc.
and Blue Fuzion Group Ltd.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| EIGHT SLEEP INC., <br><br>             Plaintiff, <br><br>    v. <br><br> ORION LONGEVITY INC., and BLUE FUZION GROUP LTD. <br><br>             Defendants. | Case No. 2:26-cv-02460-SB-KS <br><br> **DECLARATION OF JEFF NARDINELLI IN SUPPORT OF DEFENDANT BLUE FUZION GROUP LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** <br><br> Hon. Stanley Blumenfeld, Jr. <br> Date: July 10, 2026 <br> Time: 8:30 a.m. <br> Courtroom: 6C |

I, Jeff Nardinelli, hereby declare:

1.      I am a partner at the law firm of Simpson Thacher & Bartlett LLP, counsel for Orion Longevity Inc. ("Orion") and Blue Fuzion Group Ltd. ("BFG") (collectively, "Defendants") in this action.  I submit this declaration in support of BFG's Motion to Dismiss the claims asserted against it in the First Amended Complaint ("FAC") filed by Plaintiff Eight Sleep Inc. ("Plaintiff").

2.      I certify that the parties met by videoconference or teleconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.

3.      In an abundance of caution and to preserve the argument, BFG previously moved to dismiss the claims against it in the original Complaint for lack of personal jurisdiction.  *See* Dkt. No. 36 at 21-22.  In connection with that motion, the parties met and conferred on March 24, 2026 and March 30, 2026.  During the March 24, 2026 meet and confer, Defendants' then-counsel, Cooley LLP, conveyed BFG's position that the original Complaint was deficient as to personal jurisdiction over BFG.  On March 30, 2026, after my partner Amy Candido and I assumed representation of Defendants, we met and conferred with Plaintiff's counsel, Pat Curran and Nicola Felice, and again discussed BFG's intention to move to dismiss on personal jurisdiction grounds.

4.      On April 24, 2026, BFG produced its entire set of corporate documents that relate to its work with Orion.  The production comprised 1,414 documents.

5.      On May 4, 2026, the Court denied without prejudice BFG's motion to dismiss the original Complaint.  *See* Dkt. No. 69 at 4.  Plaintiff subsequently filed the FAC, which maintains patent infringement claims against BFG but, in BFG's view, continues to fail to establish personal jurisdiction over BFG and to sufficiently plead its claims against BFG.  *See* Dkt. No. 71.

6.     In compliance with Local Rule 7-3, the parties met and conferred on two occasions in advance of BFG's renewed motion to dismiss.

7.     The first meet and confer took place by teleconference on May 22, 2026, with Plaintiff's counsel, Jordan Alexander.  I informed Plaintiff's counsel that, following jurisdictional discovery and the filing of the FAC, BFG intends to move to dismiss the claims against it for lack of personal jurisdiction under Rule 12(b)(2), for substantially the same reasons set forth in BFG's initial motion.  Ms. Alexander said she would discuss the matter with her team and let us know if there was any willingness to reach agreement relating to BFG's motion.

8.     The second meet and confer took place by Zoom videoconference on May 28, 2026.  Two associate attorneys on the Orion case team, Abhaya Tatavarti and Julia Lee, conferred on behalf of Defendants with Plaintiff's counsel, Jordan Alexander and Nicola Felice.  Ms. Lee informed Plaintiff's counsel that BFG would also move to dismiss under Rule 12(b)(6) for failure to state a claim, on the ground that Eight Sleep had failed to allege, and could not allege, that BFG had committed any act of infringement "within the United States."  Ms. Lee further informed me that Plaintiff's counsel could not confirm during the conference whether Plaintiff is asserting a theory of general personal jurisdiction over BFG, and stated that Plaintiff would respond in due course.  As of the submission of this declaration, Plaintiff has not confirmed whether it is asserting such a theory.

The foregoing is true and accurate to the best of my knowledge and recollection, under penalty of perjury.

Dated: May 29, 2026

By: */s/ Jeff Nardinelli*
Jeff Nardinelli

*Counsel for Defendants
Orion Longevity Inc. and Blue
Fuzion Group Ltd.*