Amy H. Candido (SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

*Counsel for Defendants Orion Longevity Inc.*
*and Blue Fuzion Group Ltd.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| EIGHT SLEEP INC.,<br><br>              Plaintiff,<br><br>       v.<br><br>ORION LONGEVITY INC., and<br>BLUE FUZION GROUP LTD.<br><br>              Defendants. | Case No. 2:26-cv-02460-SB-KS<br><br>**DEFENDANT BLUE FUZION GROUP LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Hon. Stanley Blumenfeld, Jr.<br>Date: July 10, 2026<br>Time: 8:30 a.m.<br>Courtroom: 6C |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT ON July 10, 2026 at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Stanley Blumenfeld, Jr., in Courtroom 6C of the United States District Court for the Central District of California, Western Division, located at 350 West First Street, Los Angeles, CA 90012, Defendant Blue Fuzion Group Ltd. ("BFG") will move and hereby moves to dismiss the First Amended Complaint (Dkt. No. 71) with prejudice under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Defendant BFG's Motion is based on this Notice of Motion and the Memorandum of Points and Authorities submitted herewith, the Declaration of Jeff Nardinelli filed concurrently herewith, all papers cited therein, the pleadings and other papers on file in this action, and any further papers, evidence, or argument as may be submitted to the Court in connection with this Motion.

This Motion is further made following the conference of counsel pursuant to L.R. 7-3, which took place via telephonic conference on June 3, 2026.  Defendant BFG understands from these discussions that Plaintiff Eight Sleep Inc. opposes the relief requested herein.

Dated: June 8, 2026                 Respectfully submitted,

                                    SIMPSON THACHER & BARTLETT LLP


                                    By: */s/ Amy H. Candido*
                                    Amy H. Candido (CA SBN 237829)
                                    amy.candido@stblaw.com
                                    Jeff Nardinelli (SBN 295932)
                                    jeff.nardinelli@stblaw.com
                                    **SIMPSON THACHER & BARTLETT
                                    LLP**
                                    One Market Plaza
                                    Spear Tower, Suite 3800
                                    San Francisco, CA  94105
                                    Phone: (415) 426-7300
                                    Fax: (415) 426-7301

                                    Sanford L. Michelman (SBN 179702)
                                    smichelman@mrllp.com
                                    Aaron L. Plesset (SBN 352104)
                                    aplesset@mrllp.com
                                    **MICHELMAN & ROBINSON, LLP**
                                    10880 Wilshire Blvd., 19th Floor
                                    Los Angeles, CA 90024
                                    Phone: (310) 299-5500
                                    Fax: (310) 299-5600

                                    Mona Z. Hanna (SBN 131439)
                                    mhanna@mrllp.com
                                    **MICHELMAN & ROBINSON, LLP**
                                    17901 Von Karman Ave, 10th Floor
                                    Irvine, California 92614
                                    Phone: (714) 557-7990
                                    Fax: (714) 557-7991

                                    *Counsel for Defendants*
                                    *Orion Longevity Inc. and Blue Fuzion*
                                    *Group Ltd.*

Amy H. Candido (SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

*Counsel for Defendants Orion Longevity Inc.*
*and Blue Fuzion Group Ltd.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| EIGHT SLEEP INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>ORION LONGEVITY INC., and BLUE FUZION GROUP LTD.<br><br>            Defendants. | Case No. 2:26-cv-02460-SB-KS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BLUE FUZION GROUP LTD.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Hon. Stanley Blumenfeld, Jr.<br>Date: July 10, 2026<br>Time: 8:30 a.m.<br>Courtroom: 6C |

# TABLE OF CONTENTS

**Page**

**Introduction**.................................................................................................................... 1

**Factual and Procedural Background**.......................................................................... 1

**Legal Standards** ............................................................................................................ 3

**Argument** ....................................................................................................................... 4

I.      BFG IS NOT SUBJECT TO SPECIFIC JURISDICTION............................ 4

     A.     BFG Has Not Placed Products Into Any Stream of Commerce. .......... 5

     B.     BFG Has Not Purposefully Availed Itself of Any Privileges or Benefits of California or Directed Any Activities Toward California................................................................................................. 8

     C.     BFG Is Not Subject to Jurisdiction Under Rule 4(k)(2). .................... 11

     D.     Exercising Specific Jurisdiction Over BFG Would Be Unreasonable................................................................................... 12

     E.     Eight Sleep's Infringement Contentions Add Nothing...................... 14

II.     EIGHT SLEEP FAILS TO STATE A CLAIM FOR PATENT INFRINGEMENT AGAINST BFG.................................................................. 15

     A.     The FAC Contains No Well-Pleaded Facts Showing That BFG Makes, Offers to Sell, Sells, or Imports Any Orion Product Within or Into the United States. ........................................................ 16

     B.     The FAC Contains No Well-Pleaded Facts Showing That BFG Induces Infringement. ...................................................................... 18

III.    EIGHT SLEEP'S CLAIMS AGAINST BFG SHOULD BE DISMISSED WITH PREJUDICE. .............................................................. 19

**Conclusion** ................................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*3G Licensing S.A. v. Lenovo Grp. Ltd.*,
2019 WL 3974539, (D. Del. Aug. 22, 2019)......................................................6

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
797 F.3d 1020 (Fed. Cir. 2015) ........................................................................9

*Am. GNC Corp. v. GoPro, Inc.*,
2018 WL 6074395 (S.D. Cal. Nov. 6, 2018).....................................................6

*Asahi Metal Indus. Co., Ltd. v. Superior Ct. of California, Solano Cnty.*,
480 U.S. 102 (1987)...........................................................................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...........................................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)......................................................................................4, 19

*Benson Ave. Co. LLC v. ARRI Ams. Inc.*,
2025 WL 2684035 (C.D. Cal. Aug. 14, 2025) ................................................17

*Breckenridge Pharm., Inc. v. Metabolite Labs, Inc.*,
444 F.3d 1356 (Fed. Cir. 2006) ........................................................................3

*Bristol-Myers Co. v. Erbamont Inc.*,
723 F. Supp. 1038 (D. Del. 1989).....................................................................18

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)....................................................................................13, 15

*Cabo Virgenes Shipping, Inc. v. Cosgold Lake Mar., Ltd.*,
2025 U.S. Dist. LEXIS 111189 (C.D. Cal. June 11, 2025)..............................12

*Carrico v. City and Cty. of San Francisco*,
656 F.3d 1002 (9th Cir. 2011) ........................................................................20

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l Inc.*,
631 F.3d 1279 (Fed. Cir. 2011) ........................................................................9

*Cybiotronics, Ltd. v. Golden Source Elecs. Ltd.*,
130 F. Supp. 2d 1152 (C.D. Cal. 2001)...........................................................17

*Doe v. Am. Nat'l Red Cross*,
112 F.3d 1048 (9th Cir. 1997) ..........................................................................8

*Fluidigm Corp. v. IONpath, Inc.*,
2020 WL 408988 (N.D. Cal. Jan. 24, 2020).....................................................19

No. 2:26-cv-02460-SB-KS

BFG'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS

*Hanson v. Denckla,*
 357 U.S. 235 (1958)...........................................................................................11

*Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.,*
 608 U.S.--- (2026)............................................................................................19

*Holland Am. Line, Inc. v. Wartsila N. Am., Inc.,*
 485 F.3d 450 (9th Cir. 2007) ...........................................................................11

*In re Boon Glob. Ltd.,*
 923 F.3d 643 (9th Cir. 2019). ........................................................................4, 7

*In re Merit Med. Sys., Inc. Sec. Litig.,*
 2021 WL 1258590 (C.D. Cal. Mar. 16, 2021).................................................14

*Kachuck Enters. v. Mission Produce, Inc.,*
 --- F.Supp.3d ----,2026 WL 216475 (C.D. Cal. Jan. 22, 2026)......................19

*Khoja v. Orexigen Therapeutics, Inc.,*
 899 F.3d 988 (9th Cir. 2018) ...........................................................................14

*Largan Precision Co., Ltd. v. Genius Elec. Optical Co., Ltd.,*
 86 F. Supp. 3d 1105 (N.D. Cal. 2015)..............................................................17

*Leadsinger, Inc. v. BMG Music Publ'g,*
 512 F.3d 522 (9th Cir. 2008) ...........................................................................20

*Manville Sales Corp. v. Paramount Sys., Inc.,*
 917 F.2d 544 (Fed. Cir. 1990) .........................................................................18

MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,
 420 F.3d 1369 (Fed. Cir. 2005) .......................................................................17

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,*
 545 U.S. 913 (2005)..........................................................................................19

*MG Freesites Ltd. v. DISH Techs. L.L.C.,*
 712 F. Supp. 3d 1318, 1324 (N.D. Cal. 2024)....................................................3

*Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.,*
 402 F. Supp. 3d 450 (N.D. Ill. 2019)................................................................18

*Nikola v. Foley,*
 2026 WL 777686 (9th Cir. Mar. 19, 2026) ......................................................15

*Nuance Commc'ns, Inc. v. Abbyy Software House,*
 626 F.3d 1222 (Fed. Cir. 2010) .......................................................................17

*Parrino v. FHP, Inc.,*
 146 F.3d 699 (9th Cir. 1998) ...........................................................................14

*Pebble Beach Co. v. Caddy,*
 453 F.3d 1151 (9th Cir. 2006) ...........................................................................4

*PrimeSource Bldg. Prods., Inc. v. Phillips Screw Co.*,
2008 WL 779906(N.D. Tex. Mar. 25, 2008)......................................................5, 7

*Ranza v. Nike, Inc.*,
793 F.3d 1059 (9th Cir. 2015) ................................................................................4

*Rueda Vidal v. Bolton*,
822 Fed. Appx. 643 (9th Cir. 2020) .....................................................................14

*Saudi v. Northrop Grumman Corp.*,
427 F.3d 271 (4th Cir. 2005) ...............................................................................11

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004). ...........................................................................3, 8

*Sitrick v. Freehand Sys., Inc.*,
No. 02 C 1568, 2004 WL 2191491 (N.D. Ill. Sept. 27, 2004). ............................9

*Skyworks Sols., Inc. v. Kinetic Techs. HK Ltd.*,
2015 WL 461920 (D. Mass. Feb. 4, 2015). .........................................................10

*Sleep Inc. v. Orion Longevity Inc.*,
Case No. 2:25-cv-09685-SB, Dkt. No. 38-3 (C.D. Cal. Dec. 10, 2025) ...............2

*Stephen[s] v. St. Francis Med. Ctr.*,
2018 WL 3655659 (C.D. Cal. June 22, 2018).....................................................20

*Synthes (U.S.A.) v. GM Dos Reis Jr. Ind. Com. de Equip. Medico*,
563 F.3d 1285 (Fed. Cir. 2009) ...............................................................4, 11, 12

*Touchcom, Inc. v. Bereskin & Parr*,
574 F.3d 1403 (Fed. Cir. 2009) ...........................................................................12

*Trs. of Columbia Univ. in City of New York v. Roche Diagnostics GmbH*,
272 F. Supp. 2d 90 (D. Mass. 2002)....................................................................18

*U.S. v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ...............................................................................14

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980)................................................................................................5

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*,
848 F.3d 1346 (Fed. Cir. 2017) ...........................................................................13

*Zimmerman v. Cedars-Sinai Med. Ctr.*,
2024 WL 1135773 (C.D. Cal. Feb. 18, 2024) ......................................................14

**Statutes and Rules**

35 U.S.C. § 271(b)..................................................................................................15

35 U.S.C. § 271(a) .............................................................................................13, 14

**Introduction**

Plaintiff Eight Sleep Inc. ("Eight Sleep") asks this Court to do something the Constitution does not permit: haul a foreign consulting firm into a California federal courtroom for alleged patent infringement by a product it does not make, does not sell, and has never imported into the United States, based on work performed entirely overseas. Defendant Blue Fuzion Group Ltd. ("BFG") is a Hong Kong company with no employees, no offices, no assets, and no operations in this country. Its consulting work for Defendant Orion Longevity Inc. ("Orion") occurs exclusively abroad, and BFG plays no role in Orion's U.S. commercial strategy.

These undisputed facts doom every theory for jurisdiction over BFG advanced by Eight Sleep. There is no specific jurisdiction because BFG has never placed a product into the U.S. stream of commerce, never purposefully availed itself of or directed activities at California, and never established the nationwide contacts that Fed. R. Civ. P. 4(k)(2) demands. Moreover, the exercise of jurisdiction over BFG would be unreasonable and offend fundamental due process because BFG has no presence in the United States and does not conduct any activities here.

Finally, even assuming arguendo there was jurisdiction, Eight Sleep cannot state a viable patent claim against BFG because the FAC contains no well-pleaded facts even suggesting that BFG "make[s], use[s], offer[s] to sell, or sell[s]" anything "within the United States" under 35 U.S.C. § 271(a) or that it "import[s]" anything into this country under §§ 271(a) or (c). Eight Sleep's final fallback theory of induced infringement is equally deficient because its conclusory allegations are likewise not supported by any well-pleaded facts.

BFG's Motion should be granted with prejudice because amendment would be futile.

**Factual and Procedural Background**

BFG is a consulting company in Hong Kong. *See* Dkt. No. 71 (Eight Sleep's

No. 2:26-cv-02460-SB-KS

BFG'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS

First Amended Complaint) ("FAC") ¶13; *see Sleep Inc. v. Orion Longevity Inc. (Eight Sleep I)*, Case No. 2:25-cv-09685-SB, Dkt. No. 38-3 ("McConnochie Decl.", re-filed as Ex. 1 to the Nardinelli Declaration filed herewith).  BFG has no employees, no offices, and no facilities in the United States; it is not registered or licensed to conduct business in any state; and it has no assets located in the United States.  McConnochie Decl. ¶8.  With respect to its work relating to Orion, BFG's activities occur exclusively outside the United States. *Id.*  BFG's business operations related to Orion are limited to consulting-type services. *Id.* ¶¶6, 9-12.

BFG is independently owned and operated.  McConnochie Decl. ¶5.  Orion does not own BFG, direct BFG's operations, manage BFG's personnel, or control BFG's finances, strategy, or business activities. *Id.*  BFG does not manufacture, market, offer for sale or sell, import, distribute, or advertise Orion products in or into the United States, including California. *Id.* ¶6.  BFG does not target any customers in the United States. *Id.* ¶14.  BFG has no involvement in Orion product launches, no authority over importation of Orion products into the United States, and no role in Orion's commercial strategy relating to the Orion Sleep System in the United States. *Id.* ¶15.

BFG moved to dismiss Eight Sleep's complaint (and first amended complaint) in *Eight Sleep I*, but the Court did not resolve that motion because the Court dismissed the entire action for lack of subject matter jurisdiction and instructed Eight Sleep to file a new complaint. *Eight Sleep I*, Dkt. No. 63.  In this case, the Court denied without prejudice BFG's motion to dismiss Eight Sleep's original Complaint.  Dkt. No. 69 at 4.  The Court ordered that, "[i]f Plaintiff continues to assert its patent infringement claims against BFG, the Court expects the FAC to identify the infringing acts by BFG on which the claims are based" and warned that, "if Defendants move to dismiss the FAC for failure to state a claim, the Court does not expect to grant further leave to amend to add allegations that could have been

included in the FAC." *Id.* at 13–14.

Pursuant to Eight Sleep's jurisdictional discovery requests, BFG produced its entire set of corporate documents that relate to its work with Orion on April 24, 2026, totaling 1,414 documents and 3,692 total pages. Nardinelli Decl. ¶3. Eight Sleep did not previously seek to depose BFG or its Founder and Executive Director, Neil McConnochie, but sent an email requesting Mr. McConnochie's deposition on May 30, 2026. That deposition will take place on June 11.

### Legal Standards

Federal Circuit law governs personal jurisdiction in patent cases. *MG Freesites Ltd. v. DISH Techs. L.L.C.*, 712 F. Supp. 3d 1318, 1324 (N.D. Cal. 2024). In the Federal Circuit, "personal jurisdiction over a nonresident defendant is proper if the forum state's long-arm statute permits jurisdiction and the assertion of jurisdiction does not violate due process." *Id.* California's long-arm statute is "coextensive with federal due process requirements." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).

To determine whether due process is satisfied, the Federal Circuit "employs a three-prong test, in which [courts] determine whether: (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Breckenridge Pharm., Inc. v. Metabolite Lab'ys, Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006). Purposeful availment or purposeful direction exists only where a plaintiff demonstrates that (1) a defendant committed an intentional act, (2) expressly aimed at the forum state, and (3) that causes harm the defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 803. Purposeful direction may be met under a stream-of-commerce theory. *Id.* The "reasonable and fair" test inquires into the defendant's relationship with the forum state or, under Rule 4(k)(2), into the defendant's relevant conduct in the United States as a whole. *Synthes*

*(U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1291 (Fed. Cir. 2009).

The plaintiff bears the burden of demonstrating that personal jurisdiction exists by making "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (cleaned up). Where, as here, a defendant submits declarations contesting the factual basis for jurisdiction, the plaintiff "cannot simply rest on the bare allegations of its complaint" but must come forward with competent evidence. *In re Boon Glob. Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019).

Separately, dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where a complaint fails to "state a claim upon which relief can be granted." In its complaint, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court need not credit "[t]hreadbare recitals of the elements of a cause of action" or "a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## **Argument**

### I.    **BFG IS NOT SUBJECT TO SPECIFIC JURISDICTION.**[1]

BFG is not subject to specific jurisdiction in California, and Eight Sleep cannot demonstrate otherwise. Despite the Court's order that Eight Sleep's FAC "identify the infringing acts by BFG on which the claims are based," Dkt. No. 69 at 4, and despite BFG's fulsome document production responsive to Eight Sleep's jurisdictional discovery requests three weeks before Eight Sleep's deadline for service of the FAC, Eight Sleep has not alleged ***any*** new facts to support personal jurisdiction over BFG. Rather, Eight Sleep only recycles its prior allegations that BFG is subject to jurisdiction because it provides overseas "assistance" to Orion, then

---

[1] Eight Sleep is not pursuing a theory of general personal jurisdiction. Nardinelli Decl. ¶5.

attempts to refashion that "assistance" to fit an assortment of jurisdictional theories. However, as shown below, under each of those theories, BFG's "assistance" is legally insufficient to establish specific jurisdiction.

### A.   BFG Has Not Placed Products Into Any Stream of Commerce.

Eight Sleep's stream of commerce theory (*see* FAC ¶19) fails because BFG conducts its business exclusively overseas and because the accused products are *Orion* products, not BFG products.   Personal jurisdiction over a non-resident defendant under the stream of commerce theory requires that the defendant "delivers *its* products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."   *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98 (1980) (emphasis added).   While the Supreme Court is split regarding whether the defendant must not only place the product into the stream of commerce, but must also take some action "purposefully directed toward the forum State," one thing is clear: the defendant must at least place its product into the stream of commerce.   *Asahi Metal Indus. Co., Ltd. v. Superior Ct. of California, Solano Cnty.*, 480 U.S. 102, 112–13 (1987).   Indeed, "[a] key component of the stream-of-commerce theory is the existence of a product" manufactured or sold by the defendant.   *PrimeSource Bldg. Prods., Inc. v. Phillips Screw Co.*, 2008 WL 779906, at *4 (N.D. Tex. Mar. 25, 2008) (finding no personal jurisdiction under stream of commerce theory where defendant "does not manufacture or sell any products").

Eight Sleep's stream of commerce theory is insufficient to support the exercise of personal jurisdiction over BFG because it does not manufacture, import, distribute, or sell the accused products. McConnochie Decl. ¶¶6, 11, 14.   BFG is a foreign entity that "never manufactured or placed 'any products into the stream of commerce that might have ended up in the forum.'" *Pinkerton Tobacco Co., LP v. Art Factory AB*, 2021 WL 4776349, at *5 (C.D. Cal. June 18, 2021) (citation omitted) (finding no

specific personal jurisdiction over a foreign defendant where there were no allegations or evidence the defendant "intended to target California"); *see also*, *e.g.*, *3G Licensing S.A. v. Lenovo Grp. Ltd.*, 2019 WL 3974539, at *6 (D. Del. Aug. 22, 2019) (dismissing foreign defendant because it "does not import or ship any products into the United States, nor does it manufacture, sell, or offer for sale any products in the United States").

During the conferral process, Eight Sleep cited *Am. GNC Corp. v. GoPro, Inc.*, for the proposition that: "Purposeful direction to the forum will exist when a foreign defendant is alleged to have infringed a patent directly by selling accused products in the forum either *or* indirectly by placing the accused product into the stream of commerce through an established distribution channel that terminates in the forum." 2018 WL 6074395, at *7 (S.D. Cal. Nov. 6, 2018). *Am. GNC Corp.* is inapposite, however, because the foreign defendant in that case manufactured the accused products and then made them available in the United States through a wholly-owned subsidiary. *Id.* at *8–9. BFG is not comparable; it provides Orion with consulting services to help Orion sell Orion's products, but BFG offers no products of its own and is not related to Orion.

Eight Sleep's recycled allegations regarding "assistance" confirm that BFG did not place any products in the stream of commerce or otherwise intend to target California. Eight Sleep alleges "BFG provides Orion with business operations and logistical assistance relating to the Orion's products relevant to this case, as well as design assistance of the same." FAC ¶19; *see also id.* ¶41 ("BFG provides product development, quality assurance, consulting regarding overseas manufacturing, logistical supports necessary to import the Accused Products and Activities into the U.S., and supply chain management solutions to Orion").

These vague allegations do not show that BFG placed any Orion product in the stream of commerce or otherwise intended to target California. For example, in

*PrimeSource*, defendant Phillips merely licensed technology to other companies who then "manufacture[d] and s[old] fasteners incorporating the Phillips design." *PrimeSource*, 2008 WL 779906, at *4. The plaintiff made similar allegations to those made by Eight Sleep here, alleging that the "quality control measures imposed by Phillips make its licensees more akin to 'outsourced manufacturing vendors.'" *Id.* The court rejected this argument, explaining that "[t]he court is unaware of any authority which holds that ***providing technical and engineering information, testing and inspecting product samples, and making regular visits to the manufacturing facilities*** of licensees is tantamount to placing a product into the stream of commerce." *Id.* at *5 (emphasis added). Here too, the FAC contains no allegations that BFG actually placed any product in the stream of commerce. Eight Sleep advanced these same flawed jurisdictional allegations regarding various types of "assistance" in the prior case. *See Eight Sleep I*, Dkt. No. 25 ¶¶10, 35.

In sum, Eight Sleep's bare allegation that, "[o]n information and belief, [BFG] place[s], ha[s] placed, and contribute[s] to placing their products into the stream of commerce through established distribution channels knowing or understanding that such products would be sold and used in the United States, including in this District" (FAC ¶19) is a bare legal conclusion contradicted by sworn testimony, not a well-pleaded fact. The "prima facie" standard "is not toothless," and Eight Sleep "cannot simply rest on the bare allegations of its complaint" when those allegations are contradicted by affidavit. *In re Boon Glob. Ltd.*, 923 F.3d at 650.

BFG'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS

### B. BFG Has Not Purposefully Availed Itself of Any Privileges or Benefits of California or Directed Any Activities Toward California.

Eight Sleep's purposeful availment theory (*see* FAC ¶20) also fails because BFG conducts its business exclusively overseas. Eight Sleep alleges that, "[o]n information and belief, each BFG [sic] has availed itself of the privilege of conducting and soliciting business within California, including engaging in at least some of the infringing activities in California, as well as by others acting as agents and/or representatives, such that it would be reasonable for this Court to exercise jurisdiction consistent with principles underlying the U.S. Constitution, and the exercise of jurisdiction by this Court would not offend traditional notions of fair play and substantial justice." FAC ¶20.

Again, these conclusory allegations fail to satisfy Eight Sleep's burden of establishing personal jurisdiction. Purposeful availment or direction exists only where a plaintiff demonstrates that (1) a defendant committed an intentional act, (2) expressly aimed at the forum state, (3) that causes harm the defendant knows is likely to be suffered in the forum state. *See*, *e.g.*, *Schwarzenegger*, 374 F.3d at 803. The plaintiff must show that the claims arise out of the defendant's activities connected specifically with California. *See*, *e.g.*, *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997). Eight Sleep has not pointed to and cannot point to any such actions by BFG.

*First*, Eight Sleep alleges that "[o]n information and belief," BFG has "engag[ed] in at least some of the infringing activities in California[.]" FAC ¶20. But BFG does not engage in *any* activities in California (or even in the United States more broadly), much less any allegedly infringing activities. *See* McConnochie Decl. ¶6. Through the conferral process, Eight Sleep has alleged that BFG's overseas activities satisfy these elements, but the facts say otherwise. BFG's logistical assistance during manufacturing is not "making" or "using." *Centillion Data Sys.,*

8                    No. 2:26-cv-02460-SB-KS

BFG'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS

*LLC v. Qwest Commc'ns Int'l Inc.*, 631 F.3d 1279, 1288 (Fed. Cir. 2011) (holding that a party does not "make" a patented system under § 271(a) unless it combines all elements of the claimed invention). There is no allegation that BFG sells or offers to sell Orion's products to consumers; Orion is the seller, not BFG. McConnochie Decl. ¶6. Nor does BFG import Orion's products into the United States, as discussed further *infra* at Section II.A.

**Second**, Eight Sleep vaguely asserts that "others acting as agents and/or representatives" of BFG have engaged in purportedly infringing activities. FAC ¶20. During the conferral process, Eight Sleep confirmed that the alleged "agent" referenced in this allegation is Orion, but that is counter-factual nonsense because Orion has never been anything remotely approaching an "agent and/or representative" of BFG. "Agency" requires direction or control by the principal over the agent's performance—something BFG plainly lacks over Orion. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015) (en banc) (an entity is responsible for another's infringing performance where it directs or controls that performance, including by acting through an agent under traditional agency principles); McConnochie Decl. ¶5. Indeed, Eight Sleep's FAC contends that BFG provided "support" to Orion, FAC ¶8, not that BFG directs Orion's actions or acts as Orion's principal.

**Third**, Eight Sleep has alleged no facts and cannot allege any facts showing that BFG "induce[d]" any infringing conduct by Orion or by anyone else. Induced infringement is discussed in greater detail below at Section II.B, but with respect to jurisdiction, cases assessing specific jurisdiction based on induced infringement "have turned on whether the defendants intended infringement to occur inside the forum." *See Sitrick v. Freehand Sys., Inc.*, 2004 WL 2191491, at *4 (N.D. Ill. Sept. 27, 2004). In *Sitrick*, there were two defendants: FreeHand, the company that made and sold the accused product, and Schroeder, an individual who helped develop the

product. *Id.* at *1. The court dismissed the complaint as to Schroeder because the plaintiff had not shown that Schroeder's alleged acts of inducement "were directed to Illinois more than to any other state where the accused product is sold" and did not "allege that Schroeder even had knowledge of FreeHand's efforts to market the accused device in Illinois, let alone the purposeful intent to enter the Illinois forum." *Id.* at *4. Likewise, here, BFG has "no role in Orion's commercial strategy relating to the Orion Sleep System in the United States," McConnochie Decl. ¶15, let alone any specific intent to induce Orion or its customers to violate United States patent law in California.

If Eight Sleep's theory of jurisdiction were adopted, every overseas company that supplies consulting services under a contract with a United States company would be subject to personal jurisdiction wherever the United States company is incorporated or maintains its principal place of business. That is not how the law works. For example, *Skyworks Sols., Inc. v. Kinetic Techs. HK Ltd.*, is instructive. 2015 WL 461920 (D. Mass. Feb. 4, 2015). There, as here, the defendant "submitted an affidavit declaring that Kinetic HK is incorporated and headquartered in Hong Kong, owns no property in Massachusetts, has no employees in Massachusetts, and has never done or solicited any business in Massachusetts." *Id.* at *1. The plaintiff alleged that the defendant "induces infringement by Samsung in the United States," but the court found "that conclusory statement lacks factual support." *Id.* at *2. Specifically, the court credited the defendant's affidavit stating that "Kinetic HK and its subsidiaries do not control or direct where Samsung sells its products." *Id.* Likewise, here, BFG "does not control . . . marketing or sales efforts of Orion," "does not advertise, promote, or target any customers in the United States," and plays "no role in Orion's commercial strategy relating to the Orion Sleep System in the United States." McConnochie Decl. ¶¶7, 14–15. Here, too, the Court should therefore find

that Eight Sleep's conclusory allegations of induced infringement by BFG are insufficient to find jurisdiction over BFG.

*Finally*, Eight Sleep is precluded from relying on Orion's actions to establish personal jurisdiction over BFG.  Under controlling Supreme Court precedent, Eight Sleep must show that ***BFG*** (not Orion) took actions purposefully availing ***BFG*** (not Orion) of the privileges and benefits of the forum state.  *See Hanson v. Denckla*, 357 U.S. 235, 253–54 (1958).  Eight Sleep identifies no such actions by BFG—at most, Eight Sleep has only identified actions by which Orion purportedly availed itself of the privileges and benefits of California.

Simply put, because Eight Sleep cannot show that BFG purposefully directed any activity toward California, its specific jurisdiction allegations necessarily fail.

## C.   <u>BFG Is Not Subject to Jurisdiction Under Rule 4(k)(2).</u>

As an alternative, Eight Sleep invokes Fed. R. Civ. P. 4(k)(2) to argue that BFG's contacts with the United States as a whole support jurisdiction.  FAC ¶21.  But "while Rule 4(k)(2) is designed to facilitate obtaining jurisdiction over foreign defendants, it does not operate to relax the requirement that the defendant's contacts with the forum be constitutionally sufficient" to satisfy due process.  *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 275 (4th Cir. 2005).  Rule 4(k)(2) does not confer jurisdiction simply because a foreign entity is not subject to any state's courts; rather, its due process analysis turns on "a defendant's contacts with the entire United States, as opposed to the state in which the district court sits."  *Synthes*, 563 F.3d at 1295; *see also Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007) (noting that a due process analysis under Rule 4(k)(2) "consider[s] contacts with the nation as a whole").  Rule 4(k)(2) merely "closes a loophole" that previously allowed a company to avoid federal jurisdiction "whose contacts with the United States, but not with the forum state, satisfy due process."  *Synthes*, 563 F.3d

at 1295–96.

BFG is not exploiting any loophole.  Rather, its work for Orion occurs entirely overseas and BFG has no presence in the United States.  Accordingly, Eight Sleep's proffered theory under Rule 4(k)(2) fails for the same reason that Eight Sleep fails to establish that BFG is subject to jurisdiction in California under the state's long-arm statute.

Further, Eight Sleep identifies no additional facts showing BFG's "contacts with the entire United States."  It asserts only conclusory allegations that BFG is subject to jurisdiction because "(a) the claims for patent infringement . . . aris[e] under federal law; (b) BFG is not subject to the jurisdiction to any state's courts of general jurisdiction; and (c) exercising jurisdiction . . . [would be] consistent with the U.S. Constitution."  FAC ¶21.  To the extent Eight Sleep contends that jurisdiction is proper under Rule 4(k)(2) because ***Orion's*** products are available throughout the United States, that is simply a repackaging of Eight Sleep's stream-of-commerce theory, and fails for the same reasons.  Thus, exercising jurisdiction over BFG would ***not*** be consistent with the United States Constitution.  *See*, *e.g.*, *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1414 (Fed. Cir. 2009) ("Rule 4(k)(2) was adopted to ensure that federal claims will have a U.S. forum if ***sufficient national contacts*** exist.") (emphasis added).

### D.      Exercising Specific Jurisdiction Over BFG Would Be Unreasonable.

Before this Court exercises specific jurisdiction over BFG under any theory, due process requires that the Court must satisfy itself that the exercise of jurisdiction in this District would be "reasonable and fair." *Synthes*, 563 F.3d at 1297.  This it cannot do.  BFG does not engage in any activity necessary to purportedly infringe a U.S. patent—it does not make, use, offer to sell, sell or import any Orion products in the United States.  McConnochie Decl. ¶¶6, 11.  Instead, BFG merely provides

12                    No. 2:26-cv-02460-SB-KS

consulting-type services entirely overseas. BFG is not aware of a single case where specific jurisdiction was exercised over a foreign defendant for patent infringement for providing the types of consulting services that BFG provides Orion. Exercising jurisdiction over BFG to allow Eight Sleep to do so here offends traditional notions of fair play and substantial justice and should not be permitted. *See generally Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

Regardless, none of the factors courts consider in assessing reasonableness supports a finding of jurisdiction here. Specifically, federal due process analysis evaluates five factors when assessing reasonableness: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering substantive policies. *See Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1355 (Fed. Cir. 2017).

None of these factors supports jurisdiction. Requiring a Hong Kong company with no presence in the U.S. to defend a lawsuit in this District would be inherently unduly burdensome, particularly because BFG has no connection to California at all. Similarly, neither California nor the United States has any interest in adjudicating an action against a foreign consultant when the party that actually sells the purportedly infringing products is already present in California and not contesting jurisdiction, and Eight Sleep has not shown that its interests are inadequately addressed by its suit against Orion. Finally, neither the judicial system nor the several states has any particularized interest in adjudicating claims against a foreign entity that has not manufactured, distributed, sold, or used any accused product in the U.S., particularly when, again, the party responsible for distribution and sales of the accused product in the U.S. is already present in the suit.

In sum, even if Eight Sleep could establish minimum contacts (and it cannot), all of the reasonableness factors strongly militate against finding specific jurisdiction over BFG.

**E.      Eight Sleep's Infringement Contentions Add Nothing.**

Finally, Eight Sleep's FAC repeatedly contends that Eight Sleep's May 15, 2026 infringement contentions ("Contentions") support Eight Sleep's argument that BFG is subject to personal jurisdiction. *See*, *e.g.*, FAC ¶¶ 84, 85, 87, 101, 102, 104. This is procedurally improper because Eight Sleep's Contentions are not part of its FAC and are not an exhibit to the FAC.

Eight Sleep argues its Contentions are incorporated by reference into the FAC, Nardinelli Decl. Ex. 1 (email), but Eight Sleep has it backwards.  Under the incorporation-by-reference doctrine, "a ***defendant*** may seek to incorporate a document into the complaint," *id.* (emphasis added) to "prevent artful pleading by plaintiffs." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). The doctrine does not allow a ***plaintiff*** to supplement its complaint with an argumentative discovery document that is not in the record.  The limited examples where a plaintiff is allowed to incorporate a document by reference—such as when the document forms the basis of the plaintiff's claim—do not apply here.  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (incorporating by reference group health plan governing plaintiff's coverage), *superseded by statute on other grounds, as recognized in Rueda Vidal v. Bolton*, 822 Fed. Appx. 643, 644–45 (9th Cir. 2020); *In re Merit Med. Sys., Inc. Sec. Litig.*, 2021 WL 1258590, at *6 (C.D. Cal. Mar. 16, 2021) (incorporating by reference SEC filings); *Zimmerman v. Cedars-Sinai Med. Ctr.*, 2024 WL 1135773, at *4 (C.D. Cal. Feb. 18, 2024) (incorporating by reference retirement plan document).  Eight Sleep is not entitled to incorporate the Contentions by reference into the FAC.

In any event, the Contentions do not include any information that tends to establish this Court's jurisdiction over BFG.  In fact, the documents cited in the Contentions undercut Eight Sleep's theory.  For example, Eight Sleep's Contentions reflect only overseas consulting work and shipping records that confirm Orion, not BFG, is the "importer" of the products at issue.  *See*, *e.g.*, Ex. 3 (shipping records cited by Eight Sleep) at -403, -405.

As another example, Eight Sleep's Contentions point to Orion's services agreement with BFG.  *See* Ex. 2.  But, the mere existence of an agreement with Orion, a company based in California, does not establish jurisdiction over BFG in California.  *See Burger King*, 471 U.S. at 478 ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."); *Nikola v. Foley*, 2026 WL 777686, at *2 (9th Cir. Mar. 19, 2026) (the mere existence of a contract with a forum resident is insufficient absent consideration of the parties' negotiations, contemplated future consequences, and course of dealing).  Rather, the terms of the agreement further confirm the nature of BFG's services: overseas consulting.  Per the agreement, BFG provides product development, factory sourcing and selection, quality control and assurance, and supply chain and logistics management to Orion.  Ex. 2.

In sum, the Contentions show only what BFG does not and need not dispute: that BFG provides *overseas* support to Orion.  That assistance is legally insufficient to justify jurisdiction over BFG in this Court.

## II.   EIGHT SLEEP FAILS TO STATE A CLAIM FOR PATENT INFRINGEMENT AGAINST BFG.

The FAC must also be dismissed under Fed. R. Civ. P. 12(b)(6) because Eight Sleep has failed adequately to allege that BFG committed any act of infringement "within the United States."  35 U.S.C. § 271(a).

### A. The FAC Contains No Well-Pleaded Facts Showing That BFG Makes, Offers to Sell, Sells, or Imports Any Orion Product Within or Into the United States.

Under 35 U.S.C. § 271(a), a defendant is liable for direct patent infringement only if the defendant "without authority makes, uses, offers to sell, or sells any patented invention, *within the United States or imports into the United States* any patented invention during the term of the patent." (emphasis added). Here, BFG cannot be liable for any direct patent infringement because there are *no* well-pleaded allegations in the FAC that BFG makes, uses, offers to sell, sells, or imports the Orion product within the United States or into the United States. *See*, *e.g.*, FAC ¶24 (stating in conclusory fashion that "BFG has participated in the manufacturing and importation of the same Accused Products and Activities and/or components of the Accused Products and Activities"); *id.* ¶41 (nakedly asserting without explanation that "BFG's activities constitute direct involvement in making, importing, and selling the Accused Products and Activities under 35 U.S.C. § 271"); ¶42 (asserting legal conclusion that "BFG's shipment of Accused Products and Activities and components of the Accused Products and Activities into the United States also independently constitutes infringement under § 271(a) and 271(c)" and asserting based on no well-pleaded facts that "BFG imports the Accused Products and Activities and components of the same from China to the United States").

Moreover, to the extent Eight Sleep relies on BFG's "direct involvement" with the Orion product (*see id.* ¶41), Eight Sleep does not plead any facts to support its assertion that the purported "direct involvement" occurred in the United States. *See*, *e.g.*, *id.* ¶¶24, 41–42. Thus, any purported "direct involvement" cannot infringe the United States patent laws in any event. *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1375 (Fed. Cir. 2005) ("It is well-established

that the reach of section 271(a) is limited to infringing activities that occur within the United States.").

Similarly, Eight Sleep's conclusory allegation that BFG is liable for patent infringement under §§ 271(a) and/or 271(c) because BFG "imports" the accused Orion products and/or components thereof from China into the United States (FAC ¶¶42–43) fails because Eight Sleep pleads no facts to support its allegation that BFG imports any Orion products into the United States or exercises any control over the importation of Orion products into the United States. *See Benson Ave. Co. LLC v. ARRI Ams. Inc.*, 2025 WL 2684035, at *2–3 (C.D. Cal. Aug. 14, 2025) (dismissing claim where plaintiff's allegations that defendant "imported" accused devices into the United States were mere "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements").

Eight Sleep contends that BFG assists Orion with shipping products into the United States. Again, BFG does not deny this. A foreign entity's shipment of a product into the United States does not necessarily transform that entity into an "importer" within the reach of § 271(a). *See Cybiotronics, Ltd. v. Golden Source Elecs. Ltd.*, 130 F. Supp. 2d 1152, 1176 (C.D. Cal. 2001) (foreign manufacturer that shipped accused products to the United States was not the "importer" under § 271(a)); *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1233 (Fed. Cir. 2010) (holding entity was importer only on facts showing it retained ownership of accused products after entry into forum and received over 95% of sales profits—not merely because it sent products there); *Largan Precision Co., Ltd. v. Genius Elec. Optical Co., Ltd.*, 86 F. Supp. 3d 1105, 1114–15 (N.D. Cal. 2015) (relying on *Abbyy* and finding importation only where sender shipped directly into the U.S. and did not transfer title abroad); *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 402 F. Supp. 3d 450, 457–58 (N.D. Ill. 2019) (importation found where foreign defendant shipped *its own* products directly into the U.S. and had an American subsidiary).

Here, to the extent BFG ever even held title to the Orion goods, that title transferred to Orion when the goods entered the United States.  *See* Ex. 3 (shipping records) at -403, -405 (establishing Orion as the "ultimate consignee" as well as the "importer").

The final two cases provided by Eight Sleep during the conferral process are irrelevant because they discuss jurisdiction under § 271(g), but here, Eight Sleep does not assert a theory under § 271(g).  *See Bristol-Myers Co. v. Erbamont Inc.*, 723 F. Supp. 1038, 1043 (D. Del. 1989) (§ 271(a) and § 271(g) "by necessity provide two distinct thresholds for infringing activity for two different reasons"); *Trs. of Columbia Univ. in City of New York v. Roche Diagnostics GmbH*, 272 F. Supp. 2d 90, 108–09 (D. Mass. 2002) (finding § 271(g) liability where foreign defendant merely shipped products into the U.S.).  Thus, Eight Sleep cannot state a claim for direct infringement against BFG.

### B.   The FAC Contains No Well-Pleaded Facts Showing That BFG Induces Infringement.

Eight Sleep also conclusorily alleges (FAC ¶44) that BFG's overseas assistance to Orion constitutes induced infringement.  *See* 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer.").  But to plead induced infringement, Eight Sleep must show, among other factors, that BFG "possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute inducement." *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990).  Here, Eight Sleep makes only the conclusory allegation that BFG possessed the required "specific intent to facilitate acts of infringement," FAC ¶44, a threadbare legal conclusion that is insufficient to survive a motion to dismiss.  *See*, *e.g.*, *Kachuck Enters. v. Mission Produce, Inc.*, 2026 WL 216475, at *8 n.16 (C.D. Cal. Jan. 22, 2026) ("While the Court construes well-pleaded facts in Plaintiffs' favor on a motion to dismiss, mere speculation or legal conclusions are not accepted.") (citing

*Twombly*, 550 U.S. at 555); *Fluidigm Corp. v. IONpath, Inc.*, 2020 WL 408988, at *3 (N.D. Cal. Jan. 24, 2020) (dismissing induced-infringement claim where complaint failed to allege facts showing "affirmative intent" to encourage infringement).

Additionally, to plead a claim of induced infringement, Eight Sleep must allege that BFG took "active steps . . . to encourage direct infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) (internal quotation marks omitted); *see also Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.,* 608 U.S.--- (2026) (confirming standard and "emphasiz[ing] that the key question is whether a defendant actively encouraged infringement through its statements, not merely how others may understand those statements"). The "active steps" requirement demands more than allegations of "ordinary acts incident to product distribution, such as offering customers technical support or product updates." *Grokster*, 545 U.S. at 937. "The inducement rule, instead, premises liability on purposeful, culpable expression and conduct, and thus does nothing to compromise legitimate commerce." *Id.* But Eight Sleep's FAC alleges no more than "ordinary acts" incident to BFG's consulting services. Eight Sleep does not allege any "statement" made by BFG to actively encourage infringement.

## III. EIGHT SLEEP'S CLAIMS AGAINST BFG SHOULD BE DISMISSED WITH PREJUDICE.

Finally, Eight Sleep's claims against BFG should be dismissed with prejudice because Eight Sleep has already had two opportunities to amend, and further amendment would be futile. This is not a situation where Eight Sleep could cure a pleading deficiency through restating its allegations. Rather, the facts as alleged and as shown by the record are insufficient to establish personal jurisdiction or state viable claims for patent infringement against BFG—despite the Court's express

warning that Eight Sleep should include factual allegations showing purported infringement by BFG or face dismissal with prejudice. Dkt. 69 (Order) at 13–14.

Because further amendment would be futile and BFG would be prejudiced if forced to move against yet another deficient pleading, the Court should deny leave to amend. *See*, *e.g.*, *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend "is properly denied . . . if amendment would be futile"); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (leave to amend may be denied due to "undue prejudice to the opposing party by virtue of allowance of the amendment"); *Stephen[s] v. St. Francis Med. Ctr.*, 2018 WL 3655659, at *14 (C.D. Cal. June 22, 2018) (dismissing claims with prejudice where "Plaintiffs' repeated failure to proffer any reasonably comprehensible version of a complaint based on essentially the same material facts strongly suggests that plaintiffs simply are either unable or unwilling to allege concrete facts that could support a viable claim against any of the defendants.").

Because Eight Sleep has already had two opportunities to amend its allegations, including after discovery, and still cannot plead any viable basis for personal jurisdiction over BFG or state viable claims for patent infringement against BFG, the claims in the FAC against BFG should be dismissed with prejudice.

## Conclusion

For the foregoing reasons, this Court should grant Defendant BFG's Motion and dismiss the claims in the FAC against BFG with prejudice.

Dated: June 8, 2026

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By: */s/  Amy H. Candido*
Amy H. Candido (CA SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
Aaron L. Plesset (SBN 352104)
aplesset@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

Mona Z. Hanna (SBN 131439)
mhanna@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Ave, 10th Floor
Irvine, California 92614
Phone: (714) 557-7990
Fax: (714) 557-7991

*Counsel for Defendants
Orion Longevity Inc. and Blue Fuzion
Group Ltd.*

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 6,229 words, which complies with the 7000-word limit set by Section 6.c.i. of the Standing Order for Civil Cases Assigned to Judge Stanley Blumenfeld, Jr., updated January 6, 2026.


Dated: June 8, 2026

By: */s/  Amy H. Candido*
Amy H. Candido
(CA SBN 237829)
amy.candido@stblaw.com

BFG'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS