Amy H. Candido (CA SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (CA SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (CA SBN 179702)
smichelman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

*Counsel for Defendants Orion Longevity Inc.
and Blue Fuzion Group Ltd.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

|  |  |
|---|---|
| EIGHT SLEEP INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>ORION LONGEVITY INC., and<br>BLUE FUZION GROUP LTD.<br><br>          Defendants. | Case No. 2:26-cv-02460-SB-KS<br><br>**DECLARATION OF JEFF NARDINELLI IN SUPPORT OF DEFENDANT BLUE FUZION GROUP LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Hon. Stanley Blumenfeld, Jr.<br>Date: July 10, 2026<br>Time: 8:30 a.m.<br>Courtroom: 6C |

No. 2:26-cv-02460-SB-KS

NARDINELLI DECLARATION ISO BFG'S MOTION TO DISMISS FAC

I, Jeff Nardinelli, hereby declare:

1.  I am a partner at the law firm of Simpson Thacher & Bartlett LLP, counsel for Orion Longevity Inc. ("Orion") and Blue Fuzion Group Ltd. ("BFG") (collectively, "Defendants") in this action.  I submit this declaration in support of BFG's Motion to Dismiss the claims asserted against it in the First Amended Complaint ("FAC") filed by Plaintiff Eight Sleep Inc. ("Plaintiff").

2.  I certify that the parties met by videoconference or teleconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.  In addition to other topics, this declaration sets forth the results of those discussions.

3.  On April 24, 2026, BFG produced its entire set of corporate documents that relate to its work with Orion.  The production comprised 1,414 documents and 3,692 total pages.

4.  On May 4, 2026, the Court denied without prejudice BFG's motion to dismiss the original Complaint.  *See* Dkt. No. 69 at 4.  Plaintiff subsequently filed the FAC, which asserts patent infringement claims against BFG but, in BFG's view, continues to fail to establish personal jurisdiction over BFG and to sufficiently plead any claims against BFG.  *See* Dkt. No. 71.

5.  Following the Court's Order on June 1, 2026, the parties conferred by Zoom videoconference on June 3, 2026.  I conferred on behalf of BFG with Plaintiff's counsel, Nicola Felice and Jordan Alexander.  The parties discussed the following issues during that conference and through additional email follow-up:

(a)  Whether Eight Sleep is asserting a theory of general personal jurisdiction over BFG and, if so, on what basis.  Ms. Felice confirmed during the conference that Eight Sleep is not asserting a theory of general personal jurisdiction over BFG.

(b)  Whether Eight Sleep purports to identify any intentional acts by BFG expressly aimed at California, given that BFG operates exclusively overseas

No. 2:26-cv-02460-SB-KS

NARDINELLI DECLARATION ISO BFG'S MOTION TO DISMISS FAC

and plays no role in Orion's U.S. commercial strategy. Ms. Felice responded that BFG's involvement in designing and building the accused product abroad for use by customers in California constitutes an intentional act expressly aimed at California. Via email, Eight Sleep also provided case law regarding purposeful direction, and Orion has addressed that case law in its brief.

(c)    Whether Eight Sleep has alleged any well-pleaded facts indicating BFG had specific intent to induce infringing conduct to occur in California, and whether Eight Sleep purports to identify any specific third party whose infringing acts can be imputed to BFG, given that the FAC's reference to "others acting as agents and/or representatives" of BFG (FAC ¶ 20) fails to identify any such party by name or otherwise. Ms. Felice stated that, in Plaintiff's view, Orion is acting as BFG's agent or representative in California. She did not identify any other alleged agent or third party. No agreement was reached, and so the parties will brief whether Orion's allegedly infringing actions may be imputed to BFG under an "agency" theory, as well as whether Eight Sleep has sufficiently pleaded specific intent under the governing standard, as most recently articulated in the Supreme Court's June 4 decision in *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S.--- (2026).

(d)    Whether BFG has the extensive nationwide contacts required for jurisdiction under Rule 4(k)(2). Ms. Felice disagreed with BFG's articulation of the legal standard as requiring "extensive contacts" and stated that Plaintiff would follow up to confirm whether Eight Sleep is still pursuing a theory of jurisdiction under Rule 4(k)(2). Ms. Felice subsequently confirmed by email that Eight Sleep is maintaining its theory of personal jurisdiction over BFG under Rule 4(k)(2) and disagreed with BFG's articulation that Rule 4(k)(2) requires a showing of "extensive, forum-wide contacts." Ms. Felice further stated Plaintiff's position that BFG has sufficient contacts directed at the United States as a whole, including based on Eight Sleep's allegation (that BFG disputes) that BFG imports the accused products into the United

NARDINELLI DECLARATION ISO BFG'S MOTION TO DISMISS FAC

States and specifically into this District; and by being an "active participant in supply chain management for the accused devices" and through BFG's overseas logistics management services. No agreement was reached, and so the parties will brief whether Eight Sleep has correctly characterized the record and whether BFG's actual conduct suffices to create jurisdiction over BFG under Rule 4(k)(2).

(e) Whether the FAC alleges, or whether Eight Sleep contends there is any evidence that, BFG makes, uses, offers to sell, or sells any Orion product "within the United States." Ms. Felice acknowledged that BFG has never traveled to the United States but stated that, in Plaintiff's view, BFG's conduct through its work with Orion nonetheless constitutes making, using, offering to sell, or selling Orion products within the United States. Following up via email, Eight Sleep reiterated that "BFG has engaged in such actions through its work with and for Orion," including pursuant to a services agreement between BFG and Orion. She indicated that additional support for that contention may be developed through BFG's ESI production and the upcoming deposition of Neil McConnochie. Mr. McConnochie will be deposed on Thursday, June 11, 2026, in his individual capacity and as the Rule 30(b)(6) representative for BFG.

(f) Whether the FAC alleges, or whether Eight Sleep contends there is any evidence that, BFG "imports" any Orion goods "into the United States." I explained BFG's view that under *Largan Precision Co., Ltd. v. Genius Elec. Optical Co.*, 86 F. Supp. 3d 1105, 1116 (N.D. Cal. 2015), BFG does not "import" goods into the U.S. because it has no facilities or personnel in the United States. Ms. Felice responded via email with case law that Plaintiff believes supports its argument on "importing," and BFG has addressed that case law in its brief.

(g) Whether Eight Sleep may properly rely on its May 15, 2026 infringement contentions to support jurisdiction given that those contentions were never filed with the Court and are not properly part of the FAC. Ms. Felice stated

NARDINELLI DECLARATION ISO BFG'S MOTION TO DISMISS FAC

that, in Plaintiff's view, the May 15, 2026 infringement contentions have been incorporated by reference into the FAC.  I responded by asking how the Court could evaluate the sufficiency of a complaint that relies on infringement contentions that were never filed on the docket.  Ms. Felice responded that the contentions provide BFG with notice of Plaintiff's theories, thus satisfying the notice pleading standard even if the Court does not see the contentions.  Ms. Felice subsequently confirmed by email on June 4, 2026 that Plaintiff purports to incorporate the May 15, 2026 contentions in their entirety, including both the cover pleading and the claim charts.  No agreement was reached, and so the parties will brief whether Eight Sleep's infringement contentions are properly considered part of the complaint under the "incorporation by reference" doctrine.

6.      Attached as Exhibit 1 is a redacted version of a true and correct copy of the Declaration of Neil McConnochie in Support of BFG's Motion to Dismiss, originally filed in *Eight Sleep Inc. v. Orion Longevity Inc. (Eight Sleep I)*, Case No. 2:25-cv-09685-SB, Dkt. No. 38-3 ("McConnochie Decl.").

7.      Attached as Exhibit 2 is a redacted version of a true and correct copy of the consulting agreement between Orion Longevity Inc. and Blue Fuzion Group Ltd., executed in January 2026.

8.      Attached as Exhibit 3 is a redacted version of a true and correct copy of a shipping invoice and related customs records for a September 2, 2025 shipment of Orion products.

9.      Attached as Exhibit 4 is a true and correct copy of email correspondence between the parties exchanged on June 4, 2026.

The foregoing is true and accurate to the best of my knowledge and recollection, under penalty of perjury.

Dated: June 8, 2026

By: */s/ Jeff Nardinelli*
Jeff Nardinelli

*Counsel for Defendants
Orion Longevity Inc. and Blue
Fuzion Group Ltd.*