# EXHIBIT 4

**Tatavarti, Abhaya**

---

| | |
|---|---|
| **From:** | Nicola Felice <nicolafelice@quinnemanuel.com> |
| **Sent:** | Thursday, June 4, 2026 11:30 AM |
| **To:** | Nardinelli, Jeff; QE-EightSleep-Orion |
| **Cc:** | Orion Longevity; STB Orion |
| **Subject:** | RE: BFG m/c follow-up |

Jeff,

We incorporated the contentions in their entirety, so both.

Best,
Nicola

**Nicola Felice**
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

295 Fifth Avenue
New York, NY 10016
212-849-7346 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
nicolafelice@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Nardinelli, Jeff <Jeff.Nardinelli@stblaw.com>
**Sent:** Thursday, June 4, 2026 2:21 PM
**To:** Nicola Felice <nicolafelice@quinnemanuel.com>; QE-EightSleep-Orion <qe-eightsleep-orion@quinnemanuel.com>
**Cc:** Orion Longevity <orionlongevity@mrllp.com>; STB Orion <STB-Orion@stblaw0.onmicrosoft.com>
**Subject:** RE: BFG m/c follow-up

**[EXTERNAL EMAIL from jeff.nardinelli@stblaw.com]**

1

Nicola on the May 15 Contentions, do you claim to incorporate the cover pleading, the charts, or both?

**From:** Nardinelli, Jeff <Jeff.Nardinelli@stblaw.com>
**Sent:** Thursday, June 4, 2026 11:06 AM
**To:** Nicola Felice <nicolafelice@quinnemanuel.com>; QE-EightSleep-Orion <qe-eightsleep-orion@quinnemanuel.com>
**Cc:** Orion Longevity <orionlongevity@mrllp.com>; STB Orion <STB-Orion@stblaw.com>
**Subject:** RE: BFG m/c follow-up

Thanks Nicola.  To your question on *Hikma*, see FN 3 ("To Amarin's credit, this argument reflects the recent approach of the Federal Circuit … We reject that trend today.").

**From:** Nicola Felice <nicolafelice@quinnemanuel.com>
**Sent:** Thursday, June 4, 2026 10:37 AM
**To:** Nardinelli, Jeff <Jeff.Nardinelli@stblaw.com>; QE-EightSleep-Orion <qe-eightsleep-orion@quinnemanuel.com>
**Cc:** Orion Longevity <orionlongevity@mrllp.com>; STB Orion <STB-Orion@stblaw.com>
**Subject:** RE: BFG m/c follow-up

**\*\*\* External Email \*\*\***

Jeff,

We confirm that Eight Sleep is maintaining its theory of personal jurisdiction over BFG under Rule 4(k)(2) and will oppose BFG's motion to dismiss on that basis (and the others BFG raises). We do not agree with BFG's articulation that Rule 4(k)(2) requires a showing of "extensive, forum-wide contacts," and in any event our position is that BFG has sufficient contacts directed at the United States as a whole.  BFG's work with Orion includes acts of infringement that are specifically connected to this district, including BFG importing accused products to **the United States and** this district. BFG engaged in importation of the accused Orion Sleep System from Hong Kong to Los Angeles, including importation to Long Beach and importation to Los Angeles International Airport. (Those acts of importation to CD Cal are in addition to BFG's importation of accused products to San Bernardino in E.D. Cal.) BFG is an active participant in supply chain management for the accused devices and participates actively, not passively, in the accused acts of importation. BFG does so pursuant to a services agreement that memorializes BFG's responsibilities for Orion's supply chain management and logistics management services for the accused importation of infringing products. Those acts of infringement, including acts of infringement in this district, support personal jurisdiction. They are detailed in the infringement contentions incorporated by reference into the complaint. As we explained during the conferral yesterday, materials incorporated by reference into the complaint are part of the complaint, and we trust Orion will not mislead the court by misrepresenting those allegations in further briefing. If Orion elects not to address the incorporated by reference infringement contentions in any upcoming motion to dismiss, Orion will have waived its opportunity to address those allegations — Eight Sleep should

2

not hear Orion's arguments on the detailed allegations in the infringement contentions for the first time on reply, and any arguments made for the first time on reply are waived.

Contrary to your assertion below, Eight Sleep also disputes BFG's argument that it has not made, used, sold or offered for sale any products in the US at least because BFG has engaged in such actions through its work with and for Orion (as detailed above and pursuant to the services agreement between BFG and Orion).  As you know, Eight Sleep also still has yet to receive BFG's ESI and will be taking the deposition of Mr. McConnochie next week.  This discovery may yield additional support for Eight Sleep's assertion that BFG has made, used, sold, and/or offered for sale products in the US.

As far as caselaw supporting our position, please see, for example, *American GNC Corp. v. GoPro, Inc*, 2018 WL 6074395 (S.D. Cal. Nov. 6, 2018) ("Purposeful direction to the forum will exist when a foreign defendant is alleged to have infringed a patent directly by selling accused products in the forum *or* indirectly by placing the accused product into the stream of commerce through an established distribution channel that terminates in the forum."). We also think *Largan* itself shows that the "sender of the accused [product] into the United States" can be liable for direct infringement under 271(a) as an importer, which is supported by numerous other cases.  *Largan Precision Co, Ltd v. Genius Elec. Optical Co.*, 86 F. Supp. 3d 1105, 1116 (N.D. Cal. 2015); *see also Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 402 F. Supp. 3d 450, 457–58 (N.D. Ill. 2019) (rejecting argument that Plaintiffs did not state a claim for direct infringement against Hytera despite Hytera being outside the U.S. because the complaint contained "specific allegations, including details about the infringing DMR products, Hytera Corporation's alleged importation of the infringing DMR products, as well as the alleged records of such importation themselves" showing that Hytera was directly involved in importing the infringing DMR products into the US from abroad); *Trs. of Columbia Univ. in City of New York v. Roche Diagnostics GmbH*, 272 F. Supp. 2d 90, 108–09 (D. Mass. 2002) ("The evidence demonstrates that Roche shipped the albumin-free EPO to GI in the United States. Under the statute, the term 'import' has its 'plain ordinary meaning of bringing goods into the United States.' *Bristol–Myers Co. v. Erbamont Inc.*, 723 F.Supp. 1038, 1044 (D.Del.1989)."); *Nuance Comm'ns v. Abbyy Software House*, 626 F.3d 1222, 1233 (Fed.Cir.2010) (in a personal jurisdiction case, holding that Russia-based defendant Abbyy Production could import products into California within the meaning of section 271(a) despite having no physical presence there).

Finally, the Supreme Court's *Hikma* decision restated the decades-old law for inducement previously set forth in *Global-Tech Appliances, Inc. v. SEB S. A.*, 563 U. S. 754 (2011).  Please explain how you think *Hikma* "clarified the standard."

Best,
Nicola

**Nicola Felice**
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

295 Fifth Avenue

3

New York, NY 10016
212-849-7346 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
nicolafelice@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Nardinelli, Jeff <Jeff.Nardinelli@stblaw.com>
**Sent:** Thursday, June 4, 2026 12:00 PM
**To:** QE-EightSleep-Orion <qe-eightsleep-orion@quinnemanuel.com>
**Cc:** Orion Longevity <orionlongevity@mrllp.com>; STB Orion <STB-Orion@stblaw0.onmicrosoft.com>
**Subject:** BFG m/c follow-up

[EXTERNAL EMAIL from jeff.nardinelli@stblaw.com]

Hi Nicola,

Following up on open items from yesterday's conferral regarding BFG's motion to dismiss, as discussed:

(1) Our understanding from yesterday's call is that Eight Sleep contends that BFG has made, used, sold, or offered for sale Orion products "within the United States" even though Eight Sleep concedes that BFG has no presence in the United States and has not traveled there.  Please confirm whether our understanding is correct, and if so, at a high level, explain how Eight Sleep justifies that contention

(2) Please provide the case(s) you mentioned yesterday that you claim supports your theory that BFG "imports" Orion products into the United States, notwithstanding the *Largan* case we cited

(3) Please confirm whether Eight Sleep is still asserting  , please provide, as discussed:  (1) their contention why BFG "makes and uses" the product "within the US" even though BFG has never been to the US; (2) case law re: what "importing" means; (3) *was there anything else?*

Finally, BFG intends to raise the *Hikma* opinion issued by the United States Supreme Court this morning clarifying the standard for pleading induced infringement.

Let's please confer once more on these issues (and any others you wish to raise) tomorrow, at your convenience.

Thanks,
Jeff

4

Jeff Nardinelli
Partner

Simpson Thacher & Bartlett LLP
One Market Plaza, Spear Tower
Suite 3800
San Francisco, CA 94105

T: +1-415-426-7259
C: +1-415-627-7335
jeff.nardinelli@stblaw.com

This email is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any retention or use of this email (including attachments) is strictly prohibited. If you have received this email in error, please delete it and notify us immediately. For information about how Simpson Thacher & Bartlett LLP collects and processes your personal information, please refer to our Privacy Notice available at https://www.stblaw.com/other/privacy-notice.

5