UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

EIGHT SLEEP INC.,

               Plaintiff,

    v.

ORION LONGEVITY INC., and
BLUE FUZION GROUP LTD.,

               Defendants.

Case No. 2:26-cv-02460-SB-KS

**[PROPOSED] ORDER GRANTING DEFENDANT BLUE FUZION GROUP LTD.'S MOTION TO DISMISS**

Hon. Stanley Blumenfeld, Jr.

Date:   July 10, 2026
Time:   8:30 a.m.
Courtroom:  6C

Defendant Blue Fuzion Group Ltd. ("Defendant" or "BFG") submitted a Motion to Dismiss the First Amended Complaint ("FAC") (Dkt. No. 79) on June 8, 2026.  After full consideration of the written and oral submissions of the parties and all other matters properly before this Court, for good cause showing, the Court rules that the Motion to Dismiss is **GRANTED** in full.

Dismissal is warranted because Plaintiff Eight Sleep Inc. ("Plaintiff" or "Eight Sleep") cannot establish personal jurisdiction over BFG under Fed. R. Civ. P. 12(b)(2).  ***First***, BFG, a corporation organized under Hong Kong law that maintains its principal place of business in Hong Kong, is not subject to general jurisdiction in this Court.  Generally, a corporation is "at home" and thus subject to general personal jurisdiction only in its place of incorporation or principal place of business.  *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014).  Eight Sleep concedes BFG is organized under Hong Kong law and maintains its principal place of business there.  FAC ¶13.  Thus, BFG is not subject to general jurisdiction in this Court.

***Second***, there is no specific jurisdiction.  Personal jurisdiction over a non-resident defendant under the stream of commerce theory requires that the defendant "delivers ***its*** products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980) (emphasis added).  Eight Sleep's stream of commerce theory is insufficient to support the exercise of personal jurisdiction over BFG because BFG does not manufacture, import, distribute, or sell the accused products.  McConnochie Decl. ¶¶ 6, 11, 14.

BFG also has never purposefully availed itself of or directed activities at California.  Purposeful availment or direction exists only where a plaintiff demonstrates that (1) a defendant committed an intentional act, (2) expressly aimed at the forum state, (3) that causes harm the defendant knows is likely to be suffered in the forum state.  *See*, *e.g.*, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004).  Here, BFG merely provides consulting-type services to

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Orion, and Orion is responsible for importation, offers to sell, and sales of the Accused Orion Sleep System.  McConnochie Decl. ¶¶9, 11.  Eight Sleep has not shown that BFG purposefully availed itself of the benefits of or directed any activity toward California.

*Third*, the exercise of personal jurisdiction over BFG would be unreasonable. The Federal Circuit evaluates five factors when assessing reasonableness: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering substantive policies.  *See Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1355 (Fed. Cir. 2017).  Here, requiring a Hong Kong company with no presence in the U.S. to defend a lawsuit in this District would be inherently burdensome, and neither California nor the United States has any interest in adjudicating actions against foreign consultants, particularly when Orion—the party that actually sells the purportedly infringing products—is already present in the suit.

*Finally*, BFG is not subject to jurisdiction under Fed. R. Civ. P. 4(k)(2). "[W]hile Rule 4(k)(2) is designed to facilitate obtaining jurisdiction over foreign defendants, it does not operate to relax the requirement that the defendant's contacts with the forum be constitutionally sufficient" to satisfy due process.  *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 275 (4th Cir. 2005).  BFG's limited overseas work for Orion is not directed to the United States and falls far short of the extensive, nationwide contacts required for jurisdiction under Rule 4(k)(2).

Dismissal is also warranted on the separate ground that Eight Sleep fails adequately to state a claim for patent infringement against BFG.  There are no well-pleaded allegations in the FAC showing that BFG "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent."  35 U.S.C. §271(a)).

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Dismissal is granted with prejudice. Eight Sleep has previously had two opportunities to amend and failed to meet the Court's previously stated expectation that the FAC "identify the infringing acts by BFG on which the claims are based." Dkt. No. 69 at 13. In addition, as previously stated in the Court's May 4, 2026 Order, the Court cautioned Eight Sleep that, should "Defendants move to dismiss the FAC for failure to state a claim, the Court does not expect to grant further leave to amend to add allegations that could have been included in the FAC." *Id.* at 13-14. The Court finds that any further amendment would be futile.

Accordingly, the First Amended Complaint and all claims for relief against BFG therein are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.


Dated: _____, 2026          _____
                                       Honorable Stanley Blumenfeld, Jr.
                                       United States District Judge

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS