# EXHIBIT 3

## Lee, Julia

**From:** Nicola Felice <nicolafelice@quinnemanuel.com>
**Sent:** Friday, May 22, 2026 2:00 PM
**To:** Nardinelli, Jeff; John Yang; QE-EightSleep-Orion; WSGR - Eight Sleep v. Orion
**Cc:** Mona Hanna (mhanna@mrllp.com); Sanford L. Michelman (LA); STB Orion
**Subject:** RE: Eight Sleep v. Orion - m&c re: deficient interrogatory responses and infringement contentions

Jeff,

As I mentioned in my last email, we are truly trying to work cooperatively with you on this, but these threats to escalate issues to the magistrate that you just raised on Tuesday without any attempt to engage in a productive conferral with us are improper.  Your Tuesday email had numerous different parts—eight in total—which we've been diligently investigating and researching.  One important aspect of your email that has delayed our response is that you cite a single case about source code but then repeatedly suggest with no apparent basis that Eight Sleep must make its claim construction arguments and prove its infringement case at this stage.  We asked that you point us to the caselaw on which you're relying for these assertions, but you've identified nothing, and we have found no law that supports your positions.  As we requested, please provide us with the law that you contend supports your positions so that we may consider it in advance of a conferral.  We have provided you this same courtesy when you've asked in the context of prior disputes.

With respect to the one case you do identify, *Kinglite*, it is distinguishable as explained below in our response to #5.  And even that case declined to apply a per se rule that pinpoint source code citations are always required in infringement contentions. "[T]he Court does not necessarily reject the Finjan court's finding that pinpoint citations are not a per se requirement of software patent cases." *Kinglite Holdings Inc. v. Micro-Star Int'l Co.*, No. CV1403009JVSPJWX, 2016 WL 6762573, at *3 (C.D. Cal. June 15, 2016). Defendants have not provided any authority with facts similar to those here.

Moreover, we note that the parties specifically discussed whether we should adopt the NDCA local patent rules in this case, which includes specific requirements for both infringement and invalidity contentions.  The parties decided against that, but your current positions seem to assume they're operable here—they're not.  Indeed, as noted above, we see no local rules or caselaw supporting your assertion that a Plaintiff must set forth its claim construction arguments and expert disclosures on infringement by way of its contentions.  Your current positions are also inconsistent with your prior position that you had planned to move forward with amending your invalidity contentions regardless of whether Eight Sleep served amended infringement contentions.  Orion never argued that Plaintiff's prior contentions were deficient and yet these amended contentions provide only more information than the last.  Orion also never argued, as it does now, that it could not serve amended invalidity contentions unless and until Eight Sleep served amended infringement contentions.  Orion's new assertion that Eight Sleep's contentions are somehow preventing it from serving invalidity contentions is plainly manufactured.

You also suggest that you cannot develop your claim construction arguments because of the alleged deficiencies in our infringement contentions, but the construction of claims terms is supposed to be assessed independent of infringement, so your position does not make sense. "A claim is construed in

the light of the claim language, the other claims, the prior art, the prosecution history, and the specification, *not* in light of the accused device." *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) (en banc). "Claim construction is independent of the device charged with infringement." *Herstein v. Comptek Fed. Sys., Inc.*, 250 F.3d 754 (Fed. Cir. 2000). If Defendants do not agree with Eight Sleep's application of the claim terms to the accused products, then Defendants are free to propose their own constructions.

We address each of the items in your email below in red.

1. Eight Sleep does not identify what the accused "bed device" is (i.e., does not state whether it's the Orion Smart Cover, Control Tower, backend servers, mobile application, patch, or a combination of those components)
   1. Eight Sleep very clearly identifies the accused "bed device" at page 1 of both Exhibits 1 and 2 to its contentions. That Orion does not like that definition is not a basis to contend that Eight Sleep's contentions are insufficient. Can you please send us any authority you are relying on for your claim that additional detail is required where an opposing party receives a party's contention, but does not agree with the contention?
2. Eight Sleep appears to assert that the accused "temperature control device" in the 240 patent is the Control Tower, but that is not clear, so we need Eight Sleep to confirm
   1. Again, Eight Sleep clearly identifies the "temperature control device" on pages 19-26 of Exhibit 1. As above, can you please send us any authority you are relying on for your claim that additional detail is required where an opposing party receives a party's contention, but does not agree with the contention?
3. Eight Sleep asserts in boilerplate language that every claim element is met "literally and/or under the doctrine of equivalents," but never further specifies any DOE theory
   1. At this time, Eight Sleep is not asserting a DOE theory on any claim limitation. However, as you are aware, we believe Orion's source code production is blatantly deficient. Indeed, you admitted as much during our conferral when you stated that you had produced the two snapshots of code as a starting point and anticipated producing additional snapshots when Eight Sleep identified the additional dates it was interested in. We also have not yet received any documentation other than the incomplete snapshots of source code discussed above, including no documentation whatsoever on any accused feature. Thus, we thus do not have all of the information we believe is relevant to infringement and must reserve our rights to assert a DOE theory once all of the relevant source code and other relevant documentation is produced.
4. Claim 29 of both patents requires a <u>single</u> processor ("… instructions for **the** processor to implement the method of claim 1"), but Eight Sleep identifies four different processors without identifying which processor it accuses
   1. This is not a discovery dispute; this is a claim construction argument and an unfounded one at that. Both claims recite "a processor," which the Federal Circuit has long held to mean one or more. "Generally, the terms 'a' or 'an' in a patent claim mean 'one or more,' unless the patentee evinces a clear intent to limit 'a' or 'an' to 'one.'" *FS.com Inc. v. Int'l Trade Comm'n*, 65 F.4th 1373, 1377 (Fed. Cir. 2023). Eight Sleep (and the Federal Circuit) disagree with your reading of this claim. Regardless, this is not a discovery dispute to raise with the magistrate. It could have been a claim construction dispute that the parties addressed at that stage, but you did not even identify this term in Claim 29 as one needing construction in your disclosure of claim terms and proposed constructions, so you have waived the ability to raise during the claim construction phase of the case (or otherwise).

5.  For every claim limitation and every dependent claim implicating source code, Eight Sleep provides an identical list of fifty different source code files with no indication of where, in any of those files, the allegedly infringing functionality lives. *See Kinglite Holdings Inc. v. Micro-Star Int'l Co.*, 2016 WL 6762573, at *2 (C.D. Cal. June 15, 2016) ("In software patent cases, it has been this Court's practice to require that infringement contentions include pinpoint citations to source code.").

    1.  As you know, in the *Kinglite* case, the Plaintiff had ***a year*** to review code before serving the infringement contentions as issue; Eight Sleep had seven days, several of which were wasted here because Defendant had not installed the required tools to review the code.  The *Kinglite* patent claims also recited code—unlike the functional limitations at issue here—which the court found important in rendering its decision, when it noted that given the claims at issue and the time of access, pinpoint citations were appropriate: "Additionally, Kinglite asserts patents that recite code or instruction sequences. Where the product's code embodies a claimed element, and Kinglite has access to the source code that embodies that claimed element, Kinglite must disclose with sufficient specificity, i.e. pinpoint citation, the source code that practices that element." *Id*. at *3. Critically, Eight Sleep was also provided with an admittedly deficient amount of code, leaving out development branches and key accused functionalities (such as "Automatic mode," which Eight Sleep knows exists because it is referenced in Orion's code libraries that include strings for "automaticMode" and "Smart TemperatureCard").  Regardless, Eight Sleep has provided sufficient code citations.  It has described the relevant functions in prose and then cited to specific code—not an entire repository as you contend.  Orion knows very well the relevant code to which Eight Sleep is referring, and thus has sufficient notice of Eight Sleep's positions.  The caselaw requires nothing more.  We are, however, happy to add detail on these issues once we have access to complete source code, have adequate time to review that complete production of code, and have the complete set of requested source code review tools.

6.  Eight Sleep repeatedly accuses functionality that requires manual intervention or that adjusts a preset temperature schedule for a ***future*** night's sleep, but does not adjust temperature in real time.  *See*, *e.g.*, 339 infringement contentions at 22 (accusing the "Sleep Optimization Test patch" which "is used to generate sleep recommendations" and accusing the process by which "users [manually] change the temperature of the bed device"); *id.* at 24 (accusing the provision of "recommendations for temperature settings to optimize future sleep" that the user must accept); *id.* at 26-27 (accusing a feature called "Orion intelligence temperature adjustments" which adjusts the next day's temperature schedule, not real-time adjustments); 240 infringement contentions at 13-27 (same).  These allegations are inconsistent with Eight Sleep's representation to the Court that its asserted claims are directed to dynamic, automatic, real-time temperature adjustment in response to user biological signals without manual user intervention.  *See* Dkt. 47 at 3 ("based on sensor data, historical data, sleep phase, and user preferences, the processor generates specific control signals; and the bed device then physically heats or cools to a specified temperature …. the bed is turned on or off, its temperature set, and its temperature is adjusted based on the user's biometric state"); *id.* at 5 ("The claims enable what a sleeping human cannot do; one cannot remain asleep while simultaneously waking up to regulate temperature manually.").  It is, of course, improper for Eight Sleep to contend its claims have different meanings for invalidity and infringement.  *See*, *e.g.*, *Sci. Applications Int'l Corp. v. United States*, 169 Fed. Cl. 643, 705 (2024) (noting requirement that claims must mean the same thing for purposes of validity and infringement "to maintain an internally consistent construction of the patent").

    1.  Again, this is not a discovery argument but a claim construction argument, as well as a complete mischaracterization of Plaintiff's positions and the record.  Indeed, nowhere has Plaintiff ever stated that the claims are directed to "real-time temperature adjustment" and Orion's own citations prove that point.  This straw-man attack is not appropriate and

3

<span style="color:red">we trust you will not continue to misrepresent the record.  In any event, this is very clearly
not a discovery dispute — you have our contentions, and you should provide yours as well,
rather than manufacturing discovery disputes.  We welcome you to provide any authority
for your claim that infringement contentions must be supplemented when an opposing
party disagrees with the contention and instead claims not to infringe.</span>

Finally, with respect to the interrogatories, we will supplement those in due time.  Obviously, the R&D
documentation, which you say is relevant to Rogs 2-4, is the subject of the parties' dispute that will be
presented to Judge Stevenson on Tuesday, March 26, so we do not understand your assertion that "the
parties have largely resolved that dispute."  Moreover, Orion itself has refused to answer multiple
interrogatories, stating for one that it is still "investigating the technical feasibility" of providing what
should be a narrative response.  *See* Defs' Resp. to Eight Sleep Rog. 4.  And for Rog. 1, Orion has
inexplicably granted itself a unilateral extension to June 5 to provide its non-infringement positions:
"Orion is continuing to review Plaintiff's May 15, 2026 Infringement Contentions and will supplement its
response to this Interrogatory no later than June 5, 2026."  *Id.* at 11.  This is improper and only further
demonstrates that Orion understands Eight Sleep's contentions and needs no additional information
(only apparently additional unwarranted time) to prepare its positions.  *See Lexington Luminance LLC v.
Feit Elec. Co., Inc.*, No. 18-10513-PSG (KSx), 2020 WL 10052404, at *4 (C.D. Cal. July 21, 2020) (finding
Defendant's refusal to answer a non-infringement contention interrogatory "evasive and
improper").  Your email below asserting that Orion's system allegedly does not infringe further supports
that Orion has all the information it needs to properly and timely answer Interrogatory No. 1.

At base, discovery is ongoing and Eight Sleep will supplement its interrogatory responses when Orion
provides sufficient discovery, which it has not yet done.

We are available to meet and confer regarding these issues on Tuesday morning or any time on
Wednesday.  Please let us know what day and time works best for your team.

Best,
Nicola

**Nicola Felice**
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

295 Fifth Avenue
New York, NY 10016
212-849-7346 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
nicolafelice@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message
may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended
recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any
review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately
by e-mail, and delete the original message.

**From:** Nardinelli, Jeff <Jeff.Nardinelli@stblaw.com>
**Sent:** Thursday, May 21, 2026 6:51 PM
**To:** Nicola Felice <nicolafelice@quinnemanuel.com>; John Yang <johnyang@quinnemanuel.com>; QE-EightSleep-Orion
<qe-eightsleep-orion@quinnemanuel.com>; WSGR - Eight Sleep v. Orion <eightsleepv.orion@wsgr.com>

**Cc:** Mona Hanna (mhanna@mrllp.com) <mhanna@mrllp.com>; Sanford L. Michelman (LA) <smichelman@mrllp.com>; STB Orion <STB-Orion@stblaw0.onmicrosoft.com>
**Subject:** RE: Eight Sleep v. Orion - m&c re: deficient interrogatory responses and infringement contentions

[EXTERNAL EMAIL from jeff.nardinelli@stblaw.com]

Counsel,

We cannot delay this critical issue until next week.  This case is operating on a very tight schedule in which events build upon each other, and fundamental to that schedule is Eight Sleep providing sufficient infringement contentions on the agreed date.  The schedule contemplates that shortly after receipt of Eight Sleep's infringement contentions, Orion must provide invalidity contentions and claim constructions—all of which are premised on Eight Sleep having first provided sufficient infringement contentions.  Without sufficient infringement contentions, Orion cannot fairly be expected to provide its invalidity contentions and so on.  Eight Sleep knows this and knows the severe prejudice its deficient contentions are causing Orion.

As just one example, in its infringement contentions, Eight Sleep has not even identified the accused "bed device."  Orion is not picking nits.  This is a gross deficiency.  Orion cannot fairly develop its claim construction arguments, its invalidity contentions, and its case strategy generally without disclosure of the most basic infringement contentions, like what Eight Sleep claims is the accused "bed device."  The prejudice that Orion is suffering due to Eight Sleep's inability or unwillingness to put forth an infringement theory is extreme and irreparable.  Accordingly, if Eight Sleep will not agree to fix these deficiencies voluntarily, Orion intends to move to strike, or in the alternative compel amendment of, Eight Sleep's infringement contentions.  We cannot give you longer than until Friday, May 22 to decide because there is no more time to lose.  Below is a draft email to the magistrate, which we intend to send on by close of business on Friday unless the parties are able to reach agreement by then:

+++

To the Honorable Judge Stevenson:

Pursuant to the Court's discovery dispute procedures, Plaintiff Eight Sleep Inc. ("Eight Sleep") and Defendant Orion Longevity Inc. ("Orion") write to request that the following issue be added to the telephonic discovery conference previously scheduled for Tuesday, May 26 at 3:00 p.m. PT.  Eight Sleep and Orion met and conferred on May 22, 2026, and have reached an impasse on the following issue:

Orion moves to strike Eight Sleep's infringement contentions served on May 15, 2026, or in the alternative to compel Eight Sleep to amend its contentions.  Orion alleges that Eight Sleep's contentions are deficient at least because they (i) do not identify specifically where and how each limitation of each asserted claim is found within each accused instrumentality, (ii) do not identify the specific source code that allegedly implements each limitation of each asserted claim, and (iii) advance theories that contradict Eight Sleep's binding statements to the Court regarding the scope of Eight Sleep's asserted claims.

1. **Defendant's Position**: The Court should strike Eight Sleep's contentions because they do not specifically identify what functionality, element and/or source code is alleged to infringe each limitation of each asserted claim, they contain identical boilerplate doctrine-of-equivalents assertions for every claim limitation, Eight Sleep's infringement theories contradict its representations regarding invalidity to the Court, Eight Sleep has no legitimate excuse for these inadequacies, amendment would be futile, and, given the close of fact discovery in less than three months, there is not enough time for Eight Sleep to amend without undue prejudice to Orion; in the alternative, the Court should afford Eight Sleep no more than one opportunity to amend its contentions to cure these deficiencies, including with "pinpoint

5

citations to source code." *Kinglite Holdings Inc. v. Micro-Star Int'l Co.*, 2016 WL 6762573, at *2 (C.D. Cal. June 15, 2016).

2. **Plaintiff's Position:** [    ]

---

**From:** Nicola Felice <nicolafelice@quinnemanuel.com>
**Sent:** Wednesday, May 20, 2026 9:59 AM
**To:** Nardinelli, Jeff <Jeff.Nardinelli@stblaw.com>; John Yang <johnyang@quinnemanuel.com>; QE-EightSleep-Orion <qe-eightsleep-orion@quinnemanuel.com>; WSGR - Eight Sleep v. Orion <eightsleepv.orion@wsgr.com>
**Cc:** Mona Hanna (mhanna@mrllp.com) <mhanna@mrllp.com>; Sanford L. Michelman (LA) <smichelman@mrllp.com>; STB Orion <STB-Orion@stblaw.com>
**Subject:** RE: Eight Sleep v. Orion - m&c re: deficient interrogatory responses and infringement contentions

**\*\*\* External Email \*\*\***

Jeff,

I think it goes without saying that we do not agree with your assessment of our contentions or our infringement theories.  We also disagree with your positions as to what is required from us at this stage.  That being said, we are trying to engage cooperatively with you, which we just cannot do today on such short notice.  We are working diligently to analyze and respond to the issues you raised and will be available to meet and confer on this at your convenience early next week.

Best,
Nicola

**Nicola Felice**
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

295 Fifth Avenue
New York, NY 10016
212-849-7346 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
nicolafelice@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Nardinelli, Jeff <Jeff.Nardinelli@stblaw.com>
**Sent:** Wednesday, May 20, 2026 12:15 PM
**To:** John Yang <johnyang@quinnemanuel.com>; QE-EightSleep-Orion <qe-eightsleep-orion@quinnemanuel.com>; WSGR - Eight Sleep v. Orion <eightsleepv.orion@wsgr.com>
**Cc:** Mona Hanna (mhanna@mrllp.com) <mhanna@mrllp.com>; Sanford L. Michelman (LA) <smichelman@mrllp.com>; STB Orion <STB-Orion@stblaw0.onmicrosoft.com>
**Subject:** RE: Eight Sleep v. Orion - m&c re: deficient interrogatory responses and infringement contentions

**[EXTERNAL EMAIL from jeff.nardinelli@stblaw.com]**

Hi John,

It is not appropriate for Eight Sleep to continue to assert patent infringement claims without a viable infringement theory, and your May 15 infringement contentions confirm Eight Sleep does not have one.  This needs to be dealt with **<u>immediately</u>**.  You have had our source code for nearly two weeks and served your infringement contentions five days ago; you are more than able to discuss them.  We will be on the line today at 10:00 a.m. to address this very serious problem.

To be clear, this is a Section 285 issue now.  *See* 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."); *accord, e.g.*, *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013) ("a party cannot assert baseless infringement claims and must ***continually*** assess the soundness of pending infringement claims") (emphasis added).

Nor can Eight Sleep claim it needs more time to consider the interrogatories before having even an initial discussion.  Interrogatory Nos. 2-4 go to the issue the parties have discussed repeatedly:  Eight Sleep's refusal to disclose its R&D efforts (although it appears based on yesterday's correspondence that the parties have largely resolved that dispute).  As for Interrogatory No. 5, Eight Sleep cannot argue that it's not ready to discuss its contention that its products practice the asserted patents; Eight Sleep has made that contention a centerpiece of its case.

Thanks,
Jeff

---

**From:** John Yang <johnyang@quinnemanuel.com>
**Sent:** Wednesday, May 20, 2026 7:55 AM
**To:** Nardinelli, Jeff <Jeff.Nardinelli@stblaw.com>; QE-EightSleep-Orion <qe-eightsleep-orion@quinnemanuel.com>; WSGR - Eight Sleep v. Orion <eightsleepv.orion@wsgr.com>
**Cc:** Mona Hanna (mhanna@mrllp.com) <mhanna@mrllp.com>; Sanford L. Michelman (LA) <smichelman@mrllp.com>; STB Orion <STB-Orion@stblaw.com>
**Subject:** RE: Eight Sleep v. Orion - m&c re: deficient interrogatory responses and infringement contentions

\*\*\* External Email \*\*\*

Hi Jeff,

We do not think it is appropriate to demand a meet and confer within 24 hours of raising the below issues.  We will provide a response after we consider and investigate your positions so that the parties can have a productive discussion. In the meantime, please identify any legal authority Defendants are relying on to support their positions beyond just *Kinglite*.

Best,
John

---

**From:** Nardinelli, Jeff <Jeff.Nardinelli@stblaw.com>
**Sent:** Tuesday, May 19, 2026 11:27 AM
**To:** QE-EightSleep-Orion <qe-eightsleep-orion@quinnemanuel.com>; WSGR - Eight Sleep v. Orion <eightsleepv.orion@wsgr.com>
**Cc:** Mona Hanna (mhanna@mrllp.com) <mhanna@mrllp.com>; Sanford L. Michelman (LA) <smichelman@mrllp.com>;

STB Orion <STB-Orion@stblaw0.onmicrosoft.com>
**Subject:** Eight Sleep v. Orion - m&c re: deficient interrogatory responses and infringement contentions

[EXTERNAL EMAIL from jeff.nardinelli@stblaw.com]

Counsel,

Orion requests a meet and confer to discuss Eight Sleep's grossly deficient infringement contentions and responses to Orion's First Set of Interrogatories.

Eight Sleep's contentions are so devoid of detail that Eight Sleep cannot claim to have a good-faith basis to allege infringement. *See Theranos, Inc. v. Fuisz Pharma LLC*, 2012 WL 6000798, at *7 (N.D. Cal. Nov. 30, 2012) (granting motion to strike infringement contentions that "do not provide the level of detail required by Patent L.R. 3–1 nor fair notice of the nature of the infringement claims alleged"). By way of example:

1. Eight Sleep does not identify what the accused "bed device" is (i.e., does not state whether it's the Orion Smart Cover, Control Tower, backend servers, mobile application, patch, or a combination of those components)
2. Eight Sleep appears to assert that the accused "temperature control device" in the 240 patent is the Control Tower, but that is not clear, so we need Eight Sleep to confirm
3. Eight Sleep asserts in boilerplate language that every claim element is met "literally and/or under the doctrine of equivalents," but never further specifies any DOE theory
4. Claim 29 of both patents requires a <u>single</u> processor ("… instructions for ***the*** processor to implement the method of claim 1"), but Eight Sleep identifies four different processors without identifying which processor it accuses
5. For every claim limitation and every dependent claim implicating source code, Eight Sleep provides an identical list of fifty different source code files with no indication of where, in any of those files, the allegedly infringing functionality lives. *See Kinglite Holdings Inc. v. Micro-Star Int'l Co.*, 2016 WL 6762573, at *2 (C.D. Cal. June 15, 2016) ("In software patent cases, it has been this Court's practice to require that infringement contentions include pinpoint citations to source code.").
6. Eight Sleep repeatedly accuses functionality that requires manual intervention or that adjusts a preset temperature schedule for a ***future*** night's sleep, but does not adjust temperature in real time. *See*, *e.g.*, 339 infringement contentions at 22 (accusing the "Sleep Optimization Test patch" which "is used to generate sleep recommendations" and accusing the process by which "users [manually] change the temperature of the bed device"); *id.* at 24 (accusing the provision of "recommendations for temperature settings to optimize future sleep" that the user must accept); *id.* at 26-27 (accusing a feature called "Orion intelligence temperature adjustments" which adjusts the next day's temperature schedule, not real-time adjustments); 240 infringement contentions at 13-27 (same). These allegations are inconsistent with Eight Sleep's representation to the Court that its asserted claims are directed to dynamic, automatic, real-time temperature adjustment in response to user biological signals without manual user intervention. *See* Dkt. 47 at 3 ("based on sensor data, historical data, sleep phase, and user preferences, the processor generates specific control signals; and the bed device then physically heats or cools to a specified temperature …. the bed is turned on or off, its temperature set, and its temperature is adjusted based on the user's biometric state"); *id.* at 5 ("The claims enable what a sleeping human cannot do; one cannot remain asleep while simultaneously waking up to regulate temperature manually."). It is, of course, improper for Eight Sleep to contend its claims have different meanings for invalidity and infringement. *See*, *e.g.*, *Sci. Applications Int'l Corp. v. United States*, 169 Fed. Cl. 643, 705 (2024) (noting requirement that claims must mean the same thing for purposes of validity and infringement "to maintain an internally consistent construction of the patent").

Regarding Eight Sleep's interrogatory responses:

1. Interrogatories 2-4 seek information about Eight Sleep's development of a water-based heating mechanism, a coil-based heating mechanism, and the use of artificial intelligence. Eight Sleep refused to provide any response to these interrogatories. As repeatedly explained, Eight Sleep's development of these features goes to both damages and to Orion's Section 112 defenses.

2. Interrogatory No. 5 seeks Eight Sleep's contentions as to whether its products practice any asserted claim. Eight Sleep provided only references to a handful of documents and to entire source code repositories. This is an insufficient level of detail. *See Kinglite*, 2016 WL 6762573, at *2.

While reserving all rights to raise additional deficiencies with Eight Sleep's infringement contentions and interrogatory responses, Orion demands an immediate meet and confer on these specific issues. We will send a calendar invite for Wednesday, May 20 from at 10:00 a.m. PT. If the magistrate chooses to conduct the teleconference at that time, we will pick another time.

Jeff Nardinelli
Partner

Simpson Thacher & Bartlett LLP
One Market Plaza, Spear Tower
Suite 3800
San Francisco, CA 94105

T: +1-415-426-7259
C: +1-415-627-7335
jeff.nardinelli@stblaw.com

This email is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any retention or use of this email (including attachments) is strictly prohibited. If you have received this email in error, please delete it and notify us immediately. For information about how Simpson Thacher & Bartlett LLP collects and processes your personal information, please refer to our Privacy Notice available at https://www.stblaw.com/other/privacy-notice.