Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Steven Cherny (*pro hac vice*)
stevencherny@quinnemanuel.com
Patrick D. Curran (SBN 241630)
patrickcurran@quinnemanuel.com
Nicola Felice (*pro hac vice*)
nicolafelice@quinnemanuel.com
Jordan E. Alexander (SBN 305112)
jordanalexander@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
295 5th Avenue
New York, New York 10016-7103
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100


*Attorneys for Plaintiff*
*EIGHT SLEEP INC.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

|  |  |
|---|---|
| **EIGHT SLEEP INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**ORION LONGEVITY INC.,** and **BLUE FUZION GROUP LTD.,**<br><br>Defendants. | Case No. 2:26-cv-02460-SB-KS<br><br>**PLAINTIFF EIGHT SLEEP'S NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT ORION LONGEVITY INC.'S COUNTERCLAIMS V-VIII**<br><br>Hon. Stanley Blumenfeld, Jr.<br>Date: July 31, 2026<br>Time: 8:30 a.m.<br>Courtroom: 6C |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:** PLEASE TAKE NOTICE that, on July 31, 2026, or at a date and time to be set by the Court, in Courtroom 6C of the United States District Court for the Central District of California, Western Division, Plaintiff and Counterclaim-Defendant Eight Sleep Inc. ("Eight Sleep") will and hereby does move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the Fifth, Sixth, Seventh, and Eighth Counterclaims asserted by Defendant and Counterclaim-Plaintiff Orion Longevity Inc. ("Orion"). This Motion is based on this Notice, the following Memorandum of Points and Authorities, the pleadings and papers on file, and any oral argument before the Court.

Dated: June 22, 2026

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By:    /s/ *Patrick D. Curran*
       Alex Spiro
       Steven Cherny
       Patrick D. Curran
       Nicola Felice
       Jordan E. Alexander

-1-                                    Case No. 2:26-cv-02460-SB-KS

Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Steven Cherny (*pro hac vice*)
stevencherny@quinnemanuel.com
Patrick D. Curran (SBN 241630)
patrickcurran@quinnemanuel.com
Nicola Felice (*pro hac vice*)
nicolafelice@quinnemanuel.com
Jordan E. Alexander (SBN 305112)
jordanalexander@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
295 5th Avenue
New York, New York 10016-7103
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100

*Attorneys for Plaintiff*
*EIGHT SLEEP INC.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **EIGHT SLEEP INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**ORION LONGEVITY INC.,** and **BLUE FUZION GROUP LTD.,**<br><br>Defendants. | Case No. 2:26-cv-02460-SB-KS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF EIGHT SLEEP'S MOTION TO DISMISS DEFENDANT ORION LONGEVITY INC.'S COUNTERCLAIMS FIVE, SIX, AND EIGHT**<br><br>Hon. Stanley Blumenfeld, Jr.<br>Date: July 31, 2026<br>Time: 8:30 a.m.<br>Courtroom: 6C |

Case No. 2:26-cv-02460-SB-KS

EIGHT SLEEP'S MOTION TO DISMISS ORION'S COUNTERCLAIMS

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................ 1

BACKGROUND ......................................................................................................... 1

LEGAL STANDARD .................................................................................................3

ARGUMENT ...............................................................................................................3

I.      ORION'S TORTIOUS INTERFERENCE COUNTERCLAIMS FAIL ..........3

        A.      *Noerr-Pennington* Immunizes Eight Sleep's Communications ............3

                1.      The Challenged Communications Are Protected Activity ...........4

                2.      The Sham Litigation Exception Does Not Apply........................5

        B.      Federal Patent Law Independently Preempts The Counterclaims..........7

        C.      California's Litigation Privilege Also Immunizes Eight Sleep's Communications ........................................................................................8

        D.      Orion Fails To Plead The Elements Of Either Interference Tort............9

II.     ORION FAILS TO STATE A LANHAM ACT FALSE ADVERTISING CLAIM .......................................................................... 11

III.    ORION'S UCL COUNTERCLAIM FAILS....................................................14

        A.      Orion Fails To Plead That Legal Remedies Are Inadequate ................15

        B.      Orion Lacks Standing To Assert Any UCL Claim...............................17

        C.      Orion's UCL "Fraud" Claim Does Not Satisfy Rule 9(b)...................19

        D.      Orion Cannot State A Claim Under The UCL "Unfair" Prong............19

        E.      Orion Fails To State A Claim Under The UCL "Unlawful" Prong......20

        F.      Orion Fails To State Any Common-Law Unfair Competition Claim ......................................................................................................20

CONCLUSION..........................................................................................................21

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Adams v. Cole Haan, LLC*,
    2020 WL 5648605 (C.D. Cal. Sept. 3, 2020) .......................................................... 16

*Aleksick v. 7-Eleven, Inc.*,
    205 Cal. App. 4th 1176 (2012) .............................................................................. 20

*Arthur J. Gallagher & Co. v. Lang*,
    2014 WL 6816644 (N.D. Cal. Dec. 3, 2014) ........................................................... 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................... 3, 7, 12, 14

*B&G Foods N. Am., Inc. v. Embry*,
    29 F.4th 527 (9th Cir. 2022) ............................................................................ 5, 6

*Bank of the W. v. Superior Ct.*,
    2 Cal.4th 1254 (1992) ......................................................................................... 21

*BHRS Grp., LLC v. Brio Water Tech., Inc.*,
    553 F. Supp. 3d 793 (C.D. Cal. 2021) ................................................................... 14

*Bodenburg v. Apple Inc.*,
    146 F.4th 761 (9th Cir. 2025) ............................................................................... 11

*Cal. Motor Transp. Co. v. Trucking Unlimited*,
    404 U.S. 508 (1972) ............................................................................................... 4

*Cel-Tech Comm'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) ................................................................................... 19, 20

*Daniels-Hall v. National Education Ass'n*,
    629 F.3d 992 (9th Cir. 2010) .................................................................................. 3

*Davidson v. Sprout Foods, Inc.*,
    106 F.4th 842 (9th Cir. 2024) ............................................................................... 19

*Davis v. HSBC Bank Nevada, N.A.*,
    691 F.3d 1152 (9th Cir. 2012) ................................................................................ 2

*Drake v. Toyota Motor Corp.*,
    2021 WL 2024860 (C.D. Cal. May 17, 2021) (Blumenfeld, J.) ........................ 16

*eCash Techs., Inc. v. Guagliardo*,
127 F. Supp. 2d 1069 (C.D. Cal. 2000), *aff'd*, 35 F. App'x 498 (9th Cir. 2002) ............................................................................................................ 8

*EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*,
711 F. Supp. 2d 1074 (C.D. Cal. 2010) ............................................................ 5

*Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*,
69 F.4th 665 (9th Cir. 2023) ............................................................................ 11

*Evanger's Dog & Cat Food Co, Inc. v. Env't Democracy Project*,
2022 WL 180205 (C.D. Cal. Jan. 20, 2022) ..................................................... 3

*Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*,
698 F. Supp. 3d 1221 (S.D. Cal. 2023) ............................................................ 6

*Fitbit, Inc. v. Laguna 2, LLC*,
2018 WL 306724 (N.D. Cal. Jan. 5, 2018) ...................................................... 6

*Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*,
362 F.3d 1367 (Fed. Cir. 2004) .................................................................... 7, 9

*Havensight Cap. LLC v. Nike, Inc.*,
2015 WL 993334 (C.D. Cal. Feb. 18, 2015) .................................................. 10

*Healy v. Qognify, Inc.*,
2019 WL 1242843 (C.D. Cal. Mar. 15, 2019) ............................................... 20

*Hinojos v. Kohl's Corp.*,
718 F.3d 1098 (9th Cir. 2013) ........................................................................ 14

*HomeLight, Inc. v. Shkipin*,
694 F. Supp. 3d 1242 (N.D. Cal. 2023) ......................................................... 12

*Kachuck Enters. v. Mission Produce, Inc.*,
2026 WL 216475 (C.D. Cal. Jan. 22, 2026) .................................................. 17

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ................................................................... 14, 19

*Key v. Qualcomm Inc.*,
129 F.4th 1129 (9th Cir. 2025) ................................... 14, 15, 16, 17, 18, 20

*Kwikset Corp. v. Superior Ct.*,
51 Cal. 4th 310 (2011) .................................................................................... 17

iii                                      Case No. 2:26-CV-02460-SB-KS

*Matthews Int'l Corp. v. Biosafe Eng'g,*
    695 F.3d 1322 (Fed. Cir. 2012) ........................................................................ 7

*McCracken v. KSF Acquisition Corp.,*
    2023 WL 5667869 (C.D. Cal. Apr. 4, 2023) (Blumenfeld, J.) ........................... 15

*McGinity v. Procter & Gamble Co.,*
    69 F.4th 1093 (9th Cir. 2023) ........................................................................ 12

*In re NJOY, Inc. Consumer Class Action Litig.,*
    2014 WL 12586074 (C.D. Cal. Oct. 20, 2014) .................................................. 19

*Prof'l Real Estate Invs., Inc. v. Columbia Pictures Indus., Inc.,*
    508 U.S. 49 (1993) ......................................................................................... 5

*Rubin v. Green,*
    4 Cal. 4th 1187 (1993) ............................................................................... 8, 9

*SanDisk Corp. v. LSI Corp.,*
    2009 WL 3047375 (N.D. Cal. Sept. 18, 2009) ........................................ 7, 12, 14

*Silberg v. Anderson,*
    50 Cal. 3d 205 (1990) ..................................................................................... 8

*Sliding Door Co. v. KLS Doors, LLC,*
    2013 WL 2090298 (C.D. Cal. May 1, 2013) .................................................. 5, 8

*Soil Retention Prods., Inc. v. Brentwood Indus., Inc.,*
    521 F. Supp. 3d 929 (S.D. Cal. 2021) .............................................................. 10

*Sosa v. DIRECTV, Inc.,*
    437 F.3d 923 (9th Cir. 2006) ......................................................................... 3, 4

*Southland Sod Farms v. Stover Seed Co.,*
    108 F.3d 1134 (9th Cir. 1997) ..................................................................... 11, 14

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007) ........................................................................... 2

*Sybersound Recs., Inc. v. UAV Corp.,*
    517 F.3d 1137 (9th Cir. 2008) ................................................................ 19, 20, 21

*Theme Promotions, Inc v. News Am. Mktg. FSI,*
    546 F.3d 991 (9th Cir. 2008) ..................................................................... 4, 8, 9

iv        

EIGHT SLEEP'S MOTION TO DISMISS ORION'S COUNTERCLAIMS

*UCP Int'l Co. Ltd. v. Balsam Brands Inc.*,
 420 F. Supp. 3d 966 (N.D. Cal. 2019)...................................................................... 6

*UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*,
 117 F. Supp. 3d 1092 (C.D. Cal. 2015)..........................................................5, 9, 10

*UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*,
 2015 WL 12746208 (C.D. Cal. Oct. 30, 2015) ....................................................... 4

*Weiser L. Firm, P.C. v. Hartleib*,
 2023 WL 5030096 (C.D. Cal. July 6, 2023) ........................................................... 8

*In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*,
 2022 WL 522484 (C.D. Cal. Feb. 9, 2022) ............................................................15

### Statutes

California Business and Professions Code § 17200 .........................................*passim*

California Civil Code § 47(b).............................................................................. 8, 9

### Other Authorities

Federal Rule of Civil Procedure 9(b) ................................................................ 1, 19

Federal Rule of Civil Procedure 12(b)(6)............................................................. 19

U.S. Const. amend. I............................................................................................... 3

## INTRODUCTION

Orion's counterclaims try to recast Orion, the infringer, as the victim—and ask this Court to treat litigation as a tort.  The law does not allow that, and the Court should dismiss Counterclaims V-VIII with prejudice.

*First*, not only does Orion fail to sufficiently plead tortious interference (Counterclaims V and VI), but the *Noerr Pennington* doctrine, federal patent preemption, and California's litigation privilege also bar these claims based on conduct related to this lawsuit.  Eight Sleep told relevant third parties this lawsuit was ongoing, to preserve documents, and advised them they may be liable if they participate in the conduct at issue here.  That does not support a claim for tortious interference.

*Second*, Orion fails to plead its Lanham Act false advertising counterclaim (Counterclaim VII) with the requisite particularity under Rule 9(b).  Orion fails to assert, let alone explain why, the statements it challenges were false or misleading.  For example, Orion contends Eight Sleep saying Eight Sleep's Autopilot Elite, which helps customer achieve better sleep, can help users "live longer" was false or misleading, but Orion never explains why; it simply says it cannot be corroborated.  That does not state a false advertising claim.  That is particularly true here; defendant "Orion *Longevity*" touts the longevity benefits of improved sleep on its own website.  If Orion believes its own name and advertisements are a lie, it needs to explain why in far more detail.

*Third*, Orion's UCL counterclaim (Counterclaim VIII) fails for multiple reasons:  lack of standing, failure to satisfy Rule 9(b), and failure to allege underlying unfair or unlawful conduct.

## BACKGROUND

Eight Sleep is a sleep-technology company.  Dkt. 71 ("FAC") ¶ 2.  Its flagship product, the Eight Sleep Pod, is a sleep system that adjusts temperature throughout

the night and tracks the user's sleep. *Id.* ¶¶ 30-31. Since its founding in 2014, Eight Sleep has invested in the Pod hardware, software, and patented technology, building a recognized brand in the connected-sleep market and securing patents. *Id.* ¶¶ 2, 25-28, 70.

On October 9, 2025, Eight Sleep filed a patent infringement action against Orion and Blue Fuzion Group Ltd. ("BFG"). FAC ¶ 88. *See also Eight Sleep Inc. v. Orion Longevity Inc.*, No. 2:25-cv-09685-SB-RAO (C.D. Cal.) ("*Eight Sleep I*") at Dkt. 1. On December 15, 2025, Eight Sleep sent Orion's overseas manufacturer a letter through counsel that identified Eight Sleep's patents, referenced the pending litigation, and asked Orion's manufacturer to cease its infringing conduct. Orion's Answer & Counterclaims (Dkt. 73) at Counterclaims ("CC") ¶ 16; Ex. 1[1] (Dec. 15, 2025 Letter).

On May 8 and May 18, 2026, after the Court denied Orion's motion to dismiss Eight Sleep's patent and Lanham Act claims, Eight Sleep sent notice-and-document-preservation letters to third parties. Ex. 2 (Example May 2026 Letter). Those letters enclosed the then-operative Complaint (Dkt. 1) and the Court's Order on Orion's Motion to Dismiss (Dkt. 69), reminded recipients of their "obligations that arise from [their] role as a brand ambassador, promoter, or endorser of Orion's products," and directed that they "identify, preserve, and refrain from destroying all documents and electronically stored information ('ESI') relating in any way to [their] work with or on behalf of Orion." Ex. 2 at 1-2.[2]

---

[1] All exhibits are to the contemporaneously filed Declaration of Jordan Alexander.

[2] The Court may consider these letters, as the Counterclaims refer to and rely upon them. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (courts may consider exhibits attached to complaint and documents whose contents are incorporated by reference therein without converting motion to dismiss to motion for summary judgment); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] court may consider a writing referenced in a complaint . . . if the complaint relies on the document and its authenticity is unquestioned.").

On May 15, 2026, Eight Sleep filed the FAC.  Two weeks later, Orion brought counterclaims.  Four of those seek declarations of non-infringement and invalidity (Counts I-IV) and are not at issue here.  Counts V and VI assert counterclaims for intentional interference with contractual relations and prospective economic advantage, respectively, based on Eight Sleep's enforcement letters in the United States and China.  CC ¶¶ 46-57.  Counts VII and VIII allege claims under the Lanham Act and California Business and Professions Code § 17200 ("UCL"), respectively. *Id.* ¶¶ 58-71.

## LEGAL STANDARD

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  The Court must "accept as true all well-pleaded allegations of material fact" and construe them in the plaintiff's favor, but need not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Daniels-Hall v. National Education Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).[3]

## ARGUMENT

## I.   ORION'S TORTIOUS INTERFERENCE COUNTERCLAIMS FAIL

### A.   *Noerr-Pennington* Immunizes Eight Sleep's Communications

The *Noerr-Pennington* doctrine "derives from the First Amendment's guarantee of the right of the people to petition the Government for a redress of grievances."  *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (citing U.S. Const. amend. I).  Under that doctrine, "those who petition any department of the government for redress are generally immune from statutory liability for their

---

[3]  Unless otherwise stated, all emphasis is added and all internal quotation marks and citations are omitted.

petitioning conduct," *id.*, and such protected "[p]etitioning activity . . . include[es] petitions in the form of a lawsuit in federal or state court." *Evanger's Dog & Cat Food Co, Inc. v. Env't Democracy Project*, 2022 WL 180205, at *3 (C.D. Cal. Jan. 20, 2022) (citing *Sosa*, 437 F.3d at 929-30); *see also UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, 2015 WL 12746208, at *20 (C.D. Cal. Oct. 30, 2015) (doctrine immunizes those who "use the channels and procedures of state and federal agencies and courts to advocate their causes and points of view") (quoting *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 511 (1972)). *Noerr-Pennington* also protects "communications between private parties . . . so long as they are sufficiently related to petitioning activity." *Sosa*, 437 F.3d at 935. The Ninth Circuit has accordingly found that *Noerr-Pennington* protects "[c]onduct incidental to a lawsuit" unless that litigation is a sham. *Theme Promotions, Inc v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008).

### 1. The Challenged Communications Are Protected Activity

Orion's interference claims rest on Eight Sleep's communications to an overseas manufacturer and influencers/promotional partners. Each is protected under *Noerr-Pennington*. *Theme Promotions*, 546 F.3d at 1007. Those communications are:

- A December 15, 2025 letter to Orion's overseas manufacturer, identifying Eight Sleep's patents, referencing pending patent litigation, explaining recipient's alleged role as a manufacturer of the accused Orion products, and demanding the manufacturer cease the infringing manufacture. Ex. 1 (Dec. 15, 2025 Manufacturer Letter).

- Eight Sleep's May 8 and May 18, 2026 letters to Orion's promotional partners gave them notice of this lawsuit, advised them of the need to preserve evidence and potential for Lanham Act liability, and enclosed the complaint and this Court's motion to dismiss order. Ex. 2.

These communications cannot support interference claims. *See Theme Promotions,* 546 F.3d at 1007-08 (affirming *Noerr-Pennington* bar where interference claims

rested on letters notifying third parties they could "become embroiled in then-ongoing litigation between [the parties]").

Here, Eight Sleep notified relevant third parties of a pending action, enclosed the operative complaint and this Court's order denying dismissal of the patent and Lanham Act claims, and advised recipients to preserve evidence. *See* CC ¶ 19; Exs. 1-2. Eight Sleep also notified the manufacturer of Orion's infringing products of its role in Orion's infringement, and asked it to stop participating in that ongoing infringement. Ex. 1.

This is textbook protected activity. *See EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1082 (C.D. Cal. 2010) (finding enforcement communications "sufficiently related to petitioning activity to trigger the *Noerr-Pennington* doctrine" where letters asserted intellectual property rights over which licensor had already initiated litigation); *UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, 117 F. Supp. 3d 1092, 1102, 1114 (C.D. Cal. 2015) (interference claims based on post-suit communications with business partners barred by *Noerr-Pennington* where lawsuit was not "objectively baseless"); *AbCellera Biologics Inc. v. Bruker Cellular Analysis f/k/a Berkeley Lights, Inc.*, 2024 WL 37213, at *1, *4-6 (N.D. Cal. Jan. 2, 2024) (dismissing under *Noerr-Pennington* counterclaims based on letters sent by patent plaintiff); *Sliding Door Co. v. KLS Doors, LLC*, 2013 WL 2090298, at *6 (C.D. Cal. May 1, 2013) (email notifying customers patentee "had sued Defendants for patent infringement" and warning it would pursue those who purchased "any infringing product" was protected by *Noerr-Pennington*).

The Court should likewise dismiss Orion's tortious interference claims as barred under *Noerr Pennington* .

### 2. The Sham Litigation Exception Does Not Apply

To escape *Noerr-Pennington*, Orion must plead that this lawsuit is "objectively baseless in the sense that no reasonable litigant could realistically expect success on

the merits." *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 538 (9th Cir. 2022) (quoting *Prof'l Real Estate Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993)). "If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under *Noerr*." *Id.* If, and "only if," the Court finds the challenged litigation objectively meritless, it may then examine the petitioning party's subjective motivation—*i.e.*, whether Eight Sleep used "government processes, as opposed to the outcome of those processes, as a mechanism to injure" Orion. *Id.*

Orion cannot clear the first hurdle—it fails to allege facts showing Eight Sleep's suit is objectively baseless. In fact, this Court already has found that Eight Sleep alleged ***plausible*** patent and Lanham Act claims and allowed those claims to proceed. Dkt. 69 at 10-12. *See Fitbit, Inc. v. Laguna 2, LLC*, 2018 WL 306724, at *10 (N.D. Cal. Jan. 5, 2018) (finding counterclaimant failed to plead sham exception, calling counterclaimant's assertion of that exception "problematic," noting the case had not been dismissed as baseless and that "for the sham litigation exception, the Ninth Circuit has established a heightened pleading requirement because . . . the danger that the mere pendency of the action will chill the exercise of First Amendment rights requires more specific allegations than would otherwise be required.").

As for the letter to Orion's manufacturer, federal law "recognizes a presumption that the assertion of a duly granted patent is made in good faith; this presumption is overcome only by affirmative evidence of bad faith." *Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, 698 F. Supp. 3d 1221, 1229 (S.D. Cal. 2023). Orion pleads no facts rebutting that presumption. Orion offers only conclusory labels—"baseless," "threatening," "harass[ing]," and "bullying." CC ¶¶ 15, 19, 49, 55. Name-calling is not enough; a claimant "must plead the sham litigation exception with specificity," and objective baselessness is not present where a reasonable litigant could expect success. *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*,

420 F. Supp. 3d 966, 980-82 (N.D. Cal. 2019).

Because Orion has not alleged sufficient facts to meet the heightened bar for pleading the sham litigation exception, it cannot escape the *Noerr-Pennington* doctrine and its Counterclaim Counts V and VI fail.

**B.     Federal Patent Law Independently Preempts The Counterclaims**

Orion's interference claims based on communications regarding patent rights also independently fail because  federal patent law preempts them.  "[F]ederal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation." *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004).   Orion complains that Eight Sleep's letter to Orion's manufacturer "demanded that [the manufacturer] cease doing business with Orion, reinforcing those demands with a written cease-and-desist letter," and that Eight Sleep sent letters to "influencers and promotional partners who had existing or prospective business relationships with Orion."  CC ¶¶ 16, 19.  Orion does not dispute that Eight Sleep's patents are at issue here; it simply labels them "baseless," "threatening," or "harassing."  CC ¶¶ 16, 19, 49-50, 55-56.  But "labels and conclusions" and "naked assertions devoid of further factual enhancement" are insufficient to allege bad faith patent assertion.  *See SanDisk Corp. v. LSI Corp.*, 2009 WL 3047375, at *1 (N.D. Cal. Sept. 18, 2009) (quoting *Iqbal*, 556 U.S. 662); *see also id.* at *2-3 (finding plaintiff's "stat[ement of] what it believes without providing any specific facts showing the basis" for that belief were "do[es] not allow a judge to make any reasonable inferences of bad faith").

Orion points to nothing indicating "that [Eight Sleep's] alleged infringement allegations were so unreasonable as to be objectively baseless[.]"  *Matthews Int'l Corp. v. Biosafe Eng'g*, 695 F.3d 1322, 1332 (Fed. Cir. 2012).  Indeed, Orion already unsuccessfully challenged Eight Sleep's patent claims.  Dkt. 69 at 5-8.  Tellingly,

Orion did not seek dismissal of *any* of the FAC's patent claims.  Orion cannot label those claims objectively baseless when not even Orion thinks they should be dismissed.

### C.   California's Litigation Privilege Also Immunizes Eight Sleep's Communications

California's litigation privilege covers any communication "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Weiser L. Firm, P.C. v. Hartleib*, 2023 WL 5030096, at *8 (C.D. Cal. July 6, 2023) (quoting *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990)); *see also* Cal. Civ. C. § 47(b).[4]   This "absolute" privilege includes communications with "some relation to judicial proceedings." *Rubin v. Green*, 4 Cal. 4th 1187, 1193-94, 1203-04 (1993).

In *Rubin*, the California Supreme Court held that a party cannot use interference claims to plead around § 47(b).  4 Cal. 4th at 1203 (litigation-related communications are "absolutely immune from civil tort liability, including . . . interference with contract and related claims"; that immunity does not "evaporate merely because the plaintiff discovers a conveniently different label" for the same grievance).   Federal courts applying California law have done the same. *See eCash Techs., Inc. v. Guagliardo*, 127 F. Supp. 2d 1069, 1077, 1082-83 (C.D. Cal. 2000), *aff'd*, 35 F. App'x 498 (9th Cir. 2002) (applying § 47(b) to attorney letter "to notify" third-party site that a domain name was "the subject of a pending lawsuit," because communications "with 'some relation' to judicial proceedings" receive "absolute immunity against tort liability"); *Arthur J. Gallagher & Co. v. Lang*, 2014 WL 6816644, at *2 (N.D. Cal.

---

[4]   California's litigation privilege also applies. *See Theme Promotions*, 546 F.3d at 1007 (9th Cir. 2008) ("There is no reason that Noerr–Pennington and California privilege law cannot both apply to . . . intentional interference claims"); *see, e.g.*, *Sliding Door Co. v. KLS Doors*, 2013 WL 2090298, at *7 (C.D. Cal. May 1, 2013).

EIGHT SLEEP'S MOTION TO DISMISS ORION'S COUNTERCLAIMS

Dec. 3, 2014) (dismissing, under California litigation privilege, tortious interference claims based on defendant contacting plaintiff's clients).

As explained above, Orion's tortious interference claims rest on allegations that its manufacturer suspended performance "in response to Eight Sleep's cease-and-desist letter," that promotional partners acted "[a]s a direct result" of Eight Sleep's communications, and that Count VI rests on "baseless cease-and-desist communications." CC ¶¶ 19, 50, 55. Those communications were sent by Eight Sleep, in relation to this litigation. Thus, California's litigation privilege applies. Cal. Civ. C. § 47(b).

**D.    Orion Fails To Plead The Elements Of Either Interference Tort**

Counts V and VI independently fail because Orion does not plead the elements of either tort. Intentional interference with contractual relations requires a valid contract with a third party, Eight Sleep's knowledge of that contract, intentional acts designed to induce breach or disruption, actual breach or disruption, and resulting damage. *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1115 (C.D. Cal. 2015). Intentional interference with prospective economic advantage requires a specific economic relationship with a third party with a probability of future economic benefit, Eight Sleep's knowledge of that relationship, intentional disruption, actual disruption, damages proximately caused by the disruption, and independently wrongful conduct. *Id*. at 1116-17. Orion's allegations satisfy neither.

The alleged interference consists of: (1) Eight Sleep's cease-and-desist letter to Orion's overseas manufacturer, (2) letters to unidentified influencers and promotional partners, and (3) an alleged attempted inspection of the overseas manufacturer's premises. CC ¶¶ 15-17, 49, 55. As explained above, the letters cannot support a claim, as they are barred by the *Noerr-Pennington* doctrine, preempted by federal law, and privileged under the California Civil Code. *Supra* I.A-C; *see also Theme Promotions*, 546 F.3d at 1007–08; *Globetrotter*, 362 F.3d at 1377; *Rubin*, 4

EIGHT SLEEP'S MOTION TO DISMISS ORION'S COUNTERCLAIMS

Cal. 4th at 1203. Nor does the alleged attempted *inspection* cure the defect. Orion does not plausibly allege that it caused any breach or disruption (let alone that Eight Sleep intended it to do so), or that the manufacturer changed its conduct in response. Orion instead attributes the manufacturer's alleged cessation of work solely to the *cease-and-desist letter*. CC ¶ 50.

The claims also fail because Orion does not identify the contractual obligations or specific prospective relationships allegedly disrupted. Orion must explain who it contracted with and the nature and extent of those relationships; vague references to categories of counterparties or unidentified relationships are insufficient. *UMG*, 117 F. Supp. 3d at 1115-18 (dismissing tortious interference counterclaim); *see also Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d 929, 961-62 (S.D. Cal. 2021). Orion's references to an unnamed marketing agency, manufacturer, influencers, and promotional partners do not identify any contract terms, performance obligations, or specific prospective economic relationship with a probable future benefit. CC ¶¶ 47-53.

Nor does Orion plead facts plausibly showing Eight Sleep's knowledge of any such contract or relationship or intent to disrupt it, proximate causation, or, for the prospective-advantage claim, independently wrongful conduct, all of which are necessary to state a tortious interference claim. Orion's assertions that Eight Sleep knew of relationships because it allegedly "targeted" them and acted to induce "breach and/or severe disruption," CC ¶¶ 48-49, are conclusory recitals, not facts. *See Havensight Cap. LLC v. Nike, Inc.*, 2015 WL 993334, at *1-2 (C.D. Cal. Feb. 18, 2015) (dismissing contract interference claim where the plaintiff failed to allege facts showing breach or disruption, knowledge, or intent). Counts V and VI should therefore be dismissed.[5]

---

[5]  Counterclaims V and VI also contradict one another because Orion asserts both based on the same alleged conduct. If Orion had no contractual relationship with a

(continued...)

EIGHT SLEEP'S MOTION TO DISMISS ORION'S COUNTERCLAIMS

## II.   ORION FAILS TO STATE A LANHAM ACT FALSE ADVERTISING CLAIM

A Lanham Act false advertising claim requires a false or misleading statement of fact in a commercial advertisement, actual deception or a tendency to deceive a substantial segment of the audience, materiality, entry into interstate commerce, and resulting injury. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). To plead falsity, Orion must allege facts showing a statement is "literally false, either on its face or by necessary implication," or "literally true but likely to mislead or confuse consumers." *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 69 F.4th 665, 671 (9th Cir. 2023).

**Subscription / Warranty Statements.** Orion says marketing that the Pod 5 "tracks your sleep then adjusts automatically" is false or misleading because this "AI-driven feature[]" exists, but requires an Autopilot subscription. CC ¶ 20. Orion says the same about marketing that "[t]he Pod cools, heats, and tracks your sleep, then adjusts automatically so you don't have to," because—although Orion admits the feature exists—the feature requires Autopilot. *Id.* Orion says the same about extended warranties available with certain tiers of that subscription. *Id.* ¶ 21. Orion does not allege that the Pod cannot track sleep or adjust temperature automatically, or that Eight Sleep does not offer a 5-year warranty. Orion does not allege that the advertising conveyed a false message and actually deceived or had a tendency to deceive a substantial segment of consumers. *Southland Sod Farms*, 108 F.3d at 1139-40.

Orion also fails to address whether any of the challenged statements were accompanied by disclaimers or other information, which courts have found to render statements not misleading. *See Bodenburg v. Apple Inc.*, 146 F.4th 761, 769 (9th Cir. 2025) (affirming dismissal because any ambiguity in defendant's plan descriptions

party, it cannot state a claim for contract interference regarding that party, and vice versa for its economic advantage-interference claim.

was dispelled by the "specific descriptions" of those plans presented alongside them); *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1098-99 (9th Cir. 2023) (ambiguous label resolved by contextual information presented with it); *HomeLight, Inc. v. Shkipin*, 694 F. Supp. 3d 1242, 1258-59 (N.D. Cal. 2023) ("100% free" not misleading when read with the adjacent disclosure of a referral fee). For example, when a customer goes to the purchase page for the Pod, which lists a "5-year warranty", that statement is accompanied by a disclaimer that states "Autopilot Enhanced or Autopilot Elite *required* for 5-year warranty. See full Warranty Terms here," with a link to the full Warranty Terms. Ex. 3 at 2, 13. This resolves any claimed ambiguity.

Orion offers only a conditional, conclusory assertion "[u]pon information and belief" that the challenged statements *could* deceive a "substantial segment" of Orion's customers and potential customers, CC ¶ 60, but does not allege information supporting that purported belief. Orion claims that "Reviews on Eight Sleep's own website confirm that consumers feel deceived by the diminished functionality actually delivered with the hardware," but does not identify a single such review, nor any other facts pleading how the challenged statements supposedly had a tendency to deceive any Orion customers. That does not satisfy *Iqbal*. *See Sandisk*, 2009 WL 3047375, at *2-3 (citing *Iqbal,* 556 U.S. at 677-78).

**Temperature Claims.** Orion challenges Eight Sleep's statements that the Pod "cools to 55°F" and "heats to 110°F." and that users may see "up to" a 34% increase in deep sleep, fall asleep "up to" 20% faster, and "save up to $20/month" on energy bills. CC ¶ 22. Orion does not allege that the Pod cannot reach 55°F or 110°F. It instead tries to infer falsity from Eight Sleep's allegation *in the FAC*, based on Eight Sleep's testing of *Orion's* product compared to *Orion's* advertised temperatures ("50°F" and "115°F"—five degrees below and above the advertised range for the Pod), because that testing showed *Orion's* claims were unachievable. *See* FAC ¶ 51.

EIGHT SLEEP'S MOTION TO DISMISS ORION'S COUNTERCLAIMS

That tests of Orion's product showed Orion's product could not hit the cooler-than-Eight-Sleep and hotter-than-Eight-Sleep temperatures has no bearing on the accuracy of *Eight Sleep's* advertisements regarding a *different* temperature range provided by *Eight Sleep's* product. Orion offers no other alleged evidence of falsity. That does not state a claim.

**Performance Claims.** Orion points to what it calls "Eight Sleep's quantified performance claims—"including" that users may see "up to" a 34% increase in deep sleep, fall asleep "up to" 20% faster, and "save up to $20/month" on energy bills—as supposedly false advertisements. CC ¶ 23. First, although the use of "including" alludes to statements other than the listed three, Orion identifies no other allegedly misleading "quantified performance claims", necessarily failing to plead false advertising based on such unidentified statements. Second, Orion alleges only that these claims are "unsubstantiated" and made "without evidence that all or substantially all of its customers will receive those benefits"—not that they are false or misleading. CC ¶ 23. Orion also suggests that these statements represent that "all or substantially all of [Eight Sleep's] customers" would achieve the listed benefits, but Orion alleges no such representation, nor any support for Orion's reading. Orion fails to state a false advertising claim based on these statements.

**"Live Longer" Statement.** Orion challenges Eight Sleep's statement that its Autopilot Elite subscription will "help [users] live longer." CC ¶ 24. But again, Orion does not allege that this statement is false or misleading—only that it "cannot [be] substantiate[d] and that cannot be confirmed." *Id.* That does not state a claim.[6]

**"All-Over Skin Temperature."** Orion says the Pod 5 cannot track "all-over skin temperature." CC ¶ 25. Orion fails to allege any facts supporting its contention

---

[6] It is difficult to understand how Orion can allege this statement is false, when Orion (1) named itself "Orion *Longevity* Inc." based on the well-known longevity benefits of sleep, and (2) prominently touts that connection on the front page of its own website. Ex. 4 (Orion Webpage) ("Better sleep boosts longevity.").

EIGHT SLEEP'S MOTION TO DISMISS ORION'S COUNTERCLAIMS

that this statement is false, but even if the Court accepts that allegation, a bare allegation of falsity—untethered to materiality or deception—cannot state a claim. *Southland Sod Farms*, 108 F.3d at 1139.  Materiality requires facts showing that a reasonable consumer would "attach importance" to the distinction in deciding whether to buy.  *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1107 (9th Cir. 2013).  But Orion only pleads materiality as a conclusory assertion as to all challenged statements. CC ¶ 27.  It does not allege what "all-over skin temperature tracking" means, or that a distinction between that and whatever Orion alleges the Pod 5 does is material— *i.e.*, that it would influence a reasonable consumer's purchasing decision.  Nor does Orion allege that any consumer saw the statement during the limited window it appeared, was deceived by it, or diverted a purchase because of it.  That is insufficient.

**Third-Party Testimonials / Endorsements.**  Lastly, Orion alleges "[o]n information and belief" that customer endorsements and testimonials on Eight Sleep's website are either "not [from] real users of the product sharing their actual experience with the product, or [from users who have] received compensation from Eight Sleep for their post," and that Eight Sleep has used "fake accounts" to promote Eight Sleep on social media.  CC ¶¶ 26-27.  First, because this theory sounds in fraud, it must be pleaded with particularity, including alleging the "who, what, when, where, and how" of the alleged fraud.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *BHRS Grp., LLC v. Brio Water Tech., Inc.*, 553 F. Supp. 3d 793, 799 (C.D. Cal. 2021). Orion does not do so.  It identifies no endorsement, endorser, post, account, or date. Second, Orion pleads this entire theory "[o]n information and belief" without stating any ***factual*** basis for that belief.  That is insufficient.  *See Sandisk*, 2009 WL 3047375, at *2-3 (citing *Iqbal,* 556 U.S. at 677-78).

## III.    ORION'S UCL COUNTERCLAIM FAILS

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200; *Key v. Qualcomm Inc.*, 129 F.4th 1129,

1141 (9th Cir. 2025).  Orion invokes all three categories in a single conclusory sentence, CC ¶ 69, but fails to state a claim under any of them.

### A.    Orion Fails To Plead That Legal Remedies Are Inadequate

Because equitable relief is "the only relief afforded by the UCL," Orion must plead facts establishing entitlement to an equitable remedy—either that damages are inadequate, or that prospective relief is necessary to prevent future harm.  *Key*, 129 F.4th at 1141-42.  Orion does neither.  Orion's UCL claim thus fails.

Under *Sonner v. Premier Nutrition Corporation*, a plaintiff seeking UCL equitable restitution "must establish that [it] lacks an adequate remedy at law."  971 F.3d 834, 844 (9th Cir. 2020); *see also Key*, 129 F.4th at 1142 ("where an adequate legal remedy exists, federal courts are precluded from awarding equitable relief, at least in the form of equitable restitution"); *McCracken v. KSF Acquisition Corp*., 2023 WL 5667869, at *8 (C.D. Cal. Apr. 4, 2023) (Blumenfeld, J.) (dismissing equitable restitution where plaintiff did "not identify any possible—much less plausible—scenario" in which she would be entitled to restitution or disgorgement but not damages).

Orion pleads no facts showing legal remedies are inadequate.  It merely says Eight Sleep injured its "business, reputation, and goodwill for which there is no adequate remedy at law."  CC ¶ 63.  That is not enough for a UCL claim.  *See In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 2022 WL 522484, at *72 (C.D. Cal. Feb. 9, 2022) ("conclusory allegation" that "Plaintiff and Class members do not have an adequate remedy at law" is "insufficient" for UCL claim).

Orion's requested relief confirms legal remedies are adequate.  Orion seeks Lanham Act damages for "lost sales and lost profits associated with sales made by Eight Sleep that would otherwise have gone to Orion," Eight Sleep's "gains, profits, and advantages," compensatory damages, punitive damages, treble damages, costs, and attorneys' fees.  CC ¶¶ 64-66, Prayer for Relief ¶¶ F, L, N.  These legal remedies

address the same alleged lost sales and profits, reputational and goodwill injury, and competitive harm that Orion attempts to repackages as UCL restitution.  And as *Key* confirms, that a plaintiff might fail to prove its legal claim "does not make that [claim's legal] remedy inadequate."  129 F.4th at 1142.

Nor can Orion salvage its UCL claim by requesting an injunction.  *See* CC ¶ 71.  Under *Sonner*, where "the operative complaint fail[s] to allege lack of an adequate remedy, and the plaintiff fail[s] to explain how the sum sought in equitable restitution was inadequate or incomplete, the plaintiff fail[s] to state a claim for equitable restitution."  *See Drake v. Toyota Motor Corp.*, 2021 WL 2024860, at *7 (C.D. Cal. May 17, 2021) (Blumenfeld, J.) (quoting *Sonner*, 971 F.3d at 843-44) (rejecting argument that requesting injunctive relief renders *Sonner* inapplicable as "out of step with the weight of authority applying *Sonner*").

Orion's allegation that Eight Sleep "has been and is engaged" in disseminating false advertisements does not overcome that hurdle.  CC ¶ 59.  Courts applying *Sonner* routinely reject attempts to plead around the adequate-remedy requirement by invoking future or "continuing" harm without explaining why monetary relief is inadequate.  In *Wu v. iTalk Global Communications, Inc.*, for example, the court found that an injunction was unnecessary to prevent future and "continual" injury where the plaintiffs offered "no persuasive reason why monetary relief cannot adequately remedy 'continuing' monetary injuries."  2021 WL 5176799, at *3-4 (C.D. Cal. Feb. 2, 2021).

So, too, here.  Orion fails to allege why monetary relief would be inadequate; it alleges no facts explaining what irreparable injury it will suffer, why damages would not suffice, or why equitable relief is necessary.  *See Drake*, 2021 WL 2024860, at *7.  Orion's UCL claim thus fails to satisfy *Sonner*.  *See Adams v. Cole Haan, LLC*, 2020 WL 5648605, at *3 (C.D. Cal. Sept. 3, 2020) (UCL claim dismissed since a "conclusory statement about irreparable injury cannot survive a motion to

dismiss").

### B.    Orion Lacks Standing To Assert Any UCL Claim

Orion also lacks statutory standing to pursue a UCL claim under any prong. This Court already ruled on this issue in this case:  in granting Orion's motion to dismiss Eight Sleep's UCL (and FAL) claims, the Court observed that under the UCL, a claimant "must demonstrate some form of economic injury," which "must also be as a result of the unfair competition[]," such that the plaintiff "must show a causal connection or reliance on the alleged misrepresentation. Dkt. 69 at 8-9 (citing *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 323, 326 (2011); *Key*, 129 F.4th at 1141).  The Court found that Eight Sleep's allegation that, due to Orion's false advertising, "Eight Sleep's goodwill was damaged, and it 'lost sales because customers who would have otherwise purchase its products, instead purchased Orion'" failed to sufficiently allege monetary loss or causation.  *Id*.; *see also Kachuck Enters. v. Mission Produce, Inc*., 2026 WL 216475, at *6 (C.D. Cal. Jan. 22, 2026) (dismissing UCL and FAL claims where plaintiffs did "not offer any examples of consumers who have actually seen and relied on the alleged misrepresentations, or any other facts or allegations supporting their generalized assertions regarding consumer reliance").  The Court noted that the Complaint had not "identif[ied] any specific lost sales attributable to customers' viewing any of the allegedly advertisements."  Dkt. 69 at 9

Orion is aware of this ruling, yet it brings claims that run afoul of it.  *See United States v. Gartenlaub*, WL 4987258, at *1 (9th Cir. Dec. 5, 2024) ("a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case".  Orion's allegations of harm are materially indistinguishable from those the Court already found insufficient.  Orion identifies no specific lost sales attributable to customers viewing the alleged false advertisements.

It instead offers the sort of "conclusory allegations" this Court already found insufficient for UCL standing. Dkt. 69 at 9-10.[7]

Orion's own Counterclaims underscore this pleading defect. In its Lanham Act claim, Orion alleges that "[t]his Court has already held that the Lanham Act 'presumes injury from false advertisements in claims against direct competitors.'" CC ¶ 67 (quoting Dkt. 69 at 12). By relying on this premise to support its Lanham Act claim, Orion emphasizes the absence of harm and causation allegations in support of its UCL claim. As this Court made clear in its prior ruling, the presumption of injury applies to Lanham Act claims only, not to UCL claims based on the same conduct. Dkt. 69 at 9-10, 12.

Further, with respect to Orion's misrepresentation-based UCL claims, the Ninth Circuit has found that a plaintiff alleging a UCL claim under the "fraudulent" prong "must demonstrate *actual reliance* on the allegedly deceptive or misleading statements." *Key*, 129 F.4th at 1141 (no UCL fraud claim where plaintiffs failed to allege actual reliance "or action based on the truth or falsity of any statement," including "that they were induced to act"). Here, Orion does not allege that it relied on any statement by Eight Sleep. Dkt. 69 at 9 (noting the law is unsettled as to whether injury from a customer's reliance on fraudulent advertisements may support a false-advertising claim" and that "[h]istorically, a majority of district courts required reliance by the competitor-plaintiff"). Nor does Orion allege reliance by customers on purported false advertisements; Orion thus fails to plead standing even under the more permissive line of cases. *Id*. Even courts that disagree on the UCL's meaning would agree that Orion's threadbare allegations are insufficient.

---

[7]  Orion's tortious interference allegations do not confer standing. As discussed above, Orion fails to sufficiently state any such claim, including failing to plead harm as a result of any purportedly unlawful conduct. And even if the Court were to find standing for the "unlawful" UCL prong based on Orion's tortious interference allegations, the remainder of Orion's UCL claim would nonetheless fail for lack of standing.

### C.      Orion's UCL "Fraud" Claim Does Not Satisfy Rule 9(b)

To the extent Orion's UCL claim rests on allegedly false or misleading statements, that fraud claim must satisfy Rule 9(b).  *Davidson v. Sprout Foods, Inc.*, 106 F.4th 842, 852 (9th Cir. 2024) (a UCL claim "grounded in fraud" must "satisfy not only Rule 12(b)(6)'s plausibility pleading standard but also the heightened pleading requirements of Rule 9(b)").  Orion fails that test.  It never pleads the "who, what, when, where, and how" of the alleged deceptive statements, dooming its fraud-based UCL claim.  *See Kearns*, 567 F.3d at 1126 (affirming dismissal where the plaintiff failed to specify the advertisements at issue, when he was exposed to them, and which statements were material).  Because Orion does not identify, for each alleged deception, who made the statement, when and where it appeared, what made it false or misleading, who saw or acted on it, or how it caused Orion to lose money, dismissal is warranted.  *See In re NJOY, Inc. Consumer Class Action Litig*., 2014 WL 12586074, at *10, *12 (C.D. Cal. Oct. 20, 2014) (dismissing fraud-based UCL claim).

### D.      Orion Cannot State A Claim Under The UCL "Unfair" Prong

To bring a UCL claim based on "unfair" practices, a plaintiff must plead "conduct that threatens an incipient violation of an antitrust law, or violates the spirit or policy of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008).  In other words, a UCL "unfair" claim must allege conduct harmful **to competition**, not simply conduct that impacts a competitor.  *See Cel-Tech Comm'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 186 (1999) ("Injury to a competitor is not equivalent to injury to competition; only the latter is the proper focus of antitrust laws.").

Orion pleads no such harm to competition.  The Orion only identifies  alleged harms to Orion itself:  lost "build time," "lost sales," "paid-for promotional content," and the value of manufacturer and promotional relationships.  CC ¶¶ 51, 56-57.  That

is insufficient.  *See Sybersound*, 517 F.3d at 1153 (affirming dismissal of competitor UCL claim where plaintiff "ha[d] also not pled an act that would be an incipient violation of antitrust law, as required under *Cel-Tech* for claims against competitors"); *Key*, 129 F.4th at 1141 (rejecting UCL unfairness theory where challenged policy "does not violate the letter, policy, or spirit of federal or state antitrust law" and was "not 'unfair' under any theory").  Orion's Counterclaims allege, at most, misconduct directed at Orion and its supplier—not conduct threatening an antitrust violation or harming competition in the marketplace.  Orion fails to plead "unfair" conduct under the UCL.

### E.   Orion Fails To State A Claim Under The UCL "Unlawful" Prong

The UCL's "unlawful" prong "borrows" violations of other laws and treats them as independently actionable unfair competition.  *Cel-Tech*, 20 Cal. 4th at 180. If those predicate claims fail, the "unlawful" UCL claim cannot stand on its own. *Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185 (2012); s*ee also Sybersound*, 517 F.3d at 1153 (9th Cir. 2008) (affirming dismissal of UCL claim where plaintiff could not state predicate Lanham Act or Copyright Act claims and had not pled any other unlawful acts under which the claim would fall).  Because Orion has not pled a viable predicate tort, its unlawful-prong theory fails.  *See Healy v. Qognify, Inc.*, 2019 WL 1242843, at *6 (C.D. Cal. Mar. 15, 2019) (where plaintiff "failed to adequately plead a claim for intentional interreference with contract under California law, the Court finds that the unfair competition claim must also fail").

### F.   Orion Fails To State Any Common-Law Unfair Competition Claim

Orion mentions "common law unfair competition" in passing, without asserting a counterclaim labeled as such.  *See* CC at Eighth Counterclaim (labeling that claim as "Unfair Competition—California Business and Professions Code § 17200"); *id.* ¶ 69 (alleging "Eight Sleep is engaged in 'unlawful, unfair or fraudulent business practices' in violation of §§ 17200, *et seq.*, of the California Business & Professions

Code and common law unfair competition"). As such, the Counterclaims do not assert a cause of action based on common law unfair competition. To the extent Orion contends that it does assert such a claim, that theory fails. Under California law, common-law unfair competition is "generally thought to be synonymous with the act of 'passing off' one's goods as those of another." *Sybersound*, 517 F.3d at 1153 (quoting *Bank of the W. v. Superior Ct.*, 2 Cal.4th 1254, 1263 (1992)). Orion does not allege Eight Sleep passed off its goods as Orion's, exploited Orion's trade name, or otherwise engaged in conduct cognizable as common-law unfair competition. The Court should thus dismiss Orion's unfair competition claim to the extent it is based on "common law unfair competition."

## **CONCLUSION**

For the reasons stated above, Eight Sleep respectfully requests that the Court dismiss Orion's fifth through eighth counterclaims with prejudice.

Dated: June 22, 2026

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: /s/ *Patrick D. Curran*

Alex Spiro
Steven Cherny
Patrick D. Curran
Nicola Felice
Jordan E. Alexander

EIGHT SLEEP'S MOTION TO DISMISS ORION'S COUNTERCLAIMS

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Eight Sleep Inc., certifies that this brief contains 6,927 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 22, 2026              By:    /s/ *Jordan E. Alexander*

EIGHT SLEEP'S MOTION TO DISMISS ORION'S COUNTERCLAIMS