Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Steven Cherny (*pro hac vice*)
stevencherny@quinnemanuel.com
Patrick D. Curran (SBN 241630)
patrickcurran@quinnemanuel.com
Nicola Felice (*pro hac vice*)
nicolafelice@quinnemanuel.com
Jordan E. Alexander (SBN 305112)
jordanalexander@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
295 5th Avenue
New York, New York 10016-7103
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100

*Attorneys   for   Plaintiff*
*EIGHT SLEEP INC.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| **EIGHT SLEEP INC.,** | ) Case No. 2:26-cv-02460-SB-KS |
| Plaintiff, | ) **DECLARATION OF JORDAN E. ALEXANDER IN SUPPORT OF EIGHT SLEEP'S MOTION TO DISMISS DEFENDANT ORION LONGEVITY INC.'S COUNTERCLAIMS V-VIII** |
| vs. | ) |
| **ORION LONGEVITY INC.,** and **BLUE FUZION GROUP LTD.,** | ) |
| Defendants. | ) Hon. Stanley Blumenfeld, Jr. |
| | ) Date: July 31, 2026 |
| | ) Time: 8:30 a.m. |
| | ) Courtroom: 6C |

DECLARATION OF PATRICK D. CURRAN IN SUPPORT OF
PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

I, Jordan E. Alexander, declare as follows:

1.    I am an attorney at Quinn Emanuel Urquhart & Sullivan, LLP, representing Plaintiff Eight Sleep, Inc. ("Eight Sleep") in this action.  I am a member in good standing of the bar of the State of California.  I make this declaration in support of Eight Sleep's Motion to Dismiss Defendant Orion Longevity Inc.'s ("Orion") Counterclaims V-VIII, filed concurrently herewith.

2.    I am over 18 years of age and have personal knowledge of the facts set forth in this declaration.  If called as a witness, I could and would testify competently to the information contained herein.

3.    Attached hereto as **Exhibit 1** is a true and correct copy of a December 15, 2025 letter from Eight Sleep's counsel to Orion's overseas manufacturer.

4.    Attached hereto as **Exhibit 2** is a true and correct copy of a May 8, 2026 letter from Patrick Curran of Quinn Emanuel to Allison Ellsworth titled "Notice Regarding Patent Infringement and False Advertising Claims Against Orion and Related Document Preservation Demand", which is an example of the letters that Eight Sleep's counsel sent to Orion promotional partners on May 8 and May 18, 2026. Each of those letters is substantially the same as Exhibit 2, except that each is addressed to a different person, and several were sent on May 18, rather than May 8.

5.    Attached hereto as **Exhibit 3** is a true and correct copy of screenshots that I captured from the webpage https://www.eightsleep.com/product/pod-cover/, which I took on June 22, 2026 (screenshots were used because printing the webpage straight from a browser to PDF threw off formatting).  I have added red boxes to page 2 and page 13 to highlight the 5-year warranty language and related disclaimer.

6.    Attached hereto as **Exhibit 4** is a true and correct copy of a Page Vault capture of https://www.orionsleep.com/ taken on May 27, 2026.  I also visited this same webpage on June 22, 2026, and confirmed that the language "Better sleep boosts longevity" was still present on that page as of that date.

DECLARATION OF JORDAN E. ALEXANDER IN SUPPORT OF
PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

7. On June 12, 2026, I sent an email to Defendants' counsel notifying them that Eight Sleep would be moving to dismiss Orion's Counterclaims IV-VIII for failure to state a claim under Federal Civil Rule of Procedure 12(b)(6), and requesting counsel's availability to meet and confer. That email outlined the bases for dismissal Eight Sleep anticipated raising in its motion, and cited case law in support of Eight Sleep's positions. A true and correct copy of that email is attached hereto as **Exhibit 5**.

8. On June 15, 2026, I followed up on my email, again requesting to meet and confer. Defendants' counsel from Simpson Thacher & Bartlett LLP, Jeff Nardinelli, asked me to give him a call, and he and I spoke about Eight Sleep's anticipated motion. On the call, Mr. Nardinelli informed me that his team needed more time to review the cases cited in my email before defense counsel could confer on every issue raised in my email, but he and I were able to confer on that call about several of Eight Sleep's dismissal arguments with respect to Orion's tortious interference counterclaims, namely, *Noerr Pennington* and litigation privilege, and the argument that Orion's allegations in support of those counterclaims were conclusory. Mr. Nardinelli stated that Orion's position was that a communication to the effect of, *e.g.*, "this litigation is happening," is not actionable, but that Orion alleged that Eight Sleep had gone further. I told Mr. Nardinelli that we disagreed that the conduct alleged in the Counterclaims was not privileged. Mr. Nardinelli stated that Orion had omitted the names of the parties involved in those claims to avoid the need to seal. He identified the overseas manufacturer by name, and stated that Orion could provide us with a list of the influencers who Orion alleges are at issue, but did not identify them at the time.

9. At 2 p.m. that same day, June 15, my colleague Scott Schlafer and I conferred with Mr. Nardinelli and Laura Brett, a partner in Simpson Thacher's New York office. On that call, we thoroughly discussed the issues laid out in my June 12 email (Exhibit 3 to this declaration). We also discussed incorporation by reference,

-2-

and Mr. Schlafer informed Orion's counsel that Eight Sleep intended to attach the letters challenged in Orion's Counterclaims as exhibits to Eight Sleep's motion. Having heard and discussed Orion's responses to our positions, we informed Orion's counsel that Eight Sleep would be moving forward on each of the bases for dismissal that it had identified, and the call concluded.

10. The same day, June 15, Mr. Schlafer sent the letters that we intended to attach as exhibits to our motion (the same letters that are attached hereto as Exhibits 1-2) to Orion's counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of June, 2026, in Los Angeles, California.

Respectfully submitted,

By: */s/ Jordan E. Alexander*
Jordan E. Alexander

DECLARATION OF JORDAN E. ALEXANDER IN SUPPORT OF
PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS