# Exhibit 2

**quinn emanuel** trial lawyers | new york

111 Huntington Ave, Suite 520 Boston, MA 02199 | TEL (617) 712-7100 FAX (617) 712-7200

WRITER'S DIRECT DIAL NO.
**(617) 712-7103**

WRITER'S EMAIL ADDRESS
**patrickcurran@quinnemanuel.com**

May 8, 2026

**VIA EMAIL**

Allison Ellsworth
allison@drinkpoppi.com

> **Re:    Notice Regarding Patent Infringement and False Advertising Claims Against Orion and Related Document Preservation Demand**

Dear Ms. Ellsworth,

We write on behalf of our client, Eight Sleep Inc. ("Eight Sleep"), to put you on formal notice of Eight Sleep's pending federal lawsuit against Orion and to advise you of certain legal obligations that arise from your role as a brand ambassador, promoter, or endorser of Orion's products.

Eight Sleep is the leader of temperature-regulating smart mattress technology and has invested millions of dollars in research and development over the past ten years to create its flagship product, the "Pod."  Eight Sleep has filed suit against Orion in federal court, alleging patent infringement and false advertising under the Lanham Act and California's False Advertising Law, among other claims.

On May 4, the court issued an order denying Orion's motion to dismiss Eight Sleep's patent infringement and Lanham Act false advertising claims. The court's order confirms that Eight Sleep has stated viable federal claims against Orion, and the case is now proceeding to discovery on the merits.  A copy of Eight Sleep's amended complaint and the May 4, 2026 order are enclosed with this letter for your reference.

Eight Sleep's false and misleading advertising claims against Orion include, but are not limited to, allegations that Orion has made materially false claims about the comparative performance and affordability of its product versus Eight Sleep's Pod as well as materially false claims about its own product.  Including, for example, the false statements that Orion had a "5-stage sleep tracker," its "comfort options," and inaccurate comparative charts of Eight Sleep and Orion. You should be aware that federal and state law strictly prohibit false and misleading advertising. Individuals who repeat, disseminate, or amplify false or misleading claims about a product may be held personally liable under federal and state false advertising statutes, including the Lanham Act, 15 U.S.C. § 1125(a). Liability may attach regardless of whether the individual originated the false claim or merely repeated it at the direction of the advertiser.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

May 8, 2026
Page 2

Federal regulations further require that any material connection between an endorser and the seller of a promoted product be clearly and conspicuously disclosed to the audience. *See* 16 CFR § 255.5 ("When there exists a connection between the endorser and the seller of the advertised product that might materially affect the weight or credibility of the endorsement, and that connection is not reasonably expected by the audience, such connection must be disclosed clearly and conspicuously."). The FTC has pursued enforcement actions against individual endorsers (not just brands) who fail to disclose material connections or who make unsubstantiated claims.

**Document Preservation Demand.**  Eight Sleep hereby demands that you immediately identify, preserve, and refrain from destroying all documents and electronically stored information ("ESI") relating in any way to your work with or on behalf of Orion. This obligation is immediate, continuing, and applies to all materials regardless of where they are stored or on what device or platform, including your personal phone, personal email accounts, social media accounts, and any third-party messaging applications. Documents you must preserve include, without limitation:

- All emails, text messages, direct messages (including on Instagram, TikTok, X/Twitter, WhatsApp, iMessage, or any other platform), and other written or electronic communications with Orion, Orion's representatives, or any third party acting on Orion's behalf;

- Any scripts, talking points, briefing documents, messaging guides, pre-approved captions, or other materials provided to you by Orion or its representatives;

- All agreements, contracts, offer letters, or other documents memorializing your relationship with Orion;

- All posts, stories, videos, reels, and other content you have published or drafts you have prepared in connection with the promotion of Orion's products;

- All communications in which you received direction, feedback, approval, or requests for revision from Orion or its representatives regarding any content you published or planned to publish about Orion's products; and

- All communications relating to Eight Sleep, including any direction you received from Orion to make or refrain from making statements comparing Orion's products to Eight Sleep's products.

Destruction, deletion, alteration, or concealment of any relevant documents or ESI may constitute spoliation of evidence and could result in serious legal consequences. Such consequences may include adverse inference instructions at trial, monetary sanctions, and, in

May 8, 2026
Page 3

appropriate circumstances, contempt of court. You should immediately disable any automatic deletion, archiving, or message-expiration features on all accounts and devices that may contain relevant materials.

This letter does not constitute a complete statement of Eight Sleep's claims or rights, all of which are expressly reserved. Eight Sleep is actively investigating the full scope of Orion's false advertising campaign, including the individual roles and legal responsibility of those who participated in creating, promoting, or disseminating it. Eight Sleep expressly reserves the right to seek appropriate relief against any party, including individual promoters and endorsers, to the extent warranted by the facts. If you have questions or wish to discuss this matter, please contact us directly.

Sincerely,

Patrick Curran

Enclosures: Amended Complaint, *Eight Sleep Inc. v. Orion Longevity Inc.*, No. 2:26-cv-02460 (C.D. Cal. Mar. 6, 2026), ECF No. 1; Order on Motion to Dismiss, ECF No. 69.