UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

EIGHT SLEEP INC.,

Plaintiff,

vs.

ORION LONGEVITY INC., and
BLUE FUZION GROUP LTD.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:26-cv-02460-SB-KS

**[PROPOSED] ORDER
GRANTING PLAINTIFF
EIGHT SLEEP'S MOTION TO
DISMISS DEFENDANT ORION
LONGEVITY INC.'S
COUNTERCLAIMS V-VIII**

Hon. Stanley Blumenfeld, Jr.
Date: July 31, 2026
Time: 8:30 a.m.
Courtroom: 6C

Plaintiff Eight Sleep Inc. ("Eight Sleep") submitted a Motion to Dismiss Orion Longevity Inc.'s Counterclaims V-VIII (Dkt. 94) on June 22, 2026.  After full consideration of the written and oral submissions of the parties and all other matters properly before this Court, for good cause showing, the Court rules the Motion to Dismiss is **GRANTED** in full.

Dismissal is warranted because each of Orion's Counterclaims V-VIII fail to state a claim under Federal Rule of Civil Procedure 12(b)(6).

***First***, Orion's Counterclaims V and VI for intentional interference with contractual relations and with prospective economic advantage, respectively, rest on Eight Sleep's communications to an overseas manufacturer and influencers/promotional partners, and to that extent are barred by the *Noerr-Pennington* doctrine as protected activity.  *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (citing U.S. Const. amend. I); *Evanger's Dog & Cat Food Co, Inc. v. Env't Democracy Project*, 2022 WL 180205, at *3 (C.D. Cal. Jan. 20, 2022) (citing *Sosa*, 437 F.3d at 929-30); *see also Theme Promotions, Inc v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008).  In those communications, Eight Sleep notified relevant third parties of a pending action, enclosed the operative complaint and this Court's order denying dismissal of the patent and Lanham Act claims, and advised recipients to preserve evidence, and notified Orion's manufacturer of its role in Orion's alleged infringement and asked it to stop participating in that conduct.

The sham litigation does not apply to save Orion's deficient pleading, as Orion has failed to plead that Eight Sleep's lawsuit is "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 538 (9th Cir. 2022) (quoting *Prof'l Real Estate Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993)).  Indeed, this Court already has found that Eight Sleep alleged plausible patent and Lanham Act claims and allowed those claims to proceed.  Dkt. 69 at 10-12.  Further, federal law

"recognizes a presumption that the assertion of a duly granted patent is made in good faith; this presumption is overcome only by affirmative evidence of bad faith." *Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, 698 F. Supp. 3d 1221, 1229 (S.D. Cal. 2023). Orion pleads no facts rebutting that presumption.

*Second*, Orion's Counterclaims based on the same communications are also preempted by federal patent law. *See Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004). The Counterclaims identify nothing indicating "that [Eight Sleep's] alleged infringement allegations were so unreasonable as to be objectively baseless[.]" *Matthews Int'l Corp. v. Biosafe Eng'g*, 695 F.3d 1322, 1332 (Fed. Cir. 2012). Further, Orion already unsuccessfully challenged Eight Sleep's patent claims, Dkt. 69 at 5-8, and has not moved to dismiss the patent claims in the First Amended Complaint.

*Third*, California's litigation privilege, which covers any communication "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action," *Weiser L. Firm, P.C. v. Hartleib*, 2023 WL 5030096, at *8 (C.D. Cal. July 6, 2023) (quoting *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990)), including communications with "some relation to judicial proceedings," *Rubin v. Green*, 4 Cal. 4th 1187, 1193-94, 1203-04 (1993), also applies to the same communications. *See* Cal. Civ. C. § 47(b*)*; *see also eCash Techs., Inc. v. Guagliardo*, 127 F. Supp. 2d 1069, 1077, 1082-83 (C.D. Cal. 2000), *aff'd*, 35 F. App'x 498 (9th Cir. 2002).

*Fourth*, Counterclaims V and VI also fail because Orion does not plead the elements of either tort. Intentional interference with contractual relations requires a valid contract with a third party, Eight Sleep's knowledge of that contract, intentional acts designed to induce breach or disruption, actual breach or disruption, and resulting damage. *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092,

1115 (C.D. Cal. 2015).  Intentional interference with prospective economic advantage requires a specific economic relationship with a third party with a probability of future economic benefit, Eight Sleep's knowledge of that relationship, intentional disruption, actual disruption, damages proximately caused by the disruption, and independently wrongful conduct.  *Id.* at 1116-17.

Orion's allegations satisfy neither: the alleged interference consists of:  (1) Eight Sleep's cease-and-desist letter to Orion's overseas manufacturer, (2) letters to unidentified influencers and promotional partners, and (3) an alleged attempted inspection of the overseas manufacturer's premises.  Counterclaims ¶¶ 15-17, 49, 55.  The letters cannot support a claim, as they are barred by the *Noerr-Pennington* doctrine, preempted by federal law, and privileged under the California Civil Code.  Nor does Orion plausibly allege that the alleged attempted inspection caused any breach or disruption (or that Eight Sleep intended it to do so), or that the manufacturer changed its conduct in response.  Orion instead attributes the manufacturer's alleged cessation of work solely to the cease-and-desist letter.  Counterclaims ¶ 50.

Orion does not explain who it contracted with and the nature and extent of those relationships.  *UMG*, 117 F. Supp. 3d at 1115-18; *see also Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d 929, 961-62 (S.D. Cal. 2021).  Nor does Orion plead facts plausibly showing Eight Sleep's knowledge of any such contract or relationship or intent to disrupt it, proximate causation, or, for the prospective-advantage claim, independently wrongful conduct, all of which are necessary to state a tortious interference claim.  *See Havensight Cap. LLC v. Nike, Inc.*, 2015 WL 993334, at *1-2 (C.D. Cal. Feb. 18, 2015).

***Fifth***, Orion fails to state a false advertising claim under the Lanham Act (Count VIII), which requires a false or misleading statement of fact in a commercial advertisement, actual deception or a tendency to deceive a substantial segment of the audience, materiality, entry into interstate commerce, and resulting injury.  *Southland*

*Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). To plead falsity, Orion must allege facts showing a statement is "literally false, either on its face or by necessary implication," or "literally true but likely to mislead or confuse consumers." *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 69 F.4th 665, 671 (9th Cir. 2023). However, Orion has failed to plead the necessary elements for any of the statements it challenges. Orion also makes certain allegations in support of this Counterclaim on information and belief, but does not allege information supporting that purported belief. That is insufficient. *See Sandisk Corp. v. LSI Corp.*, 2009 WL 3047375, at *2-3 (N.D. Cal. Sept. 18, 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).

***Sixth***, Orion also fails to state a claim under California's Unfair Competition Law ("UCL") (Count VII). The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200; *Key v. Qualcomm Inc.*, 129 F.4th 1129, 1141 (9th Cir. 2025). Orion invokes all three categories in one conclusory sentence, Counterclaims ¶ 69, but fails to state a claim under any of them. First, Orion pleads no facts showing that legal remedies are inadequate, as it must to state a UCL claim. *Key*, 129 F.4th at 1141-42. Under *Sonner v. Premier Nutrition Corporation*, a plaintiff seeking UCL equitable restitution "must establish that [it] lacks an adequate remedy at law." 971 F.3d 834, 844 (9th Cir. 2020); *see also Key*, 129 F.4th at 1142; *McCracken v. KSF Acquisition Corp.*, 2023 WL 5667869, at *8 (C.D. Cal. Apr. 4, 2023). Orion's request for an injunction does not salvage its UCL claim because Orion fails to allege why monetary relief would be inadequate, and thus fails to satisfy *Sonner*. *See Drake v. Toyota Motor Corp.*, 2021 WL 2024860, at *7 (C.D. Cal. May 17, 2021); *Adams v. Cole Haan, LLC*, 2020 WL 5648605, at *3 (C.D. Cal. Sept. 3, 2020).

Further, Orion lacks statutory standing to pursue a UCL claim under any prong. This Court previously ruled on this issue on Orion's motion to dismiss Eight Sleep's

-4-                                                Case No. 2:26-cv-02460-SB-KS

UCL (and FAL) claims, in which this Court observed that under the UCL, a claimant "must demonstrate some form of economic injury," which "must also be as a result of the unfair competition[]," such that the plaintiff "must show a causal connection or reliance on the alleged misrepresentation. Dkt. 69 at 8-9.

Orion's allegations of harm are materially indistinguishable from those the Court already found insufficient. Orion identifies no specific lost sales attributable to customers viewing the alleged false advertisements. *See* Dkt. 69 at 9. It instead offers the sort of "conclusory allegations" this Court already found insufficient for UCL standing. Dkt. 69 at 9-10; *see also United States v. Gartenlaub*, WL 4987258, at *1 (9th Cir. Dec. 5, 2024). Orion also does not allege that it relied on any statement by Eight Sleep, as some courts have found that it must, Dkt. 69 at 9, nor does Orion allege reliance by customers, failing to plead standing even under the more permissive line of cases that do not require reliance by the competitor-plaintiff. *Id.* And with respect to Orion's misrepresentation-based UCL claims, Orion "must demonstrate actual reliance on the allegedly deceptive or misleading statements," *Key*, 129 F.4th at 1141 but has failed to do so.

In addition, Orion's UCL "fraud" claim does not satisfy Rule 9(b). To the extent Orion's UCL claim rests on allegedly false or misleading statements, that fraud claim must satisfy Rule 9(b). *Davidson v. Sprout Foods, Inc.*, 106 F.4th 842, 852 (9th Cir. 2024). But Orion does not do so; it never pleads the "who, what, when, where, and how" of the alleged deceptive statements, dooming its fraud-based UCL claim. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009); *In re NJOY, Inc. Consumer Class Action Litig.*, 2014 WL 12586074, at *10, *12 (C.D. Cal. Oct. 20, 2014).

Nor does Orion state a claim under the UCL "unfair" prong. To do so, it needed to plead "conduct that threatens an incipient violation of an antitrust law, or violates the spirit or policy of those laws because its effects are comparable to or the same as

a violation of the law, or otherwise significantly threatens or harms competition." *Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008); *Cel-Tech Comm'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 186 (1999) ("Injury to a competitor is not equivalent to injury to competition; only the latter is the proper focus of antitrust laws."). But Orion pleads no such harm to competition.

Orion also fails to plead an "unlawful"-prong UCL claim, which "borrows" violations of other laws and treats them as independently actionable unfair competition, *Cel-Tech*, 20 Cal. 4th at 180, because Orion has not pled a viable predicate tort. *See Healy v. Qognify, Inc.*, 2019 WL 1242843, at *6 (C.D. Cal. Mar. 15, 2019).

Finally, Orion refers to California common-law unfair competition, as opposed to the UCL, but does not include a Counterclaim labeled as such, and thus fails to adequately plead such a claim. To the extent Orion contends that it does assert such a claim, that theory fails because California common-law unfair competition is "generally thought to be synonymous with the act of 'passing off' one's goods as those of another," *Sybersound*, 517 F.3d at 1153 (quoting *Bank of the W. v. Superior Ct.*, 2 Cal.4th 1254, 1263 (1992)), which Orion does not allege Eight Sleep did.

The Court finds that any further amendment would be futile.

Accordingly, Counterclaims V, VI, VII, and VIII and all claims for relief therein are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: _____, 2026

Honorable Stanley Blumenfeld, Jr.
United States District Judge