Amy H. Candido (SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

*Counsel for Defendants Orion Longevity Inc.
and Blue Fuzion Group Ltd.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| EIGHT SLEEP INC., <br><br> Plaintiff, <br><br> v. <br><br> ORION LONGEVITY INC., and BLUE FUZION GROUP LTD. <br><br> Defendants. | Case No. 2:26-cv-02460-SB-KS <br><br> **DEFENDANT BLUE FUZION GROUP LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** <br><br> Hon. Stanley Blumenfeld, Jr. <br> Date: July 10, 2026 <br> Time: 8:30 a.m. <br> Courtroom: 6C |

# TABLE OF CONTENTS

**Page**

**Introduction**................................................................................................1

**Relevant Background** ...............................................................................1

**Argument** ...................................................................................................2

I.     BFG IS NOT SUBJECT TO SPECIFIC JURISDICTION..........................2

    A.     BFG Has Not Purposefully Directed Activities At The United States. ................................................................................................2

    B.     The Alleged Infringement Does Not Arise Out Of Or Relate To BFG's Activities. ..............................................................................9

    C.     Exercising Specific Jurisdiction Over BFG Would Be Unreasonable..................................................................................9

II.    EIGHT SLEEP FAILS TO STATE A CLAIM FOR PATENT INFRINGEMENT AGAINST BFG...........................................................10

    A.     BFG Does Not Infringe Or Induce Infringement..............................10

    B.     Rule 12(g) Does Not Bar BFG's Rule 12(b)(6) Motion....................12

    C.     Eight Sleep's Infringement Contentions Are Not Incorporated. ........12

III.   EIGHT SLEEP'S CLAIMS AGAINST BFG SHOULD BE DISMISSED WITH PREJUDICE. ...................................................................13

**Conclusion** ................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*American GNC Corp. v. GoPro, Inc.*,
2018 WL 6074395 (S.D. Cal. Nov. 6, 2018) ..................................................... 5

*Asahi Metal Industry Co. v. Super. Ct.*,
480 U.S. 102 (1987) ................................................................................. 3, 9, 10

*Askins v. U.S. Dep't of Homeland Sec.*,
899 F.3d 1035 (9th Cir. 2018) ......................................................................... 12

*Benson Ave. Co. LLC v. ARRI Americas Inc.*,
2025 WL 2684035 (C.D. Cal. Aug. 14, 2025) ................................................... 8

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
21 F.3d 1558 (Fed. Cir. 1994) ........................................................................... 6

*Bio-Rad Labs., Inc. v. Int'l Trade Comm'n*,
998 F.3d 1320 (Fed. Cir. 2021) ....................................................................... 10

*Carl Zeiss AG v. Nikon Corp.*,
2017 WL 7859075 (C.D. Cal. Sept. 27, 2017) ................................................... 5

*Carrico v. City and Cty. of San Francisco*,
656 F.3d 1002 (9th Cir. 2011) ......................................................................... 13

*Deckers Outdoor Corp. v. Reed Sportswear Mfg. Co.*,
2015 WL 5167466 (C.D. Cal. Sept. 3, 2015), ................................................... 3

*Firstface Co. v. Apple, Inc.*,
2019 WL 1102374 (N.D. Cal. Mar. 8, 2019) ................................................... 12

*Firstface* or *EP Family Corp. v. Chen*,
2020 WL 13652468 (C.D. Cal. Apr. 13, 2020) ................................................ 12

*Fox Factory, Inc. v. SRAM, LLC*,
2017 WL 4551486 (N.D. Cal. Oct. 11, 2017) ................................................... 6

*Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*,
146 S.Ct. 1391 (2026) ..................................................................................... 10

*HollyAnne Corp. v. TFT, Inc.*,
199 F.3d 1304 (Fed. Cir. 1999) ......................................................................... 9

*In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*,
903 F.Supp.2d 880 (C.D. Cal. 2012) ............................................................... 12

*Kyocera Wireless Corp. v. Int'l Trade Comm'n*,
545 F.3d 1340 (Fed. Cir. 2008) ....................................................................... 11

*Largan Precision Co., Ltd. v. Genius Elec. Optical Co.*,
  86 F. Supp. 3d 1105 (N.D. Cal. 2015).................................................................7, 8

*Manville Sales Corp. v. Paramount Sys., Inc.*,
  917 F.2d 544 (Fed. Cir. 1990) ................................................................................10

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005)................................................................................................11

*Mortgage Grader, Inc. v. Costco Wholesale Corp.*,
  89 F. Supp. 3d 1055 (C.D. Cal. 2015) ....................................................................10

*Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*,
  402 F.Supp. 3d 450 (N.D. Ill. 2019).........................................................................8

*NTP, Inc. v. Rsch. In Motion, Ltd.*,
  418 F.3d 1282 (Fed. Cir. 2005) .................................................................................8

*Pinkerton Tobacco Co. v. Art Factory AB*,
  2021 WL 4776349 (C.D. Cal. June 18, 2021)...................................................3, 4, 5

*PrimeSource Bldg. Prods., Inc. v. Phillips Screw Co.*,
  2008 WL 779906 (N.D. Tex. Mar. 25, 2008)............................................................3, 4

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
  148 F.3d 1355 (Fed. Cir. 1998) .............................................................................5, 6

*Skyworks Solutions, Inc. v. Kinetic Technologies HK Ltd.*,
  2015 WL 461920 (D. Mass. 2015). ..........................................................................11

*Sound N Light Animatronics Co., Ltd. v. Cloud B, Inc.*,
  2017 WL 3081685 (C.D. Cal. Apr. 7, 2017) ............................................................11

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ...................................................................................12

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980)..............................................................................................2, 3

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*,
  848 F.3d 1346 (Fed. Cir. 2017) .................................................................................9

**Statutes and Rules**

§271(a) ..............................................................................................................................9

Rule 12(b)(6)....................................................................................................................12

Rule 12(g) ........................................................................................................................12

Rule 4(k)(2)........................................................................................................................9

No. 2:26-cv-02460-SB-KS
BFG's Reply ISO Motion to Dismiss

**Introduction**

Eight Sleep argues in its opposition brief (Dkt. 88, "Opp.") that the Court has personal jurisdiction over BFG under Rule 4(k)(2) because BFG placed Orion's accused products into the United States stream of commerce. The key and fatal flaw in this theory is that the products are ***Orion's*** products. Eight Sleep does not dispute that (i) the accused products belong to Orion, not BFG; (ii) BFG lacked any influence or control over the distribution of the accused products in the U.S.; and (iii) BFG and Orion are unrelated corporate entities. Given these circumstances, irrespective of the motley assortment of allegations made by Eight Sleep—relating to Orion email addresses, the "letterhead" used on invoices, photographs taken at third-party factories, access to Slack channels, and the like—controlling authority requires that BFG be dismissed for lack of personal jurisdiction.

Eight Sleep's patent claims also fail. Regarding direct infringement, Eight Sleep focuses on "importing." But Orion is the importer of record, not BFG, and Eight Sleep does not and cannot plausibly allege that BFG imports the software that Eight Sleep concedes is part of the accused system. Regarding induced infringement, Eight Sleep fails to allege the required elements that BFG had "specific intent" to induce infringement and took "active steps" to encourage infringement.

**Relevant Background**

Around August 2024, Orion's founders (before founding Orion) reached out to BFG's Neil McConnochie to share an idea to develop product to compete with Eight Sleep. Dkt. 90-1 ("McConnochie Tr.") at 23:23-24:17. Before agreeing to engage in this project, ███████████████████████████████████████████████████████████████████████████████████████. *Id.* at 116:23-122:6.

Orion thereafter engaged BFG as an overseas consultant to assist with tasks such as ████████████████████████████████████████████

[REDACTED]. For this work, [REDACTED] *Id.* at 35:16-24. Separately, in his individual capacity, Mr. McConnochie [REDACTED] *Id.* at 26:3-27:12. Orion has ***at all times*** exercised all final authority on product design, sourcing, and shipping. *Id.* at 21:4-13 (shipping), 21:14-20 (design), 32:15-25 (sourcing).

BFG has never traveled to the United States for any Orion-related work. Mr. McConnochie last visited the United States in 2023, the year before he received the initial email from Orion's founders. McConnochie Tr. 15:25-16:11.

## Argument

### I.    BFG IS NOT SUBJECT TO SPECIFIC JURISDICTION.

#### A.    BFG Has Not Purposefully Directed Activities At The United States.

Eight Sleep contends BFG is subject to specific jurisdiction under Rule 4(k)(2) because it allegedly placed the accused product into the stream of commerce when it helped [REDACTED] Opp. 7-12. Even if Eight Sleep's characterizations of the record were accurate (and they are not), BFG's activities identified by Eight Sleep fall short because BFG has no product that it has placed into the stream of commerce.

As a starting point, the Supreme Court is clear that personal jurisdiction over a non-resident defendant under the stream of commerce theory requires that the defendant "delivers ***its products*** into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980) (reasoning that jurisdiction arising from "the efforts of the manufacturer or distributor to serve, directly or indirectly, the market for ***its products***" is not unreasonable). Where the

defendant *itself* directly ships *its own products* to the forum, as in *Deckers Outdoor Corp. v. Reed Sportswear Mfg. Co.*, 2015 WL 5167466, at *1-2 (C.D. Cal. Sep. 3, 2015), there is "no need for the Court to look for further contacts" and the jurisdiction analysis can end there.  BFG, however, ███████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████ to the U.S.  (Opp. 1, 8-9.)

Because BFG does not place *its products* into the stream of commerce, Eight Sleep cannot establish personal jurisdiction over BFG.  *World-Wide Volkswagen*, 444 U.S. at 297-98; *see also Asahi Metal Industry Co. v. Super. Ct.*, 480 U.S. 102, 112 (1987) (same).  Indeed, even more is required.  "The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State."  *Id.*  Ignoring the fundamental problem that BFG has no products at issue here, Eight Sleep argues instead about whether BFG satisfies the something more required by the Supreme Court in *Asahi* by ████████████ █████████████████████████████ Opp. 8, n.2 (arguing BFG engaged in "precisely the 'additional conduct'" described).  But, without the first step, that is irrelevant and jurisdiction over BFG is improper.

Eight Sleep fails (Opp. 10-11) to distinguish BFG's cases where courts found no jurisdiction over defendants who, like BFG, did not "manufacture or sell" the accused product.  *See PrimeSource Bldg. Prods., Inc. v. Phillips Screw Co.*, 2008 WL 779906, at *4-5 (N.D. Tex. Mar. 25, 2008); *Pinkerton Tobacco Co. v. Art Factory AB*, 2021 WL 4776349, at *5 (C.D. Cal. June 18, 2021).  Eight Sleep argues *PrimeSource* and *Pinkerton* are inapposite because they "both involved defendants who never placed product into the stream of commerce."  Opp. 10.  But that is exactly the point; BFG's conduct is the same as the conduct of the defendants in *PrimeSource* and *Pinkerton* and the conclusion here should be the same.  In *PrimeSource*, the defendant—████████—did "not manufacture or sell any products," but merely

"provid[ed] technical and engineering information, test[ed] and inspect[ed] product samples, and ma[de] regular visits to the manufacturing facilities of licensees." 2008 WL 779906, at *5. The court found that was not placing product into the stream of commerce and could not support jurisdiction. *Id.*

Eight Sleep argues BFG is different from defendant TAF in *Pinkerton* because BFG was allegedly ███████████████████ with knowledge that it was intended for the U.S. market.[1] But, TAF's lack of involvement in the design of the products was hardly dispositive in *Pinkerton*. Rather, the critical facts were that the DRYFT products at issue "belonged to Kretek," not TAF, and that "TAF lacked any influence or control over the distribution" of the products. 2021 WL 4776349, at *4 (noting TAF "provided a manufacturing service, fulfilling discrete purchase orders to make products for Kretek, who acted on its own in distributing them"). Here, whether "███████████████████████████████████████

██████" (Opp. 11) is irrelevant because the product is an Orion product and BFG had no control whatsoever over its distribution and no input as to where the product was ultimately used by consumers. *See id.* ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████ Thus, there is no personal jurisdiction over BFG.

Eight Sleep repeatedly points to BFG's "contractual responsibility for the ██████████████████████████████." (Opp. 11.) Eight Sleep is confusing BFG's business relationship with Orion with doing business in the forum. As the *Pinkerton* court explained, the Federal Circuit has "made clear that 'doing

---

[1] In a misguided effort to distinguish *Pinkerton*, Eight Sleep contends (Opp. 11) that BFG "designed the accused product for the U.S. market." But, the specification document Eight Sleep cites refutes this claim. Mr. McConnochie testified that ████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ *id.* at 33:1-11.

business with a company that does business in [a forum] is not the same as doing business in [the forum].'" 2021 WL 4776349, at *4 (quoting *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998)). The accused products are Orion products and their distribution channel is controlled solely by Orion. BFG is an unrelated foreign corporation with no control over the distribution of the Orion products. There is no precedent for exercising jurisdiction over BFG.

Eight Sleep's authorities do not support personal jurisdiction over BFG because, in each of those cases, the defendants controlled distribution of the products at issue either directly or indirectly through an "organized association" of related corporate entities. In *American GNC Corp. v. GoPro, Inc.*, 2018 WL 6074395, at *9 (S.D. Cal. Nov. 6, 2018), the defendant RB GmbH manufactured the accused Bosch products in Germany, then placed the accused products into the stream of commerce through its wholly-owned subsidiaries Bosch Sensortec in Germany and Bosch Inc. in the U.S. *Id.* The court concluded that because RB GmbH controlled distribution of the accused products into the U.S. "through its two wholly owned subsidiaries" by "organized association," personal jurisdiction was consistent with due process. *Id* at 9-10.

In *Carl Zeiss AG v. Nikon Corp.*, 2017 WL 7859075, at *3 (C.D. Cal. Sept. 27, 2017), the court found jurisdiction over defendant Sendai Nikon, which manufactured digital cameras for its parent corporation, Nikon Corp., which then sold the cameras to Nikon Inc., another Nikon Corp. subsidiary. According to the court, "[t]he division of labor between manufacturing, marketing, and sales is organized association, i.e., Defendants act in consort. By selling the cameras to Nikon Corp., which in turn sells them to Nikon Inc. and eventually to consumers, Sendai Nikon placed the cameras into the stream of commerce." *Id.*

Similarly, in *Fox Factory, Inc. v. SRAM, LLC*, 2017 WL 4551486, at *5 (N.D. Cal. Oct. 11, 2017), defendant Sandleford manufactured the accused products in

Taiwan and transferred them to SRAM, which sold them to distributors in California to be sold to California consumers at dozens of retail locations. Sandleford was a wholly-owned subsidiary of SRAM referred to by SRAM as its "Asian Headquarters." *Id.* at \*2. The court found jurisdiction over Sandleford because it was "acting in consort" with SRAM to "deliberately and purposefully" ship the accused products to California retailers. *Id.* at \*6.

In *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1563 (Fed. Cir. 1994), the Federal Circuit found personal jurisdiction in Virginia over defendant fan manufacturer Ultec, even though it was incorporated in and manufactured the fans in Asia and had no presence in Virginia, because it was "purposefully shipping and selling, through intermediaries, the accused fan to customers in Virginia, and that the shipping and selling are ongoing and continuous." Thus, Ultec "acting in consort" with those intermediaries, intentionally created "an established distribution channel" into the U.S. *Id.* at 1565-66. The court concluded that, as a result, they should reasonably anticipate being brought into court here. *Id.*

Unlike the defendants at issue in *American GNC*, *Carl Zeiss*, *Fox Factory*, and *Beverly Hills*, the products at issue are ***not*** BFG products. Instead, as in *Pinkerton*, the products belong to Orion. In addition, BFG is not "acting in consort" with Orion as there is no "organized association" or corporate relationship between BFG and Orion. It is undisputed BFG is not a subsidiary, parent, affiliate or otherwise related to Orion.[2] BFG does business with Orion, but doing business with a company that does business in California is not the same thing as doing business in California. *See Red Wing*, 148 F.3d at 1361.

Eight Sleep asks this Court to do the unprecedented by finding jurisdiction over a non-resident defendant where the accused products do not belong to the non-

---

[2] Eight Sleep points (Opp. 12) to ██████████████████████████ but does not and cannot allege that BFG and Orion are related corporations.

resident defendant, the non-resident defendant lacked any influence or control over the distribution of the accused products, and the non-resident defendant has no corporate relationship with the distributor of the accused products in the U.S. While the parties dispute many of the facts regarding BFG's activities and their significance, the parties do not dispute the only facts that matter here—namely:

- The accused products are Orion products, not BFG products;
- BFG lacked any influence or control over the distribution of the accused products in the U.S.; and
- BFG and Orion are entirely unrelated corporate entities.

Eight Sleep goes to great lengths to suggest BFG is subject to personal jurisdiction because it is "the ███████████████████" relating to Orion's product and certain invoices say "███████████████████████████████████" (Opp. 8.) Eight Sleep misleadingly omits BFG's unambiguous testimony that, ████████ ████████████████████████████ McConnochie Tr. at 131:9-16.  BFG testified ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████a standard BFG practice for all of its U.S.-based clients.  *Id.* at 146:20-147:6.

Next, Eight Sleep's "importation" theory (Opp. 15-17) fails because jurisdictional discovery has confirmed that ████████████████████████.  Eight Sleep relies principally on *Largan Precision Co., Ltd. v. Genius Elec. Optical Co.*, 86 F.Supp.3d 1105 (N.D. Cal. 2015).  There, the foreign defendant sent samples of *its products* to Apple in California, but argued it did not "import" because Apple received the product.  *Id.* at 1109, 1117.  *Largan* disagreed, emphasizing that there

7    No. 2:26-cv-02460-SB-KS
BFG'S REPLY ISO MOTION TO DISMISS

was "no indication that title to the samples is transferred to the recipient abroad." *Id.* at 1115. Here by contrast, Orion takes title as the consignee. McConnochie Tr. at 129:18-130:2, 132:12-14. The U.S. Customs records confirm this, listing Orion as both the "Ultimate Consignee" and "Importer of Record." Dkt. 80-3 at -403, -405. Also in *Largan*, the defendant shipped product samples "directly into the U.S." via FedEx and DHL, which the holding distinguished from cases where ███████████ ██████████████████████████ *Id.* at 1109, 1115.

The discovery confirming that BFG ██████████████████████████ ████████████████████████ distinguishes this case from *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 402 F.Supp. 3d 450, 457-58 (N.D. Ill. 2019), where the case was at the "pleadings stage" without the benefit of discovery. Nor does *Benson Ave. Co. LLC v. ARRI Americas Inc.*, 2025 WL 2684035, at *2-3 (C.D. Cal. Aug. 14, 2025) help Eight Sleep. Eight Sleep's allegation that BFG imports is even less effective than a threadbare information-and-belief recital, now that jurisdictional discovery has affirmatively disproved BFG is the importer.

Finally, even assuming *arguendo* that ██████████████████████, BFG does not import the patented system. Most of Eight Sleep's asserted claims are method claims, and method claims cannot be infringed by importation. *NTP, Inc. v. Rsch. In Motion, Ltd.*, 418 F.3d 1282, 1317-18 (Fed. Cir. 2005). System claims may be infringed via importation if the entire system is imported, but Eight Sleep concedes that its only asserted system claims (claim 29 of both patents) include "instructions, i.e., the source code." Dkt. 92 at 15-16. However, Eight Sleep argues only that BFG imports hardware, not the "instructions" (source code) that form part of the system. *See*, *e.g.*, Dkt. 80-3 (shipping record). Indeed, ██████████████████████ ██████████████████████████████████████████ ██████████ *id.* at 167:16-18.

BFG'S REPLY ISO MOTION TO DISMISS

## B.    The Alleged Infringement Does Not Arise Out Of Or Relate To BFG's Activities.

Even if Eight Sleep showed purposeful direction (and it cannot), the second factor "requires that the cause of action arise out of or directly relate to the defendant's activities *in the forum state*." *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1308 (Fed. Cir. 1999) (emphasis added). Where, as here, the cause of action is patent infringement, Eight Sleep must plausibly allege that BFG "did one of" the infringing acts under §271(a) *in* California, or broadly in the United States under Rule 4(k)(2). *Id.*; *see id.* at 1310 (affirming the district court's dismissal for lack of personal jurisdiction).[3]

Eight Sleep cannot plausibly allege that BFG "did one" of the infringing acts in the United States. BFG could not have made, used, sold, or offered to sell the Orion product in the United States because BFG has not been to the United States since before Orion was founded. Further, it is undisputed that BFG does not sell Orion's product anywhere. To the extent Eight Sleep argues BFG "sold" the Orion product by ███████████████████████████████████████████████ ██████████████████████████████████████████████████████ ████████████████████████████████████ McConnochie Tr. at 93:1-8. As for importation, covered above, BFG is not the importer and even if it were, BFG ███████████████████ and thus does not import the accused Orion system.

## C.    Exercising Specific Jurisdiction Over BFG Would Be Unreasonable.

None of the factors courts consider in assessing reasonableness supports a finding of jurisdiction here. *See Xilinx, Inc. v. Papst Licensing GmbH*, 848 F.3d 1346, 1355 (Fed. Cir. 2017). As the Supreme Court recognized in *Asahi*, "[t]he

---

[3] *HollyAnne* evaluated this issue under the 1994 version of § 271(a). 199 F.3d at 1310. Section 271(a) was amended to include "importing" as an infringing act in 1995.

unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." 480 U.S. at 114.  The burden on BFG, who lives half a world away, is significant.  The interests of California, and of the judicial system, in resolving claims against BFG are commensurate with the scope of the allegations against BFG—that BFG is a foreign consultant who Eight Sleep is trying to drag into Court based on BFG's role supporting, and acting upon the instructions of, Orion.  Finally, Eight Sleep has not suggested that it is unable to obtain complete relief from Orion if BFG is dismissed.

## II.    EIGHT SLEEP FAILS TO STATE A CLAIM FOR PATENT INFRINGEMENT AGAINST BFG.

### A.    BFG Does Not Infringe Or Induce Infringement.

As explained immediately above, BFG does not commit direct infringement because BFG neither makes, uses, sells, offers to sell, nor imports the accused Orion product into the United States.

Induced infringement requires "that (1) the defendant knew of the patent, (2) the defendant knew or should have known that the induced acts constitute patent infringement, and (3) the defendant possessed specific intent to encourage another's infringement." *Bio-Rad Lab'ys, Inc. v. Int'l Trade Comm'n*, 998 F.3d 1320, 1335 (Fed. Cir. 2021) (cleaned up).  A defendant's mere "knowledge of the acts alleged to constitute inducement" does not suffice. *Mortg. Grader, Inc. v. Costco Wholesale Corp.*, 89 F. Supp. 3d 1055, 1071 (C.D. Cal. 2015) (quoting *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990)).  Inducement also requires "active steps" to encourage direct infringement. *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 146 S.Ct. 1391, 1399 (2026).

Eight Sleep has not plausibly alleged the required "specific intent" or "active steps" to encourage infringement.  Eight Sleep points only (Opp. 18-19) to BFG's

alleged assistance with ███████████████████████████ But providing consulting services to a client does not establish intent to induce that client's infringement. It shows, "at most," that BFG "generally intended to cause acts that produced infringement"—which is insufficient. *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1354 (Fed. Cir. 2008) (vacating induced infringement finding).

Eight Sleep quotes *Grokster* in misleading fashion. Opp. 19. Eight Sleep argues that, under *Grokster*, Eight Sleep's allegations that BFG ███████ ████████████████████████████ constitutes "purposeful, culpable conduct." Opp. 19 (selectively quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005)). In fact, *Grokster* imposes liability on "one who distributes a device with the object of promoting its use to infringe." *Id.* at 936. It is undisputed that ████████████████████████████—and there is no allegation that BFG "promoted" infringing use. *Grokster* expressly held that "mere knowledge of infringing potential or of actual infringing uses would not be enough here to subject a distributor to liability." *Id.* at 937.

Nor is Eight Sleep helped by *Sound N Light Animatronics Co., Ltd. v. Cloud B, Inc.*, 2017 WL 3081685 (C.D. Cal. Apr. 7, 2017). There, the defendant was the patentee's authorized supplier, but then secretly contracted with another supplier to make and sell the plaintiff's products to consumers for profit. *Id.* at *1, *13. The court inferred specific intent based on the plausible showing that the defendant "financially benefited from its relationship with [the third party] and was incentivized to induce further infringement." *Id.* at *13. No such allegations are made here.

Eight Sleep does not address *Skyworks Sols., Inc. v. Kinetic Techs. HK Ltd.*, 2015 WL 461920 (D. Mass. Feb. 4, 2015) (cited by BFG, *see* Dkt. 74 at 9). There, the overseas defendant did not "control or direct" where the accused products were sold, and the Court dismissed the claim for induced infringement. *Id.* at *2. Likewise

here, BFG ███████████████████████████████████████████ ███████████████████████████████████████████ ██████ Dkt. 79-2 ¶¶ 7, 14-15.

## B. Rule 12(g) Does Not Bar BFG's Rule 12(b)(6) Motion.

Eight Sleep claims (Opp. 20) BFG waived its Rule 12(b)(6) motion because BFG did not raise that argument in its motion to dismiss Eight Sleep's *original complaint*. But BFG raised its Rule 12(b)(6) argument in response to Eight Sleep's *FAC*, so there is no waiver. In the Ninth Circuit, "[o]nce the plaintiff elects to file an amended complaint, the new complaint is the only operative complaint before the district court." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018). "Courts in this Circuit therefore have permitted defendants moving to dismiss an amended complaint to make arguments previously made and to raise new arguments that were previously available." *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F.Supp.2d 880, 893-94 (C.D. Cal. 2012).

## C. Eight Sleep's Infringement Contentions Are Not Incorporated.

Eight Sleep is wrong to insist (Opp. 13-15) its infringement contentions are incorporated by reference into its FAC. The contentions do not "form[] the basis" of Eight Sleep's claims. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The contentions are documents prepared in the middle of litigation that lay out Eight Sleep's theories and evidence in support of claims it already asserted. That is not at all like *Firstface Co. v. Apple, Inc.*, 2019 WL 1102374, at *1 (N.D. Cal. Mar. 8, 2019), where the "complaint attaches and incorporates by reference each of the patents at issue." Further, Eight Sleep did not attach its contentions to its FAC, unlike *Firstface* or *EP Family Corp. v. Chen*, 2020 WL 13652468, at *4 (C.D. Cal. Apr. 13, 2020) ("claim charts [were] attached to, and incorporated by reference into, the Complaint").

## III. EIGHT SLEEP'S CLAIMS AGAINST BFG SHOULD BE DISMISSED WITH PREJUDICE.

Eight Sleep has developed its record;  further amendment would be futile and BFG would be prejudiced if forced to move against yet another deficient pleading. *See, e.g.*, *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend "is properly denied . . . if amendment would be futile").

### <u>Conclusion</u>

For the foregoing reasons, this Court should grant BFG's Motion and dismiss the claims in the FAC against BFG with prejudice.

Dated: June 26, 2026

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By: */s/ Amy H. Candido*

Amy H. Candido (CA SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
Aaron L. Plesset (SBN 352104)
aplesset@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

Mona Z. Hanna (SBN 131439)
mhanna@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Ave, 10th Floor
Irvine, California 92614
Phone: (714) 557-7990
Fax: (714) 557-7991

*Counsel for Defendants*
*Orion Longevity Inc. and Blue Fuzion Group Ltd.*

# <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendants, certifies that this brief contains <u>3,994</u> words, which complies with the 4000-word limit set by Section 6.c.i. of the Standing Order for Civil Cases Assigned to Judge Stanley Blumenfeld, Jr. updated January 6, 2026.

Dated: June 26, 2026

By: */s/  Amy H. Candido*
Amy H. Candido
(CA SBN 237829)
amy.candido@stblaw.com