Amy H. Candido (SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA 94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

*Counsel for Defendants Orion Longevity Inc.
and Blue Fuzion Group Ltd.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| EIGHT SLEEP INC., <br><br> Plaintiff, <br><br> v. <br><br> ORION LONGEVITY INC., and BLUE FUZION GROUP LTD. <br><br> Defendants. | Case No. 2:26-cv-02460-SB-KS <br><br> **COUNTERCLAIM-PLAINTIFF ORION LONGEVITY INC.'S OPPOSITION TO EIGHT SLEEP'S MOTION TO DISMISS COUNTERCLAIMS** <br><br> Hon. Stanley Blumenfeld, Jr. <br> Date: July 31, 2026 <br> Time: 8:30 a.m. <br> Courtroom: 6C |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ......................................................................................................1

FACTUAL ALLEGATIONS ....................................................................................2

I.     EIGHT SLEEP EMBARKS ON A CAMPAIGN OF HARASSMENT ... 2

II.    EIGHT SLEEP ENGAGES IN FALSE ADVERTISING ........................3

LEGAL STANDARD ...............................................................................................4

ARGUMENT .............................................................................................................5

I.     ORION ADEQUATELY PLEADS TORTIOUS INTERFERENCE .......5

     A.    *Noerr-Pennington*, California's Litigation Privilege, and Patent Preemption Do Not Immunize Eight Sleep's Interference. ......................................................................................5

          1.    Eight Sleep Ignores Many of Orion's Key Allegations ........5

          2.    Orion Adequately Pleads That Eight Sleep's Letters Are Not Protected Petitioning Activity, Constitute Sham Litigation, and Were Sent in Bad Faith .......................7

     B.    Orion Adequately Pleads the Elements of Both Interference Torts ...........................................................................................11

II.    ORION ADEQUATELY PLEADS FALSE ADVERTISING ...............12

III.   ORION ADEQUATELY PLEADS UNFAIR COMPETITION.............18

CONCLUSION ........................................................................................................19

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AngioScore, Inc. v. TriReme Med., LLC*,
70 F.Supp.3d 951 (N.D. Cal. Sept. 9, 2014) ........................................................19

*Arista Networks, Inc. v. Cisco Sys. Inc.*,
2018 WL 2761855 (N.D. Cal. June 8, 2018) .........................................................7

*Ariz. Students' Ass'n v. Ariz. Bd. of Regents*,
824 F.3d 858 (9th Cir. 2016) ...................................................................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................................4

*Bodenburg v. Apple Inc.*,
146 F.4th 761 (9th Cir. 2025)................................................................................15

*Bylin Heating Sys., Inc. v. M & M Gutters, LLC*,
2008 WL 744706 (E.D. Cal. Mar. 18, 2008) ...............................................6, 9, 10

*Cambridge Lane, LLC v. J-M Manufacturing Co., Inc.*,
2020 WL 14080060 (C.D. Cal. Sept. 21, 2020)...................................................13

*Caruso v. Hill*,
2020 WL 4018141 (E.D. Cal. July 15, 2020) ........................................................5

*Dorfman v. Nutramax Labs., Inc.*,
2013 WL 5353043 (S.D. Cal. Sept. 23, 2013) .....................................................15

*EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*,
711 F.Supp.2d 1074 (C.D. Cal. 2010)..................................................................10

*Energy Heating, LLC v. Heat On–The–Fly, LLC*,
889 F.3d 1291 (Fed. Cir. 2018) .......................................................................8, 10

*F.T.C. v. Cyberspace.Com LLC*,
453 F.3d 1196 (9th Cir. 2006)..............................................................................15

*Fitbit, Inc. v. Laguna 2, LLC*,
2018 WL 306724 (N.D. Cal. Jan. 5, 2018) ..........................................................10

*Floersheim v. F.T.C.*,
411 F.2d 874 (9th Cir. 1969)................................................................................15

*Fortinet, Inc. v. Forescout Techs., Inc.*,
2021 WL 5565836 (N.D. Cal. Nov. 29, 2021)........................................................9

*Franklin v. Midwest Recovery Sys., LLC*,
2020 WL 3213676 (C.D. Cal. Mar. 9, 2020) .......................................................13

*Fujisawa v. Compass Vision, Inc.*,
735 F.Supp.2d 1171 (N.D. Cal. Aug. 13, 2010).....................................................6

*Guardian Alliance Techs., Inc. v. Miller Mendel, Inc.*,
2025 WL 1248905 (E.D. Cal. Apr. 30, 2025).........................................................8

*Hinojos v. Kohl's Corp.*,
718 F.3d 1098 (9th Cir. 2013)..............................................................................13

*HomeLight, Inc. v. Shkipin*,
694 F.Supp.3d 1242 (N.D. Cal. 2023)..................................................................16

*Icon Acad., LLC v. Mahmoud*,
2026 WL 712873 (C.D. Cal. Feb. 5, 2026)..........................................................18

*In re Xyrem (Sodium Oxybate) Antitrust Litig.*,
555 F.Supp.3d 829 (N.D. Cal. Aug. 13, 2021).......................................................8

*Integritymessageboards.com v. Facebook, Inc.*,
2020 WL 6544411 (N.D. Cal. Nov. 6, 2020)........................................................19

*Katana Silicon Techs. LLC v. Micron Tech., Inc.*,
671 F. Supp. 3d 1138 (D. Idaho 2023)...................................................................8

*Koala v. Khosla*,
931 F.3d 887 (9th Cir. 2019)..................................................................................4

*Lexmark Intern., Inc. v. Static Control Components, Inc.*,
572 U.S. 118 (2014) .............................................................................................12

*Lite-Netics, LLC v. Nu Tsai Cap. LLC*,
60 F.4th 1335 (Fed. Cir. 2023)...............................................................................8

*McGinity v. Procter & Gamble Co.*,
69 F.4th 1093 (9th Cir. 2023)...............................................................................16

*Pacira BioSci., Inc. v. Ventis Pharma, Inc.*,
2025 WL 576549 (C.D. Cal. Jan. 17, 2025)..........................................................17

ORION'S OPPOSITION TO EIGHT SLEEP'S MOTION TO DISMISS COUNTERCLAIMS

*Perez v. DirecTV Group Holdings, LLC*,
   2019 WL 6362471 (C.D. Cal. July 23, 2019) ........................................................5

*ProSolutions Software, Inc. v. DemandForce, Inc.*,
   2013 WL 12139357 (C.D. Cal. June 4, 2013).................................................11, 12

*Reid-Ashman Mfg, Inc. v. Swanson Semiconductor Service, L.L.C.*,
   2007 WL 1394427 (N.D. Cal. May 10, 2007) .....................................................12

*Removatron Intern. Corp. v. F.T.C.*,
   884 F.2d 1489 (1st Cir. 1989) ...........................................................................15

*Rodime PLC v. Seagate Tech., Inc.*,
   174 F.3d 1294 (Fed. Cir. 1999) ...........................................................................6

*Sihler v. Fulfillment Lab, Inc.*,
   2021 WL 1293839 (S.D. Cal. Apr. 7, 2021) .......................................................17

*Sliding Door Co. v. KLS Doors, LLC*,
   2013 WL 2090298 (C.D. Cal. May 1, 2013).........................................................7

*Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*,
   521 F.Supp.3d 929 (S.D. Cal. 2021) ..................................................................11

*Sosa v. DIRECTV, Inc.*,
   437 F.3d 923 (9th Cir. 2006).............................................................................5, 7

*SuperGuide Corp. v. Gemstar Dev. Corp.*,
   2010 WL 11463159 (C.D. Cal. June 3, 2010).......................................................6

*Theme Promotions, Inc v. News Am. Mktg. FSI*,
   546 F.3d 991 (9th Cir. 2008)..............................................................................10

*Tohono O'odham Nation v. United States Dep't of the Interior*,
   138 F.4th 1189 (9th Cir. 2025)............................................................................4

*TrafficSchool.com, Inc. v. Edriver Inc.*,
   653 F.3d 820 (9th Cir. 2011)..............................................................................13

*UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*,
   117 F.Supp.3d 1092 (C.D. Cal. 2015)................................................................10

*Washington v. Landmark Tech. A, LLC*,
   637 F.Supp.3d 1154 (W.D. Wash. 2022).............................................................8

**Other**

California Business & Professions Code §17200...................................................2, 18

Rule 12(b)(6)...........................................................................................................4

ORION'S OPPOSITION TO EIGHT SLEEP'S MOTION TO DISMISS COUNTERCLAIMS

# **INTRODUCTION**

Plaintiff Eight Sleep Inc. ("Eight Sleep") moves to dismiss (Dkt. 94, "Mot.") Defendant Orion Longevity Inc.'s ("Longevity's") counterclaims based on doctrines that have no application here. Eight Sleep further asks the Court to resolve myriad factual issues that cannot be determined at this early stage.

*First*, Orion adequately alleges that Eight Sleep tortiously interfered with Orion's contracts and business relationships with its manufacturer and promotional partners by sending them letters baselessly threatening litigation and attempting to "inspect" Orion's manufacturer. While Eight Sleep argues that these claims are barred by the *Noerr-Pennington* doctrine, California's litigation privilege, and federal patent preemption, the alleged conduct here far exceeds any purportedly protected petitioning activity: (1) Orion specifically alleged that Eight Sleep sent *corporate spies* to the facilities of Orion's manufacturer, conduct that harmed Orion and is not covered by those doctrines; (2) Eight Sleep's demand letters do not fall within those doctrines because they were not sufficiently related to any pending or potential petitioning activity; and (3) the baseless threats in the demand letters fall within the sham litigation exception, including a letter threatening Orion's third-party manufacturer *in China* with joint and several liability in this lawsuit, a classic "hollow threat" letter that is a widely recognized sham litigation tactic.

*Second*, Orion has easily pled false advertising under the Lanham Act for the same reasons the Court found Eight Sleep had pled false advertising at this early stage. The Court need look no further than Orion's allegations regarding Eight Sleep's false claim about tracking "all over skin temperature." Eight Sleep makes no argument that this claim was true, and Orion sufficiently pleaded that the claim was material and influenced consumers. Orion also sufficiently alleged other false statements, including misleading consumers about the requirement of a subscription buried in a tiny disclaimer at the bottom of Eight Sleep's webpage and using paid

or non-genuine reviews to make it seem like they were providing objective reviews of Eight Sleep's products, among other examples.

*Finally*, Orion has adequately pled a claim under California Business & Professions Code §17200. Orion lacks an adequate remedy at law because injunctive and other equitable relief is required for Eight Sleep's ongoing interference and other tortious conduct. Orion has standing because it has suffered an injury in fact and lost money and property due to Eight Sleep's interference with Orion's manufacturer and marketing partners. Finally, Orion has adequately pled a claim under the "unlawful" prong of §17200 because it "borrows" other violations.

## FACTUAL ALLEGATIONS

## I.      EIGHT SLEEP EMBARKS ON A CAMPAIGN OF HARASSMENT

As alleged in Orion's counterclaims, Eight Sleep's lawsuit is just one prong of its months-long campaign of harassment against Orion. Dkt. No. 73 ("Counterclaims" or "CC") ¶15. Eight Sleep has barraged Orion and its investors with letters threatening personal liability and sent another set of letters to Orion's promotional partners. *Id.* These letters were intended to disrupt, and did disrupt, these relationships. *Id.*

Eight Sleep also deliberately destroyed Orion's relationship with its overseas manufacturer and parts supplier. CC ¶¶15-18. Eight Sleep sent a cease-and-desist letter baselessly alleging that Orion's Chinese manufacturer could be held jointly and severally liable for a jury verdict against Defendants in this lawsuit, notwithstanding that Eight Sleep has never even attempted to name the manufacturer as a party. *Id.*; *see also* Dkt. 94-2 (Ex. 1). Eight Sleep compounded its interference by dispatching personnel to inspect the premises where Orion's products were manufactured; as a result of the cease-and-desist letter and the activities of "Eight Sleep's spies," Orion's partner suspended its work, requiring Orion to source replacement suppliers and a new manufacturing facility. CC ¶¶17-18.

Eight Sleep also sent threatening letters to influencers and promotional partners who had existing or prospective business relationships with Orion. CC ¶19. As a direct result, an influencer marketing agency with which Orion had a completed contract cancelled its arrangement and ceased doing business with Orion altogether. *Id.* At least one individual influencer engaged by Orion, after receiving one such letter from Eight Sleep, removed and deleted promotional content for which Orion had already paid. *See id.* Eight Sleep sent these communications with knowledge of Orion's relationships with these promotional partners and with the intent—and effect—of disrupting them. *Id.*

## II.    EIGHT SLEEP ENGAGES IN FALSE ADVERTISING

Orion also alleged that Eight Sleep is engaged in a sustained campaign of false and misleading advertising. CC ¶20. Eight Sleep prominently markets the Pod 5 ("Pod") as a product that "tracks your sleep then adjusts automatically," but those features are available only with a separately priced, monthly "Autopilot" subscription disclosed in tiny fine print at the very bottom of the webpage. *Id.* Similarly, Eight Sleep bundles a mandatory first-year subscription into the purchase price, but, once that period ends, the advertised features disappear. *Id.* Eight Sleep advertises "[t]he Pod cools, heats, and tracks your sleep, then adjusts automatically so you don't have to," failing to adequately inform customers that sleep tracking and temperature adjustment are only included with the "Autopilot" subscription. *Id.*

Eight Sleep misleadingly advertises a "5-year warranty," but a 5-year warranty is only included with one of Eight Sleep's higher-tier subscriptions, and the Pod itself comes with only a two-year limited warranty. *Id.* ¶21. Eight Sleep's quantified performance claims—including "up to 34% increase in deep sleep," "fall asleep up to 20% faster," and "save up to $20/month on your energy bills"—are unsubstantiated and convey that its customers will experience those performance, health, and economic benefits without evidence that all or substantially all of its

customers will receive those benefits. CC ¶23. Eight Sleep further claims that its Autopilot Elite subscription will "help [users] live longer," a claim it similarly cannot substantiate and that cannot be confirmed. *Id.* ¶24.

In or around December 2025, Eight Sleep added language to its website falsely claiming the Pod 5 tracks "all-over skin temperature." *Id.* ¶25. No Eight Sleep product on the market measures all-over skin temperature. *Id.* Despite removing the claim from its website, Eight Sleep continues to disseminate the same false and misleading representation through social media. *Id.*

Eight Sleep deceives consumers through endorsements that appear to come from actual users sharing personal experience but that conceal material commercial relationships. *Id.* ¶26. On Eight Sleep's "Wall of Love" feature, across social media, and on purportedly independent third-party comparison sites, Eight Sleep presents testimonials and endorsements as the views of genuine and neutral consumers, but Orion alleges that the endorsers are compensated for these posts. *Id.*

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion, a complaint need only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must "accept the complaint's well-pleaded factual allegations as true, and construe all inferences in the plaintiff's favor." *Koala v. Khosla*, 931 F.3d 887, 894 (9th Cir. 2019) (quoting *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016)). Orion need merely allege "'enough facts to state a claim to relief that is plausible on its face.'" *Tohono O'odham Nation v. United States Dep't of the Interior*, 138 F.4th 1189, 1199 (9th Cir. 2025) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

# ARGUMENT

## I.   ORION ADEQUATELY PLEADS TORTIOUS INTERFERENCE

### A.   *Noerr-Pennington*, California's Litigation Privilege, and Patent Preemption Do Not Immunize Eight Sleep's Interference.

#### 1.   Eight Sleep Ignores Many of Orion's Key Allegations

Eight Sleep argues its interference with Orion's manufacturer and promotional partners is protected by *Noerr-Pennington*, California's litigation privilege, and patent preemption. Dkt. 94. ("Mot.") at 3-8. But Eight Sleep almost entirely ignores that Orion's tortious interference claims *are not based solely on Eight Sleep's demand letters*.

Orion alleges at length that Eight Sleep bullied Orion's key overseas manufacturing partner and sent "spies" to the facility where it manufactured Orion's products, causing canceled contracts and severely disrupting Orion's business relationships. CC ¶¶15-18. None of Eight Sleep's purported privileges or protections has anything to do with these allegations.

As Eight Sleep's own cases make clear, *Noerr-Pennington* immunity applies to "those who *petition any department of the government* for redress." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (emphasis added). Sending "spies" to engage in corporate espionage—an allegation that must be accepted as true at this stage of the litigation—certainly is not "petitioning" activity or anything related thereto that would trigger *Noerr-Pennington* protection. *See*, *e.g.*, *Perez v. DirecTV Group Holdings, LLC*, 2019 WL 6362471, at *7 (C.D. Cal. July 23, 2019) (declining to apply *Noerr-Pennington* to "conduct [that] has nothing to do with a petition to the court" and "is not closely related to petitioning activity"); *Caruso v. Hill*, 2020 WL 4018141, at *6 (E.D. Cal. July 15, 2020) ("Since the conduct at issue is not petitioning activity, dismissal of any claim based on the *Noerr-Pennington* doctrine is inappropriate."). Eight Sleep does not argue that Orion's

ORION'S OPPOSITION TO EIGHT SLEEP'S MOTION TO DISMISS COUNTERCLAIMS

allegations regarding corporate espionage constitute protected activity. *See* Mot. at 9-10 (no argument that sending spies was protected activity).

Eight Sleep's attempts to rely on the litigation privilege and preemption fail for the same reasons. It is hornbook law that "California Civil Code §47(b) applies only to ***communicative acts***, not non-communicative conduct." *Bylin Heating Sys., Inc. v. M & M Gutters, LLC*, 2008 WL 744706, at \*6 (E.D. Cal. Mar. 18, 2008) (emphasis added). As a result, "pure conduct, such as eavesdropping is not covered." *Id.*; *accord*, *e.g.*, *Fujisawa v. Compass Vision, Inc.*, 735 F.Supp.2d 1171, 1175-76 (N.D. Cal. Aug. 13, 2010) (agreeing that "the litigation privilege does not protect non-communicative acts").

Similarly, courts have long held that federal preemption does not apply to California state law interference claims based on conduct unrelated to patent enforcement. *See*, *e.g.*, *Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999) ("Rodime based its claims on Seagate's alleged efforts to dissuade other disk drive companies from taking a license from Rodime. The patent laws will not preempt such claims if they include additional elements not found in the federal patent law cause of action and if they are not an impermissible attempt to offer patent-like protection to subject matter addressed by federal law."); *SuperGuide Corp. v. Gemstar Dev. Corp.*, 2010 WL 11463159, at \*19-20 (C.D. Cal. June 3, 2010) (explaining that "the Federal Circuit [has] held that California state law claims for tortious interference with prospective economic advantage and unfair competition were not preempted by the Patent Act") (collecting cases). Again, Eight Sleep does not contend otherwise.

Eight Sleep's only response is that Orion "attributes the manufacturer's alleged cessation of work solely to the ***cease-and-desist letter***." Mot. at 10 (Eight Sleep's emphasis) (citing CC ¶50). That is not what Orion's counterclaims say. Orion alleged Eight Sleep's baseless letter ***and*** spying activities "achieved their

purpose" and caused the manufacturer to suspend work.  CC ¶¶16-18.  Whether the "attempted inspection" itself caused the breach and severe disruption and damaged Orion is a fact question that cannot be resolved at the motion to dismiss stage.

2. <u>Orion Adequately Pleads That Eight Sleep's Letters Are Not Protected Petitioning Activity, Constitute Sham Litigation, and Were Sent in Bad Faith</u>

Eight Sleep's cease-and-desist letters also are not immunized because they are not protected petitioning activity and, even if they were, are sham litigation.

***First***, Eight Sleep primarily argues these letters are protected because they warned third parties they may become "embroiled" in this litigation.  Mot. at 3-4.  But as Eight Sleep's own cases show, cease-and-desist letters are only protected if they are "***sufficiently related*** to petitioning activity."  *Sosa*, 437 F.3d at 935-38 (9th Cir. 2006) (emphasis added); *see* Mot. at 3-4.  Eight Sleep's letters are not tied to the ongoing litigation like, *e.g.*, a letter to a distributor or customer of the accused products as in cases cited by Eight Sleep.  *See Sliding Door Co. v. KLS Doors, LLC*, 2013 WL 2090298, at *6 (C.D. Cal. May 1, 2013); Mot. at 5.  As explained further below, the letter to Orion's manufacturer offers no basis upon which a non-party ***Chinese*** manufacturer that does not distribute or import any product could be "embroiled" in U.S. patent litigation based entirely on extraterritorial conduct not covered by U.S. patent laws.  *See* Dkt. 94-2 at 5.  Similarly, the letter to Orion's promotional partner consisted of hollow threats that did not even purport to set forth any factual or legal basis upon which that partner could be affected by this litigation (Dkt. 94-3 at 1), was "not incidental to the prosecution of" this lawsuit, and "had little relevance to [its] ability to pursue [this] lawsuit."  *Arista Networks, Inc. v. Cisco Sys. Inc.*, 2018 WL 2761855, at *2 (N.D. Cal. June 8, 2018).

***Second***, even if these letters constituted petitioning activity, they are not immunized because Orion adequately alleged that the threats against these third

7  No. 2:26-cv-02460-SB-KS

ORION'S OPPOSITION TO EIGHT SLEEP'S MOTION TO DISMISS COUNTERCLAIMS

parties constitute sham litigation. Sham litigation is "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits," and "the plaintiff must have brought baseless claims in . . . [subjective] bad faith" to interfere with a competitor's business. *Katana Silicon Techs. LLC v. Micron Tech., Inc.*, 671 F.Supp.3d 1138, 1155 (D. Idaho 2023) (citations omitted).

Orion similarly alleged that Eight Sleep was acting in bad faith by making these baseless threats in the cease-and-desist letters, and federal preemption does not apply where "the claimant can show that the patent holder acted in bad faith." *Energy Heating, LLC v. Heat On–The–Fly, LLC*, 889 F.3d 1291, 1304-05 (Fed. Cir. 2018) (affirming finding of no preemption based on "bad faith" purported enforcement activities); *accord*, *e.g.*, *Guardian Alliance Techs., Inc. v. Miller Mendel, Inc.*, 2025 WL 1248905, at *7 n.8 (E.D. Cal. Apr. 30, 2025) ("However, state claims 'can survive federal preemption' when they are 'based on a showing of "bad faith" action in asserting infringement . . . . The 'bad faith' analysis is identical to the sham exception's 'objectively baseless' prong") (quoting *Lite-Netics, LLC v. Nu Tsai Cap. LLC*, 60 F.4th 1335, 1343 (Fed. Cir. 2023)); Mot. at 7-8.

Courts have also routinely held that, "[b]ecause application of the *Noerr-Pennington* Doctrine requires a fact-intensive reasonableness determination, it is impractical to consider at the motion-to-dismiss stage." *Katana*, 671 F.Supp.3d at 1155; *accord*, *e.g.*, *Washington v. Landmark Tech. A, LLC*, 637 F.Supp.3d 1154, 1163 (W.D. Wash. 2022) ("The Court agrees with the State that whether or not *Noerr Pennington* immunity applies is a fact-intensive inquiry that cannot be resolved via a motion to dismiss."); *id.* at 1162 ("the same applies for preemption"); *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 555 F.Supp.3d 829, 878 (N.D. Cal. Aug. 13, 2021) ("The Ninth Circuit has held that 'whether something is a genuine effort to influence government action, or a mere sham for *Noerr-Pennington* purposes, is a question of fact . . . . Thus, '***courts rarely award Noerr-Pennington***

ORION'S OPPOSITION TO EIGHT SLEEP'S MOTION TO DISMISS COUNTERCLAIMS

*immunity at the motion to dismiss stage*.'") (emphasis added) (citations omitted ). Similarly, "the question of bad faith is a factual contest and cannot be resolved on a motion to dismiss." *Fortinet, Inc. v. Forescout Techs., Inc.*, 2021 WL 5565836, at *22 (N.D. Cal. Nov. 29, 2021); *id.* at *23 ("The Court finds that it is premature to determine the question of bad faith at this stage.").

Here, Eight Sleep does not overcome the high bar required to show Orion's sham litigation allegations should be dismissed at the pleading stage. At the outset, Eight Sleep seems to assume that whether its letters constituted sham litigation depends on whether *this* lawsuit is baseless. But the letters threatened non-parties, yet carried no plausible allegation that those non-parties would be liable in this litigation, and as alleged by Orion, were sent in bad faith with the intent to intimidate and to interfere with Orion's relationships. CC ¶18.

For example, Eight Sleep sent a letter to Orion's manufacturer *in China* asserting that "your company may—under U.S. law—be held jointly and severally liable with the other defendants if it continues to manufacture and supply the products while knowing that infringement is alleged." CC ¶16; Dkt. 94-2 at 5. This was allegedly "dishonest." CC ¶18. Eight Sleep had no basis to threaten a *non-party* with joint-and-several liability. Nor did Eight Sleep have any intent to name the Chinese manufacturer as a party; indeed, Eight Sleep has made no effort to name the manufacturer as a party.

These allegations raise a plausible inference that Eight Sleep's threat to the Chinese manufacturer was a "hollow threat" made solely in bad faith to disrupt Orion's business. *See*, *e.g.*, *Bylin*, 2008 WL 744706, at *5 ("Whether Bylin's prelitigation communications with distributors were 'hollow threats' made solely to harm Thermal Technologies and to unfairly compete against Thermal Technologies are questions of fact."); *Golden Eye*, 525 F.Supp.3d at 1234-35 ("As such, the lack of evidence that Defendants ever intended to file suit and lack of follow through

support Plaintiff's contention that Defendants lacked a good faith intent to pursue litigation . . . .").

Eight Sleep's letters to Orion's promotional partners fare no better. Eight Sleep attaches a letter to one promoter (Dkt. 94-3 at 1) stating without explanation that "[i]ndividuals who repeat, disseminate, or amplify false or misleading claims about a product may be held personally liable." But again, the letter contains no allegations—much less evidence—that this promoter was violating or could violate the Lanham Act, nor has Eight Sleep taken any action against that individual. Here again, Orion has adequately pleaded that Eight Sleep asserted a hollow threat of litigation designed to—and succeeding in—interfering with Orion's relationships with its partners (CC ¶¶19, 47-56), which falls within the sham litigation exception. *See*, *e.g.*, *Energy Heating*, 889 F.3d at 1304; *Bylin*, 2008 WL 744706, at *5.

Eight Sleep's cases are not to the contrary. For example, in *Theme Promotions, Inc v. News Am. Mktg. FSI*, 546 F.3d 991, 1007-08 (9th Cir. 2008), the court determined ***after a jury trial*** evidence showed demand letters were objectively reasonable—a holding of no relevance to a motion to dismiss. Similarly, in *Fitbit, Inc. v. Laguna 2, LLC*, 2018 WL 306724, at *10 (N.D. Cal. Jan. 5, 2018), the court had already heard evidence in a motion for preliminary injunction and determined the threatened claims were not objectively baseless. No such evidence exists here. Finally, in *UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, 117 F.Supp.3d 1092, 1114 (C.D. Cal. 2015), "Counterclaimants d[id] not allege that th[e] lawsuit [wa]s objectively baseless," and, in *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F.Supp.2d 1074, 1083 (C.D. Cal. 2010), "Plaintiff concede[d]" the use of technology violated a license agreement. Unlike in all of those cases, Orion adequately pleads Eight Sleep lacked any objectively reasonable basis or legitimate intent to proceed with its threatened lawsuits against Orion's business partners, but instead sent such threats only to interfere with

Orion's business.

**B.     Orion Adequately Pleads the Elements of Both Interference Torts**

Orion established each of the elements of its claims for interference with contract and prospective business opportunity.  As Eight Sleep concedes, "[i]ntentional interference with contractual relations requires a valid contract with a third party, Eight Sleep's knowledge of that contract, intentional acts designed to induce breach or disruption, actual breach or disruption, and resulting damage." Mot. at 9:12-15.  Similarly, "[i]ntentional interference with prospective economic advantage requires a specific economic relationship with a third party with a probability of future economic benefit, Eight Sleep's knowledge of that relationship, intentional disruption, actual disruption, damages proximately caused by the disruption, and independently wrongful conduct."  *Id.* at 9:16-20.

Orion met these elements, and Eight Sleep only briefly argues otherwise. *First*, Eight Sleep argues "Orion does not identify the contractual obligations or specific prospective relationships allegedly disrupted."  *Id.* at 10:6-7.  Not so. Orion pleads contracts and ongoing relationships with its manufacturer (identified by name in the letter attached as Exhibit 1 to Eight Sleep's motion), marketing agency, and individual influencers (one of which Eight Sleep identifies in Exhibit 2 to its motion).  *See* CC ¶¶47, 53.  Nothing more is required.  *See ProSolutions Software, Inc. v. DemandForce, Inc.*, 2013 WL 12139357, at *1 (C.D. Cal. June 4, 2013) (interference with contract adequately pled where party "had contracts with identified third parties").  Eight Sleep's reliance on *UMG*, *supra*, is misplaced; there, counterclaimants "suppl[ied] *no facts* concerning the identity of any third party with whom they had contracted."  *UMG*, 117 F.Supp.3d at 1115 (emphasis added); *cf. also Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*, 521 F.Supp.3d 929, 961-62 (S.D. Cal. 2021) (plaintiff never alleged "which entities, if any, it was negotiating with").

*Second*, Orion pled Eight Sleep knew of and intended to disrupt these relationships and caused damages—Eight Sleep *sent letters* to Orion's manufacturer and promotional partners, and sent "spies" to the manufacturer to cause the manufacturer to suspend operations, which it did.  CC ¶15.  In response, those partners promptly suspended or terminated their relationships with Orion causing damages to Orion, including causing the need to source replacement suppliers, the loss of already paid-for promotional content, and additional costs incurred to replace these providers and partners.  Dkt. 94-2; Dkt. 94-3; CC ¶¶49-57; *ProSolutions*, 2013 WL 12139357, at *1 (similar allegations sufficient to state claim for interference).

*Third*, Eight Sleep's "hollow threat" letters and sending of "spies" both qualify as the "independently wrongful act" (Mot. at 10:18) required for tortious interference with prospective economic advantage.  *See*, *e.g.*, *Reid-Ashman Mfg, Inc. v. Swanson Semiconductor Service, L.L.C.*, 2007 WL 1394427, at *12 (N.D. Cal. May 10, 2007) ("The Court concludes that by alleging that Reid-Ashman has engaged in sham litigation, it has met this requirement.").

In short, Orion has adequately pled each of the elements of tortious interference with contract and prospective economic advantage,

## II.   ORION ADEQUATELY PLEADS FALSE ADVERTISING

"To assert a false-advertising claim under the Lanham Act, 15 U.S.C. § 1125, the plaintiff must show (1) 'an injury to a commercial interest in reputation or sales' and (2) 'economic or reputational injury flowing directly from the deception wrought by the defendant's advertising.'"  Dkt. 69 at 10 (quoting *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132-33 (2014)).  Moreover, when a counterclaimant "'competes directly with [the counter] defendant, a misrepresentation will give rise to a presumed commercial injury that is sufficient to establish standing.'"  *Id.* at 10-11 (quoting *TrafficSchool.com, Inc. v. Edriver Inc.*,

653 F.3d 820, 827 (9th Cir. 2011)).  Here, Orion's Lanham Act claims easily meet those requirements.

**"All-Over Skin Temperature"**: Orion alleges that Eight Sleep falsely advertised that its Pod 5 product tracks "all-over skin temperature" even though "[n]o Eight Sleep product on the market" does that, and that Eight Sleep subsequently removed the claim from its website. CC ¶25.  Orion further alleges that this statement was "material to a reasonable consumer's purchasing decision." *Id.* ¶27.

No more is required to sustain this claim at the pleadings stage.  And because Orion has adequately pleaded at least one alleged misrepresentation, this Court should sustain the entirety of Orion's Lanham Act claim, as it did with Eight Sleep's Lanham Act claim.  *See* Dkt. No. 69 at 13 (quoting *Franklin v. Midwest Recovery Sys., LLC*, 2020 WL 3213676, at *1 (C.D. Cal. Mar. 9, 2020) (upholding Eight Sleep's Lanham Act claim based solely on the viability of the "5-stage sleep tracker" allegation and explaining that Rule 12(b)(6) "does not provide a mechanism for dismissing only a portion of a claim")).

Eight Sleep makes no effort to argue that this statement was true, instead arguing only that this false statement was not material. Mot. at 13-14.  But materiality is a low bar easily cleared at this stage, particularly because "[m]ateriality is generally an issue of fact." *Cambridge Lane, LLC v. J-M Manufacturing Co., Inc.*, 2020 WL 14080060, at *4 (C.D. Cal. Sept. 21, 2020) ("and for that reason alone the Court would not grant a motion to dismiss based on [this] ground").

Eight Sleep acknowledges materiality requires only that a consumer would "'attach importance'" to that feature.  Mot. at 14:3-5 (quoting *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1107 (9th Cir. 2013) (***reversing*** denial of motion to dismiss)).  Here, a reasonable consumer would find "all-over skin temperature" measurement important in a product whose very purpose is to control skin temperature.  Orion's pleading regarding materiality is similar to the pleading that

13                    No. 2:26-cv-02460-SB-KS
ORION'S OPPOSITION TO EIGHT SLEEP'S MOTION TO DISMISS COUNTERCLAIMS

this Court found sufficient in upholding Eight Sleep's false-advertising claims. *Compare*, *e.g.*, CC ¶27 (alleging that "[e]ach of these representations . . . is material to a reasonable consumer's purchasing decision") *with* FAC ¶¶53-54 (alleging materiality because the feature "is a feature on which a substantial number of consumers in the relevant product category make purchasing decisions").

Eight Sleep also argues Orion does not plead any consumer saw this advertisement. Mot. at 14. Again, this is untrue—Orion alleges that "these false statements actually deceive, or have a tendency to deceive, a substantial segment of Orion's customers and potential customers." CC ¶60. Eight Sleep alleged no more in its own false advertising allegations with respect to the removed advertisements. *See*, *e.g.*, FAC ¶52 (alleging only that, "on information and belief," consumers saw removed advertisement before it was taken down, with no supporting facts). Moreover, Eight Sleep ignores Orion's allegation that Eight Sleep continues to disseminate this claim on social media. *Id.* ¶25.

Although the sufficiency of Orion's allegations regarding Eight Sleep's "all-over skin temperature" advertising is sufficient for the Court to deny Eight Sleep's motion as to Orion's entire Lanham Act claim, Orion also sufficiently pleaded several other acts of false or misleading advertising by Eight Sleep:

**Subscription/Warranty Statements**: Eight Sleep argues certain statements concerning sleep tracking, automatic adjustments, and extended warranties are not false or misleading because it does in fact offer those features and, in any event, provides a disclaimer that a subscription is required. Mot. at 11-12. But Orion's allegation is that Eight Sleep misleads consumers ***because*** it fails to prominently disclose that a subscription is required (CC ¶¶20-21), instead burying that "disclaimer" in tiny print in a footnote more than ***10 pages after*** its prominent advertising of these features. *See* Dkt. 94-4 (Ex. 3) at 2, 13. Contrary to Eight Sleep's assertion, Orion did plead that consumer reviews show they were misled.

CC ¶20; *see also* Ex. 3 (review stating that the company "sneakily make[s] you subscribe for the next year," takes "20 clicks to cancel," and, upon cancellation, will "***completely brick the entire device***," even "delet[ing] the basic stuff like alarms and temperature dial") (emphasis added).

Courts have routinely held that burying a "disclaimer" in fine print is not enough to avoid a false advertising claim. *See*, *e.g.*, *Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, 2021 WL 11593043, at *11 (N.D. Cal. Aug. 16, 2021) ("The disclaimer is also in small font and is on a separate panel from the 'maximum strength' tagline . . . . The Court holds that the presence of a disclaimer on the . . . product[ ] does not require dismissal of the fraudulent advertising claims at this stage of the proceedings, and denies [the] motion to dismiss Scilex's cause of action insofar as it is based on this statement.") (internal quotation marks and citations omitted); *Dorfman v. Nutramax Labs., Inc.*, 2013 WL 5353043, *11 (S.D. Cal. Sept. 23, 2013) ("The presence of a disclaimer on the Cosamin products does not require dismissal of the fraudulent advertising claims at this stage of the proceedings . . . . While there are disclaimers and qualifying language, determining whether a reasonable consumer would be deceived is inappropriate at [the motion to dismiss] stage of the litigation."); *see also F.T.C. v. Cyberspace.Com LLC*, 453 F.3d 1196, 1200 (9th Cir. 2006) (finding "fine print" disclaimers inadequate to counter misleading statements); *Floersheim v. F.T.C.*, 411 F.2d 874, 877 (9th Cir. 1969) (affirming FTC finding consumers "would be unlikely to notice respondent's inconspicuous disclaimer or to understand its import"); *Removatron Intern. Corp. v. F.T.C.*, 884 F.2d 1489, 1497 (1st Cir. 1989) ("Disclaimers or qualifications in any particular ad are not adequate to avoid liability unless they are ***sufficiently prominent and unambiguous*** to change the apparent meaning of the claims and to leave an accurate impression.") (emphasis added). Eight Sleep's disclaimers are similarly unavailing here.

Eight Sleep's cases regarding minor ambiguities and clarifications in the fine print are inapposite. In *Bodenburg v. Apple Inc.*, 146 F.4th 761, 769 (9th Cir. 2025), the court found the representations had nothing more than a "potential ambiguity" dispelled by "specific descriptions" of the iCloud plans in question. In *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1098-99 (9th Cir. 2023), the court identified nothing more than an ambiguity addressed by the back label. In *HomeLight, Inc. v. Shkipin*, 694 F.Supp.3d 1242, 1255 (N.D. Cal. 2023), Homelight prominently displayed on its website that partner agents paid Homelight a referral fee, which did not render the advertisement "100% free" false or misleading. None of those cases bear on the impact of the tiny disclaimer on the false and misleading advertising here, the insufficiency of which is for a jury to decide.

Eight Sleep also argues Orion only alleges these advertisements "***could***" deceive. Mot. at 12:11-13 (citing CC ¶60). That is not at all what Orion alleged. Orion pled that, "[u]pon information and belief, these false statements ***actually deceive, or have a tendency to deceive***, a substantial segment of Orion's customers and potential customers." CC ¶60 (emphasis added). Eight Sleep pled almost the exact same thing. FAC ¶110 ("Upon information and belief, these false statements actually deceive, or have a tendency to deceive, a substantial segment of Eight Sleep's customers and potential customers."). As the Court found, pleading a false statement and a likelihood of deception is sufficient. *See* Dkt. 69 (Order) at 10-13.

**Performance Claims**: Orion alleges false quantitative statements that the Eight Sleep product can result in "up to 34% increase in deep sleep," make users "fall asleep up to 20% faster," and "save up to $20/month on your energy bills." CC ¶23. Eight Sleep responds Orion merely alleges it cannot be shown that "all or substantially all of its customers will receive those benefits." CC ¶23; Mot. at 13.

Notably, Eight Sleep cites not a single authority for the proposition that these allegations fail to state a claim under the Lanham Act (Mot. at 13:15-18), nor does

Eight Sleep explain why a reasonable consumer would not understand these purported benefits as applying to most or all customers—if they do not, what is the point of the advertisement?  At the pleading stage, this allegation is sufficient.

**"Live Longer" Statement**: Orion also pleads Eight Sleep falsely or misleadingly advertises its product will "help [users] live longer," a statement with no factual basis or evidence.  CC ¶24.  Eight Sleep argues—again with zero authority or explanation—that this is insufficient to state a claim, particularly because Orion Longevity has "Longevity" in its name (Mot. 13 & n.6)—which is neither an advertisement nor a statement challenged in this litigation.  Eight Sleep again offers no reason why this allegation fails to state a claim at the pleading stage.

**Third-Party Testimonials/Endorsements**: Finally, Eight Sleep argues Orion's allegations about testimonials that failed to disclose material compensation by Eight Sleep do not satisfy Rule 9(b) and lack any factual basis.  But Orion identified Eight Sleep's "Wall of Love," social media, and purportedly independent comparison sites as the source of these testimonials and described in detail its allegation that Eight Sleep did not disclose paid testimonials and/or otherwise falsely presented these testimonials as being from genuine or independent users.  CC ¶26.[1]  Moreover, courts have found false or misleading testimonials adequately pled where the party "provided multiple examples of the misleading and deceptive advertising they viewed."  *Sihler v. Fulfillment Lab, Inc.*, 2021 WL 1293839, at *13 (S.D. Cal. Apr. 7, 2021).

Courts have long held that dismissal is inappropriate where the claimant alleges "numerous positive reviews alongside images of persons who purportedly

---

[1] These testimonials were incorporated by reference in Orion's Counterclaims and may therefore be considered here.  *See*, *e.g.*, *Pacira BioSci., Inc. v. Ventis Pharma, Inc.*, 2025 WL 576549, at *2 n.4 (C.D. Cal. Jan. 17, 2025) (taking judicial notice of "advertisements . . . incorporated by reference in the Complaint" where "advertisements [we]re referenced and partially depicted in the Complaint . . . and the statements in the advertisements form the basis of Plaintiff's Lanham Act claim").  Orion attaches representative examples as Exhibits 1-2 hereto.

provided an objective review of [the product], its products, and its services, but according to the [Complaint], these individuals do not exist or did not provide any actual testimonials and reviews." *Icon Acad., LLC v. Mahmoud*, 2026 WL 712873, at *3 (C.D. Cal. Feb. 5, 2026); *see also id.* at *8 n.6 ("Because the FAC identifies the alleged fabricated reviews on Noa's website and alleges that the alleged false reviews were likely to influence customer (particularly Affiliate) purchasing decisions, Plaintiff alleges a plausible false advertising claim on this basis.").

A cursory review of just some of these ads[2] shows they have sufficient indicia of non-genuine reviews or undisclosed compensation by Eight Sleep to raise a plausible inference of false advertising.  One claims that "[t]he one thing worth buying in this summer heat . . . . The Pod by Eight Sleep automatically adjusts your bed environment to help you sleep cool all night, maximizing your sleep performance and health. Get yours now while the sale is live!" Ex. 1.  A second ad from a different reviewer contains the ***same*** word-for-word endorsement but does not even disclose it is an ad, much less any commercial arrangement with Eight Sleep.  Ex. 2.

Whether or to what extent these testimonials reflect genuine reviews —rather than paid advertisements without adequate disclosure of the compensation arrangement—is a fact question that cannot be resolved here.

**III.  ORION ADEQUATELY PLEADS UNFAIR COMPETITION**

Eight Sleep offers a smorgasbord of reasons why Orion's unfair competition claim under California Business & Professions Code §17200 is inadequate (*see* Mot. at 14-21), each of which fails.  ***First***, Eight Sleep argues Orion fails to plead legal remedies are inadequate because it seeks compensatory damages under the Lanham Act.  *Id.* at 15-16.  Eight Sleep is wrong because Orion seeks equitable

---

[2] While some (but not all, *see* Ex. 2) of the testimonials pushed to social media do include the word "ad" at the top, they do not disclose the sponsor of the ad, giving the appearance of an independent review, and fail to disclose the source of the ad and the sponsoring advertiser. *See* Ex. 1.  Moreover, these ads at least suggest the existence of genuine reviews from individuals who used the product.

ORION'S OPPOSITION TO EIGHT SLEEP'S MOTION TO DISMISS COUNTERCLAIMS

relief based on Eight Sleep's campaign of harassment of its manufacturer and partners, resulting in lost contracts and business that cannot be remedied by money damages.  *See*, *e.g.*, *AngioScore, Inc. v. TriReme Med., LLC*, 70 F.Supp.3d 951, 963 (N.D. Cal. Sept. 9, 2014) ("Defendants base their argument against AngioScore's right to injunctive relief on the premise that 'lost business' is not a cognizable injury under the UCL.  ***Having rejected that premise, the Court likewise rejects the argument based thereon***."); *see also Scilex*, 2021 WL 11593043, at \*7 ("'Courts have found that a plaintiff may still seek injunctive relief under the UCL where damages would not protect against a future harm.'"); *Integritymessageboards.com v. Facebook, Inc.*, 2020 WL 6544411, at \*7 (N.D. Cal. Nov. 6, 2020) (denying motion to dismiss after inferring "plaintiff has no factual basis to quantify its actual damages for future harm").

***Second***, Eight Sleep argues Orion lacks standing based on this Court's prior ruling that Eight Sleep failed to plead specific lost sales.  Mot. at 17 (citing Dkt. 69 at 9).  But in a footnote, Eight Sleep tacitly concedes Orion ***does*** have standing to assert its UCL claim based at least on Eight Sleep's interference with contract and prospective economic opportunity, arguing only that Orion failed adequately to plead those claims.  Mot. at 18 n.7.  Because Orion does adequately plead those claims, it has standing regardless.

***Finally***, Eight Sleep repackages its assertions that Orion's other claims fail.  But as set forth above, Orion adequately pled the advertisements in question by quoting statements from Eight Sleep's website and describing the advertisements in detail—one of which Eight Sleep attaches as Exhibit 3 to its motion.  Orion likewise adequately pled its interference claims for the same reasons set out above.

## CONCLUSION

Orion respectfully submits that the Court should deny Eight Sleep's motion to dismiss.  Should the Court grant any portion of the motion, Orion respectfully

requests leave to amend.

Dated: July 10, 2026

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP


By: */s/  Amy H. Candido*

Amy H. Candido (CA SBN 237829)
amy.candido@stblaw.com
Jeff Nardinelli (SBN 295932)
jeff.nardinelli@stblaw.com
**SIMPSON THACHER & BARTLETT LLP**
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA  94105
Phone: (415) 426-7300
Fax: (415) 426-7301

Sanford L. Michelman (SBN 179702)
smichelman@mrllp.com
Aaron L. Plesset (SBN 352104)
aplesset@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Phone: (310) 299-5500
Fax: (310) 299-5600

Mona Z. Hanna (SBN 131439)
mhanna@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Ave, 10th Floor
Irvine, California 92614
Phone: (714) 557-7990
Fax: (714) 557-7991

*Counsel for Defendants*
*Orion Longevity Inc. and Blue Fuzion*
*Group Ltd.*

ORION'S OPPOSITION TO EIGHT SLEEP'S MOTION TO DISMISS COUNTERCLAIMS

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 6,081 words, which complies with the 7000-word limit set by Section 6.c.i. of the Standing Order for Civil Cases Assigned to Judge Stanley Blumenfeld, Jr. updated March 12, 2026.

Dated: July 10, 2026

By: */s/  Amy H. Candido*
       Amy H. Candido
       (CA SBN 237829)
       amy.candido@stblaw.com