Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Steven Cherny (*pro hac vice*)
stevencherny@quinnemanuel.com
Patrick D. Curran (SBN 241630)
patrickcurran@quinnemanuel.com
Nicola Felice (*pro hac vice*)
nicolafelice@quinnemanuel.com
Jordan E. Alexander (SBN 305112)
jordanalexander@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
295 5th Avenue
New York, New York 10016-7103
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100


*Attorneys   for   Plaintiff*
*EIGHT SLEEP INC.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **EIGHT SLEEP INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**ORION LONGEVITY INC.,** and **BLUE FUZION GROUP LTD.,**<br><br>Defendants. | Case No. 2:26-cv-02460-SB-KS<br><br>**PLAINTIFF EIGHT SLEEP'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT ORION LONGEVITY INC.'S COUNTERCLAIMS V-VIII**<br><br>Hon. Stanley Blumenfeld, Jr.<br>Date: July 31, 2026<br>Time: 8:30 a.m.<br>Courtroom: 6C |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................ 1

I.      ORION'S TORTIOUS INTERFERENCE COUNTERCLAIMS FAIL .......... 1

     A.    Attempted Inspection Allegations Are Insufficient ............................... 1

     B.    Challenged Letters Are Protected Activity ............................................ 2

     C.    Sham Litigation ..................................................................................... 3

          1.    The Court Can Address This Argument Now ............................. 3

          2.    Sham Litigation Does Not Apply .............................................. 4

     D.    Orion Fails To Plead The Elements ........................................................ 7

II.     ORION'S LANHAM ACT COUNTERCLAIM FAILS ................................. 8

III.    ORION'S UNFAIR COMPETITION COUNTERCLAIM FAILS ............... 11

CONCLUSION ...................................................................................................... 13

# TABLE OF AUTHORITIES

**Page**

## Cases

*AngioScore, Inc. v. TriReme Med., LLC*,
70 F. Supp. 3d 951 (N.D. Cal. Sept. 9, 2014) ...................................................... 11

*Arista Networks, Inc. v. Cisco Sys. Inc.*,
2018 WL 2761855 (N.D. Cal. June 8, 2018) ......................................................... 3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .............................................................................................. 8

*B&G Foods N. Am., Inc. v. Embry*,
29 F.4th 527 (9th Cir. 2022) ................................................................................. 3

*Bylin Heating Sys., Inc. v. M & M Gutters, LLC*,
2008 WL 744706 (E.D. Cal. Mar. 18, 2008) ........................................................ 6

*Caltex Plastics, Inc. v. Elkay Plastics Co., Inc.*,
2015 WL 13283255 (C.D. Cal. Feb. 4, 2015), *aff'd*, 671 F. App'x
538 (9th Cir. 2016) ............................................................................................... 9

*Dorfman v. Nutramax Labs., Inc.*,
2013 WL 5353043 (S.D. Cal. Sept. 23, 2013) .................................................... 10

*Drake v. Toyota Motor Corp.*,
2021 WL 2024860 (C.D. Cal. May 17, 2021) ..................................................... 11

*Energy Heating, LLC v. Heat On-The-Fly, LLC*,
889 F.3d 1291 (Fed. Cir. 2018) ............................................................................ 4

*Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*,
69 F.4th 665 (9th Cir. 2023) ............................................................................. 8, 9

*F.T.C. v. Cyberspace.Com LLC*,
453 F.3d 1196 (9th Cir. 2006) ............................................................................ 10

*Fitbit, Inc. v. Laguna 2, LLC*,
2018 WL 306724 (N.D. Cal. Jan. 5, 2018) ................................................... 3, 5, 7

*Floersheim v. F.T.C.*,
411 F.2d 874 (9th Cir. 1969) .............................................................................. 10

*Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*,
525 F. Supp. 3d 1145 (S.D. Cal. 2021), *aff'd sub nom. Golden Eye Media USA, Inc. v. Evo Lifestyle Prods. Ltd.*, 2022 WL 2232517 (Fed. Cir. June 22, 2022) ....................................................................... 6

*Guardian Alliance Techs., Inc. v. Miller Mendel, Inc.*,
2025 WL 1248905 (E.D. Cal. Apr. 30, 2025) ...................................... 4

*Integritymessageboards.com v. Facebook, Inc.*,
2020 WL 6544411 (N.D. Cal. Nov. 6, 2020) ..................................... 11

*Katana Silicon Techs. LLC v. Micron Tech., Inc.*,
671 F.Supp.3d 1138 (D. Idaho 2023) ................................................. 3

*Kroeger v. Vertex Aerospace LLC*,
2020 WL 3546086 (C.D. Cal. June 30, 2020) ................................ 8, 11, 12, 13

*Kuehl v. Gen. Motors LLC*,
2023 WL 8353784 (C.D. Cal. Nov. 17, 2023) ................................... 10

*McCracken v. KSF Acquisition Corp.*,
2023 WL 5667869 (C.D. Cal. Apr. 4, 2023) ..................................... 11

*Pacira BioSci., Inc. v. Ventis Pharma, Inc.*,
2025 WL 576549 (C.D. Cal. Jan. 17, 2025) ...................................... 10

*ProSolutions Software, Inc. v. DemandForce, Inc.*,
2013 WL 12139357 (C.D. Cal. June 4, 2013) ..................................... 7

*Reid-Ashman Mfg, Inc. v. Swanson Semiconductor Service, L.L.C.*,
2007 WL 1394427 (N.D. Cal. May 10, 2007) ..................................... 8

*Removatron Intern. Corp. v. F.T.C.*,
884 F.2d 1489 (1st Cir. 1989) ......................................................... 10

*Schneider v. California Dep't of Corrs.*,
151 F.3d 1194 (9th Cir. 1998) ........................................................ 10

*Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*,
2021 WL 11593043 (N.D. Cal. Aug. 16, 2021) ............................. 10, 12

*Sihler v. Fulfillment Lab, Inc.*,
2021 WL 1293839 (S.D. Cal. Apr. 7, 2021) ..................................... 10

Case No. 2:26-cv-02460-SB-KS
EIGHT SLEEP'S REPLY ISO MOTION TO DISMISS ORION'S COUNTERCLAIMS

*Sonner v. Premier Nutrition Corporation*,
  971 F.3d 834 (9th Cir. 2020) ..................................................................................11

*UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*,
  117 F. Supp. 3d 1092 (C.D. Cal. 2015).................................................................4

*UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*,
  2015 WL 12746208 (C.D. Cal. Oct. 30, 2015) .....................................................4

*Washington v. Landmark Tech. A, LLC*,
  637 F. Supp. 3d 1154 (W.D. Wash. 2022) ............................................................3

*In re Xyrem (Sodium Oxybate) Antitrust Litig.*,
  555 F. Supp. 3d 829 (N.D. Cal. 2021)...................................................................3

## **Rules/Statutes**

Lanham Act.........................................................................................................................8

## **Other Authorities**

Rule 9(b) ........................................................................................................10, 11, 13

## INTRODUCTION

Orion did not respond to several arguments, and even where Orion does respond, its arguments fall short.  The Court should grant Eight Sleep's Motion.

## ARGUMENT[1]

## I.    ORION'S TORTIOUS INTERFERENCE COUNTERCLAIMS FAIL

### A.    Attempted Inspection Allegations Are Insufficient

Orion's first argument in defense of its interference counterclaims is that, in addition to letters to Orion's manufacturer and promotional partners that are protected by the *Noerr-Pennington* doctrine, California's litigation privilege, and federal preemption, Eight Sleep allegedly attempted to inspect Orion's manufacturing facility.  Dkt. 124 ("Opp.") at 5.  Orion claims this alleged "spying" saves its interference claims.

But the Motion addresses both that allegation and the letters, *i.e.*, the only conduct upon which that Orion's interference claims rest.  CC ¶¶ 15-17, 49, 55 (mentioning so-called "spies" in just three paragraphs (15, 17, 29)); *id.* ¶ 49; Mot. at 3-10.

Orion's attempted-inspection allegation does not save its interference counterclaims because "Orion does not plausibly allege that [the attempted inspection] caused any breach or disruption (let alone that Eight Sleep intended it to do so), or that the manufacturer changed its conduct in response," and instead attributes its manufacturer stopping building products for Orion "solely to the cease-and-desist letter."  Mot. at 10.

Orion claims this misreads its allegations, but the contract-interference count expressly alleges that "Orion's manufacturing partner suspended performance of its contractual obligations to Orion *in response to Eight Sleep's cease-and-desist letter*", full stop—*not* that the manufacturer suspended performance due to the attempted

---

[1]  All emphasis is added and all internal quotation marks and citations are omitted.

inspection, which Orion's own pleading acknowledges the manufacturer "rebuffed". CC ¶¶ 17, 50. The Counterclaims provide no allegation that an alleged, failed inspection attempt by a patent-owner of a facility that it believed to be manufacturing infringing products caused the alleged harm that Orion's own Counterclaims aver the cease-and-desist letter solely caused.

Orion argues this causation point is a fact issue that should not be resolved on now, (Opp. at 7), but ignores that the Counterclaims never allege how a failed plant inspection caused the alleged harm, or that Eight Sleep intended it to. This is not a situation where Orion asserts well-pleaded allegations, the truth of which are disputed. Rather, the Counterclaims suffer from the threshold failure that they do not plead that the failed inspection caused Orion's alleged harm. At most, Orion's Counterclaims allege that the alleged attempted inspection "compounded" Eight Sleep's alleged interference in the form of the cease-and-desist letter. CC ¶¶ 16-18; Opp. at 5 (citing same). Orion does not identify the personnel involved in the alleged attempted inspection, explain what happened, identify why the conduct was independently unlawful, or explain how the alleged inspection caused the manufacturer to suspend work. These allegations do not state a claim for intentional interference with contract. Nor do they state a claim for intentional interference with an economic relationship, including because Orion claims it had a contractual relationship with its manufacturer, precluding an economic-relationship-interference claim based on that manufacture.

## B.    Challenged Letters Are Protected Activity

Orion's claim that the challenged letters are not protected rests on the assertion that the letters are unrelated to this litigation. Opp. at 7. Wrong. The challenged letters expressly refer to this litigation, with all but one attaching case filings and asking recipients to preserve documents. Mot. at 4. These letters are textbook protected activity.

Further, Orion does not plead that the letters were so-called "hollow threats," and its comments regarding its manufacturer being Chinese are a *non sequitur*. *Infra* 5-6. And *Arista Networks, Inc. v. Cisco Sys. Inc.*, which Orion cites, (Opp. at 7), is inapposite; that opinion dealt with a petition to certify an issue for interlocutory review, only briefly summarizing the court's prior ruling on *Noerr-Pennington* without providing any information about the factual background or conduct at issue. *See* 2018 WL 2761855, at *2 (N.D. Cal. June 8, 2018).

### C. Sham Litigation

#### 1. The Court Can Address This Argument Now

The Court should reject Orion's sham litigation assertion now, on this Motion. To be a "sham", litigation must be **both** objectively and subjectively baseless. *See B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 538 (9th Cir. 2022). Although a party's subjective belief can be fact-intensive, the Court need not even reach that determination here because the Court already denied Orion's motion to dismiss, establishing that this action is not objectively baseless. Mot. at 5-6; Dkt. 69 at 10-12; *Fitbit, Inc. v. Laguna 2, LLC*, 2018 WL 306724, at *10 (N.D. Cal. Jan. 5, 2018).

Orion's cases are inapposite, as Orion already tried and failed to dismiss Eight Sleep's claims. *See Katana Silicon Techs. LLC v. Micron Tech., Inc.*, 671 F.Supp.3d 1138, 1155 (D. Idaho 2023) (defendant never challenged complaint, such that motion to dismiss counterclaim based on *Noerr-Pennington* was the first time the court considered whether the suit was baseless); *Washington v. Landmark Tech. A, LLC*, 637 F. Supp. 3d 1154, 1157-59, 1162-63 (W.D. Wash. 2022) (denying alleged patent-troll's motion to dismiss consumer protection and anti-patent troll statute claims where the troll sent 1,000 demand letters without ever filing suit); *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 555 F. Supp. 3d 829, 878 (N.D. Cal. 2021) (petitioning activity at issue was not successful, and noting the "passive government approval" at issue "[wa]s insufficient for *Noerr-Pennington* immunity").

EIGHT SLEEP'S REPLY ISO MOTION TO DISMISS ORION'S COUNTERCLAIMS

This district has applied *Noerr-Pennington* immunity at the motion to dismiss stage. *See UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, 117 F. Supp. 3d 1092, 1102, 1114 (C.D. Cal. 2015) (*Noerr-Pennington* barred interference claims based on communications with business partners where lawsuit not "objectively baseless"). Orion's only response to *UMG* is that the counterclaimant there "did not allege that the lawsuit was objectively baseless," (Opp. at 10) but even after the counterclaimant amended to include that allegation, the court again dismissed the counterclaim under *Noerr-Pennington* (and California's litigation privilege), noting counterclaimants failed to plead sufficient facts to "support a plausible inference" of objective baselessness. *UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, 2015 WL 12746208, at *20 (C.D. Cal. Oct. 30, 2015) (no plausible inference of obective baselessness where "Counterclaimants . . . d[id] not plead facts . . . that plausibly suggest plaintiffs have no reasonable expectation of success in this litigation"). The UMG court expressly rejected the position Orion advances, that *Noerr-Pennington* immunity cannot be decided on a motion to dismiss. *Id.*

As for patent preemption, Orion's interference claims  also are preempted to the extent they arise from communications regarding patent rights.  Orion's own authority recognizes, the "bad faith" exception to patent preemption, like the "sham pleading" exception, requires both objective and subjective baselessness, *Energy Heating, LLC v. Heat On-The-Fly, LLC*, 889 F.3d 1291, 1304–05 (Fed. Cir. 2018) (cited in Opp. at 8); Opp. at 8 (quoting *Guardian Alliance Techs., Inc. v. Miller Mendel, Inc.*, 2025 WL 1248905, at *7 n.8 (E.D. Cal. Apr. 30, 2025) for the proposition that "The 'bad faith' analysis is identical to the sham exception's 'objectively baseless' prong").

### 2. Sham Litigation Does Not Apply

Orion claims that Eight Sleep faces a "high bar" to show sham litigation does not apply, but cites zero support. Opp. at 9.  Case law is to the contrary:  The Ninth

Circuit applies "a heightened pleading requirement" for allegations of sham litigation. Mot. at 6 (citing *Fitbit*, 2018 WL 306724, at *10). Orion's Counterclaims fall short.

Orion argues "Eight Sleep's cease-and-desist letters . . . are sham litigation," *i.e.*, that **the letters themselves** are sham litigation. Opp. at 7. Orion misconstrues the sham litigation exception. Under that doctrine, where petitioning activity like a letter relates to litigation and **that litigation is a "sham,"** then privilege does not apply to the letter, and it can give rise to liability. *See Fitbit*, 2018 WL 306724 at *3-7, *9-10. The question is not whether the letter is itself "sham litigation"—which makes no sense—but rather whether the litigation to which the letter relates is "objectively baseless." *Id.*

As the Motion explained, each letter relates to rights at issue here, and notifies recipients of this litigation (and all letters sent after this Court denied Orion's motion to dismiss attach the complaint and order denying that motion). Mot. at 4. That the letters went to third parties does not alter that the relevant question is whether the litigation to which those communications relate is objectively baseless.

Nor does Orion's manufacturer's China location have any relevance (especially given that Defendant BFG is based in nearby Hong Kong). Eight Sleep contends that Orion infringes its patents. Eight Sleep's Chinese counsel informed the manufacturer who was making those infringing products about that assertion and its suit, and flagged that the manufacturer could face exposure. These statements were accurate, and Orion does not plead, as it claims to, that "[t]his was allegedly 'dishonest.'" Opp. at 9 (citing CC ¶18). The cited paragraph refers to "Eight Sleep's dishonest tactics" in reference to sending the cease-and-desist letter and the attempted inspection. CC ¶ 18. Orion does not, however, allege that **any statements in the letter** were false, alleging only that Eight Sleep "reinforc[ed] [its] demands [that the manufacturer cease doing business with Orion] with a written cease-and-desist letter," CC ¶ 16, and generally labeling Eight Sleep's alleged "tactics" as "dishonest," CC ¶ 18.

Orion does not allege facts supporting a plausible inference that the manufacturer letter was a "hollow threat." Opp. at 9. Nor does Orion's cited authority support that argument. In fact, *Bylin Heating Sys., Inc. v. M & M Gutters, LLC*, held the opposite: that the plaintiff/counterclaim-defendant's "***communications to distributors after the complaint was filed . . . have a sufficient connection or logical relation to the action*** to fall under the privilege set forth in § 47(b) [California's Litigation Privilege]." 2008 WL 744706, at *5 (E.D. Cal. Mar. 18, 2008).[2] Eight Sleep filed suit against Orion on October 9, 2025. *Eight Sleep I* at Dkt. 1. It sent the letter to Orion's manufacturer on December 15, 2025. Ex. 1 at -361. Under Orion's own authority, that letter is privileged. *Bylin*, 2008 WL 744706, at *5 (finding counterclaim-defendant's distributors were "third parties that clearly have an interest in the litigation," and that the challenged "communications with the distributors after the initiation of the lawsuit are privileged").

Eight Sleep's letters to promotional partners also are privileged, (Mot. at 4-9); Orion fails to show otherwise. There is no requirement, as Orion suggests, that Eight Sleep sue those partners for those letters to be privileged.

Orion also fails to distinguish Eight Sleep's authorities supporting *Noerr-Pennington*, preemption, and litigation privilege protections. *See* Opp. at 10. For example, *Theme Promotions'* post-trial posture is irrelevant. Mot. at 4-5, 8-9. That the *Fitbit* court previously had evaluated a preliminary injunction does not distinguish that case (indeed, that court also had already determined a motion to dismiss, as this Court has, and that determination supported the court's rejection of a sham pleading theory), and nor does it have any bearing on the heightened pleading standard that

---

[2]  *Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*, 525 F. Supp. 3d 1145, 1234 (S.D. Cal. 2021), *aff'd sub nom. Golden Eye Media USA, Inc. v. Evo Lifestyle Prods. Ltd.*, 2022 WL 2232517 (Fed. Cir. June 22, 2022), is distinguishable. That case involved very different conduct, with the party asserting litigation privilege sending the plaintiff pre-litigation letters and filing numerous complaints with Amazon to get the plaintiff's products taken down, without ever filing suit.

Case No. 2:26-CV-02460-SB-KS

EIGHT SLEEP'S REPLY ISO MOTION TO DISMISS ORION'S COUNTERCLAIMS

*Fitbit* found applies to allegations of sham litigation. 2018 WL 306724 at *3-7, *9-10; Mot. at 6 (citing *Fitbit*).

Nor does Orion "adequately plead[] Eight Sleep lacked any objectively reasonable basis or legitimate intent to proceed with its threatened lawsuits against Orion's business partners." Opp. at 10-11. The Counterclaims do not even use the phrases "objectively reasonable," "legitimate intent," or "bad faith," much less plead sufficient facts to avoid dismissal.

### D.   Orion Fails To Plead The Elements

Orion does not address Eight Sleep's argument that Orion's contract- and economic-advantage-interference claims conflict because Orion bases both on the same alleged conduct, Mot. at 10-11 n.5. Orion has not identified which third-parties had **contractual** obligations to Orion, and which instead had a **prospective economic relationship**.

Orion's Counterclaims do not name a single party with whom Eight Sleep supposedly interfered. Although Orion mentions just one manufacturer, Eight Sleep sent letters to a number of Orion promotional partners notifying them of this litigation. Orion does not identify which, if any, recipients its claims are based on, nor what contract, if any, it had with any such party. Orion claims this case differs from *UMG* because the counterclaims there "supplied no facts concerning the identity of any third party with whom they had contracted," (Opp. at 11), but Orion likewise has not alleged facts regarding the identities of the third parties here. *ProSolutions Software, Inc. v. DemandForce, Inc.*, 2013 WL 12139357 (C.D. Cal. June 4, 2013), does not aid Orion. There, the complaint identified by name specific third parties the defendant had contacted. *Id.* at *1. And Orion fails meaningfully to respond to the argument that Orion failed to adequately allege Eight Sleep's knowledge or intent, including Eight Sleep's cited authority. *Compare* Mot. at 10 *with* Opp. a 12.[3]

---

[3] Neither the challenged letters nor the attempted inspection constitute the requisite
(continued...)

7                                 Case No. 2:26-CV-02460-SB-KS

## II. ORION'S LANHAM ACT COUNTERCLAIM FAILS

Orion's Opposition ignores that Oron must sufficiently plead facts showing a false or misleading statement of fact, actual deception or tendency to deceive a substantial audience segment, and materiality to state a Lanham Act claim. Mot. at 11. And Orion's argument that Eight Sleep did not articulate why certain challenged statements are true ignores that, on this Motion, the question is whether Orion has adequately **pled** falsity. *See Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 69 F.4th 665, 671 (9th Cir. 2023).

Orion focuses on a purported statement regarding tracking **"all-over skin temperature."** But neither the Counterclaims nor the Opposition articulate where on social media or Eight Sleep's website this statement supposedly appeared. This does not provide Eight Sleep with the requisite notice of Orion's claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

For **temperature claims** that the Pod "cools to 55°F" and "heats to 110°F," Orion does not respond to Eight Sleep's arguments. *Compare* Mot. at 12 *with* Opp. at 12-18. Orion thus concedes those statements do not support a claim for relief, *Kroeger v. Vertex Aerospace LLC,* 2020 WL 3546086, at *8 (C.D. Cal. June 30, 2020) (failure to address argument for dismissal set out in motion to dismiss "concedes" failure to state claim based on that argument).[4]

---

"independently wrongful act" for an economic interference claim. *Supra* 1-7; Mot. at 10. *Reid-Ashman Mfg, Inc. v. Swanson Semiconductor Service, L.L.C.*, (Opp. at 12), is not to the contrary. 2007 WL 1394427, at *12 (N.D. Cal. May 10, 2007) (involving specific allegations that allegedly interfering party told third parties that its patent was being infringed, though it knew patent that was inaccurate).

[4] Eight Sleep respectfully requests that the Court include an affirmative statement to that effect in its order on this Motion in the event the Court does not dismiss the Lanham Act claim in full. Eight Sleep agrees that one adequately pled alleged false advertisement suffices for the Lanham Act claim to survive, but that should not spare claims based on statements Orion has not bothered to defend.

***Performance claims.***  Orion fails to articulate how it has pleaded that these statements are false or misleading.  Orion must adequately plead falsity, and its failure to do so is fatal.  *See Enigma Software*, 69 F.4th at 671.

***"Live longer" statement.***  Orion fails to articulate how its Counterclaims plead this is false.  The language simply informs users that the Elite subscription offers additional monitoring that can support health goals, including desired longevity.  Ex. 3 at 5 ("Everything in Enhanced, plus advanced wellbeing monitoring.  Tracks cardiovascular and respiratory patterns to surface health insights while you sleep.  ***For people who want their bed to do more than help them sleep, they want it to help them live longer***.").  Orion states no facts alleging how this is even capable of being false, simply claiming there is "no factual basis or evidence."  But an alleged lack of substantiation is insufficient to plead falsity.  *See Caltex Plastics, Inc. v. Elkay Plastics Co., Inc.*, 2015 WL 13283255, at *6 (C.D. Cal. Feb. 4, 2015), *aff'd*, 671 F. App'x 538 (9th Cir. 2016) ("A private litigant asserting false or misleading advertising has the burden to plead and prove facts that show that the defendant's advertising claims are false or misleading, not merely unsubstantiated.").

***Subscription/warranty statements.***  Orion again fails to explain how it pleads facts sufficient to state falsity.  Orion's Exhibit 3 does not show a consumer who was misled.  *See* Opp. Ex. 3 (Dkt. 124-4).  It merely shows a consumer who was unhappy with Autopilot's performance, price, cancelation process, and with the fact that canceling Autopilot meant that the software features it provides go away.  *Id.*

Orion also claims the disclaimer that Eight Sleep's 5-year warranty comes with specific subscription tiers is not sufficiently prominent because there are "10 pages" between the 5-year warranty reference and the disclaimer when Eight Sleep's product purchase page is printed out (Ex. 3).  That ignores the reality of using a website.  Online, the user sees the asterisks and can instantly scroll to the bottom of the page to read the disclaimer.  The cases Orion cites regarding disclaimer proximity are

inapposite, all dealing with physical packaging or documents. *Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, 2021 WL 11593043, at *11 (N.D. Cal. Aug. 16, 2021) (physical box); *Dorfman v. Nutramax Labs., Inc.*, 2013 WL 5353043, *11 (S.D. Cal. Sept. 23, 2013) (physical packaging); *F.T.C. v. Cyberspace.Com LLC*, 453 F.3d 1196, 1200 (9th Cir. 2006) (mail solicitations); *Floersheim v. F.T.C.*, 411 F.2d 874, 877 (9th Cir. 1969) (skip trace forms); *Removatron Intern. Corp. v. F.T.C.*, 884 F.2d 1489, 1497 (1st Cir. 1989) (print ads).

***Third-party testimonial/endorsements***.  Orion cites *Sihler v. Fulfillment Lab, Inc.*, 2021 WL 1293839, at *13 (S.D. Cal. Apr. 7, 2021), where the court found claims adequately pled where the complaint included multiple, specific examples of statements at issue.  Orion's Counterclaims include no such examples.  Orion's vague references to "Eight Sleep's Wall of Love feature and across social media and purportedly independent third-party comparison sites," CC ¶ 26, do not satisfy Rule 9(b).  Orion does not identify the who/when/where/how of any alleged false statement—it does not even identify specific websites, let alone posts, just "social media".

Orion attaches two social media posts to its Opposition (Opp. Exs. 1-2), but they do not cure these deficiencies.  First, the Counterclaims do not incorporate these posts by reference.  Unlike in *Pacira BioSci., Inc. v. Ventis Pharma, Inc.*, which Orion cites, Orion's Exhibits 1 and 2 were not "referenced and partially depicted in the Complaint."  2025 WL 576549, at *2 n.4 (C.D. Cal. Jan. 17, 2025).  And because Exhibit 1 and 2 are not incorporated into the Counterclaims, Orion cannot use them to cure its deficient pleading.  *See Kuehl v. Gen. Motors LLC*, 2023 WL 8353784, at *3 (C.D. Cal. Nov. 17, 2023) (dismissing fraud claim and declining to consider advertisement plaintiff raised in opposition because it was not in the complaint because on a motion to dismiss, "a court may not look beyond the complaint to a plaintiff's moving papers") (quoting *Schneider v. California Dep't of Corrs.*, 151 F.3d

EIGHT SLEEP'S REPLY ISO MOTION TO DISMISS ORION'S COUNTERCLAIMS

1194, 1197 n.1 (9th Cir. 1998)).  Further, these exhibits show two posts that make the same pitch for an Eight Sleep sale.  Opp. Exs. 1-2.  One is expressly labeled as an "Ad" (Opp. Ex. 1), and both are plainly advertisements of an Eight Sleep sale accompanied by a link to that sale on Eight Sleep's website.  Opp. Exs. 1-2.  Neither shows any false or misleading statement.

The Opposition also says nothing about Orion's one-sentence allegation about "fake accounts that are not real people", conceding that allegation is not well-pled.

### III.   ORION'S UNFAIR COMPETITION COUNTERCLAIM FAILS

Orion's Opposition ignores Eight Sleep's arguments that (1) Orion's UCL "fraud" claim does not satisfy Rule 9(b), Mot. at 19, and (2) Orion cannot state a claim under the UCL "unfair" prong, Mot. at 19-20, thus conceding them.  *Kroeger*, 2020 WL 3546086, at *8.

Orion fails to rebut the argument that the Counterclaims fail to plead inadequate legal remedies, as *Sonner v. Premier Nutrition Corporation*, 971 F.3d 834, 844 (9th Cir. 2020) requires.  Orion's sole response is that it seeks "equitable relief."  Opp. at 18-19.  But the Motion explained why that is not enough.  Mot. at 15-16 (citing *Drake v. Toyota Motor Corp.*, 2021 WL 2024860, at *7 (C.D. Cal. May 17, 2021)).  Orion ***does not even mention*** *Sonner*, or this Court's decisions in *Drake* and *McCracken v. KSF Acquisition Corp.*, 2023 WL 5667869, at *8 (C.D. Cal. Apr. 4, 2023), let alone try to distinguish them.  That is despite the fact that in ***Orion's*** reply in support of ***its*** motion to dismiss ***Eight Sleep's*** UCL claims, Orion noted that *Drake* rejected the argument that *Sonner* does not apply to injunctive relief.  Dkt. 52 at 7.  Nor does Orion address the cases Eight Sleep cites, (Mot. at 15-16 (citing cases)), let alone try to distinguish them.

Orion cites *AngioScore, Inc. v. TriReme Med., LLC*, but *AngioScore* predates *Sonner* and does not discuss inadequate legal remedies.  70 F.Supp.3d 951, 963 (N.D. Cal. Sept. 9, 2014).  Further, in *Integritymessageboards.com v. Facebook, Inc.*, 2020

WL 6544411, at *7 (N.D. Cal. Nov. 6, 2020), the court's denial of a motion to dismiss was motivated in large part by the case being a pre-certification class action, thus involving many unknowns regarding future damages. *Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, involved claims by the maker of a prescription lidocaine patch against over-the-counter competitors. 2021 WL 11593043, at *7 (N.D. Cal. Aug. 16, 2021). To the extent *Scilex* purports to allow evasion of UCL dismissal by conclusorily pleading irreparable injury and seeking an injunction, that is inconsistent with authority from this Court and other courts within this district interpreting *Sonner*.

Further, Orion's sole response to Eight Sleep's argument that Orion lacks UCL standing is a two-sentence argument that Orion "has standing regardless" because it supposedly pleads interference claims. Opp. at 19. But the Motion does not "tacitly concede[] Orion does have standing to assert its UCL claim based at least on [Orion's interference claims]." Opp. at 19 (emphasis omitted). To the contrary, Orion fails to plead interference, and those claims thus cannot be the "hook" for "unlawful" UCL claims. Mot. at 17-18, 18 n.7. The Motion simply acknowledges that if the Court disagreed and found the interference claims adequately pled, that would provide standing only for a UCL claim based on *that* conduct. It would not save Orion's remaining UCL claims, which Orion concedes by failing to argue otherwise. Mot. at 17 n.7; *Kroeger*, 2020 WL 3546086, at *8. Orion also ignores Eight Sleep's argument that Orion fails to plead its own reliance on the challenged advertisements, (Mot. at 18), (despite pressing that approach in support of its own motion to dismiss, Dkt. 52 at 8-9), or customers' reliance on the same, conceding Orion has failed to so plead. *Kroeger*, 2020 WL 3546086, at *8.

To the extent Orion claims that its vague assertion that "Eight Sleep repackages its assertions that Orion's other claims fail" and that Orion adequately pleaded the advertisements at issue, (Opp. at 19), responds to the argument that Orion's fraud-

based claims fail to satisfy Rule 9(b), that is wrong.  The Opposition does not even mention Rule 9(b).

Finally, Orion fails to address Eight Sleep's argument that it fails to state a common-law unfair competition claim, conceding that point.  *Compare* Mot. at 20-21 *with* Opp. at 18-19; *Kroeger*, 2020 WL 3546086, at *8.

## CONCLUSION

Eight Sleep respectfully requests that the Court dismiss Orion's fifth through eighth counterclaims with prejudice.

Dated: July 17, 2026

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By:   /s/ *Patrick D. Curran*
　　　Alex Spiro
　　　Steven Cherny
　　　Patrick D. Curran
　　　Nicola Felice
　　　Jordan E. Alexander

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Eight Sleep Inc., certifies that this brief contains 3,968 words, which complies with the which complies with the 4,000-word limit set by Section 6.c.i. of the Court's Standing Order for Civil Cases Assigned to Judge Stanley Blumenfeld, Jr.

Dated: July 17, 2026          By:    /s/ *Jordan E. Alexander*